ANNETTE L. HURST (State Bar No. 148738)
TRACY S. TODD (State Bar No. 172884)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail: Annette.Hurst@HellerEhrman.com
Tracy.Todd@HellerEhrman.com
Daniel.Kassabian@HellerEhrman.com
Kristen.Jacoby@HellerEhrman.com

FILED
07 JUN 19 PM 1:59
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Attorneys for Plaintiffs
CANTER & ASSOCIATES, LLC., and
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CANTER & ASSOCIATES, LLC, and LAUREATE EDUCATION, INC.,

Plaintiffs,

v.

TEACHSCAPE, INC.,

Defendant.

Case No. C 07 3225 RS

**PLAINTIFFS CANTER & ASSOCIATES, LLC'S AND LAUREATE EDUCATION, INC.'S DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiff Canter & Associates, LLC is a wholly owned subsidiary of Plaintiff Laureate Education, Inc.; and Plaintiff Laureate Education, Inc. is a publicly traded company without any individual or entity owning 10% or greater.

Dated: June 18, 2007

Respectfully submitted,

HELLER EHRMAN LLP

By [signature]
TRACY S. TODD
Attorneys for Plaintiffs
CANTER AND ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

obtain such materials was through a pretext, which Laureate deemed inappropriate. Laureate therefore has repeatedly requested that Teachscape provide to Plaintiffs, pursuant to a confidentiality agreement if necessary, copies of its materials, including all drafts and final product, to be used in its education master's degree programs and graduate courses for teachers. The purpose of the request was to allow Plaintiffs to evaluate whether there has been an infringement of Laureate's copyrighted materials. Teachscape has consistently refused to provide any drafts, or to provide any final course materials upon reasonable terms. Instead, Teachscape has repeatedly insisted upon unreasonable conditions to such a review.

27. Accordingly, and particularly in light of the false advertising, trade secret misappropriation, and other torts of Teachscape, Laureate has conducted a reasonable pre-filing inquiry into the similarity of Teachscape's materials to its own copyrighted works. Counsel for Laureate attempted to negotiate with counsel for Teachscape to obtain copies and drafts of the various course materials. Teachscape provided only vague and limited responses that conditioned any consideration of an exchange of materials upon Laureate meeting such unreasonable and unnecessary demands, that it was tantamount to a refusal to provide reasonable access to the materials. Laureate has therefore met its duty of reasonable inquiry imposed by Federal Rule of Civil Procedure 11. *See Hoffman-LaRoche Inc. v Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000); *Intamin, Ltd. v. Magnetar Techs. Corp.,* No. 05-1546, -1579 (Fed. Cir. Apr. 18, 2007).

## FIRST CLAIM FOR RELIEF

**(By Canter Against Teachscape For Misappropriation Of Trade Secrets In Violation Of California Civil Code §§ 3426 *et seq.*)**

28. Paragraphs 1 through 27 above are hereby incorporated by reference.

29. Canter was in possession of trade secrets which consisted of, among other things, a proprietary methodology for identifying appropriate markets for its products, information regarding market segmentation, design of distance learning degree programs and methods for their accreditation, enrollment systems, and specific customer contacts and

preferences. All of these trade secrets provided Canter with both short- and long-term advantages in the marketplace and were of substantial economic value to Canter.

30. Canter took great efforts to protect these valuable trade secrets, including but not limited to requiring employees to sign agreements not to disclose Canter's confidential information without express permission.

31. Canter's Former Employees had access to these trade secrets solely as a result of their employment with Canter.

32. During its engagement of Canter's Former Employees, Teachscape misappropriated the above-described trade secrets of Plaintiff by taking Canter's proprietary knowledge about lucrative markets and using that knowledge without permission to market Teachscape's competing services to Canter's current educational partners.

33. As a proximate result of the above-described misappropriations, Teachscape was, and is being, unjustly enriched at the expense of Canter.

34. As a direct and proximate result of Teachscape's misappropriation of Canter's trade secrets, Canter has suffered irreparable harm and will continue to suffer irreparable injury that cannot be adequately remedied at law. Accordingly, Plaintiffs pray that Teachscape, and its officers, agents, and employees, and all persons acting in concert with it, be enjoined from engaging in any further such conduct.

35. Teachscape knew that its conduct would directly affect and impinge upon Canter and its business, reduce its profits, and that it was certain that Canter would suffer harm. Teachscape knew that Canter would rely upon Canter's Former Employees' purported loyalty and confidentiality agreements not to misuse the confidential, proprietary information of Canter, and knew that it was in the best position to know the consequences of its intended actions, and knew that injuries would likely be suffered by Canter. Notwithstanding this knowledge, Teachscape, in willful and conscious disregard of the rights of Canter, repeatedly and intentionally misappropriated and misused Canter's confidential, trade secret information to cause Canter harm and to advance Teachscape's own pecuniary and other interests.

36. Teachscape's acts and omissions were so willful and malicious, and in such reckless and conscious disregard of the rights of Canter so as to justify the award of exemplary and punitive damages against Teachscape pursuant to California Civil Code § 3426.3, in an amount to be determined at trial, but sufficient to punish such actions and to deter such actions by Teachscape in the future.

37. Teachscape's acts and omissions were so willful and malicious, and in such reckless and conscious disregard of the rights of Canter so as to justify the award of Canter's reasonable attorneys' fees, pursuant to California Civil Code § 3426.4.

## SECOND CLAIM FOR RELIEF

**(By Canter Against Teachscape For Intentional Interference With Prospective Economic Relationship In Violation Of California Law)**

38. Paragraphs 1 through 27 above are hereby incorporated by reference.

39. Canter maintains client relationships and other economic relationships, including prospective client relationships, with a number of educational institutions. These relationships hold the probability of future economic benefit to Canter.

40. Teachscape knew or had reason to know of Canter's relationships with its partners.

41. Teachscape used Canter's confidential information about its relationships with its business partners to gain an unlawful competitive advantage, and to induce at least one of Canter's existing partners to reject a Canter program and to replace it with a substantially similar program offered by Teachscape.

42. These acts were intentional and wrongful, and designed to disrupt Canter's relationship with its clients and prospective clients.

43. Canter's economic relationship with such clients and prospective clients were actually disrupted as a result of Teachscape's wrongful acts.

44. As a direct and proximate result of Teachscape's intentional, wrongful, and unjustified conduct, Canter's business prospects and relationships with clients have been

damaged. Canter has accordingly suffered and will continue to suffer damages directly and proximately caused by Teachscape's conduct in an amount to be proven at trial.

45. As a direct and proximate result of Teachscape's interference with Canter's prospective business, Canter has suffered irreparable harm and will continue to suffer irreparable injury that cannot be adequately remedied at law. Accordingly, Canter prays that Teachscape, and its officers, agents and employees, and all persons acting in concert with it, be enjoined from engaging in any further such conduct.

46. Teachscape's actions as described above comprise a series of intentional breaches of Canter's confidences with the intention on the part of Teachscape of thereby depriving Canter of property or legal rights or otherwise causing injury to Canter. Teachscape's conduct as described above was despicable conduct that subjected Canter to cruel and unjust hardship, and that was carried out by Teachscape with a willful and conscious disregard of the rights of Canter, notwithstanding Teachscape's knowledge of its intended actions and the damages that would be suffered by Canter as a result of the conduct of Teachscape.

47. Teachscape knew that its conduct would directly affect and impinge upon Canter and its business, reduce its profits, and that it was certain that Canter would suffer harm. Teachscape knew that Canter would rely upon Canter's Former Employees' purported loyalty and agreement not to misuse the confidential, proprietary information of Canter, and knew that Teachscape itself was in the best position to know the consequences of its intended actions, and knew that injuries would likely be suffered by Canter. Notwithstanding this knowledge, Teachscape, in willful and conscious disregard of the rights of Canter, repeatedly and intentionally misappropriated and misused Canter's confidential, trade secret information to cause Canter harm and to advance Teachscape's own pecuniary and other interests.

48. Teachscape's acts and omissions were so willful and malicious, and in such reckless and conscious disregard of the rights of Canter so as to justify the award of exemplary and punitive damages against Teachscape pursuant to California Civil Code

§ 3426.3, in an amount to be determined at trial, but sufficient to punish such actions and to deter such actions by Teachscape in the future.

49. Teachscape's acts and omissions were so willful and malicious, and in such reckless and conscious disregard of the rights of Canter so as to justify the award of Canter's reasonable attorneys' fees, pursuant to California Civil Code § 3426.4.

## THIRD CLAIM FOR RELIEF

### (By Canter Against Teachscape For Intentional Interference With Contract In Violation Of California Law)

50. Paragraphs 1 through 27 above are hereby incorporated by reference.

51. Canter and Marygrove had entered into a contract for provision of the CIA degree. This contract guaranteed Canter the right of first refusal if Marygrove decided to offer additional degree programs, which would include Math and Reading programs. In or about 2005, Marygrove and Canter were in fact exploring the possibility of offering a Reading degree program. Marygrove abruptly withdrew from those negotiations. Subsequently, Canter learned that Teachscape would be offering this degree in partnership with Marygrove.

52. Teachscape knew of these valid contracts between Canter and Marygrove, and was in possession of confidential information about the terms of these contracts by virtue of the Canter's Former Employees' employment with Canter.

53. Teachscape used Canter's confidential information in order to disrupt the contractual relationship between Canter and Marygrove, by inducing Marygrove to attach unacceptable conditions to any offer for Canter to partner with Marygrove in the offering of Math and Reading degree programs.

54. Canter and Marygrove had entered into a contract for provision of CIA degrees.

55. Canter was informed that Marygrove would offer a CIA degree, offered by Teachscape, starting in January of 2007.

56. The CIA degree offered by Marygrove was described as "updated" in Marygrove's published materials and on its website, and Canter is informed and believes that Teachscape's degree essentially copies the program offered by Canter.

57. Canter questioned Marygrove about the "updated" CIA degree program, and was informed that it knew nothing about the CIA degree being marketed by Teachscape.

58. Canter questioned Teachscape about the CIA degree program it was apparently offering through Marygrove, and was told that it was unaware that such offering would violate the terms of any contract between Marygrove and Canter.

59. These misrepresentations and falsehoods, perpetrated by Marygrove and Teachscape, have damaged Canter.

60. Upon information and belief, Marygrove does not intend to renew its contract for the provision of the CIA degree with Canter.

61. Teachscape's interference with a contractual relationship has damaged Canter in an amount to be proven at trial.

62. Teachscape's acts and omissions were so willful and malicious, and in such reckless and conscious disregard of the rights of Canter so as to justify the award of exemplary and punitive damages against Teachscape pursuant to California Civil Code § 3426.3, in an amount to be determined at trial, but sufficient to punish such actions and to deter such actions by Teachscape in the future.

63. Teachscape's acts and omissions were so willful and malicious, and in such reckless and conscious disregard of the rights of Canter so as to justify the award of Canter's reasonable attorneys' fees, pursuant to California Civil Code § 3426.4.

## FOURTH CLAIM FOR RELIEF

**(By Canter Against Teachscape For Untrue or Misleading Advertising In Violation Of California Business & Professions Code §§ 17500 *et seq.*)**

64. Paragraphs 1 through 27 above are hereby incorporated by reference.

65. The acts described above constitute untrue or misleading advertising by Teachscape in violation of California Business & Professions Code §§ 17500 *et seq*.

Specifically, beginning on or about September 2006, Teachscape engaged in advertising to the public its offering of "updated" courses through Marygrove. Thereafter and through the present, Teachscape has described its new relationship with Marygrove in an untrue or misleading way for the purpose of misleading the public to believe that it has a long and successful track record in offering these programs through Marygrove, when in fact it does not.

66. By marketing the programs as "updated" and by implying a long-term successful partnership with Marygrove, Teachscape's advertising was untrue and misleading and likely to deceive the public in that it states that Teachscape's courses were updated courses previously offered at Marygrove. Upon information and belief, Teachscape's false and misleading advertising aroused suspicions that Teachscape was actually using Canter's intellectual property and/or leveraging off its brand name. Upon information and belief, Teachscape's false and misleading advertising caused actual confusion to prospective and current Marygrove students.

67. In making and disseminating the statements herein alleged, Teachscape knew, or by exercise of reasonable care should have known, that the statements were untrue or misleading and so acted in violation of California Business & Professions Code §§ 17500 *et seq*.

68. Canter is entitled to restitution for the benefits improperly garnered by Teachscape as a direct and proximate result of its acts of untrue or misleading advertising.

## FIFTH CLAIM FOR RELIEF

**(By Laureate And Canter Against Teachscape For Unfair Competition In Violation Of California Business & Professions Code §§ 17200 *et seq.*)**

69. Paragraphs 1 through 27 above are hereby incorporated by reference.

70. The acts described above constitute unfair competition by Teachscape in violation of California Business & Professions Code §§ 17200 *et seq*. Specifically, Teachscape's actions constitute efforts to misappropriate and misuse Canter's confidential

and proprietary information in furtherance of Teachscape's efforts to develop a competing business.

71. Furthermore, Teachscape's advertising, as alleged above, constitutes unfair competition in violation of California Business & Professions Code §§ 17200 *et seq*.

72. Teachscape has engaged in and continues to engage in unlawful, fraudulent and unfair business practices. Teachscape's business practices as set forth above constitute unfair competition within the meaning of Business & Professions Code §§ 17200 *et seq*. In addition, these practices are immoral and unscrupulous and have been undertaken in violation of policies established in the California Civil Code and California Labor Code. Further, Teachscape's business practices serve no legitimate business purpose, and if any purpose were found, the benefit to any alleged legitimate business interests of Teachscape is far outweighed by the substantial harm to Plaintiffs that has resulted from the practices.

73. Plaintiffs are entitled to restitution for the benefits improperly garnered by Teachscape as a direct and proximate result of its acts of unfair competition.

74. As a direct and proximate result of Teachscape's unfair conduct described above, Plaintiffs have suffered irreparable harm, and will continue to suffer irreparable injury that cannot be adequately remedied at law. Accordingly, Plaintiffs pray that Teachscape be enjoined from engaging in any further such acts of unfair competition, and that Teachscape be ordered to disgorge all ill-gotten profits to Plaintiffs and make restitution to Plaintiffs.

## SIXTH CLAIM FOR RELIEF

**(By Canter Against Teachscape For False Or Misleading Advertising Pursuant To The Lanham Act § 43(a), 15 U.S.C. § 1125(a) )**

75. Paragraphs 1 through 27 above are hereby incorporated by reference.

76. Teachscape's advertising of the CIA degree courses was false and misleading in that they characterized as "updated" courses which had never previously been offered by Marygrove.

77. The false and misleading advertising occurred in interstate commerce in connection with the commercial advertising of services offered by Teachscape and Canter.

78. Teachscape's description of the degree offerings was likely to and in fact did mislead the public regarding the courses offered, through Marygrove, by Canter.

79. Canter has been damaged by the false and misleading advertisements disseminated by Teachscape, as alleged above.

80. In making and disseminating the statements herein alleged, Teachscape knew, or by exercise of reasonable care should have known, that the statements were untrue or misleading and so acted in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

81. Canter has been directly and proximately damaged by Teachscape's actions.

82. Canter is entitled to damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

**(By Laureate Against Teachscape For Copyright Infringement Pursuant To The Copyright Act, 17 U.S.C. §§ 501 *et seq.*)**

83. Paragraphs 1 through 27 above are hereby incorporated by reference.

84. Laureate is informed and believes and thereon alleges that, at least as of January 2007, Teachscape has deliberately and willfully infringed Laureate's copyrights in the AudioVisual and Online Course Materials by making copies and derivative works therefrom.

85. Due to Teachscape's refusal to provide access to the materials at issue despite demand, combined with other acts alleged herein, Laureate has a reasonable basis to infer that Teachscape is deliberately and willfully infringing on Laureate's registered copyrights, pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

86. The acts of Teachscape infringe, and will continue to infringe, Laureate's copyrights in and relating to the AudioVisual and Online Course Materials.

87. Teachscape's conduct has deprived, and continues to deprive, Laureate of the benefits of licensing the AudioVisual and Online Course Materials. Teachscape has further

been unjustly enriched by its copying and use of the AudioVisual and Online Course Materials, and works derived therefrom in its business.

88. By reason of Teachscape's acts alleged herein, Laureate has suffered damage in an amount to be proved at trial.

89. Teachscape threatens to continue to do the acts complained of herein, and unless restrained and enjoined will continue to do so, all to Laureate's irreparable damage. Laureate does not have an adequate remedy at law to compensate it for injuries threatened. Laureate is therefore entitled to an injunction restraining Teachscape, its officers, agents and employees, and all persons acting in concert with it, from engaging in further acts in violation of copyright law.

90. Laureate is informed and believes and thereon alleges that Teachscape's infringement of Laureate's copyrights was and is willful and deliberate, entitling Laureate to recover enhanced damages and its attorneys' fees.

**PRAYER FOR RELIEF**

91. WHEREFORE, Plaintiffs pray as follows:

A. For a preliminary and permanent injunction prohibiting Teachscape from directly or indirectly using, selling, offering to sell, licensing, offering to license, disclosing or distributing in any manner Plaintiffs' confidential, proprietary information and trade secrets, or making any derivative works therefrom;

B. For a preliminary and permanent injunction prohibiting Teachscape from wrongfully interfering with Plaintiffs' business relations;

C. For injunctive relief prohibiting Teachscape from continuing to engage in the unlawful conduct alleged herein;

D. For a preliminary and permanent injunction prohibiting Teachscape and all persons or entities acting in concert with it, from infringing Laureate's copyrights, including reproducing or distributing materials which infringe Laureate's copyrights in the AudioVisual and Online Materials, and making derivative works thereof;

E. For entry of relief immediately impounding all copyright infringing articles in Teachscape's possession;

F. For general and special damages according to proof at trial;

G. For disgorgement of all profits;

H. For restitution of ill-gotten gains;

I. For a finding that the copyright infringement by Teachscape was willful, and for an additional award for its willful infringement;

J. For an award to Plaintiffs of their actual damages and additional profits of the infringer, or statutory damages resulting from Teachscape's copyright infringement;

H. For exemplary and punitive damages;

I. For attorneys' fees and costs of suit incurred as a result of this lawsuit; and

J. Award of such other, further, and different relief as the Court deems proper under the circumstances.

Dated: June 19, 2007

Respectfully submitted,

HELLER EHRMAN LLP

By [signature]
TRACY S. TODD

Attorneys for Plaintiffs
CANTER AND ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiffs Canter & Associates, LLC and Laureate Education, Inc. demand a trial by jury on all issues triable by a jury.

Dated: June 19, 2007

Respectfully submitted,

HELLER EHRMAN LLP

By [signature]
TRACY S. TODD
Attorneys for Plaintiffs
CANTER AND ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

**CERTIFICATE OF INTERESTED ENTITIES OR PERSONS**

In accordance with Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Plaintiff Canter & Associates, LLC is a wholly owned subsidiary of Plaintiff Laureate Education, Inc.; and Plaintiff Laureate Education, Inc. is a publicly traded company without any individual or entity owning 10% or greater.

Dated: June 19, 2007

Respectfully submitted,

HELLER EHRMAN LLP

By [signature]
TRACY S. TODD
Attorneys for Plaintiffs
CANTER AND ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.