# EXHIBIT A

# HellerEhrman LLP

February 9, 2007

Annette L. Hurst
Annette.Hurst@hellerehrman.com
Direct +1.415.772.6840
Direct Fax +1.415.772.1790
Main +1.415.772.6000
Fax +1.415.772.6268

*Via E-mail*
*Via Facsimile*

Christine Lepera, Esq.
Sonnenschein Nath & Rosenthal
1221 Avenue of the Americas
New York, NY 10020-1089

Re:   Teachscape Inc.

Dear Christine:

Thank you for your letter dated January 26, 2007 to Laureate Education, Inc. ("Laureate"). We are trial counsel in this matter for Laureate and its subsidiary Canter and Associates (collectively referred to herein as "Canter") and Mr. Zentz has asked that we continue the correspondence with you. At the outset, I would appreciate it if you would inform us whether you also represent, in an individual capacity, any or all of the foregoing persons: Melissa Javin, Hae Young Kim, Mike Soules, Valerie Cameron, Anna Crupi, Suddie Gossett, Barbara DeHart, Simone Vilandre, Stacey McNalley, Romario Pineda, Brenda Pope-Ostrow, and Chip Swalley (the "Former Employees"). If you do not represent each and all of the Former Employees in their individual capacity, please inform us immediately who does.

While Canter appreciates the assurances of Teachscape, Inc. ("Teachscape"), as you might surmise, Canter is extremely skeptical of them. In particular, Teachscape has systematically acquired from Canter the knowledge required to recreate Canter's online degree program business—in the form of strategic hires from every aspect of Canter's business. Teachscape did not build its business on its own. That Teachscape has and fully intends to compete unfairly by taking advantage of Canter's investment to gain a headstart in development of its own degree program business has become apparent upon the announcement of its four programs (CIA, reading and two math) with Marygrove College ("Marygrove")—the first such offerings by Teachscape in the degree program arena.

Indeed, Teachscape announced its CIA program with Marygrove as an "updated" and "enhanced" version of Marygrove's previous offering—a program *that was supplied by Canter*. This false advertising, coupled with Marygrove's various statements to Canter representatives concerning the nature of its relationship with Teachscape and the apparent

---

Heller Ehrman LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hellerehrman.com

Anchorage   Beijing   Hong Kong   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle
Silicon Valley   Singapore   Washington, D.C.

**HellerEhrman**LLP

Christine Lepera, Esq.<br>
February 9, 2007<br>
Page 2

"postponement" of the CIA course, confirm that Teachscape has not acted properly in this matter. Prior to this, as you point out in your letter, Canter has consistently reminded its former employees of their obligations and Teachscape of its obligations with respect to hiring them. Having received assurances, however, until the announcement of the Marygrove programs, Canter had little recourse but to assume that Teachscape and the Former Employees were honestly representing themselves as compliant with all legal requirements. That assumption can no longer be made.

Accordingly, I am quite confident of Canter's ability to assert appropriate claims against Teachscape involving the misuse of trade secrets and interference with contractual relationships. Teachscape's threats as expressed in your letter of January 26 are of no concern to Canter. What is of concern to Canter is the protection of its intellectual property, which must remain paramount. In that regard, Canter is willing to explore means of avoiding litigation if Teachscape is willing to do so quickly and in good faith.

In particular, Canter demands as follows:

1. That Teachscape immediately produce for inspection all course-related materials, including all drafts thereof, that it intends to use in connection with its degree program offerings with Marygrove. In particular, Canter requests that it be permitted to inspect all course materials sent to students, including without limitation course packets, articles, syllabi, texts, study guides, DVD's/videos, and course log-ins that will provide us access to all online courses that Teachscape has advertised in partnership with Marygrove. This should include any outlines and/or draft materials for the planned course of study in each of these four programs.

2. That Teachscape immediately produce for inspection all employment agreements with the Former Employees, provide its written policy, if any, concerning the protection of trade secrets of prior employers, and make a full and complete written explanation of all counseling it has provided to the Former Employees regarding their obligations to preserve inviolate the confidences of their prior employers.

3. That Teachscape immediately disclose and provide to Canter all documentary materials, in any form--electronic or otherwise--in the possession of any of the Former Employees, including without limitation materials e-mailed or otherwise existing on personal e-mail accounts or home computers, that in any way relate to their employment with Canter. If you claim that Teachscape and the Former Employees have no such documents, we ask that you provide written representations on behalf of Teachscape and each and every one of the Former Employees that they do not now have and never have had since they departed their employ with Canter any such materials of any kind.

**HellerEhrman** LLP

As I am sure you know, Canter would be entitled to all of this information in discovery in a lawsuit, which it is prepared to file. Accordingly, Canter is willing to enter into an appropriate confidentiality agreement concerning the foregoing whereby it would agree to use or disclose the information requested only for purposes of evaluating its claims against Teachscape and the Former Employees. Should Teachscape refuse to comply with any of the foregoing requests, however, Canter is entitled to and will take such refusal as confirmation of the merits of its claims.

We look forward to your prompt written response to the foregoing, in no event later than February 15, 2007.

Sincerely yours,

Annette L. Hurst

cc: Robert Zentz, Esq.