# EXHIBIT B



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

**Christine Lepera**
212.398.7643
clepera@sonnenschein.com

1221 Avenue of the Americas
New York, NY 10020-1089
212.768.6700
212.768.6800 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

February 20, 2007

Via Facsimile/Mail

Annette L. Hurst
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

Re: *TEACHSCAPE/LAUREATE*

Dear Ms. Hurst:

I now have had an opportunity to review your February 9, 2007 letter with our client, Teachscape, Inc. ("Teachscape") and am able to provide you with our assessment of your demands.

As you know, we previously advised Laureate Education, Inc. ("Laureate") that Teachscape views Laureate's ongoing threats as anticompetitive in nature, designed to interfere with and impede legitimate competition. Nothing in your letter addresses our client's valid concern in this regard, yet you demand broad access to Teachscape's files.

Moreover, Laureate still has not identified any factual predicate for its continuing accusations against Teachscape. The fact that ex-employees of Laureate work for Teachscape does not entitle Laureate to threaten Teachscape or to conduct a fishing expedition into Teachscape's business. Laureate has not provided any information that would suggest any wrongdoing by any ex-employee, or by Teachscape.

Similarly, while Laureate professes ownership of a broad, nebulous array of conclusory "property" rights, its sweeping pronouncements about its alleged trade secrets and intellectual property are entirely conclusory. Nothing in your letter (or in any of your client's letters) identifies any purported trade secret misused by an ex-employee or Teachscape, by category of otherwise, and nothing in your letter (or in any of your client's letters) identifies any specific copyrighted work, trademark, or any type of "intellectual property" allegedly infringed by Teachscape. We do not see, and you do not articulate, any basis for your client's assertion of claims for "misuse of trade secrets" and some unnamed violation of its "intellectual property."

You also claim confidence about pressing unspecified claims of "interference with contract relationships." We also see no substance to these threats. You fail to address the point

99856891V-1



Annette L. Hurst
February 20, 2007
Page 2

raised in my letter of January 26, 2007, namely, that Teachscape understands Laureate to have agreed with Marygrove that it could develop, market, and provide certain online masters programs with other companies, including Teachscape. Teachscape is confident that Marygrove supports this understanding.

Accordingly, all that is evident from the myriad of letters sent by Laureate to Teachscape, including your February 9, 2007 letter, is that Laureate, even assuming good faith on its part, has suspicions, not claims. If Laureate had any specific concern, surely by now it would have identified it.

Quite understandably, given the foregoing, Teachscape has reacted quite negatively to your overbroad demands for access to its course materials, employee files, etc. Teachscape views this as a baseless intrusion, and an effort to invade its business, disrupt its work, and derail competition. Your offer of a confidentiality agreement in no way addresses these concerns. While you state that these materials would be discoverable in any litigation, you do not acknowledge that Laureate would have to first identify its purported trade secrets, intellectual property, or alleged contract rights being violated, and would have to open up its files to broad scrutiny.

Nevertheless, in a good faith effort to bring closure to this matter, I suggest that we have a discussion at your earliest convenience, about any specific concern Laureate can identify. I also invite you to share with me any factual information in your client's files (which I trust have been examined), that lends any support to the conclusory allegations against Teachscape. Surely you recognize that, in the absence of any such facts, this correspondence is a waste of our respective clients' time.

With respect to your inquiry concerning the individuals named in your letter, please be advised that we will undertake their representation in any ongoing dispute and, accordingly, neither you nor your client should contact them.

In closing, all of our clients' legal and equitable claims, remedies, relief, and contentions are of course hereby fully and expressly reserved.

Sincerely,

Christine Lepera

CL/sl

cc: Mark Atkinson
    Gayle Athanacio

99856891V-1