# EXHIBIT C

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

**Christine Lepera**
212.398.7643
clepera@sonnenschein.com

1221 Avenue of the Americas
New York, NY 10020-1089
212.768.6700
212.768.6800 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

March 7, 2007

Via Facsimile/Mail

Annette L. Hurst
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

Re:  *TEACHSCAPE/LAUREATE*

Dear Ms. Hurst:

    I write further to my letter of February 20, 2007 and our subsequent telephone calls and to provide you with certain of the information you have requested.

    As a preliminary matter, please be advised that we remain of the view, expressed in my February 20, 2007 letter, that neither you nor your client, Laureate Education, Inc. ("Laureate") has articulated any factual predicate for any of its purported claims. Absent such a predicate, we can only conclude that Laureate's improper goal is to impede the legitimate competition posed by Teachscape, Inc. ("Teachscape").

    Notwithstanding these views, our client is willing to provide you with several assurances in order to demonstrate that Laureate's conclusory contentions are without basis and in an effort to avoid further controversy. These assurances are provided without waiver of or prejudice to any of Teachscape's rights, remedies, claims, or defenses, and without conceding any of Laureate's allegations regarding its rights, property or claims.

    First, Teachscape does have a policy and practice by which its employees are required to maintain the confidentiality of any proprietary or trade secret information/documents they may have acquired from their prior employers.

    Second, Teachscape's policy and practice provide that its employees are not to use or disclose any such information during their employment with Teachscape. This includes a mandate that its employees not bring onto Teachscape's premises confidential documents belonging to prior employers.

    An example of that policy is excerpted below from one of Teachscape's contracts:



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Annette L. Hurst
March 7, 2007
Page 2

> "During my employment by the Company, I will not improperly use or disclose any confidential information or trade secrets, if any, of any former employer or any other person to whom I have an obligation of confidentiality, except to the extent that such confidential information or trade secrets relate to any asset assigned to or owned by the Company, and I will not bring onto the premises of the Company any unpublished documents or any property belonging to any former employer or any other person to whom I have an obligation of confidentiality unless consented to in writing by that former employer or person. I will use in the performance of my duties only information which is generally known and used by persons with training and experience comparable to my own, which is common knowledge in the industry or otherwise legally in the public domain, or which is otherwise provided or developed by the Company."

Third, Teachscape has satisfied itself that these policies and practices have, in fact, been honored by the individuals you have identified. As a showing of its on-going good faith, Teachscape has reiterated the importance of observing each of these policies and neither Laureate or any other party has given Teachscape any reason to believe otherwise.

We have further investigated Laureate's claim of "interference with contract relationships" with Marygrove. While Teachscape is not privy to the contract between Marygrove and Laureate, Marygrove represented that it sought to do business with Teachscape because it was dissatisfied with its relationship with Laureate. Teachscape expressly conditioned its arrangement with Marygrove upon Marygrove's representation and assurances that the proposed relationship with Teachscape would not result in a breach of any agreement with Laureate. We are confident that Teachscape's relationship with Marygrove is not the result of any wrongdoing by Teachscape (or any of its employees or consultants) and certainly is not the result of the improper disclosure of any confidential information belonging to Laureate. We provide you with the further assurance again that Teachscape has not entered into an agreement with Marygrove for a MAT /CIA course, but rather has embarked upon Masters courses in Reading and Math.

In our conversations, particularly our conversation of yesterday, you leveled many serious allegations against Marygrove. You claimed that Marygrove breached its contract with Laureate by its arrangement with Teachscape in Masters in Reading and Math. You further alleged that Marygrove has engaged in other substantial wrongdoing, including your claim yesterday that Marygrove has falsely advertised its course history with Laureate and Teachscape on its website, which specific allegation we are in the process of investigating. We are not aware of any written notification by Laureate to Marygrove of any of these allegations. Laureate's



assertions that Marygrove is in breach of its contract is central to Laureate's assertions against Teachscape regarding, *inter alia*, its alleged interference with Laureate's contract with Marygrove. Accordingly, we request that you provide us with copies of any correspondence or communications between Laureate and Marygrove on the subject of Marygrove's alleged breach and wrongdoing, as well as any documentation reflecting that alleged breach occurred. We also ask that you advise us as to what steps if any Laureate has taken to mitigate the alleged breach by Marygrove by placing its Math and Reading courses with Teachscape.

We also would like you to follow up on your offer for information from Laureate. With respect to the ex- employees that have been named in Laureate's various letters, (albeit without consistency), we request that you identify which employees were terminated by Laureate. We also seek any communications between the employees/consultants you have named and Laureate, in which Laureate either demanded or obtained assurances that those employees return any documents and maintain its confidences at or about the time of their departure.

With respect to your demand that Teachscape provide Laureate with all course-related materials, which you claim you need to determine if any copyright infringement has occurred, as we discussed, we request that you provide us with the specific course or courses in which Laureate claims copyright ownership, the date of creation of the works, and whether or not there are any copyright registrations filed with respect to those courses that we can review. We also request that you identify the author of the works, whether there are any rights holders other than Laureate to any content in those courses, and whether Marygrove or any other third party contributed any copyrightable material to those courses. If you are willing to provide this information, we would be willing to engage in an "apples to apples" comparison, on an attorneys' eyes only basis, with respect to the applicable final course materials of our respective clients, which we can review against relevant prior art and public domain materials.

Please discuss these matters with your client, and let us know your position. All of our clients' legal and equitable claims, remedies, relief, and contentions remain hereby fully and expressly reserved.

Sincerely,

*Christine Lepera*

Christine Lepera

CL/sl

cc: Mark Atkinson
    Gayle Athanacio

9987313\V-1