GAYLE M. ATHANACIO (SBN 130068)
gathanacio@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
TEACHSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC, and LAUREATE EDUCATION, INC., <br><br> Plaintiffs. <br><br> v. <br><br> TEACHSCAPE, INC., <br><br> Defendant. | Case No. C 07-3225 RS <br><br> **DEFENDANT TEACHSCAPE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE COMPLAINT** <br><br> **CONCURRENTLY FILED HEREWITH: SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE** <br><br> Date: September 26, 2007 <br> Time: 9:30 a.m. <br> Courtroom: 4, Fifth Floor <br> Honorable Richard Seeborg |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. *Twombly* Is The Correct Standard And Plaintiffs Failed To Meet It. ................. 1

    B. Laureate Fails To Present Any Legal Or Factual Argument In Support Of Its Copyright Claim Against Teachscape. ........................................................ 2

        1. Laureate Admits It Has Not Pled And Has No Basis To Plead Substantial Similarity Between Any Of Its Works And Any Of Teachscape's Works. ................................................................................ 2

        2. Laureate's Patently False Allegation Of No Reasonable Access To Teachscape's Material Further Justifies Dismissal With Prejudice. ........................................................................................................ 4

        3. Laureate's Conclusory Claim For Infringement Based Upon Derivative Works Registrations Only Underscores Its Pleading Deficiencies. .................................................................................................... 5

    C. Plaintiffs' Opposition Fails To Present Any Legal Or Factual Argument To Support Canter's Misleading Advertisement Claims. ....................................... 6

    D. Canter's Trade Secret Misappropriation Claim Is Defective. .............................. 8

        1. Trade Secrets Must Be Sufficiently Alleged In A Complaint. ................... 8

        2. Canter Did Not Sufficiently Provide Notice Of Its Purported Trade Secrets. .............................................................................................. 8

        3. Canter Has Failed To Properly Allege Misappropriation Of Trade Secrets. .............................................................................................. 11

        4. Canter Has Failed To Properly Plead Its Claim For Intentional Interference With Contract. ........................................................................ 12

        5. Canter's Intentional Interference With Prospective Economic Advantage Claim Fails. ............................................................................... 13

    E. Plaintiffs Have Not Asserted A Claim For Unfair Competition. ........................ 14

III. CONCLUSION ............................................................................................................. 15

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

# TABLE OF AUTHORITIES

## FEDERAL CASES

*AdvantaCare Health Partners v. Access IV, Inc.*,
  2003 WL 2388356 (N.D. Cal. Oct. 24, 2003) ........................................................ 12

*Advante International Corp. v. Mintel Learning Tech.*,
  2006 WL 3371576 (N.D.Cal. Nov. 21, 2006) .......................................................... 8

*Arnstein v. Porter*,
  154 F. 2d 464 (2d Cir. 1946) .................................................................................. 3

*Bayer Corp. v. Roche Molecular System, Inc.*,
  72 F. Supp. 2d 1111 (N.D. Cal. 1999) ............................................................. 11-12

*Bell Atlantic v. Twombly*,
  127 S. Ct. 1955 (2007) ...................................................................................... 1, 4

*Bespaq Corp. v. Haoshen Trading Co.*,
  2005 WL 14841 (N.D.Cal. Jan. 3, 2005) ................................................................ 6

*Cavalier v. Random House, Inc.*,
  297 F.3d 815 (9th Cir. 2001) .................................................................................. 2

*In Re Century 21-RE/MAX Real Estate Advertising Claims Litigation*,
  882 F. Supp. 915 ( C.D. Cal. 1994) ........................................................................ 6

*Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*,
  106 F.3d 284 (9th Cir. 1997) .................................................................................. 3

*Effects Associate, Inc. v. Cohen*,
  817 F. 2d 72 (9th Cir. 1987) ................................................................................... 3

*Elektra Entertainment Group v. Avery*,
  2007 WL 2023545 (E.D. Cal. July 11, 2007) ......................................................... 3

*In re Irvine Sensors Corp. Sec. Litigation*,
  2003 WL 25520735 (C.D Cal. Sep. 22, 2003) ....................................................... 2

*Globespan, Inc. v. O'Neil*,
  151 F. Supp. 2d 1229 (C.D. Cal. 2001) ................................................................ 11

*Hollingsworth Solderless Terminal Co. v. Turley*,
  622 F. 2d 1324 (9th Cir. 1980) ............................................................................. 12

*Hurd v. Ralphs Grocery Co.*,
  824 F. 2d 806 (9th Cir. 1987) ................................................................................ 3

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

*I.M.S. Inquiry Mgmnt. System v. Berkshire Infor. Sys., Inc.*,
   307 F. Supp. 2d 521 (S.D.N.Y. 2004) .................................................................. 6

*Kelly v. Arriba Soft Corp.*,
   336 F.3d 811 (9th Cir. 2003) ............................................................................... 3

*Kirkland v. National Broad. Co., Inc.*,
   425 F. Supp. 1111 (E.D. Pa. 1976) ..................................................................... 3

*Marvel Enterprises Inc. v. NCSoft Corp.*,
   2005 WL 878090 (C.D. Cal. March 9, 2005) ..................................................... 3

*Mintel Learning Techn., Inc. v. Beijing Kaidi Education & Tech. Co.*,
   2007 WL 2288329 (N.D.Cal Aug. 9, 2007) ........................................................ 7

*Pinnacle System, Inc. v. XOS Techs., Inc.*,
   2003 WL 21397845 (N.D.Cal. May 19, 2003) ................................................... 7

*Pacific Oxygen Sales Co. v. Union Carbide Corp.*,
   1991 WL 42150 (9th Cir. Mar. 21, 1991) .......................................................... 12

*Posdata v. Kim*,
   2007 WL 1848661 (N.D. Cal. Jun. 27, 2007) .................................................... 12

*Rice v. Fox Broad. Co.*,
   330 F.3d 1170 (9th Cir. 2003) ............................................................................. 2

*Rickards v. Canine Eye Registration Foundation, Inc.*,
   704 F. 2d 1449 (9th Cir. 1983) .......................................................................... 14

*Schneider v. California Department of Correctional*,
   151 F.3d 1194 (9th Cir. 1998) ............................................................................. 2

*Scott v. Snelling & Snelling, Inc.*,
   732 F. Supp. 1034 (N.D. Cal. 1990) .................................................................. 12

*Silicon Knights Inc. v. Crystal Dynamics, Inc.*,
   983 F. Supp. 1303 (N.D. Cal. 1997) ............................................................. 13-14

*Streetwise Maps, Inc. VanDam, Inc.*,
   159 F.3d 739 (2d Cir. 1998) ................................................................................ 6

*Walker v. USAA Casualty Insurance*,
   474 F. Supp. 2d 1168 (E.D. Cal. 2007) ............................................................. 14

*Walker v. University Books, Inc.*,
   602 F. 2d 859 (9th Cir. 1979) .............................................................................. 2

## STATE CASES

*Diodes v. Franzen*,
  260 Cal. App. 2d 244 (1968) ........................................................................... 8

*Juarez v. Arcadia Finance, Ltd.*,
  152 Cal. App. 4th 889 (2007) ......................................................................... 14

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ............................................................................ 13-14

*Reeves v. Hanlon*,
  33 Cal. 4th 1140 (2004) ................................................................................. 12

*Whyte v. Schlage Lock Co.*,
  101 Cal. App. 4th 1443 (2002) ......................................................................... 8

## STATUTES AND OTHER CITATIONS

1 Nimmer on Copyright § 2.16 ............................................................................ 3

Federal Rule of Civil Procedure Rule 8(a)(2) .................................................... 1

Federal Rule of Civil Procedure Rule 11 ...................................................... 2, 13

Federal Rule of Civil Procedure Rule 84 ........................................................... 3

California Civil Code section 2019.210 ............................................................. 8

## I. INTRODUCTION

Plaintiffs' Opposition confirms that they have failed to adequately plead any of their claims and that Teachscape's Motion to Dismiss should be granted in its entirety. In their Opposition, not only do Plaintiffs mischaracterize the law, Plaintiffs seek to defeat Teachscape's Motion by asserting allegations not found in their Complaint. While in theory, new properly pled "facts" could justify allowing leave to amend (but not denial of the Motion to Dismiss), as shown herein, the new, equally baseless and/or innocuous allegations do not cure the deficiencies in the Complaint which exist as a matter of law. Plaintiffs' federal claims—the sole predicate for subject matter jurisdiction—do not withstand even minimal scrutiny, and their state law claims are similarly deficient. Teachscape's Motion to Dismiss should be granted without leave to amend.

## II. ARGUMENT

### A. *Twombly* Is The Correct Standard And Plaintiffs Failed To Meet It.

Plaintiffs assert that *Bell Atlantic v. Twombly* only requires that the allegations in the Complaint provide notice to the defendant. Plaintiffs have failed to fully and completely consider *Twombly* and the applicable legal standards. While Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 127 S. Ct. 1955, 1959 (2007). Critically, "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with "'a largely groundless claim'" be allowed to "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Id.* at 1966 (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)). As the Court observed, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* at 1967. *Twombly* applies to copyright cases and cases involving state law claims, such as unfair

-1-
**TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT**

competition. *See Interscope Records v. Rodriguez*, 2007 WL 2408484 (S.D. Cal. Aug. 17, 2007); *Kennedy v. Natural Balance Pet Foods, Inc.*, 2007 WL 2300746 (S.D. Cal. Aug. 8, 2007); *Adams v. Warner Brothers Pictures Network*, 2007 WL 1959022 (E.D.N.Y. June 29, 2007).

Moreover, a "court cannot consider new facts not alleged in the complaint, but asserted in plaintiff's opposition papers, to determine a motion to dismiss pursuant to Rule 12(b)(6)." *In re Irvine Sensors Corp. Sec. Litig.*, 2003 WL 25520735, *1 (C.D Cal. Sep. 22, 2003); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197, n1 (9th Cir. 1998).

As explained in Teachscape's Motion and in this Reply below, Plaintiffs' claims fail to meet these standards and should be dismissed.

**B. Laureate Fails To Present Any Legal Or Factual Argument In Support Of Its Copyright Claim Against Teachscape.**

**1. Laureate Admits It Has Not Pled And Has No Basis To Plead Substantial Similarity Between Any Of Its Works And Any Of Teachscape's Works.**

In its Opposition, Laureate admits it has not pled a provable copyright infringement claim by conceding it "cannot point specifically to the substantial similarity between each of its copyrighted materials and each of Teachscape's materials." (Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Opp.") at 10:25-26.)[1] More accurately, Laureate cannot plead, and thus cannot prove, substantial similarity between *any* of its 40 alleged works of authorship and *any* work of Teachscape. Laureate does not plead that any text, course, program, video, or work authored or exploited by Teachscape is substantially similar to any of the 40 Laureate works. As substantial similarity is a central element of the copying prong of a copyright infringement claim, Laureate concedes it has not stated a viable claim.[2]

---

[1] Only Laureate claims ownership of the alleged 40 copyrights.

[2] *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003)("Copying" element of infringement claim comprised of showing of access and substantial similarity of protectible expression); *Cavalier v. Random House, Inc.* 297 F 3d. 815, 822 (9th Cir. 2001) (same); *Walker v. University Books, Inc.*, 602 F. 2d 859, 864 (9th Cir. 1979) (*prima facie* case of copyright infringement requires that a plaintiff demonstrate access and substantial similarity between it and the defendant's work). By this admission, Laureate disregards Federal Rule of Civil Procedure, Rule 11 and, contrary to its argument, this Court can consider Rule 11 in the absence

-2-

TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT

None of the cases cited by Laureate suggest a copyright claim can be based upon a plaintiff's speculation that an unidentified work may be infringing; rather, in each case, the putative copyright owner specifically identified the defendant's allegedly infringing work.[3]

No doubt recognizing its copyright claim is fatally flawed, Laureate attempts to add a new "fact": that three of Teachscape's "degrees" are "on their face similar" to Laureate's courses. (Opp. at 9:21-24.) This allegation presumably refers to degree or course titles, as Laureate concedes it rejected Teachscape's offer of a mutual exchange of actual course materials.[4] Yet an infringement claim cannot be made merely because two degrees or courses cover the same subject—math or reading—or because they have the same titles, which are not copyrightable. *See, e.g., Arnstein v. Porter*, 154 F. 2d 464, 474 (2d Cir. 1946) ("A title cannot be copyrighted"); *Kirkland v. Nat'l Broad. Co., Inc.*, 425 F. Supp. 1111, 1114 (E.D. Pa. 1976), *aff'd*, 565 F. 2d 152 (3d Cir. 1977) ("it has been well-established that a copyright in literary material does not secure any right in the title itself"); 1 NIMMER ON COPYRIGHT § 2.16; MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, §10:34. Instead, the cases uniformly hold that a plaintiff must plead the infringing acts with sufficient specificity to give the defendant notice thereof. (*See* Teachscape's Motion to Dismiss ("Motion") at 8:6-22.) This is not, contrary to Laureate's contention, an inappropriate heightened pleading standard: it simply reflects the elements necessary to a viable

---

of a Rule 11 motion. *See, e.g., Hurd v. Ralphs Grocery Co.*, 824 F. 2d 806, 809 (9th Cir. 1987).

[3] *See Marvel Enters. Inc. v. NCSoft Corp.*, 2005 WL 878090 (C.D. Cal. Mar. 9, 2005) (alleged infringement of specific superhero characters by a specific computer game); *Elektra Entmt. Group v. Avery*, 2007 WL 2023545 (E.D. Cal. Jul. 11, 2007) (alleged infringement of sound recordings via internet downloading); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003) (alleged infringement of identified copyrighted photographs by search engine using thumbnails of photos); *Effects Assoc., Inc. v. Cohen*, 817 F. 2d 72 (9th Cir. 1987) (alleged infringement of specific motion picture special effects shots); *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284 (9th Cir. 1997) (alleged infringement of specific television programs). Pleading Form No. 17 of the Fed. R. Civ. Pr. 84 Appx. Of Forms, cited by Laureate, suggests a plaintiff *attach* full copies of both the plaintiff's and the defendant's works to the complaint.

[4] Because Laureate has made this new argument that the supposed similarity of degree titles justifies the filing of its copyright claim, Teachscape has located and proffers to the Court a small sample of readily available Internet information showing that masters courses or degree titles similar to those used by Laureate are also used by unrelated non-party distance learning sources. *See* Exhibit A to Teachscape's Supplemental Request for Judicial Notice, filed herewith.

-3-

TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT

1  copyright claim.[5]

2  Laureate's tactic is clear: bring an action attacking Teachscape's entire catalog of course products *sight unseen* and demand a massive fishing expedition of discovery to disrupt Teachscape's legitimate business. This is precisely the type of tactic that the *Twombly* Court observed a district court must retain the power to prevent.

Simply stated, Laureate's copyright infringement claim alleging willful copyright infringement action (for 40 separate works), which does not, and cannot, identify *any* alleged infringing work, fails to state a claim as a matter of law. Dismissal is appropriate.

### 2. Laureate's Patently False Allegation Of No Reasonable Access To Teachscape's Material Further Justifies Dismissal With Prejudice.

In its Complaint, Laureate pled that Teachscape's supposed refusal to give Laureate copies of Teachscape's final courses "upon reasonable terms" and Laureate's desire not to access the materials online under "pretext" justified its filing of a copyright infringement claim with no supporting facts. Yet as Teachscape demonstrated in its Motion and which Plaintiffs cannot now deny, Laureate had more than "reasonable access" to this material: Teachscape *offered* Laureate an exchange of the parties' final courses, for an "apples to apples" comparison, and asked only for information that would be contained on Laureate's copyrighted registrations. Laureate simply ignored the offer, and filed suit.

Now realizing that in connection with a motion to dismiss, the undisputed facts surrounding Teachscape's patently *reasonable* offer for disclosure would be considered, Laureate changes it tune and attempts to justify the frivolous filing of its copyright infringement claim on the basis that Teachscape refused to give Plaintiffs all *drafts* of every Teachscape course. The absurdity and disingenuousness of this argument is obvious.

Plaintiffs expressly justified the lack of any facts to support Laureate's copyright claim on an inability to access the *final* course materials except by "pretext" (Cmplt., ¶ 26), an allegation

---

[5] Plaintiffs' circular argument that notice of a copyright claim is given by making allegations that former employees allegedly breached covenants of confidentiality, or that a defendant allegedly interfered with business relationships, is unsupported by any authority and defies logic.

-4-

TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT

which has been shown to be indisputably false. Moreover, the allegedly infringing materials are Teachscape's final courses. Further, one need not review all "drafts" to see if a final course or audiotape in English appears to have been copied.[6]

As shown above, Laureate has used the "pretext" of this baseless copyright claim to disrupt Teachscape's business and to unduly burden Teachscape with costly and time-consuming discovery and motion practice. By rejecting Teachscape's offer of a mutual exchange of final course material, Laureate deprived Teachscape of fair access to Laureate's course materials. As a result, now, not only does Teachscape not have notice of what is allegedly infringing, it also does not have notice of what is allegedly *infringed* in any of Laureate's works. Dismissal is appropriate.

### 3. Laureate's Conclusory Claim For Infringement Based Upon Derivative Works Registrations Only Underscores Its Pleading Deficiencies.

Laureate's copyright infringement claim identified 40 allegedly infringed works. In its Complaint, Laureate failed entirely to (a) identify them as derivative works; (b) give notice of or describe any underlying work and who owned it; (c) describe what was newly added in the derivative works; (d) identify the owner of any underlying works; and (e) describe what materials in either the underlying or derivative works were allegedly infringed. The registrations themselves (which notably were not attached to the Complaint), contain only the insufficient, conclusory phrase that "new information to text or video" was added to the original material.

Instead of acknowledging these woeful inadequacies, and how they underscore the deficiencies of its federal claim, Laureate instead tries to enlarge the claim. Laureate now contends its copyright claim covers any and all unidentified materials underlying the 40 derivative works, based solely upon the new "fact" that Laureate allegedly owns all the

---

[6] Plaintiffs discuss at length cases addressing whether, in certain instances, a defendant's intermediate copying of a plaintiff's work could create copyright infringement liability in connection with that intermediate copy. None of these cases help Plaintiffs here as they do not remotely stand for the proposition that a party can sue for infringement without the necessary elements of a claim simply because they were refused drafts of an allegedly infringing final work.

-5-
TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT

unidentified underlying works.[7] Laureate's baseless claim of infringement of 40 derivative works registered en masse in April 2007, after this dispute arose, in which it cannot identify a shred of infringing material should be dismissed, and this Court should not countenance Laureate's even more egregious effort to enlarge the scope of that baseless claim.

### C. Canter's Opposition Fails To Present Any Legal Or Factual Argument To Support Its Misleading Advertisement Claims.

Plaintiffs do not dispute that this Court can dismiss a Lanham Act or California misleading advertising claim at the pleading stage, nor do they challenge that a proper pleading must provide "sufficiently detailed allegations regarding the nature of the alleged falsehoods to allow…a proper defense." *See In Re Century 21-RE/MAX Real Estate Advertising Claims Litig.*, 882 F. Supp. 915, 927 (C.D. Cal. 1994). Yet, Plaintiffs suggest Teachscape has applied an incorrect, Rule 9(b) heightened pleading standard. Plaintiffs are wrong. Teachscape has shown that Plaintiffs have failed to properly plead the elements of a valid claim. Plaintiffs' conclusory allegations that the single word "updated" in an unidentified advertisement about a Marygrove masters degree program is simply not a proper allegation that a *false or misleading* statement of *fact* has been made.

Tellingly, while Plaintiffs concede that in determining whether an advertisement is actionable the ad must be viewed "in context" (Opp., 23:22-25), Plaintiffs continue to play hide the ball with Teachscape and this Court and fail to present the allegedly offending advertisement (or advertisements). Rather, Plaintiffs impermissibly note a single sentence in their Opposition

---

[7] Laureate, having not specifically identified precisely what new material was added to any of the 40 works, nor pled its ownership of any underlying work, misplaces reliance upon the Second Circuit's holding in *Streetwise Maps, Inc. VanDam, Inc.*, 159 F. 3d 739 (2d Cir. 1998), in which the derivative registration at issue noted what new material was added (unused depictions of subway and bus systems), and specifically contained a statement that the work was derivative of a Streetwise Manhattan map carrying a copyright notice date of 1984-1985. 159 F. 3d at 746. *See also Bespaq Corp. v. Haoshen Trading Co.*, 2005 WL 14841 (N.D.Cal. Jan. 3, 2005) (court rejected plaintiff's *Streetwise* argument and granted defendant's motion to dismiss plaintiff's copyright infringement claim on the ground that the plaintiff did not, among other things, "identify which preexisting works in the registered catalog have been infringed by the defendants"); *I.M.S. Inquiry Mgmnt. Sys. v. Berkshire Info. Sys., Inc.* 307 F. Supp. 2d 521, 529-30 (S.D.N.Y. 2004) (in suit over underlying work allegedly protected by a derivative work registration, court held "unlike the plaintiff in *Streetwise Maps*, the plaintiff here does not identify [in the registration] the preexisting work that is the foundation of this action…The inclusion of the response 'Text and artwork; compilation' under the subheading 'Material added to this Work'" is insufficient.)

-6-

TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT

which supposedly references a program for a degree—which necessarily must be that of an accredited university or college—as "(updated)". (*Id.*, at 5:2-3.) Plaintiffs do not allege where or when the advertisement was placed, or set forth its full context. This vagueness, which is exacerbated in the Complaint, is by design, as Plaintiffs simply have no basis on which to state a false advertising claim.[8]

Notwithstanding these entirely vague, incomplete and inconsistent allegations, Plaintiffs contend that they have pled enough "facts" to show that their false advertising claims are "plausible." They have not. At best, Plaintiffs have alleged that the word "updated" was somehow used in connection with a *Marygrove* degree program that was previously provided through Laureate. There is nothing false or misleading to say a newer Marygrove degree program is "updated." Critically, Plaintiffs have not (nor presumably can they) claim that Canter's name is found in the supposed advertisement. For this reason, among others, Plaintiffs' reliance on *Mintel Learning Techn., Inc. v. Beijing Kaidi Educ. & Tech. Co.*, 2007 WL 2288329 (N.D.Cal Aug. 9, 2007), is unavailing. In *Mintel*, the plaintiff alleged that defendants made *express* representations, via defendant Kaidi's website, that Kaidi is the exclusive distributor of Mintel products, and that defendants continued distributing Kaidi's products using Mintel's trademark, when in fact Mintel had terminated the relationship. These precise and demonstrably false allegations are a far cry from a vague reference to an "updated" program. In *Pinnacle Sys., Inc. v. XOS Techs., Inc.*, 2003 WL 21397845, *5 (N.D.Cal. May 19, 2003), also relied upon by Plaintiffs, the court ruled a statement made that a competitor's products were "inferior" was not actionable. Thus, even under Plaintiffs' own authorities, the use of the innocuous word "updated" cannot support a false advertising claim.

Finally, Plaintiffs' effort to distance themselves from the authorities that Teachscape cited to demonstrate that the word "updated" is non-actionable "puffery" is similarly unavailing. There is nothing inconsistent with Teachscape's contention that a master degree program can be

---

[8] *Compare*, Cmplt. ¶ 18 ("Teachscape marketed ***its CIA degree offered through Marygrove*** as 'updated'") *with* ¶ 65 ("Teachscape engaged in advertising to the public its offering of "updated" ***courses*** through Marygrove") and ¶ 56 ("***CIA degree offered by Marygrove*** was described as 'updated'") (emphasis added).

-7-

TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT

"updated" (truthfully) in a myriad of ways, none of which have anything to do with Canter, and that the word "updated" is, by its very nature, vague and non-actionable.[9]

### D. Canter's Trade Secret Misappropriation Claim Is Defective.

#### 1. Trade Secrets Must Be Sufficiently Alleged In A Complaint.

While a plaintiff need not spell out the details of a trade secret, "[t]he plaintiff must nevertheless allege the ultimate facts showing the existence of a trade secret or other confidential data to state such a cause of action." *Diodes v. Franzen*, 260 Cal. App. 2d 244, 252 (1968). Plaintiffs have failed to do so here.

Nonetheless, Canter relies on three cases to suggest that Teachscape's Motion should be denied. These cases actually refute Canter's assertion that it has adequately described its trade secrets. In the first two cases, the court found the plaintiffs' description of the trade secret to be inadequate. *See Diodes*, 260 Cal. App. 2d at 253 ("secret processes" did not state the subject matter of the alleged trade secret, and therefore the plaintiff failed to meet the minimal requirement of describing the subject matter with sufficient particularity to separate it from matters of general knowledge and to permit the defendant to ascertain the boundaries within which the secret lies); *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1454 (2002) ("information about Schlage's new products" was too broad to enforce as a trade secret). The third case, *Advante Int'l Corp. v. Mintel Learning Tech.*, 2006 WL 3371576 (N.D.Cal. Nov. 21, 2006), involved the scope of discovery requests, not whether a complaint adequately identified a trade secret. 2006 WL 3371576 at *3. While California Civil Code section 2019.210 assists the court in framing the appropriate scope of discovery and functions like a pleading in a trade secret case, plaintiffs must nevertheless first satisfy the pleading requirement "showing the existence of a trade secret." *Diodes*, 260 Cal. App. 2d at 252. Canter has failed to satisfy this requirement.

#### 2. Canter Did Not Sufficiently Provide Notice Of Its Trade Secrets.

In its Opposition, Canter now describes its purported "trade secrets" differently than it did

---

[9] Plaintiffs fail to address and thus concede Teachscape's contention that Plaintiffs' state claims should be dismissed upon the dismissal of their federal claims. As neither their copyright claim nor Lanham Act claim withstand scrutiny, the entire complaint should be dismissed.

-8-
TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT

in its Complaint. In its Complaint, Canter merely alleges that its trade secrets include "a proprietary methodology for identifying appropriate markets for its products, information regarding market segmentation, design of distance learning degree programs and methods for their accreditation, enrollment systems, and specific customer contacts and preferences." (Cmplt., ¶ 29.) In response to Teachscape's Motion—which noted how much, if not all, of the supposed "trade secret" information was a matter of public knowledge, and how Canter has publicly announced it will no longer have any "customers" (i.e. independent educational institutions) for any online degree programs—Canter responds by revising its alleged trade secret claim to include: "(1) Canter's three-year strategic plans; (2) the Corporate Investment Proposals regarding master's degrees in Reading, Literacy and Math; (3) the particular requirements and preferences of each of its accredited university partners; and (4) the confidential details about the agreement and relationships between Canter and their partners, such as Marygrove." (Opp. at 13:12-16.) By doing so, Canter effectively admits that its Complaint—based on deceptively incomplete and misleading information about its business and the market involved—does not provide fair notice of its alleged trade secrets, as it failed to "describe the subject matter of the trade secrets with sufficient particularity...." *Whyte,* 101 Cal. App. 4th at 1453. Thus, Canter tacitly concedes that Teachscape's Motion should be granted.

Nonetheless, Canter relies on three cases to support its argument that it has sufficiently identified its trade secrets, yet none of these cases assist Canter. In *Mintel,* the issue of concern was whether Mintel offered a "bald conclusion of law" regarding conspiracy among the defendants to misappropriate trade secrets, not whether the trade secrets were particularly pled. 2007 WL 2288329 at *6. Moreover, Mintel did identify its trade secrets in more detail than Canter—identifying its trade secrets as including software design, source code, database and sound files, all maintained through firewall and password. *Id.* In contrast, Canter uses words such as "methodology" and "design" to identify its trade secrets. (Cmplt., ¶ 29.) As such, in this case, Teachscape is forced to guess the scope, breadth and precise nature of the "methodology" and "design" supposedly entitled to protection.

Canter's reliance on *Telemasters Inc. v. Vintage Club Masters Ass'n* suffers from the same

-9-
TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT

defect. In *Telemasters*, plaintiff identified its trade secrets as "intellectual property pertaining to the telecommunications system," which it further defined as the "switching system and computer programs and routines to run the switching system," and a telecommunications network that requires "specialized knowledge and expertise and the development of unique plans, procedures and processes, including but not limited to computer programs and routines." 2006 WL 4599670, *4 (C.D. Cal. Jan. 9, 2006). *Telemasters* is yet another example where the plaintiff identified its trade secrets as including more than just a "method" or "design," notifying the defendant that its trade secret specifically encompassed computer programs and routines.

Canter's reliance on *Whyte* is also misplaced, and in fact supports the conclusion that its trade secrets are not adequately pled. There, while the Court found that several specific categories of trade secrets were sufficiently pled, "information about Schlage's new products" was too broad, as it did not differentiate between truly secret information and new product information that had been publicly disclosed. *Whyte*, 101 Cal. App. 4th at 1454.

In the present action, Canter does not inform Teachscape or the Court as to what information regarding Canter's supposed markets, design and customer contacts and preferences is a "trade secret" as compared to information which Plaintiffs' cannot now contest was publicly disclosed. Thus, Teachscape is left to question what type of information encompasses the broad, but generic categories of "trade secrets" Canter identified. Canter's failure to identify with any specificity its trade secret is particularly suspect since, as previously noted, Plaintiffs have engaged in a cat and mouse game with regard to what its claims are, what its business plan truly is, and what Teachscape did, and unquestionably, did not do.

For this reason, Canter's reliance on *Whyte* to support its contention that its market research data is a trade secret is misplaced. Specifically, Canter argues that because *Whyte* involves "a single prominent buyer" as opposed to customers' needs in a specific industry, Canter's market research is a protectible trade secret. (Opp. at 14:7-15.) While *Whyte* did involve the trade secret of one buyer, *Whyte* also articulated that marketing research can be trade secret "if it explores the needs of numerous, diverse buyers." 101 Cal. App. 4th at 1456 (internal citations omitted). Here, Canter, in its Opposition, narrowly identifies its customers as accredited

-10-
**TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT**

universities that provide distance-delivered master's degree programs in the field of education for teachers. (*See* Opp. at 2:5-8.) This group of customers can hardly be characterized as "numerous" or "diverse." Moreover, unlike in *Whyte,* here, market research regarding potential online customers and supposed "specific customer contacts and preferences" is of no economic value to Canter as, despite the fact that Canter's website shows master's degrees and graduate programs through the University of New England, Olivet Nazarene University and Marygrove, Canter has publicly announced these and all its independent "partners" are being abandoned for online degree programs. (*See* Request For Judicial Notice (filed concurrently with Teachscape's Motion, Exs. B, D.) Accordingly, *Whyte* does not support that Canter's market research is a trade secret.

### 3. Canter Has Failed To Properly Allege Misappropriation Of Trade Secrets.

Evident by Plaintiffs' Opposition, Canter's misappropriation claim rests on the inevitable disclosure doctrine, which cannot be used to allege misappropriation. *See Whyte*, 101 Cal. App. 4th at 1460; *Globespan, Inc. v. O'Neil*, 151 F. Supp. 2d 1229, 1235 (C.D. Cal. 2001); *Bayer Corp. v. Roche Molecular Sys., Inc.,* 72 F. Supp. 2d 1111, 1120 (N.D. Cal. 1999). Specifically, Canter's Opposition relies entirely on the *Marygrove* relationship to support a claim of misappropriation. (Opp. at 15-16.)[10] Necessarily, Canter concedes that all it has alleged is that (1) specific individuals employed by Canter were "exposed to" Canter's alleged trade secrets; (2) these individuals left Canter and joined Teachscape; and (3) more than *two years* after these individuals left Canter, Teachscape began offering courses and degrees with Marygrove. (*See* Opp. at 15:20-23.) Clearly, Canter's claim is based on the inevitable disclosure doctrine. In a vain attempt to avoid dismissal, Canter argues that its Complaint does not suffer from the same defects as *Globespan*, where a misappropriation claim was dismissed on the ground that the plaintiff relied on the inevitable disclosure doctrine. (Opp. at 17:4-14.) Yet in this case, Canter's

---

[10] This concession—that the basis of the trade secret misappropriation claim is predicated solely on the Marygrove relation—further bolsters Teachscape's Motion. Canter's allegation that Teachscape "misused confidential contract terms between Canter and Marygrove to negotiate with Marygrove on more favorable terms is not protectible as it "relates to a single prominent buyer that is presumably aware of its own needs." *See Whyte*, 101 Cal. App. 4th at 1456.

-11-
**TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT**

claim is based upon the allegation that since its former employees "had access to" (or as stated in the Opposition was "exposed to") Canter's supposed trade secrets, Teachscape must have misappropriated them because Teachscape years later began a relationship with Marygrove. Plainly, as in *Globespan*, Canter has in fact done nothing more than base its present action on the notion that the former employees must have disclosed trade secrets to Teachscape. As in *Globespan*, dismissal is appropriate.[11]

### 4. Canter Has Failed To Properly Plead Its Claim For Intentional Interference With Contract.

Canter does not dispute that in order to state a claim for intentional interference with contract, Canter must properly plead: (1) the defendant's intentional acts designed to induce a breach or disruption of a valid contractual relationship; (2) actual breach or disruption of the contractual relationship; and (3) resulting damage. *Reeves v. Hanlon*, 33 Cal.4th 1140, 1148 (2004). Canter's Opposition fails to detract from the conclusion that it has not properly pled any of the requisite elements.

In its Complaint, Canter clearly states that its intentional inference with contract claim rests on the fact that "Marygrove does not intend *to renew* its contract for the provision of the CIA degree with Canter." (Cmplt., ¶ 60; emphasis added.) Thus, this purported interference affected not a current contractual right, but a prospective, entirely speculative one. This does not support an interference with contract claim. *Pacific Oxygen Sales Co. v. Union Carbide Corp.*,

---

[11] Plaintiffs suggest that Teachscape improperly cited various cases to support application of an inappropriate pleading standard. Plaintiffs are wrong. The cases about which Plaintiffs complain were appropriately cited to demonstrate that Canter's alleged trade secrets are not subject to trade secret protection and that Teachscape has not committed any sort of misappropriation. *See Hollingsworth Solderless Terminal Co. v. Turley*, 622 F. 2d 1324, 1337-38 (9th Cir. 1980) (cited at Mot. 19:20-21 for support that the mere solicitation of an employee to leave and associate with a competitor is not improper); *Posdata v. Kim*, 2007 WL 1848661, *3-4 (N.D. Cal. Jun. 27, 2007) (cited at Mot. 20:1-4 for support that Teachscape did not wrongfully solicit Canter's employees); *AdvantaCare Health Partners v. Access IV, Inc.*, 2003 WL 2388356, *2 (N.D. Cal. Oct. 24, 2003) (cited at Mot. 17:13-15 for support that information that is discoverable to those in a particular industry is not a trade secret); *Bayer*, 72 F. Supp. 2d at 1120 (cited at Mot. 20:9-13 for support that the inevitable disclosure doctrine has been rejected in California); *Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034, 1044 (N.D. Cal. 1990) (cited at Mot. 17:8-11 for support that information that is publicly available is not a trade secret). Canter fails to consider the merits of the above holdings in these cases, as it cannot legitimately do so.

-12-

1991 WL 42150, at *2 (9th Cir. Mar. 21, 1991) (a decision not to renew does not give rise to a claim for interference with an existing contract). *See also Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1157-58 (2003). Canter's conclusory allegations that Teachscape intentionally disrupted the existing contractual agreement between Marygrove and that Canter actually suffered damages does nothing to salvage Canter's claim.

Indeed, in support of its argument that it has pled resulting damage to support its intentional interference with contract claim, Canter relies on allegations it made in its intentional interference with prospective economic advantage claim. (*See* Opp. at 20:12-15 (citing to Cmplt., ¶¶ 43, 47)). However, in alleging damages in its intentional interference with contract claim, Canter merely alleges that Teachscape has "damaged" it, nothing more. (Cmplt., ¶ 61.) No facts in the Complaint support any claim of damages. Tellingly, Canter wholly fails to address a critical point in Teachscape's Motion, that is, that Canter did not (and no doubt cannot in good faith consistent with the requirements of Federal Rule of Civil Procedure 11) allege that the Marygrove/Canter contract would have been renewed absent Teachscape's intentional and wrongful conduct. (*See* Mot. at 22:11-23.)

Perhaps most fundamentally, Canter has failed to allege any *facts* to support its claim that Teachscape knowingly interfered with the Marygrove/Canter contract. Again, Canter presumes that it has properly pled Teachscape's requisite knowledge, as it has alleged Canter's former employees knew of the Marygrove/Teachscape contract and therefore, Teachscape must have known of it too. However, as previously noted, this leap in logic is predicated on the "inevitable disclosure" doctrine, which courts applying California law have soundly rejected.

In sum, the fundamental elements to Canter's intentional interference with contract claim are lacking. Teachscape's Motion To Dismiss should be granted.

### 5. Canter's Intentional Interference With Prospective Economic Advantage Claim Fails.

Canter's claim for intentional interference with prospective advantage claim is fundamentally flawed for much the same reason that its interference with contract claim fails: Canter has failed to properly plead facts demonstrating that Teachscape knowingly, deliberately and successfully interfered with a particular relationship, with the intent to disrupt that

-13-
TEACHSCAPE, INC.'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE COMPLAINT

relationship. *See Silicon Knights Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1311 (N.D. Cal. 1997) (quoting *Rickards v. Canine Eye Registration Found., Inc.*, 704 F. 2d 1449, 1456 (9th Cir. 1983)).

Likewise, Canter's argument that it has properly alleged the additional requirement to this claim—Teachscape's alleged interference was wrongful beyond the interference itself—is without merit. In its Opposition, Canter offers the allegation that Teachscape used confidential terms of the Marygrove contract to "negotiate with Marygrove on more favorable terms." (Opp. at 19:14-16.) Canter alleges that Teachscape's purported use of these confidential contract terms amounted to a misappropriation of Canter's trade secrets. As discussed above, however, the allegedly protectible contract terms involved terms that were more purportedly "more favorable" are necessarily known to Marygrove, and thus are not protectible trade secrets. *See Whyte*, 101 Cal. App. 4th at 1456. Canter has failed to plead an intentional interference with prospective advantage claim. Teachscape's Motion should be granted.

### E.   Plaintiffs Have Not Asserted A Claim For Unfair Competition.

Despite Plaintiffs' suggestion to the contrary, Plaintiffs' unfair competition claim must be dismissed, as none of Plaintiffs' other claims as pled are valid (*see Silicon Knights*, 983 F. Supp. at 1316) and the Complaint discloses nothing more than an attempt by a much larger, established competitor to thwart legitimate competition.

Similarly, Plaintiffs have failed to establish that they are entitled to restitution under the UCL. Indisputably, restitution recoverable under the UCL is limited; a plaintiff may only "recover money or property in which he or she has a *vested interest*." *Korea Supply*, 29 Cal. 4th at 1149; *Juarez v. Arcadia Fin., Ltd.*, 152 Cal. App. 4th 889, 915 (2007) (emphasis added). In their Opposition, Plaintiffs suggest that the profits they allegedly did not realize from their relationship with Marygrove entitles them to disgorgement of Teachscape's profits as "restitution" since Plaintiffs would have otherwise realized these profits from Marygrove. Plainly, this is precisely the kind of "contingent" and non-restitutionary disgorgement that the California Supreme Court found is not recoverable under the UCL. *Korea Supply*, 29 Cal. 4th at 1149-51 (the UCL is not an "all-purpose substitute for a tort or contract action"); *see also Walker*

*v. USAA Cas. Ins.*, 474 F. Supp. 2d 1168-1172 (E.D. Cal. 2007) (recognizing claim to be entitled to additional profits on a contract a contingent, not vested, interest and therefore not restitution under UCL such that plaintiff lacked standing to bring UCL claim). Consequently, Teachscape's Motion To Dismiss the UCL claim, and Motion To Strike its claim for restitution, should be granted.

### III.  CONCLUSION

For the reasons set forth above, Teachscape's Motion should be granted.

Dated: September 10, 2007                                              SONNENSCHEIN NATH & ROSENTHAL LLP

By _____/s/ Gayle M. Athanacio_____

GAYLE M. ATHANACIO
Attorneys for Defendant Teachscape, Inc.