# EXHIBIT 1

ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail: Annette.Hurst@HellerEhrman.com
Daniel.Kassabian@HellerEhrman.com
Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiffs
CANTER & ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEACHSCAPE, INC., <br><br> Defendant. | Case No. C 07-3225 RS <br><br> **PLAINTIFFS CANTER & ASSOCIATES, LLC'S AND LAUREATE EDUCATION, INC.'S OBJECTIONS TO EVIDENCE PROFFERED BY DEFENDANT TEACHSCAPE BY REQUESTS FOR JUDICIAL NOTICE** <br><br> Judge: The Honorable Richard Seeborg <br> Ctrm.: 4 (5th floor) <br> Date: September 26, 2007 <br> Time: 9:30 a.m. |

1  Pursuant to Federal Rule of Civil Procedure 12(b) and Federal Rule of Evidence
2  201(e), Plaintiffs Canter & Associates, LLC ("Canter") and Laureate Education, Inc.
3  ("Laureate") object to the introduction of Exhibits B through E of the Request for Judicial
4  Notice ("RJN") and Exhibit A of the Supplemental Request for Judicial Notice ("SRJN") by
5  Teachscape, Inc. ("Teachscape").  The Court should reject these attempts to bring in
6  evidence on a motion to dismiss that is completely outside the pleadings.
7  Rule 12(b) states that if, on a motion to dismiss for failure of the pleading to state a
8  claim, matters outside the pleading are presented to and not excluded by the court, the
9  motion shall be treated as one for summary judgment and disposed of as provided in Rule
10 56.  *See* Fed. R. Civ. P. 12(b).  In support of its motion to dismiss for failure to state a claim,
11 Teachscape has offered RJN Exhibits B through E and SRJN Exhibit A, which are all web
12 sites that are not referenced in the Complaint.  Instead, they have been introduced as
13 evidence to support Teachscape's arguments that the Complaint's allegations are not true or
14 should be discounted.  *See* Def.'s Mot. to Dismiss and/or Strike Compl., at 3:19-21,
15 18:3-25, 18 n.6 & 19:8-10; Def.'s Reply in Supp. of Mot. to Dismiss and/or Strike Compl.,
16 at 3 n.4 & 11:7-8.  Thus, Teachscape has filed a motion to dismiss for failure to state a
17 claim, and has sought to present matters outside of the pleading.  Unless the Court excludes
18 this evidence, it must convert Teachscape's motion to one for summary judgment and allow
19 time for Canter and Laureate to gather and present evidence in response, pursuant to
20 Rules 12(b) and 56(f).
21 Furthermore, while courts on occasion take judicial notice of indisputable facts
22 outside those alleged in a pleading in adjudicating a Rule 12(b)(6) motion to dismiss, the
23 Court should reject Teachscape's attempt to present the contents of these websites as
24 undisputable facts by way of judicial notice.  *See* Fed. R. Evid. 201(b).  These exhibits do
25 not even constitute admissible evidence, let alone indisputable facts.  For the most part, they
26 are third-party web sites that are hearsay to which no exception applies.  *See* Fed. R. Evid.
27 802.  Teachscape's assertion that these web sites' contents are beyond dispute because they
28 are available to the general public through their posting on the Internet also should be

Heller
Ehrman LLP

1  rejected. Under Teachscape's faulty logic, the Court could take judicial notice of <u>anything</u>
2  outside a complaint that is presented on a motion to dismiss for failure to state a claim, as
3  long as <u>someone</u> posted it on a web site. Just because something is posted on the Internet
4  and is publicly available, however, does not mean it is an indisputable fact of which a court
5  should take judicial notice. *See In re Astea Int'l Inc. Sec. Litig.*, No. 06-1467, 2007 WL
6  2306586, *8 (E.D. Pa. Aug. 9, 2007 ("While the parties do not dispute the authenticity of
7  the documents and while they may have some relevance to defendants' case, plaintiffs'
8  claims are not based on the documents, nor do they expressly rely on or allege the contents
9  of the documents. Additionally, defendants confuse 'publicly available' with 'public
10 record.' . . . [C]ompany web sites . . . are not 'matters of public record.'"). The Court
11 should reject Teachscape's attempt to use the vehicle of judicial notice as a way make a
12 categorical exception for the contents of web sites to the exclusion of matters outside of the
13 pleading in adjudicating a Rule 12(b)(6) motion to dismiss.
14         The cases cited by Teachscape in its RJN and SRJN to admit these web sites are
15 inapposite as none of them deal with the consideration of web sites on a Rule 12(b)(6)
16 motion to dismiss. *See Quan v. Gonzales*, 428 F.3d 883 (9th Cir. 2005) (in reviewing a
17 Board of Immigration Appeals' decision affirming an immigration judge's denial of
18 application for asylum, noting that web sites are in accord with the admitted evidence
19 showing that banks in China are open on Sundays); *Helen of Troy, L.P. v. Zotos Corp.*, 235
20 F.R.D. 634, 639 (on a motion for summary judgment, taking judicial notice of an
21 undisputed scientific fact "that urea was an acid having a very low pH", which also was
22 posted on a website); *SemMaterials, L.P. v. Alliance Asphalt, Inc.*, No. 05-320, 2007 WL
23 269081, at *1 n.2 (D. Id. Jan. 25, 2007) (in considering application for attorneys fees,
24 taking judicial notice of attorney's experience posted on web site). Indeed, in none of these
25 cases did a court take judicial notice of facts so as to contradict allegations in a Complaint
26 on a Rule 12(b)(6) motion to dismiss, because that would be wholly improper. *See Bell
27 Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) ("all the [factual] allegations in the
28 complaint are true (even if doubtful in fact)").

Heller
Ehrman LLP

2

PLAINTIFFS' OBJECTIONS TO EVIDENCE                              Case No. C 07-3225 RS

1  Accordingly, Teachscape's request for judicial notice of RJN Exhibits B through E
2  and SRJN Exhibit A should be denied.

3  Dated: September 14, 2007            Respectfully submitted,

4                                HELLER EHRMAN LLP

5                                By _____/s/ DANIEL N. KASSABIAN_____
6                                Attorneys for Plaintiffs
                              CANTER AND ASSOCIATES, LLC and
7                                LAUREATE EDUCATION, INC.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28