ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail:    Annette.Hurst@HellerEhrman.com
           Daniel.Kassabian@HellerEhrman.com
           Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiffs
CANTER & ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TEACHSCAPE, INC.,<br><br>    Defendant. | Case No. C 07-3225 RS<br><br>**PLAINTIFFS CANTER & ASSOCIATES, LLC'S AND LAUREATE EDUCATION, INC.'S OBJECTIONS TO EVIDENCE PROFFERED BY DEFENDANT TEACHSCAPE BY REQUESTS FOR JUDICIAL NOTICE**<br><br>Judge: The Honorable Richard Seeborg<br>Ctrm.: 4 (5th floor)<br>Date: September 26, 2007<br>Time: 9:30 a.m. |

Heller
Ehrman LLP

PLAINTIFFS' OBJECTIONS TO EVIDENCE                                          Case No. C 07-3225 RS

1       Pursuant to Federal Rule of Civil Procedure 12(b) and Federal Rule of Evidence 201(e), Plaintiffs Canter & Associates, LLC ("Canter") and Laureate Education, Inc. ("Laureate") object to the introduction of Exhibits B through E of the Request for Judicial Notice ("RJN") and Exhibit A of the Supplemental Request for Judicial Notice ("SRJN") by Teachscape, Inc. ("Teachscape"). The Court should reject these attempts to bring in evidence on a motion to dismiss that is completely outside the pleadings.

      Rule 12(b) states that if, on a motion to dismiss for failure of the pleading to state a claim, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *See* Fed. R. Civ. P. 12(b). In support of its motion to dismiss for failure to state a claim, Teachscape has offered RJN Exhibits B through E and SRJN Exhibit A, which are all web sites that are not referenced in the Complaint. Instead, they have been introduced as evidence to support Teachscape's arguments that the Complaint's allegations are not true or should be discounted. *See* Def.'s Mot. to Dismiss and/or Strike Compl., at 3:19-21, 18:3-25, 18 n.6 & 19:8-10; Def.'s Reply in Supp. of Mot. to Dismiss and/or Strike Compl., at 3 n.4 & 11:7-8. Thus, Teachscape has filed a motion to dismiss for failure to state a claim, and has sought to present matters outside of the pleading. Unless the Court excludes this evidence, it must convert Teachscape's motion to one for summary judgment and allow time for Canter and Laureate to gather and present evidence in response, pursuant to Rules 12(b) and 56(f).

      Furthermore, while courts on occasion take judicial notice of indisputable facts outside those alleged in a pleading in adjudicating a Rule 12(b)(6) motion to dismiss, the Court should reject Teachscape's attempt to present the contents of these websites as undisputable facts by way of judicial notice. *See* Fed. R. Evid. 201(b). These exhibits do not even constitute admissible evidence, let alone indisputable facts. For the most part, they are third-party web sites that are hearsay to which no exception applies. *See* Fed. R. Evid. 802. Teachscape's assertion that these web sites' contents are beyond dispute because they are available to the general public through their posting on the Internet also should be

Heller
Ehrman LLP

1

PLAINTIFFS' OBJECTIONS TO EVIDENCE            Case No. C 07-3225 RS

rejected. Under Teachscape's faulty logic, the Court could take judicial notice of <u>anything</u> outside a complaint that is presented on a motion to dismiss for failure to state a claim, as long as <u>someone</u> posted it on a web site. Just because something is posted on the Internet and is publicly available, however, does not mean it is an indisputable fact of which a court should take judicial notice. *See In re Astea Int'l Inc. Sec. Litig.*, No. 06-1467, 2007 WL 2306586, *8 (E.D. Pa. Aug. 9, 2007 ("While the parties do not dispute the authenticity of the documents and while they may have some relevance to defendants' case, plaintiffs' claims are not based on the documents, nor do they expressly rely on or allege the contents of the documents. Additionally, defendants confuse 'publicly available' with 'public record.' . . . [C]ompany web sites . . . are not 'matters of public record.'"). The Court should reject Teachscape's attempt to use the vehicle of judicial notice as a way make a categorical exception for the contents of web sites to the exclusion of matters outside of the pleading in adjudicating a Rule 12(b)(6) motion to dismiss.

      The cases cited by Teachscape in its RJN and SRJN to admit these web sites are inapposite as none of them deal with the consideration of web sites on a Rule 12(b)(6) motion to dismiss. *See Quan v. Gonzales*, 428 F.3d 883 (9th Cir. 2005) (in reviewing a Board of Immigration Appeals' decision affirming an immigration judge's denial of application for asylum, noting that web sites are in accord with the admitted evidence showing that banks in China are open on Sundays); *Helen of Troy, L.P. v. Zotos Corp.*, 235 F.R.D. 634, 639 (on a motion for summary judgment, taking judicial notice of an undisputed scientific fact "that urea was an acid having a very low pH", which also was posted on a website); *SemMaterials, L.P. v. Alliance Asphalt, Inc.*, No. 05-320, 2007 WL 269081, at *1 n.2 (D. Id. Jan. 25, 2007) (in considering application for attorneys fees, taking judicial notice of attorney's experience posted on web site). Indeed, in none of these cases did a court take judicial notice of facts so as to contradict allegations in a Complaint on a Rule 12(b)(6) motion to dismiss, because that would be wholly improper. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) ("all the [factual] allegations in the complaint are true (even if doubtful in fact)").

Heller
Ehrman LLP

2

PLAINTIFFS' OBJECTIONS TO EVIDENCE                                              Case No. C 07-3225 RS

1 | Accordingly, Teachscape's request for judicial notice of RJN Exhibits B through E
2 | and SRJN Exhibit A should be denied.

3 | Dated: September 14, 2007        Respectfully submitted,

4 | HELLER EHRMAN LLP

5 | By _____/s/ DANIEL N. KASSABIAN_____
6 | Attorneys for Plaintiffs
  | CANTER AND ASSOCIATES, LLC and
7 | LAUREATE EDUCATION, INC.

Heller Ehrman LLP

3

PLAINTIFFS' OBJECTIONS TO EVIDENCE                             Case No. C 07-3225 RS