ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail:     Annette.Hurst@HellerEhrman.com
            Daniel.Kassabian@HellerEhrman.com
            Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiffs
CANTER & ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TEACHSCAPE, INC.,<br><br>Defendant. | Case No. C 07-3225 RS<br><br>**PLAINTIFFS CANTER & ASSOCIATES, LLC'S AND LAUREATE EDUCATION, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL INITIAL DISCLOSURES**<br><br>Judge:  The Honorable Richard Seeborg<br>Ctrm.:  4 (5th floor)<br>Date:   December 26, 2007<br>Time:   9:30 a.m. |

# NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT that on December 26, 2007, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the above-entitled Court, Plaintiffs Canter & Associates, LLC ("Canter") and Laureate Education, Inc. ("Laureate") (collectively, "Plainitffs") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure (F.R.C.P.) 37(a) and Local Rule 37, to compel production of F.R.C.P. 26(a) Initial Disclosures by Defendant Teachscape, Inc. ("Teachscape").

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying declaration of Elena M. DiMuzio, the files and records in this case, and such other and further information as may be presented prior to or at any hearing on this motion.

# CERTIFICATION OF MEETING AND CONFERRING

Pursuant to Federal Rule of Civil Procedure 37, counsel for Laureate and Canter certify that they have met and conferred with counsel for Teachscape in an attempt to agree upon a date certain for Teachscape to make its initial disclosures, but were unable to reach any agreement.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Federal Rule of Civil Procedure 26 plainly requires the parties to this lawsuit to engage in the disclosure process. In its Order setting the Case Management Conference and other deadlines, the Court ordered the parties to serve initial disclosures on September 26, 2007. That deadline has never been modified. Nor has Teachscape moved for a stay of all discovery in this action. Nonetheless, it is now seven weeks since the deadline and Teachscape has failed and refused to serve its initial disclosures. Teachscape has no basis for its refusal, and Plaintiffs hereby seek the Court's assistance in compelling Teachscape's service of initial disclosures.

## PROCEDURAL BACKGROUND

According to the Court's Order setting the Case Management Conference, initial disclosures pursuant to Rule 26 were due on September 26, 2007. Docket # 3.[1] In accordance with the Court's Order, Plaintiffs served initial disclosures that same day. DiMuzio Decl. ¶ 2. Teachscape, however, indicated that it had not started drafting its initial disclosures and thus would not be making any disclosures on that day. *Id.* ¶ 3. Plaintiffs then sought to obtain Teachscape's compliance with its Rule 26 obligations.

Teachscape indicated, after the parties' Rule 26(f) conference on October 15, that "absent an order by this Court," it would serve initial disclosures on October 31. *Id.* ¶ 4. It lodged no objection to making its disclosures at that time. But, on October 30 when the Court rescheduled the Case Management Conference from November 7 to December 19, Teachscape again refused to comply with its initial disclosure obligations. *Id.* Ex. A (E-mail from Ms. Athanacio to Ms. Hurst of Oct. 30, 2007). In the meantime, Teachscape also

---

[1] On September 20, the Court reset the Case Management Conference date from October 3 to November 7; but the new order made no mention of the timing of other dates set by the initial CMC setting Order, including the September 26 deadline for initial disclosures. Docket # 22. Pursuant to Local Rule 16-2, a party wishing to change a date set by the CMC setting Order must serve and file a motion to do so, providing support for the change. L.R. 16-2.

Heller
Ehrman LLP

1

PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S INITIAL DISCLOSURES    Case No. C 07-3225 RS

refused to meet and confer about the terms of a proposed protective order in the action. *Id.* ¶ 5. Plaintiffs made clear that this was improper, and subsequently attempted to meet and confer with Teachscape on both issues. *Id.* Ex. B (E-mail from Ms. Hurst to Ms. Athanacio of Oct. 30, 2007); Ex. C (E-mail from Ms. DiMuzio to Ms. Athanacio of Nov. 9, 2007). Teachscape did not respond to these requests. Id. ¶ 6. Teachscape refused to comply with its Rule 26 disclosure obligations despite the fact that Teachscape has neither sought, nor obtained any order from this Court relieving it of its discovery obligations.

## ARGUMENT

Teachscape's refusal to make its initial disclosures—the most basic and preliminary discovery in the case—is in violation of the Federal and Local Rules regarding discovery, and in violation of the Order of this Court. Federal Rule of Civil Procedure 26(a) states that initial disclosures are due "within 14 days after the Rule 26(f) conference *unless a different time is set by stipulation or court order*, or unless a party objects during the conference that initial disclosures are not appropriate . . . ." F.R.C.P. 26(a) (emphasis added). Likewise, F.R.C.P. 37(a)(2)(A) states that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."

When a party fails to make initial disclosures without justification, it should be compelled to do so and sanctioned for the costs of moving to compel. *Grinzi v. Barnes*, No. C 04-1655 PVT, 2004 WL 2370639 (N.D. Cal. Oct. 20, 2004) at *1 (imposing sanctions for failure to make initial disclosures, and noting that defendant's desire for a court order requiring initial disclosures was not a justification for failing to make initial disclosures); *Beard v. Shuttermart of California, Inc.*, No. 07cv594-WQH(NLS), 2007 WL 3053002 at *1 (S.D. Cal., Oct. 18, 2007) (ordering production of overdue initial disclosures because no discovery stay was in place). There is no dispute that the Court set the date for initial disclosures as September 26, 2007. That date has never been altered by the Court, nor has Teachscape sought and obtained a stay of its obligations. Teachscape stated no objection to making its initial disclosures during the parties' Rule 26(f) conference.

Furthermore, Teachscape let September 26 come and go without lodging an

Heller
Ehrman LLP

2
PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S INITIAL DISCLOSURES        Case No. C 07-3225 RS

objection to making its initial disclosures; having missed this deadline, any objection is waived. "Failure to respond to discovery in the time permitted waives all objections thereto," and awaiting the result of a motion to dismiss does not excuse parties from making initial disclosures. *Honor Plastic Indus. Co. v. Lollicup USA, Inc.*, No. 1:06cv0707 AWI DLB, 2006 WL 3097878 at *2 (E.D. Cal., Oct. 31, 2006) (holding that missing deadline for initial disclosures, due to waiting on a ruling on a motion to dismiss, waived any objection to making them, and compelling their production). Despite numerous attempts to meet and confer about its initial disclosures, Teachscape steadfastly refused to produce them. Rule 26 is clear, and there is no excuse for this conduct. Pursuant to Rule 37, Teachscape should be ordered to comply and Plaintiffs should be granted their fees necessitated by this Motion.

## CONCLUSION

Plaintiffs respectfully ask the Court to compel Teachscape to serve its initial disclosures promptly. Furthermore, Plaintiffs ask the Court to award its costs and fees in bringing this Motion, and for any other appropriate sanctions to be awarded.

Dated: November 15 , 2007           Respectfully submitted,

                                     HELLER EHRMAN LLP

                                     By _____/s/ ANNETTE L. HURST_____
                                     Attorneys for Plaintiffs
                                     CANTER AND ASSOCIATES, LLC and
                                     LAUREATE EDUCATION, INC.