ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California  94104-2878
Telephone:  +1.415.772.6000
Facsimile:  +1.415.772.6268
E-mail:      Annette.Hurst@HellerEhrman.com
             Daniel.Kassabian@HellerEhrman.com
             Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiffs
CANTER & ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEACHSCAPE, INC., <br><br> Defendant. | Case No. C 07-3225 RS <br><br> **PLAINTIFFS CANTER & ASSOCIATES, LLC'S AND LAUREATE EDUCATION, INC.'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PROTECTIVE ORDER** <br><br> Judge: The Honorable Richard Seeborg <br> Ctrm.: 4 (5th floor) <br> Date: January 2, 2008 <br> Time: 9:30 a.m. |

Heller Ehrman LLP

PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER       Case No. C 07-3225 RS

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION……………………………………………………………………. 1

STATEMENT OF FACTS……………………………………………………………1

I. THE HIGHLY SENSITIVE BUSINESS INFORMATION IMPLICATED BY CANTER'S AND LAUREATE'S CLAIMS .......................... 1

II. CANTER'S AND LAUREATE'S ATTEMPTS TO ARRIVE AT A STIPULATION FOR A PROPOSED PROTECTIVE ORDER.............................. 3

III. TEACHSCAPE OBJECTS TO DISCOVERY REQUESTS ON THE GROUND THAT A PROTECTIVE ORDER IS REQUIRED....................... 4

IV. CANTER'S AND LAUREATE'S PROPOSED PROTECTIVE ORDER .................................................................................................................. 4

ARGUMENT…………………………………………………………………………...5

I. GOOD CAUSE EXISTS FOR PROTECTING DOCUMENTS THAT WILL BE PRODUCED IN THIS LITIGATION ....................................... 5

    A. Canter And Laureate Have Maintained The Confidentiality Of Information To Be Produced In This Matter ............................................ 5

    B. Canter Will Produce Documents Containing Trade Secrets Which Merit Protection Under Rule 26(c)....................................................... 6

    C. Other Confidential Information Is Likewise Entitled To Protection ..................................................................................................... 7

    D. Teachscape Has Asserted That Its Information Is Confidential And Warrants Entry Of A Protective Order.................................................. 8

II. THE COURT SHOULD ADOPT CANTER'S AND LAUREATE'S PROPOSED PROTECTIVE ORDER IN LIGHT OF TEACHSCAPE'S DECISION NOT TO MEET AND CONFER ABOUT ITS TERMS ................................................................................................... 8

III. THE PROPOSED PROTECTIVE ORDER IS REASONABLE AND SUFFICIENT TO PROTECT BOTH SIDE'S INTERESTS......................... 9

CONCLUSION………………………………………………….……………………10

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Brown Bag Software v. Symantec Corp.*,
   960 F.2d 1465 (9th Cir. 1992) ................................................................................................ 9

*Navarro v. Eskanos & Adler*,
   No. C-06-02231 WHA (EDL), 2007 WL 902550 (N.D. Cal. Mar. 22, 2007) ............ 5, 6

*Phillips v. Gen. Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) ............................................................................................ 5, 7

*Reilly v. Medianews Group Inc.*,
   No. C 06-04332 SI, 2007 WL 196682 (N.D. Cal. Jan. 24, 2007) ................................ 7, 8

**STATE STATUTES**

Cal. Civ. Code § 3426.1(d) .......................................................................................................... 6

**FEDERAL RULES**

Civil Local Rule 79-5 .................................................................................................................. 9

Fed. R. Civ. P. 12(h) .................................................................................................................... 9

Fed. R. Civ. P. 26(c)(7) ............................................................................................................... 5

1  PLEASE TAKE NOTICE THAT on January 2, 2008, at 9:30 a.m., or as soon
2  thereafter as the matter may be heard, in Courtroom 4 of the above-entitled Court, Plaintiffs
3  Canter & Associates, LLC ("Canter") and Laureate Education, Inc. ("Laureate") will and
4  hereby do move this Court to enter a Protective Order.

5  For good cause shown, Canter and Laureate hereby move for entry of a protective
6  order pursuant to Federal Rule of Civil Procedure 26(c), in order to provide protection for
7  trade secret and other sensitive business documents and information to be produced during
8  the course of discovery in this case.  This motion is based on this Notice of Motion and
9  Motion, the accompanying Memorandum of Points and Authorities, the accompanying
10 declarations of Elena M. DiMuzio and Kathleen Winberry, the Proposed Protective Order
11 submitted herewith, the files and records in this case, and such other and further information
12 as may be presented prior to or at any hearing on this motion.

13 Dated: November 28, 2007           Respectfully submitted,

14                                    HELLER EHRMAN LLP

15                                    By _____/s/ ANNETTE L. HURST_____
16                                    Attorneys for Plaintiffs
                                      CANTER AND ASSOCIATES, LLC and
17                                    LAUREATE EDUCATION, INC.

Heller Ehrman LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

Plaintiffs Canter & Associates, LLC ("Canter") and Laureate Education, Inc. ("Laureate") have brought claims, including trade secret theft, unfair competition, and intentional interference with contract against Teachscape, Inc. ("Teachscape"). Usually, where highly sensitive business information is at issue in an action between market competitors, courts find good cause to issue a protective order for documents and other information exchanged during discovery, pursuant to a stipulation by the parties. In this case, however, Teachscape has refused to even discuss the terms of such a stipulation, let alone disagree with any particular protection sought by Canter for the benefit of both sides. At the same time, Teachscape has objected to Canter's and Laureate's discovery requests on the ground that they call for the sensitive business information, which Teachscape will not produce absent such a protective order. Thus, Teachscape's latest delay tactic has necessitated a motion by Canter and Laureate, seeking the entry of a protective order to move this case forward.

# STATEMENT OF FACTS

## I. THE HIGHLY SENSITIVE BUSINESS INFORMATION IMPLICATED BY CANTER'S AND LAUREATE'S CLAIMS

Both Canter and Laureate, on the one hand, and Teachscape, on the other hand, provide online master's degree programs and graduate course programs in education; they are competitors in these regards. *See* Compl. for Inj. Relief & Damages ("Compl.") ¶ 9, 11. On June 19, 2007, Canter and Laureate sued Teachscape for trade secret theft, interference with current and prospective contractual relations, unfair competition, misleading advertising, and copyright infringement. *Id*. ¶¶ 28-90. Canter alleges that Teachscape wrongfully used trade secret information obtained from Canter's former employees in order to interfere with Canter's most profitable customer relationships. *Id*. ¶¶ 7-23. This information includes trade secrets such as the terms of Canter's deals with its customers, its customers' requirements and preferences, non-public market information laboriously

Heller
Ehrman LLP

1

PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER          Case No. C 07-3225 RS

acquired by Canter, Canter's long term strategic plans, and other highly sensitive information. *Id.* ¶¶ 9-13; Decl. of Kathleen Winberry in Supp. of Pls.' Mot. for Entry of Protective Order ("Winberry Decl.") ¶ 6. The former employees were privy to this information when they worked for Canter. Compl. ¶¶ 8 & 23. After the former employees started working for Teachscape, it began to interfere directly with Canter's most profitable clients, including Marygrove College ("Marygrove"). *Id.* ¶¶ 14 &17-21. In one case, Teachscape began advertising a class through Marygrove College under the same name as a class previously offered by Canter; Marygrove was concurrently under a contractual obligation to offer Canter's class. *Id.* ¶¶15-21; *See generally* Canter's & Laureate's Opp'n to Mot. to Dismiss Compl., at 20:24-24:4.

Canter's and Laureate's claims implicate some of their most confidential and highly sensitive documents and information, which they allege are in the possession of Teachscape and its agents. For instance, Canter and Laureate have accused Teachscape of misappropriation of trade secrets including a proprietary customer relations database, 3-Year Strategic Plans, and Corporate Investment Proposals. These sources required a significant investment by Canter and Laureate to generate, and contain information which reveals Canter's strategy for the growth of its online education master's degree business. *See* Winberry Decl. ¶ 3. If this information were released to Canter's and Laureate's competitors, it would undermine their competitive advantage and allow others to benefit from their investment at no cost. *Id.* ¶ 4-7. Likewise, Canter and Laureate have brought claims implicating Canter's contracts with partner universities, such as Marygrove. If the terms of Canter's confidential agreement with Marygrove or other partners were made public, this would undermine Canter's ability to negotiate with prospective partners. *Id.* ¶ 9. Finally, Canter and Laureate claim damages, which implicates very highly-sensitive financial data such as their investment in, and profit from, different master's degree and graduate course programs; release of this information to competitors would greatly disadvantage Canter and Laureate. *Id.* ¶¶ 10-11.

## II. CANTER'S AND LAUREATE'S ATTEMPTS TO ARRIVE AT A STIPULATION FOR A PROPOSED PROTECTIVE ORDER

Given the highly sensitive business information at issue, Canter and Laureate recognized at the very outset of this case the need to protect this information during discovery. Thus, on September 10, 2007, Canter and Laureate sought a stipulation from Teachscape for entry of a protective order for confidential information exchanged in this action, and forwarded a Stipulation and Proposed Protective Order to Teachscape's counsel. *See* Decl. of Elena DiMuzio in Supp. of Pls.' Mot. for Entry of Protective Order ("DiMuzio Decl.") Ex. A (9/10/07 E-mail from Mr. Kassabian to Ms. Athanacio); *id*. Ex. B (Stipulated and Proposed Protective Order). Teachscape initially did not respond to this Proposed Protective Order. After further correspondence seeking to meet and confer about this and other case management issues, Teachscape indicated that it would "forward to [Canter and Laureate] a proposed protective order, provided [Canter and Laureate] agree that by doing so, Teachscape is in no way waiving its right to object to any or all discovery." *Id*. Ex. C (10/10/07 Letter from Ms. Athanacio to Mr. Kassabian). Canter and Laureate then repeated their request that Teachscape edit the draft originally sent to it by them on September 10th, rather than starting a new document, and forwarded the draft Stipulated Protective Order again. *Id*. ¶ 5. Ultimately, Teachscape did not respond with either suggested changes to Canter's and Laureate's proposal or a separate proposal by Teachscape.

During the Rule 26(f) conference on October 15, 2007, Teachscape refused to discuss the substance of any case management issues. Counsel for Teachscape instead insisted that, until the Court rules on its motion to dismiss, Teachscape considered all substantive discussions related to discovery to be premature. DiMuzio Decl. ¶ 6. When counsel for Canter and Laureate asked if Teachscape intended to provide feedback regarding the Proposed Protective Order, Teachscape indicated that it would do so only if Canter and Laureate agreed not to mention to the Court that the parties were discussing a stipulation for such an order. *Id*. ¶ 7. Teachscape also sought Canter's and Laureate's assurance that the discussion of the protective order would not waive its right to challenge

the Court's subject matter jurisdiction. *Id*. ¶ 7. While Canter and Laureate agreed that there would be no waiver as a result of discussing a protective order, they refused any agreement to withhold information from the Court. Teachscape indicated it would not provide edits or discuss the Protective Order absent such an agreement. *Id*. ¶ 7.

### III. TEACHSCAPE OBJECTS TO DISCOVERY REQUESTS ON THE GROUND THAT A PROTECTIVE ORDER IS REQUIRED

Following the Rule 26(f) conference, on October 15, 2007, Canter and Laureate served Teachscape with discovery, including their First Set of Requests for Production ("Requests"). DiMuzio Decl. ¶ 8. The Requests generally seek information regarding Teachscape's course materials, its communications with Marygrove and other university partners, its advertisements of online education master's degrees and courses, and documents and communications relating to Canter and Laureate. On November 14, 2007, Teachscape served its response to these Requests. In responding, Teachscape objected to the production of documents, and stated that Teachscape would produce responsive documents only "upon entry of an appropriate protective order." *Id*. Ex. D (Teachscape's Resp. to Pls.' First Set of Req. for Prod. of Docs. & Things (Nos. 1-80), at 5-6.

### IV. CANTER'S AND LAUREATE'S PROPOSED PROTECTIVE ORDER

The Proposed Protective Order that Canter and Laureate move the Court to enter is essentially the same as the one proposed to Teachscape. The Proposed Protective Order sets forth a two-tiered system for designating Confidential and Highly Confidential information. *See* Proposed Protective Order, filed herewith, ¶¶ 5-11. Information designated as such may not be used by the recipient other than in the course of this litigation, or direct appeals and remands. *Id*. ¶ 2. It also sets out methods for designating information as confidential, safeguards in case information is inadvertently produced without being so designated, and a system for sharing confidential information with outside experts. *Id*. ¶¶ 9 & 27-29.

# ARGUMENT

## I. GOOD CAUSE EXISTS FOR PROTECTING DOCUMENTS THAT WILL BE PRODUCED IN THIS LITIGATION

The Federal Rules expressly contemplate the adoption of secure methods for the production of sensitive and confidential documents, specifically when trade secret disclosure is a risk. Fed. R. Civ. P. 26(c)(7). This protection is not limited to trade secrets, however; any confidential information that could cause harm if revealed is the appropriate subject of a non-disclosure order. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). In order for information to merit protection under this rule, "good cause" must be shown that public disclosure of the information would result in "specific prejudice or harm." *Id*. at 1210.

Given the nature of the claims in this case, and the fact that the parties are competitors, there is no question that many highly-sensitive documents will be produced by both parties; Canter's and Laureate's business (as well as Teachscape's) will suffer grave harm if such documents and other information are exchanged without a protective order in place.

### A. Canter And Laureate Have Maintained The Confidentiality Of Information To Be Produced In This Matter

Although Teachscape may contest whether particular information at issue is non-public or a trade secret, such should not impede the entry of a general protective order to ensure that confidential information remains that way. *See Phillips*, 307 F.3d at 1211. To be classified as confidential, information must have been maintained as such by the producing party. *Navarro v. Eskanos & Adler*, No. C-06-02231 WHA (EDL), 2007 WL 902550 at * 3 (N.D. Cal. Mar. 22, 2007). Many documents that Canter and Laureate will produce in this case were shared only with their employees. These companies' policies require that all Canter and Laureate employees sign confidentiality agreements as a condition of their employment. Winberry Decl. ¶ 2. The confidentiality agreement requires that the employees maintain the confidentiality of any non-public information obtained or

created during their employment with Canter and Laureate. *Id*. ¶ 2. Thus, as an initial matter, Canter or Laureate have maintained the confidentiality of information they intend to produce in this case, thereby qualifying it for protection under Rule 26(c).

### B. Canter Will Produce Documents Containing Trade Secrets Which Merit Protection Under Rule 26(c)

Canter has asserted misappropriation of trade secrets in this case. Rule 26(c) affords protection for information which, if released, could "competitively disadvantage[]" the producing party. *Navarro*, 2007 WL 902550 at *5. Canter undoubtedly will produce documents evidencing its asserted trade secrets in pursuing its misappropriation claim. For example, Canter's trade secrets include a highly-customized customer database; confidential details regarding contracts with customers and prospective customers; and Corporate Investment Proposals and 3-year Strategic Plans regarding Canter's master's degrees programs in the field of education. Winberry Decl. ¶¶ 3-7. This information derives value, in part, from the fact that it is not public, and Canter and Laureate have maintained its confidentiality. Accordingly, these constitute trade secrets under California law. *See* Cal. Civ. Code § 3426.1(d). All of the alleged trade secrets would cause extreme harm and disadvantage to Canter and Laureate if released publicly. *See* Winberry Decl. ¶¶ 3-7.

For example, the customer database contains detailed market information used to help target Canter's development and promotional efforts. Winberry Decl. ¶¶ 3-5. Public release of this information would be exceptionally harmful to Canter and Laureate; any competitor in possession of this information could simply use this data to target what Canter and Laureate have identified as the most lucrative markets and strategies, thereby competitively disadvantaging Plaintiffs. *Id*. ¶¶ 3-5.

Similarly, confidential details of Canter's contracts with its university partners, if publicly released, would cause a profound competitive disadvantage to Plaintiffs in negotiating future contracts with other customers. Information which would strengthen the bargaining position of potential partners is properly sealable under Rule 26(c). *Reilly v.*

Heller Ehrman LLP

6

*Medianews Group Inc.*, No. C 06-04332 SI, 2007 WL 196682 at *4 (N.D. Cal. Jan. 24, 2007) (finding good cause for sealing financial records whose release could disadvantage producing party in future negotiations). Release of Canter's contractual details would also make it possible for competitors to learn all the terms of Canter's agreements, and make it exceptionally easy for competitors to undercut Canter. Winberry Decl. ¶ 8-9. Indeed, Canter and Laureate allege that this is precisely what happened when Teachscape negotiated a deal with one of Plaintiffs' best customers, Marygrove College. Compl. ¶ 15.

Like the customer database and confidential deal terms, the information in Canter's 3-year Strategic Plans and its Corporate Investment Proposals constitutes trade secret information which would be highly damaging to Canter and Laureate if available to its competitors. The 3-year Strategic Plans and Corporate Investment Proposals outline Canter's business strategy, including information about Canter's strategic goals for developing programs in specific subject areas. Winberry Decl. ¶¶ 6-7. Sharing these trade secrets with competitors would greatly harm Canter and Laureate, because they outline specifically where and how Canter and Laureate plan to invest resources. *Id.* ¶¶ 6-7. When disclosure "might allow competitors to anticipate and react to actions taken by defendants in the future," there is good cause to protect the information. *Reilly*, 2007 WL 196682 at *4.

**C.    Other Confidential Information Is Likewise Entitled To Protection**

There is no requirement that information rise to the level of trade secrets to be protected under Rule 26(c). *Phillips,* 307 F.3d at 1211. Much confidential information that Canter and Laureate will produce in this matter, while not trade secret *per se*, is highly confidential information which would cause "specific prejudice or harm" if released to Canter's and Laureate's competitors. *Id.* at 1210. As a single example, Canter and Laureate have asserted damages in this case, and will prove their damages in part by relying on their own financial information including actual and projected revenues and costs. The release of this information without restrictions could be very damaging to Canter and Laureate, for it would expose their profit margins and costs which would, in turn, disadvantage them during negotiations with many parties (including customers, employees,

Heller
Ehrman LLP

7
PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER                    Case No. C 07-3225 RS

and contractors). Winberry Decl. ¶ 10-11. For these reasons, this Court has previously held that good cause exists to protect such financial information. *See Reilly*, 2007 WL 196682 at *4.

### D. Teachscape Has Asserted That Its Information Is Confidential And Warrants Entry Of A Protective Order

Even if Teachscape were to debate the merits of whether Canter's and Laureate's information is confidential, such is mooted by its own assertion that a protective order must be entered in this action so that it can produce documents in this case. In responding to Canter's and Laureate's Requests, Teachscape asserted the following general objections:

> 10. Teachscape objects to these requests to the extent they seek disclosure of Teachscape's trade secrets or confidential proprietary, business, or commercial information. Teachscape will not produce such information absent an appropriate protective order entered by the Court in the above captioned matter and absent a showing such disclosure is warranted.
>
> 11. Teachscape objects to these requests to the extent they seek trade secrets or confidential proprietary, business, or commercial information of any person or entity not a party to this action.

DiMuzio Decl. Ex. D, at 3-4. Accordingly, Teachscape has agreed to produce documents responsive to these Requests only "upon entry of an appropriate protective order." *See*, *e.g.*, *Id*. Ex. D, at 5-6. Thus, in light of both parties' assertions that the information to be discovered is sensitive and warrants protection, the Court should enter a protective order to prevent misuse of the confidential information exchanged in this case.

### II. THE COURT SHOULD ADOPT CANTER'S AND LAUREATE'S PROPOSED PROTECTIVE ORDER IN LIGHT OF TEACHSCAPE'S DECISION NOT TO MEET AND CONFER ABOUT ITS TERMS

Teachscape's refusals to meet and confer on this issue are part of its overall tactic to impede discovery in this case. Canter and Laureate provided Teachscape with the Proposed Protective Order over two months ago, and Teachscape has not provided any substantive comments. Moreover, its stated reason for refusing to do so is without merit. Teachscape asserted that it would not engage in discussing a stipulation for a protective order because that may waive the defenses raised in its motion to dismiss for failure to state a claim,

Heller Ehrman LLP

8

PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER                        Case No. C 07-3225 RS

including its objection to the Court's jurisdiction. *See* DiMuzio Decl. ¶ 7. However, the Federal Rules expressly allow these defenses to be raised at any time—i.e., they cannot be waived. *See* Fed. R. Civ. P. 12(h). In light of Teachscape's own assertion that a protective order must be entered for it to produce documents requested by Canter and Laureate, its refusal to meet and confer can only serve the purpose of delaying discovery.

To the extent Teachscape opposes this motion by seeking modifications to the Proposed Protective Order submitted by Canter and Laureate, the Court should not let Teachscape have its cake and eat it too. Teachscape decided to forgo the reasonable path of meeting and conferring about the terms of a protective order—as is done in most cases of this sort—in an effort to delay discovery in this case. That Teachscape professes otherwise in claiming that its participation will waive defenses that cannot be waived, and then objects to discovery on the ground that a protective order is needed, only emphasizes that it has taken an extreme position, and cannot now complain about the particulars of the protection sought by Canter and Laureate in light of those positions.

### III. THE PROPOSED PROTECTIVE ORDER IS REASONABLE AND SUFFICIENT TO PROTECT BOTH SIDE'S INTERESTS

Canter and Laureate have proposed a detailed, two-tier protective order which will adequately protect the confidential information of both parties. This order specifically incorporates Civil Local Rule 79-5 and its requirements that, in order for documents to be sealed from the public in Court filings, the documents must be shown to encompass "sealable" information (including trade secrets and sensitive business information). *Compare* Civ. L.R. 79-5 *with* Proposed Protective Order ¶ 39. While the parties may designate information as Confidential or Highly Confidential under the protective order, the public policy interest in access to Court filings will be preserved by the Civil Local Rules' requirement of a showing of sealability for all sealed documents submitted to the Court.

The Proposed Protective Order likewise complies with the Ninth Circuit's guidance regarding protective orders and release of confidential information to in-house counsel. In accord with *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469-71 (9th Cir.

1992), the Proposed Protective Order has a higher tier of confidentiality for highly sensitive documents and information, which could affect future business plans, and access to those documents and information is restricted to outside counsel, experts meeting certain conditions, and in-house counsel that will not "partake in competitive decision making—i.e., advice and participation in any or all of the party's decisions . . . in the field of education" for one year following the conclusion of this litigation. Proposed Protective Order ¶¶ 4 & 13. The Proposed Protective Order has a lower tier of confidentiality for other non-public (or not widely publicized) documents and information that may also be viewed by each party's officers that are evaluating the litigation. *Id*. ¶¶ 3 & 11.

The Proposed Protective Order also contains the following additional provisions regarding the parties' rights and responsibilities for the exchange of information:

- Setting forth procedures for disclosure of Confidential information to experts (*id*. ¶¶ 14-17);
- Establishing that witnesses may be examined regarding Confidential information to which the witness had previous access or knowledge (*id*. ¶ 19);
- Providing procedures for challenging another party's confidentiality designation under the order (*id*. ¶¶ 24-25), for changing mistaken designations (*id*. ¶¶ 26-31), and for recalling privileged information that was inadvertently produced (*id.* ¶¶ 32-33).

## **CONCLUSION**

For the reasons stated above, the Court should enter the Proposed Protective Order submitted herewith.

Dated: November 28, 2007                Respectfully submitted,

HELLER EHRMAN LLP

By _____/s/ ELENA M. DIMUZIO_____
Attorneys for Plaintiffs
CANTER AND ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.