ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California  94104-2878
Telephone:  +1.415.772.6000
Facsimile:   +1.415.772.6268
E-mail:       Annette.Hurst@HellerEhrman.com
                   Daniel.Kassabian@HellerEhrman.com
                   Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiffs
CANTER & ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC., | Case No. C 07-3225 RS |
| Plaintiffs, | **[PROPOSED] PROTECTIVE ORDER** |
| v. | |
| TEACHSCAPE, INC., | |
| Defendant. | |
| | Judge:   The Honorable Richard Seeborg |

Heller
Ehrman LLP

Having considered Plaintiffs Canter & Associates, LLC's and Laureate Education, Inc.'s Motion For Entry Of Protective Order and the papers and argument submitted in connection therewith, the Court finds that, pursuant to Federal Rule of Civil Procedure 26(c), good cause exists to protect the disclosure of confidential information that will be produced in the above-captioned litigation.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.      Any party or third-party may designate as "Confidential" or "Highly Confidential" all or any part of any disclosure, discovery, and other materials produced and/or served by any party or third-party, including without limitation, documents, things, electronic data, interrogatory answers, answers to deposition questions, and responses to requests for admission, which contain sensitive financial, patent, trademark, copyright, trade secret, marketing, customer, research, or product development information, or any other non-public information of such a nature as to be protectable under Federal Rule of Civil Procedure 26(c)(7).

2.      Confidential and Highly Confidential information, including all information derived therefrom, and all copies, summaries, abstracts, excerpts, indices, and descriptions of such material shall be held in confidence by the receiving party, shall be used only by persons permitted access to it under this Order, and shall not be used for any purpose other than in connection with this Proceeding, defined herein as the above-captioned action, any appeal therefrom, and remands thereto.  Confidential and Highly Confidential information shall not be used for any research, development, manufacture, intellectual property—i.e., patent, copyright, or trademark—filing or prosecution, financial, commercial, marketing, business, regulatory, other litigation, or other competitive purpose except as required by law.

3.      The designation of material or information as Confidential information by the producing party constitutes the representation of that party that it reasonably and in good faith believes that the designated material is not publicly available and/or is available to members of the public on a limited basis only upon permission of the party or a third-party.

4.    The designation of material or information as Highly Confidential information by the producing party constitutes the representation of that party that it reasonably and in good faith believes that the designated material is sensitive financial, patent application, trademark application, copyright application, trade secret, marketing, customer, research, manufacture, regulatory, commercial, business, or product development information, including sensitive business information relating to licensing, projected future sales, pricing, business strategies, business arrangements, volumes, revenues, costs or profits for master's degree or graduate course programs.

**<u>Designation Procedure</u>**

5.    Any document or thing that constitutes or contains Confidential or Highly Confidential information shall be stamped with the legend "CONFIDENTIAL," "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" as reasonably appropriate by the party or third-party producing it.  Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.  Each page of each document and each thing produced pursuant to discovery in this action shall bear a unique identifying (Bates) number with a prefix identifying the party or third-party producing it.

6.    Any material provided for inspection in this Proceeding is to be treated by the receiving party as Highly Confidential information pending the copying and delivery of any copies of the same by the producing party.  After production, the information in such documents or things will be treated consistent with any legend produced on each document or thing.  Inspection of documents or things by any party shall be conducted only by outside counsel eligible under paragraph 10(a) below.

7.    Any disclosure, written interrogatories, requests for admission, responses thereto, or any testimony adduced at a deposition upon written questions that constitutes or contains Confidential or Highly Confidential information shall be labeled or marked with

the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as appropriate by the party serving the disclosure, discovery request or response, or providing the testimony on the first page of that document near the caption.  Another label with the appropriate legend shall be set forth at the beginning of every disclosure section, discovery request or response, or testimony in response to a written question, that specifically contains Confidential or Highly Confidential information, so that disclosures, discovery requests or responses, or testimony that do not contain Confidential or Highly Confidential information are not subject to this Order.

8.    Deposition testimony taken in connection with this Proceeding temporarily will be designated as Highly Confidential information for up to thirty (30) calendar days from both parties' receipt of a transcript of the deposition, and the parties agree to mark the first page of the deposition transcript with the legend "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accord with this temporary designation.  Within thirty (30) calendar days of such receipt, parties and third-parties must designate as Confidential or Highly Confidential specific testimony, by transcript line and page number, in writing and deliver the designations, if any, to the parties, whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control.  Otherwise the parties may treat the testimony as no longer subject to this Order.  A deponent may review the transcript of his or her deposition at any time.

9.    Documents and things produced without a legend designating the material Confidential or Highly Confidential shall not be subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or otherwise designated Confidential or Highly Confidential in accordance with the provisions of paragraphs 27-28 of this Order.

**Access to Confidential Information**

10.    Highly Confidential information may be disclosed only to the following

Heller Ehrman LLP

Qualified Persons:

a.    Outside counsel retained by the receiving party as counsel for this Proceeding, the paralegals, assistants, and employees of the respective law firms of such outside counsel to the extent such persons' duties and responsibilities require access to material designated Confidential or Highly Confidential and have an express agreement with their respective law firms to maintain the confidentiality of their work;

b.    One in-house counsel for each party provided that the attorney is in compliance with paragraph 13.

c.    Any independent outside consultant or expert to the parties that is assisting outside counsel in connection with this Proceeding, is not a current employee of any of the parties in the litigation, and is in compliance with the requirements of paragraphs 14-15 herein;

d.    the Court and any members of its staff to whom it is necessary to disclose Confidential or Highly Confidential information for the purpose of assisting the Court in this Proceeding and stenographic employees, court reporters, typists, interpreters, and translators for the sole purpose of recording, transcribing, translating or interpreting testimony, documents, or other information relating to this Proceeding;

e.    any person who prepared a particular document or thing, who is listed on the document as a sender or recipient of the document, or who otherwise had access to or knowledge of the Confidential or Highly Confidential information disclosed in the particular document or thing, but the disclosure shall be limited to the specific Confidential or Highly Confidential information disclosed in the particular document or thing;

f.    any present officer, director, or employee of the party or third-party who produced the Confidential or Highly Confidential information;

g.    any person to whom the producing party or third-party agrees Confidential or Highly Confidential or information may be disclosed; and

h.    independent litigation support service personnel, litigation consultants, outside exhibit preparation companies, or litigation study groups retained by a party for

litigation support with whom such outside counsel work in connection with this Proceeding to the extent such persons have an express agreement with outside counsel to maintain the confidentiality of their work, and provided that such personnel are regularly engaged in the provision of such services, and are not engaged in the research, development, manufacture, marketing, or sale of master's degree and graduate course programs in the field of education;

          i.     outside copying services.

11.    Confidential information may be disclosed only to the following Qualified Persons:

          a.     any of the persons entitled to receive Highly Confidential information identified in paragraph 10 above; and

          b.     one present officer of each party provided that the officer is in compliance with paragraph 17.

12.    All Confidential and Highly Confidential information and any copies or extracts thereof designated by another party or third-party shall be retained by the receiving party, including Qualified persons associated with the receiving party, in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such material

13.    A party desiring to disclose another party's Confidential or Highly Confidential information to in-house counsel under paragraph 10(b) may do so provided that:

          (a)     The in-house counsel is a licensed attorney;

          (b)     The in-house counsel agrees that after exposure to another parties' confidential information under this protective order, and until one (1) year after the conclusion of this Proceeding, the attorney will not to partake in competitive decisionmaking – i.e., advice and participation in any or all of the party's decisions (pricing, sales, marketing, product design, and regulatory) regarding that party's master's degree and graduate course programs in the field of education being licensed to and/or offered through

universities or other educational institutions in the United States – with the exception of decisions made in furtherance of the conduct or settlement of this Proceeding; and

(c)    before any disclosure the party shall provide to the attorney a copy of this Order, which the attorney shall read and upon reading shall sign a Certification in the form annexed hereto as Exhibit A, and serve (by hand delivery, courier, e-mail, or facsimile transmission) a copy of said Certification upon counsel for the producing parties.

14.    A party desiring to disclose another party's Confidential or Highly Confidential information to any outside consultant or expert under paragraph 10(c) before any disclosure shall:

a.    provide to such person a copy of this Order, which he or she shall read and upon reading shall sign a Certification in the form annexed hereto as Exhibit A;

b.    obtain from such person a copy of such person's Certification, a resume (curriculum vitae), and the following information, (i) a list of companies for whom such person has consulted in any capacity within the last year, (ii) a list of any other cases in which such person has testified as an expert at trial or by deposition within the preceding four (4) years; and a list of all publications authored by such person within the preceding ten (10) years;

c.    for every such person, serve (by hand delivery, courier, e-mail, or facsimile transmission) a copy of said Certification, resume (curriculum vitae) and information described in subparagraph 14(b) upon counsel for the producing parties.

15.    Upon receipt of a Certification and resume (curriculum vitae) and information described in subparagraph 14(b) of an outside consultant or expert, the producing party shall then have ten (10) court days to serve (by hand delivery, same day courier, e-mail, or facsimile transmission) a written objection to the proposed disclosure of its Highly Confidential and/or Confidential information, which shall state with specificity the reason(s) for such objection.  If counsel for the producing party objects within ten (10) court days, there shall be no disclosure to such consultant or expert except by further order of the Court pursuant to a motion brought by the producing party within seven (7) court days of

Heller
Ehrman LLP

the service of the objection.  On any motion brought pursuant to this paragraph, the producing party shall bear the burden of showing why disclosure to that consultant or expert should be precluded.  Failure to timely object and to timely file a motion with the Court operates as a waiver of the objection by the producing party and the consultant or expert will be a Qualified Person with access to the producing party's Confidential or Highly Confidential information.

16.    If counsel wish to disclose material designated Confidential or Highly Confidential to the persons described in subparagraphs 10(g)-(i) above, counsel shall first obtain a signed Certification in the form of the annexed Exhibit A.  The Certification shall be signed by the company, firm, or group, or solo practitioner retained by the party, and a single Certification by the company, firm, group, or solo practitioner shall be sufficient to cover all employees or other individuals paid by the company, firm, or group.  Counsel retaining the persons described in subparagraphs 10(g)-(i) shall retain the original of each such signed Certification.  Service of the Certification shall not be required.

17.    A party desiring to disclose another party's Confidential information to its present officer under subparagraph 11(b) before any disclosure the party shall provide to the officer a copy of this Order, which the officer shall read and upon reading shall sign a Certification in the form annexed hereto as Exhibit B, and serve (by hand delivery, courier, e-mail, or facsimile transmission) a copy of said Certification upon counsel for the producing parties.

18.    Only Qualified Persons, the deponent, and his or her attorney (if any), shall be allowed to attend any portion of a deposition in which Confidential or Highly Confidential information is used or elicited from the deponent.  Counsel for the designating party may also request that all persons other than the witness, the court reporter, those individuals specified in paragraph 10, and counsel for the witness (if a third-party witness) leave the deposition room during any portion of a deposition which inquires into matters deemed Highly Confidential by a party or third-party.  Counsel for the designating party may also request that all persons other than the witness, the court reporter, those individuals specified

in paragraphs 10-11, and counsel for the witness (if a third-party witness) leave the

deposition room during any portion of a deposition which inquires into matters deemed

Confidential by a party or third-party.  The failure of individuals other than those specified

in the previous two sentences to leave the deposition room during any portion of the

deposition which inquires into matters deemed Confidential or Highly Confidential by a

party or third-party shall constitute justification for counsel to instruct the witness that he or

she shall not answer the question(s) posed.

19.    This Order shall not limit a party's examination, at a deposition, hearing, or at

trial, of persons who are not authorized to receive Confidential or Highly Confidential

information under the terms of this Order, so long as such examination concerns

Confidential or Highly Confidential information that the witness authored, received, or

previously had access to or knowledge of, as demonstrated by the Confidential or Highly

Confidential information itself or by foundation testimony during a deposition, hearing or

trial.  This Order shall not prevent counsel from examining a witness in a good-faith effort

to determine whether he or she authored, received, or previously had access to or

knowledge of Confidential or Highly Confidential information.

20.    Nothing shall prevent disclosure beyond the terms of this Order if the party

designating the material as Confidential or Highly Confidential consents in writing to such

disclosure, or if the Court, after reasonable written notice to all affected parties, orders such

disclosure.

21.    Nothing contained in this Order shall preclude any party from using its own

Confidential or Highly Confidential information in any manner it sees fit, without prior

consent of any party or the Court.

22.    Notwithstanding such designation, Confidential or Highly Confidential

information does not include information obtained independent of this Proceeding as to

which no obligation of confidentiality applies.  Accordingly, nothing in this Order shall

prevent any person, including a Qualified Person, from making use of any information that

is designated Confidential or Highly Confidential if such information:

Heller
Ehrman LLP

        a.    was lawfully in his or her possession prior to receipt under the provisions of this Order;

        b.    was or becomes available to the public through no fault of a receiving party; or

        c.    was or is obtained from a source not under an obligation of secrecy to the producing party.

23.    Nothing in this Order shall restrict any party's outside or in-house counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Highly Confidential information, provided that in rendering such advice, counsel shall not disclose any other party's Highly Confidential information other than in a manner provided for in this Order.

## Challenging Designation of Confidential Information

24.    A party shall not be obligated to challenge the propriety of a Confidential or Highly Confidential information (or change in designation) at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

25.    In the event that a party disagrees at any time with a Confidential or Highly Confidential information designation made by another party or a third-party, the following procedure shall be used:

        (a)    The party seeking such removal shall serve the producing party or third-party written notice thereof (by hand delivery, courier, e-mail, or facsimile transmission), specifying the documents, things, or information for which such removal is sought and the reasons for the request.  The producing party or third-party shall have ten (10) court days after service of the notice within which to object in writing to the removal of protection afforded by this Order and specifying why protection under this Order is appropriate.  Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information designated as Confidential Information under this Order.

        (b)    If, after service of the objection and conferring in good faith, the

parties, or the party and third-party, cannot reach agreement concerning the matter, then the party seeking the removal of protection for the designated Confidential or Highly Confidential information shall file and serve a motion with the Court (in compliance with Civil Local Rule 79-5, if applicable); the designated material shall continue to be treated as Confidential or Highly Confidential information until the issue is resolved by Order of this Court or by agreement of the parties or the party and third-party.

(c)     On any motions arising out of the designation of any material as Confidential Information under this Order, the burden of justifying the designation shall lie with the producing party or third-party.

**Inadvertent Production/Use of Confidential Information and Changes in Designation**

26.     Inadvertent production of any document or information without a designation of Confidential or Highly Confidential information will not be deemed to waive a later claim as to its confidential nature or stop the producing party from designating said document or information as Confidential or Highly Confidential information at a later date.

27.     Any producing party may change a designation to Confidential or Highly Confidential information (or withdraw a designation) regarding any material that it has produced, provided, however, that such change in designation shall be effective only as of the date of such change.  Such change in designation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such change in designation (or withdrawal).

28.     Upon receipt of any written change in designation per paragraph 27 counsel of record shall: (i) not make any further disclosure or communication of such newly designated material except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any material with the original designation of the effect of such a change in designation under this Order; and (iii) promptly retrieve all copies and transcriptions of such originally designated material from any persons known to have possession of any such originally designated material who are not Qualified Persons under paragraphs 10 or 11 above in light of the change of designation to the extent practicable.

Heller
Ehrman LLP

Properly marked documents shall be promptly provided by the producing party of any such newly designated material.

29.    Under no circumstances shall a party or third-party change or remove the designation of Confidential or Highly Confidential information, or object to such change or removal, to vex or harass another party.  No such change in designation shall be effective to limit another party's contemplated use of the designated material in question at any deposition, hearing, or trial if the change in designation is made less than seventy-two (72) hours prior to the scheduled commencement of such deposition, hearing, or trial.

30.    If Confidential or Highly Confidential information is used during depositions in contravention of other provisions of this Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during and subsequent to such use.  If Confidential or Highly Confidential information is disclosed to a deposition witness in contravention of other provisions of this Order, and the witness has testified concerning that information, the witness may be cross-examined with respect to the document(s) or information disclosed during that deposition.

31.    If Confidential or Highly Confidential information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall within five (5) court days of learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall use reasonable efforts to obtain the prompt return of any such Confidential or Highly Confidential information and to bind each unauthorized person or party who received such information to the terms of this Protective Order by providing a copy of this Protective Order to such unauthorized person or party and requesting such unauthorized person or party to sign the Certification attached hereto as Exhibit A.  The requirements set forth in this paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

**Inadvertent Production/Use of Privileged Information**

32.    If information subject to a claim of attorney-client privilege, attorney work product immunity or other legal privilege protecting information from discovery is inadvertently produced in any way, such production shall not prejudice or otherwise constitute a waiver (subject matter or otherwise) of, or estoppel as to, any claim of privilege, work product immunity, or other ground for withholding production to which the producing party or other person otherwise would be entitled.  If a written claim of inadvertent production is made by a producing party to a receiving party pursuant to this paragraph with respect to information or a document supplied to a receiving party, upon the receiving party's receipt of such written notification of the producing party's discovery of inadvertent production of such information or document, the receiving party shall:

(a)    not make any further copies or other reproductions or transcriptions of the inadvertently disclosed information or document; and

(b)    destroy or return to the supplying party every original and every copy, reproduction, or transcription of all such inadvertently produced information or documents possessed by the receiving party and by those persons to whom the receiving party may have disclosed such information.

33.    However, recognizing the need for the parties to prepare for their cases based on the discovery that is produced, if any information, document, or tangible thing is used in a court hearing, deposition, as an exhibit to a motion, is referenced in an expert report or pretrial order, or is otherwise used openly in the case, any claim of inadvertent production must be made within ten (10) court days after such use.

**Party's Disclosure of Confidential Information of Nonparties
or Pursuant To Subpoena**

34.    A party may temporarily withhold production of otherwise discoverable information sought in a discovery request (e.g., interrogatory, request for production, request for admission) if the party is under an obligation to a third-party not to disclose such

information.  In such an event, except for information subject to a protective order or confidentiality order by another court, such party shall:

(a)    timely serve a written objection to the production of the information in question on the basis of its obligation to a third-party not to disclose such information;

(b)    promptly provide to the third-party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information in question, and (ii) a copy of this Protective Order;

(c)    within thirty (30) days of serving its response to the request for the discoverable information, designate it as Confidential or Highly Confidential information and produce it in compliance with this Order, unless that third-party or the party, within the thirty (30) days of the party serving its response to the request, moves for or obtains from this Court a protective order precluding such production.

35.    Nothing in paragraph 34 shall prevent a party from withholding information beyond the thirty (30) days based on its timely asserted written objection other than any non-disclosure obligation to a third-party, or during the pendency of a motion to compel seeking to resolve these other written objections.  The withholding of the information on bases other than an obligation of non-disclosure to a third-party shall not extend the aforementioned period by which the party or third-party must seek a protective order specifically with respect to the non-disclosure obligation to the third-party.

36.    Any party that is served with a subpoena or other notice compelling the production of any Confidential or Highly Confidential information produced by the other party or a third-party is obligated to give prompt telephonic and written notice (by hand delivery, courier or facsimile transmission) to that original producing party of such subpoena or other notice.  In any event, such notice shall be given within five (5) court days of service of the subpoena or other notice. If the original producing party takes steps to oppose the subpoena, then the party served with the subpoena shall not disclose the pertinent information until the Court has resolved the issue. Absent Court order, production or disclosure shall not be made before notice is given to the original producing party and the

Heller
Ehrman LLP

original producing party has had at least ten (10) court days to react after receiving such notice. Upon receiving such notice, the original producing party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

### Use of Confidential Information in Filings and in Open Court

37.    Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

38.    Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a receiving party may not file in the public record in this action any Confidential or Highly Confidential information, including quotations or other parts thereof, of the designating party. A designating party may file in the public record any Confidential or Highly Confidential information is has designated and such filing, unless inadvertent, will result in that information no longer being subject to this Order.

39.    A party that seeks to file under seal any Confidential or Highly Confidential information must comply with Civil Local Rule 79-5. In addition, the party should indicate the source and level of confidentiality on the first page of the pleading or other document to be filed under seal in the form "SUBMITTED UNDER SEAL – [HIGHLY] CONFIDENTIAL INFORMATION OF [DESIGNATING PARTY]" so as to enable the parties to identify the appropriate Qualified Persons that may view the filing.

40.    To the extent that a receiving party (or a witness called by a receiving party) contemplates using Confidential or Highly Confidential information, which was produced by another party, at trial or a hearing in open court in this Proceeding, the receiving party shall have the obligation to provide notice (either in writing or in open court) to the producing party of its intent. The producing party shall have an opportunity to respond to that notice before any of its Confidential or Highly Confidential information may be used by any other party at trial or a hearing in open court. In the event that any Confidential or Highly Confidential information is used at trial or hearing in open court in this Proceeding because a request to conduct the trial or hearing in closed court or in camera was not

granted, the Confidential or Highly Confidential information shall remain subject to this Order.

### Disposition of Confidential Materials upon Conclusion of Proceeding

41.    Upon the conclusion of this Proceeding, at the written request and option of the producing party, all Confidential or Highly Confidential information and any and all copies and transcriptions thereof, shall be destroyed or returned within ninety (90) calendar days to the producing party, provided, however, that outside counsel may retain all documents and things that contain or reflect their attorney work product (e.g., notes, memoranda, drafts of pleadings, deposition summaries, document review summaries, documents reviewed in preparation for depositions, hearings, or trial whether introduced or not), all correspondence, all pleadings, all deposition transcripts, all expert reports, all deposition, hearing and trial exhibits, and all court filed documents even though they contain Confidential or Highly Confidential information, but such retained work product and documents shall remain subject to the terms of this Order.  Accordingly, upon final termination of this action, no one other than outside counsel shall retain any information designated Confidential or Highly Confidential obtained in the course of this Proceeding. At the written request of the producing party, any person or entity having received recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing its Confidential or Highly Confidential information shall deliver to the producing party a declaration confirming that reasonable efforts have been made to assure that all such Confidential or Highly Confidential information and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding the Confidential or Highly Confidential information (except for attorney work product and documents permitted to be retained by outside counsel as stated above), have been destroyed or delivered in accordance with the terms of this Order.

### Miscellaneous Provisions

42.    This Order shall be binding upon the parties to this Proceeding and signatories to the Certification, including their successor(s) and assigns, and their respective attorneys,

agents, representatives, officers and employees.

43.     This Order shall apply to all information and material produced in this Proceeding, including all previously produced information and material prior to the execution of this Order by the Court.

44.     Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible as proof of a claim or defense in this Proceeding and in no way constitutes an admission by any party that any information designated pursuant to this Order is or is not proprietary, confidential, and/or a trade secret.

45.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.

46.     This Order shall continue in force until amended or superseded by express order of the Court.  This Order shall survive termination of this Proceeding, including any final judgment, appeal, or settlement to the extent the Confidential or Highly Confidential information is not or does not become known to the public.

47.     Nothing in this Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

48.     In the event that a new party is added, substituted, or brought in, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

49.     The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

IT IS SO ORDERED.

Dated:

_____
                    The Honorable Richard Seeborg
                    UNITED STATES MAGISTRATE JUDGE

Heller
Ehrman LLP

PROTECTIVE ORDER                                                    Case No. C 07-3225 RS

EXHIBIT A

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC, and LAUREATE EDUCATION, INC., | Case No. C 07-3225 RS |
| Plaintiffs, | **CERTIFICATION REGARDING PROTECTIVE ORDER (FOR IN-HOUSE COUNSEL)** |
| v. | |
| TEACHSCAPE, INC., | |
| Defendant. | |
| | Judge: The Honorable Richard Seeborg |

I, _____, declare:

1.      My present address is _____.
My present occupation is_____.
My present employer is _____, which is a party in this litigation.

2.      I agree that after exposure to another party's or a third-party's confidential information under the Protective Order in this Proceeding, and until one (1) year after the conclusion of this Proceeding, I will not to partake in competitive decisionmaking – i.e., advice and participation in any or all of the party's decisions (pricing, sales, marketing, product design, and regulatory) regarding that party's master's degree and graduate course programs in the field of education – with the exception of decisions made in furtherance of the conduct or settlement of this Proceeding.

3.      I have received a copy of the Protective Order in this action. I have carefully read and understand its provisions. I consent to the jurisdiction of the United States District

Heller
Ehrman LLP

PROTECTIVE ORDER                                                        Case No. C 07-3225 RS

1  Court for the Northern District of California solely for the purpose of enforcing the

2  Protective Order.

3         4.      I will comply with all provisions of the Protective Order.

4  I will hold in confidence, will not disclose to anyone other than those persons specifically

5  authorized by the Protective Order, and will use only for purposes of this action, any

6  information, documents or things designated as containing Confidential or Highly

7  Confidential information, including the substance and any copy, summary, abstract, excerpt,

8  index or description of such material, that is disclosed to me as well as any knowledge or

9  information derived from any of the above mentioned items which I receive in this action,

10 except as allowed in accordance with the Protective Order.  I will take reasonable steps to

11 restrict access to any Confidential or Highly Confidential information to only those persons

12 authorized by the Protective Order to have such access.

13        5.      I will return all materials containing Confidential or Highly Confidential

14 information that come into my possession, and all documents and things that I have

15 prepared relating thereto, to counsel for the party by whom I am employed when requested

16 to do so.

17        6.      I understand that if I violate the provisions of the Protective Order, I will be

18 subject to sanctions by the Court and that any or all of the parties or third-parties that

19 designate information pursuant to the Protective Order may assert other remedies against

20 me.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

21 Protective Order in this action.

22        7.      I declare under penalty of perjury under the laws of the United States of

23 America that the foregoing is true and correct.

24        8.      Executed this ____ day of _____, at _____

25 _____.

26

27

28                              _____

Heller
Ehrman LLP

EXHIBIT B

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC.,<br><br>                                      Plaintiffs,<br><br>     v.<br><br>TEACHSCAPE, INC.,<br><br>                                      Defendant. | Case No. C 07-3225 RS<br><br>**CERTIFICATION REGARDING PROTECTIVE ORDER (FOR EXPERTS AND CONSULTANTS)**<br><br>Judge:   The Honorable Richard Seeborg |

I, _____, declare:

1.      My present address is _____.
My present occupation is_____.
I am not a current employee of any of the parties in the litigation.  My present employer, if any, is _____, and the address of my present employer is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and understand its provisions.  I consent to the jurisdiction of the United States District Court for the Northern District of California solely for the purpose of enforcing the Protective Order.

3.      I will comply with all provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will use only for purposes of this action, any

information, documents or things designated as containing Confidential or Highly Confidential information, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items which I receive in this action, except as allowed in accordance with the Protective Order.  I will take reasonable steps to restrict access to any Confidential or Highly Confidential information to only those persons authorized by the Protective Order to have such access.

4.     I will return all materials containing Confidential or Highly Confidential information that come into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or from whom I received such material when requested to do so.

5.     I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that any or all of the parties or third-parties that designate information pursuant to the Protective Order may assert other remedies against me.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

7.     Executed this _____ day of _____, at _____ _____.


_____

Heller Ehrman LLP

PROTECTIVE ORDER                                                                 Case No. C 07-3225 RS

EXHIBIT C

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEACHSCAPE, INC., <br><br> Defendant. | Case No. C 07-3225 RS <br><br> **CERTIFICATION REGARDING PROTECTIVE ORDER (FOR PARTY OFFICERS)** <br><br><br><br> Judge:   The Honorable Richard Seeborg |

I, _____, declare:

1.      My present address is _____.

My present occupation is_____.

My present employer is _____, which is a party in this litigation.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and understand its provisions.  I consent to the jurisdiction of the United States District Court for the Northern District of California solely for the purpose of enforcing the Protective Order.

3.      I will comply with all provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will use only for purposes of this action, any information, documents or things designated as containing Confidential information, including the substance and any copy, summary, abstract, excerpt, index or description of

Heller
Ehrman LLP

such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items which I receive in this action, except as allowed in accordance with the Protective Order.  I will take reasonable steps to restrict access to any Confidential information to only those persons authorized by the Protective Order to have such access.

5.    I will return all materials containing Confidential information that come into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed when requested to do so.

6.    I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that any or all of the parties or third-parties that designate information pursuant to the Protective Order may assert other remedies against me.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

7.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

8.    Executed this _____ day of _____, at _____ _____.

_____

Heller Ehrman LLP

PROTECTIVE ORDER                                                    Case No. C 07-3225 RS