**\*E-FILED 12/12/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br><br>TEACHSCAPE, INC.,<br><br>　　　　Defendant.<br>_____/ | NO. C 07-3225 RS<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff Laureate Education, Inc. and its subsidiary, plaintiff Canter & Associates, LLC (collectively "Canter") are competitors with defendant Teachscape, Inc. in the field of post-secondary online education. Both Canter and Teachscape apparently partner with traditional "brick and mortar" educational institutions to offer post-graduate degrees under the auspices of those institutions through on-line course materials provided by Canter or Teachscape. This action arose after Teachscape, (1) hired or contracted with a number of former Canter employees in 2004, and (2) announced in or about September of 2006 that it would be providing online graduate degree programs through Marygrove College, which had previously offered courses provided by Canter.

Teachscape moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Canter has failed to plead sufficient facts to state its claims. Notwithstanding Rule 8's

1

permissive "notice" pleading standard, the Court agrees that Canter has not adequately pleaded either of its two claims arising under federal law, particularly because federal jurisdiction is in dispute. The motion to dismiss will therefore be granted, with leave to amend.

## II. STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. See *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under FRCP 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Hence, the issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Additionally, the Supreme Court has recently rejected the oft-quoted formulation of *Conley v. Gibson*, 355 U.S. 41, 47, (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007).

## III. DISCUSSION

The parties expend significant portions of their briefing debating the significance of *Bell Atlantic Corp. v. Twombly* and the degree to which it did or did not raise the bar for pleadings in federal court. Whether or not *Bell Atlantic* represents a significant change in the law, it is clear that the liberal standard of "notice" pleading under Rule 8 does not permit a party to avoid pleading at

least some facts sufficient to state a claim.  Even prior to *Bell Atlantic*, it was the law that "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein*, *supra*, 83 F.3d at 1140.

Here, Canter's complaint[1] effectively concedes that it does not possess any information as to whether or not it has a viable copyright infringement claim.  Although the complaint and Canter's briefing in opposition to this motion attempt to excuse that lack of knowledge based on the fact that it does not have access to defendants' course materials, that explanation does not serve to transform what is essentially a guess into a cognizable claim.  As pleaded, the complaint effectively says nothing more than, "all of my materials are copyrighted and I think you may have copied them."  To state a copyright infringement claim, Canter must, at a minimum, do more than guess.

Canter's Lanham Act claim is based solely on its allegation that Teachscape's programs were advertised as "updated."   Canter's theory, apparently, is that it was false or misleading to describe Teachscape's programs as "updated" when Teachscape had not previously provided any programs.  Canter has not pleaded sufficient fact to support a claim that the use of the word "updated" was false or misleading.  Although it appears possible that use of that term could be misleading, much would depend on the context in which it was used.[2]   Accordingly, to state a claim, Canter must plead sufficient facts to show that the term was misleading in the context in which it appeared.[3]

Canter's remaining claims are all brought under state law.  Until and unless Canter can plead a viable claim under federal law, there is no basis to exercise supplemental jurisdiction over those state law claims.

---

[1] The first 11 pages of the complaint were filed under Docket No. 1.  The remaining 12 pages were filed following the two page disclosure statement under Docket No. 2.

[2] For example, it is not immediately clear that there would be anything false or misleading if the description "updated" appeared only on *Marymount's* website or brochures.  Even if the prior course materials were not created by Teachscape, it is not obvious that describing any newer materials as "updated" would be false or misleading.

[3] Teachscape's suggestion that the term was "mere puffery," however, is not persuasive. The issue is whether the use of the term "updated" implies something false about the source or origin of Canter's courses, not whether it was boastful advertising to claim that the courses had been updated.

3

IV.  CONCLUSION

The motion to dismiss is granted, with leave to amend.  Plaintiff shall file any amended complaint within 20 days of the date of this order.   The case management conference in this action presently scheduled for December 19, 2007, is hereby CONTINUED to January 9, 2008, at 9:30 a.m., to be held immediately following certain discovery motions calendered on that date.

IT IS SO ORDERED.

Dated: December 12, 2007

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND
C 07-3225 RS

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Gayle M. Athanacio    gathanacio@sonnenschein.com, clepera@sonnenschein.com, hkalay@sonnenschein.com, pcranmer@sonnenschein.com

Elena Maria DiMuzio    Elena.DiMuzio@hellerehrman.com

Annette L. Hurst    annette.hurst@hellerehrman.com, brett.stone@hellerehrman.com, dluster@hellerehrman.com, patti.johnsen@hellerehrman.com, schilds@hellerehrman.com

Daniel N. Kassabian    daniel.kassabian@hellerehrman.com, allen.rose@hellerehrman.com, harriette.louie@hellerehrman.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 12/12/07**                                                   **Richard W. Wieking, Clerk**

                                                                      **By:    Chambers**

ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND
C 07-3225 RS

5