GAYLE M. ATHANACIO (State Bar No. 130068)
CHRISTINE LEPERA (admitted *pro hac vice*)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email:  gathanacio@sonnenschein.com
Email:  clepera@sonnenschein.com

Attorneys for Defendant
TEACHSCAPE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANTER & ASSOCIATES, LLC, and LAUREATE EDUCATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TEACHSCAPE, INC., <br><br> Defendant. | Case No. C 07 3225 RS <br><br> **DEFENDANT TEACHSCAPE, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER** <br><br> Date: January 9, 2008 <br> Time: 9:30 am. <br> Ctrm: 4 (5th Floor) <br> Judge: The Honorable Richard Seeborg |

## I. INTRODUCTION

Defendant Teachscape does not dispute that Plaintiffs Canter & Associates, LLC ("Canter") and Laureate Education, Inc. ("Laureate") (collectively "Plaintiffs") are seeking from Teachscape its most highly confidential and trade secret information. As such, Teachscape does not dispute that should this case proceed, entry of an appropriate protective order would be warranted. What Teachscape objects to is Plaintiffs' attempt to seek entry of an order on their own terms when the question of federal jurisdiction is legitimately in doubt. Plaintiffs' attempts to mandate the terms and timing of the entry of a protective order is particularly troubling when Plaintiffs' themselves rejected Teachscape's repeated attempts prior to this litigation to enter into a confidentiality agreement that would allow the parties to informally exchange what is at the heart of this present litigation: the allegedly infringing final course materials offered in partnership with Marygrove College.

Teachscape further objects to the "process" by which Plaintiffs brought the issue regarding the protective order to the Court's attention. While Plaintiffs previously pressured Teachscape to consider their proposed protective order, they did so at a time when no discovery was propounded by either party and while the parties were discussing case management conference issues. With its motion to dismiss pending, Teachscape had not propounded any discovery on Plaintiffs since, if granted, this action would be dismissed. Plaintiffs took a different view and propounded 80 separate requests for production and a deposition notice under Federal Rule of Civil Procedure 30(b)(6) covering virtually every aspect of Teachscape's higher education business, with little or no effort to focus their inquiry. To the contrary, on its face, the discovery propounded by Plaintiffs is designed to cause the maximum interference and disruption in Teachscape's business and relationships with colleges and universities.

The Court has now granted Teachscape's motion to dismiss, finding that the two federal claims forming the basis of this Court's jurisdiction have not been properly pled. Plaintiffs have 20 days in which to attempt to address these deficiencies. Teachscape believes the defects

cannot be cured. Certainly, it remains to be decided. Under these circumstances, Teachscape respectfully submits Plaintiffs' motion for entry of a protective order should be denied.

## II. FACTUAL BACKGROUND

Plaintiffs' present federal action is predicated on the viability of two federal claims—Copyright Infringement and False Advertising under the Lanham Act. The unquestionable focus of Plaintiffs' complaint is the notion that in connection with its partnership with Marygrove College, Teachscape infringed upon Laureate's copyrighted course materials. In their complaint, Plaintiffs admit they cannot allege that Teachscape's course material is in fact similar, let alone substantially similar, to Laureate's work. Plaintiffs' justified their failure to substantiate the copyright claim on Teachscape's alleged "unreasonable" refusal to provide Plaintiffs access to the allegedly infringing material, namely certain course offerings by Marygrove.

Teachscape filed a motion to dismiss which called into question whether federal jurisdiction properly existed in this case. (Declaration of Gayle M. Athanacio In Support Of Teachscape, Inc.'s Opposition To Motion To Compel Initial Disclosures And Opposition To Motion For Protective Order ("Athanacio Decl."), ¶ 5.) In attacking Plaintiffs' copyright claim, Teachscape presented indisputable evidence that showed that in reality, Teachscape had reasonably proposed an "apples to apples" exchange of course material. (*Id.*, ¶ 8.) Critical to the present motion, Teachscape demonstrated that it offered to enter into a confidentiality agreement so that the parties could mutually exchange final course material so that Plaintiffs could assuage their concerns of wrongdoing by Teachscape. (*Id.*, ¶¶ 2, 3; Exs. B, D.) Plaintiffs' response to this reasonable offer was to hastily register 40 copyrights and file suit.

A hearing on Teachscape's motion to dismiss was held on September 26, 2007, at which time the Court displayed skepticism at Plaintiffs' claim that an exchange of final course material was insufficient to assess whether they in fact had a copyright claim. (Plaintiffs' claimed they needed access to the drafts of such materials as well.) (*Id.*, ¶ 8.) The Court took Teachscape's motion under submission. Immediately following the hearing, Teachscape reiterated its offer to exchange final course materials. (*Id.*, ¶ 9.) Again, Plaintiffs rejected this offer. (*Id.*)

Despite the pendency of Teachscape's motion to dismiss, Plaintiffs have sought to have Teachscape stipulate to a formal protective order. While Teachscape reiterated, as it had in the past, its offer to discuss the terms of a confidentiality agreement, it felt that negotiating a formal protective order (as well as setting discovery cut-offs, trial schedules and the like) was impractical and premature in light of the Court's consideration of Teachscape's motion to dismiss. (*See Id.*, ¶ 7, Ex. E.) Teachscape was also concerned about trying to negotiate a protective order with Plaintiffs at a time when Plaintiffs had propounded no discovery, but had overtly threatened "scorched earth" litigation if Teachscape did not accede to Plaintiffs' demands. (*See id.*, ¶ 10.) Plaintiffs took issue with Teachscape's position, but rather than raise the difference of opinion as to how this case should proceed in the joint case management conference statement, Plaintiffs filed the present motion.

## III.    ARGUMENT

### A.    Plaintiffs' Motion For Entry of Their Proposed Protective Order Should Be Denied.

Courts strongly favor that parties submit a proposed stipulated protective order to the court that incorporates terms mutually agreeable to all parties. *See, e.g., Tatum v. Schwartz*, 2007 WL 2561043, *2 (E.D. Cal. Sept. 4, 2007) ("[t]he court will consider, although not necessarily approve, a stipulated protective order should the parties later decide upon mutually agreeable terms governing disclosure of documents"); *Thweatt v. Law Firm of Koglmeier, Dobbins, Smith & Delgado, P.L.C.*, 425 F. Supp. 2d 1011, 1014-15 (D. Ariz. 2006) ("Counsel for the parties are directed to meet and confer … in an effort to agree on the terms of a protective order and submit a proposed protective order to the Court for approval"); *Eugene N. Gordon, Inc. v. La-Z-Boy, Inc.*, 2007 WL 3378251, *2 (E.D. Cal. Nov. 13, 2007) ("Stipulations and motions for entry of a protective order must … show why the need for protection should be addressed by court order, as opposed to a private agreement between or among parties").

Here, Plaintiffs have filed a motion for protective order that does not reflect the parties agreement as to its terms or scope. Teachscape has not flatly refused to work with Plaintiffs to try to come to reasonable terms for the protection of the parties confidential, proprietary and/or

trade secret information; rather, Teachscape seeks to do so in an orderly fashion—namely, once the issue of the viability of this federal action is resolved. Importantly, Plaintiffs admit this in their moving papers but suggest some nefarious intent when Teachscape objected to Plaintiffs' express desire to suggest to this Court that the parties would be stipulating to a protective order. Teachscape did not, and never has, sought to hide anything from this Court. To the contrary, it is Plaintiffs that sought to hide from this Court Teachscape's offer to a reasonable exchange of final course material under an agreed-upon confidentiality agreement. Rather, Teachscape was motivated by its concern that proceeding to discuss a formal protective order was inconsistent with its position that federal jurisdiction simply did not exist in this case. (*See* Athanacio Decl., ¶¶ 7, 13, Ex. E.) It was further concerned about negotiating a protective order in a vacuum, without the benefit of seeing precisely what Plaintiffs intended to demand of Teachscape. (*See* id., ¶ 10.)

Teachscape's concerns were validated when immediately following the Rule 26 conference, Plaintiffs hand served 80 requests for production of documents and a FRCP 30(b)(6) deposition notice that seeks inquiry into over 80 different items. Significantly, despite the fact that the Marygrove relationship is the only one specifically referenced in their complaint, Plaintiffs appear to seek confidential, proprietary and trade secret information from virtually every college and university that Teachscape has ever had a relationship with in connection with the schools' master's degrees or graduate courses. (*See* Exhibit D to Declaration of Elena DiMuzio in Support of Plaintiffs' Motion for Protective Order.)

Shortly before filing this opposition, this Court issued its order granting Teachscape's motion to dismiss, with leave to amend. Critically, the Court observed that Plaintiffs had not adequately pled either of their two federal claims, the predicate to this Court's jurisdiction. Thus, as the matter stands now, there is no basis on which Plaintiffs can move for entry of a protective order. Plaintiffs' motion should therefore be denied. In all events, no substantive meet and confer discussions have taken place with regard to Teachscape's objections to Plaintiffs' discovery. Rather than unilaterally accept Plaintiffs' proposed protective order, the

Court should address the timing of a further meet and confer only once it concludes jurisdiction exists.

Teachscape does not expect this to be an idle exercise as its preliminary review of Plaintiffs' proposal suggests several issues with Plaintiffs' proposed order. While Teachscape has not engaged in a thorough review of Plaintiffs' proposal, a few issues appear. For instance, Plaintiffs' propose that "any present officer, director or employee of the party or third party who produced the Confidential or Highly Confidential Information" have access to highly confidential information." Plaintiffs' Proposed Protective Order, p. 4, ¶ 10(f). This appears troubling, as the more expected provision would be to provide access only to those who authored or received the information, a provision which is consistent with the Northern District Court of California Protective Order (which provides access to the author of the document or the original source of the information). N.D. Cal. Stipulated Protective Order, pp. 7, 8, ¶¶ 7.2(g), 7.3(f). Similarly, Plaintiffs' proposal defines "Confidential information" as information the producing party believes "is not publicly available and/or is available to members of the public on a limited basis only upon permission of the party or a third-party." Plaintiffs' Proposed Protective Order, p. 1, ¶ 3. This proposal does not expressly include as confidential any information which the parties may be required by law or agreement to keep confidential. Plaintiffs do set forth a procedure to deal with the situation where "otherwise discoverable information" is sought but the party is under an obligation to a third party not to disclose the information. Yet, the failure in Plaintiffs' proposal to expressly define this information as "confidential," a standard provision in protective orders, is troubling in light of Plaintiffs' discovery which appears to seek confidential information of universities and colleges that compete with Plaintiffs and/or their wholly owned university, Walden University. *See, e.g.*, N.D. Cal. Stipulated Protective Order, p. 2, ¶ 2.3 ("Confidential" defined to include "information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c).") Similarly, for unknown reasons, Plaintiffs seek to allow their in-house counsel access to highly confidential information

with only a prohibition on that person not participating in "competitive decision-making" for one year. Plaintiffs' Proposed Protective Order, p. 5, ¶ 13(b); p. 17, ¶ 2. Setting aside for the moment the vagueness of "competitive decision making," this single year limitation is inconsistent with Plaintiffs' claim that information of employees who left over three years ago still maintain some competitive significance. While Teachscape denies all claims of wrongdoing or misuse of any of Plaintiffs' information, it is concerned that a person provided access to its or third parties' highly confidential information is permitted to engage in competitive decision-making a year after these proceedings end.

This brief recitation of issues is not complete, but merely presented to demonstrate that there exist legitimate issues with Plaintiffs' proposal that can and should be resolved only if Plaintiffs actually establish a viable basis for federal jurisdiction, and then only after Teachscape is permitted to meaningfully assess Plaintiffs' proposal.

## IV. CONCLUSION

Plaintiffs moved for entry of a protective despite the fact that at the time, this Court was considering whether it had jurisdiction of this matter, and without the benefit of Teachscape's meaningful input as to the proper scope of such an order. By the present motion, Plaintiffs are attempting penalize Teachscape for filing a motion calling into question this Court's jurisdiction, and for not agreeing to Plaintiffs' demands as to the timing of any "meet and confer" discussions.

This Court has now concluded Plaintiffs have not stated a valid claim for federal jurisdiction to exist. Plaintiffs' motion for entry of its protective order should be denied and the matter deferred pending a determination of whether jurisdiction exists.

DATED: December 12, 2007          SONNENSCHEIN NATH & ROSENTHAL LLP

By:_____/S/_____
GAYLE M. ATHANACIO
Attorneys for Defendant
TEACHSCAPE, INC.

27285000

-6-