1  GAYLE M. ATHANACIO (State Bar No. 130068)
2  CHRISTINE LEPERA (admitted *pro hac vice*)
   SONNENSCHEIN NATH & ROSENTHAL LLP
3  525 Market Street, 26th Floor
   San Francisco, CA 94105-2708
   Telephone: (415) 882-5000
4  Facsimile: (415) 882-0300
   Email: gathanacio@sonnenschein.com
5  Email: clepera@sonnenschein.com

6  Attorneys for Defendant
   TEACHSCAPE, INC.
7

8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  CANTER & ASSOCIATES, LLC, and          Case No. C 07 3225 RS
    LAUREATE EDUCATION, INC.,
13                                          **DEFENDANT TEACHSCAPE, INC.'S**
                   Plaintiff,               **OPPOSITION TO PLAINTIFFS' MOTION**
14                                          **TO COMPEL INITIAL DISCLOSURES**
           vs.
15                                          Date: January 9, 2008
                                            Time: 9:30 a.m.
16  TEACHSCAPE, INC.,                       Ctrm: 4 (5th Floor)
                                            Judge: The Honorable Richard Seeborg
17                 Defendant.

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

## I.    INTRODUCTION

Plaintiffs filed the present motion to compel initial disclosures claiming Teachscape's failure to provide its disclosures was without substantial justification and in violation of the law. Plaintiffs' motion is unnecessary and ironically, itself filed contrary to this Court's rules.

As set forth below, Plaintiffs' motion should be denied for a myriad reasons.  Federal Rule of Civil Procedure 26(f) expressly provides that a party may defer initial disclosures if it objects to such disclosure and the objection is noted in the joint statement.  Teachscape sought to avail itself of this proper procedure but were rebuffed by Plaintiffs.  Further, Plaintiffs failed to comply with this Court's "meet and confer" obligations regarding both the substance of the motion and any hearing date.

At the time of Plaintiffs' filing, this Court had under submission Teachscape's motion to dismiss, which not only identified the lack of clarity and substance to Plaintiffs' complaint, but also called into question this Court's jurisdiction to hear the present matter.  Teachscape notified Plaintiffs that it felt that making initial disclosures were premature with the motion to dismiss pending, and in any event, that such disclosures were not due until the Court-ordered joint case management conference statement ("CMC") was due.  This was Teachscape's position before, during and after the parties' Rule 26(f) conference.  (*See* Declaration of Gayle M. Athanacio In Support Of Opposition To Motion To Compel Initial Disclosures And Opposition To Motion For Protective Order ("Athanacio Decl."), Ex. E ("*As to the protective order and initial disclosures, our position is that both are premature in light of our pending motion to dismiss/strike and the court's continuance of the CMC*") (emphasis added).)  The joint statement in this case was not due until today.  But rather than note Teachscape's objections in the joint statement and/or set forth their assertion that the initial disclosures were overdue, Plaintiffs filed the present motion to compel.

This Court has now concluded Plaintiffs' Complaint was defective and that presently, Plaintiffs have failed to state a claim which would afford federal jurisdiction in this case.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-1-

1    Teachscape has violated neither the letter nor spirit of Rule 26 and certainly never intentionally

2    violated any Court order or rule.  Plaintiffs' motion is unwarranted and should be denied.

3    **II.    FACTUAL BACKGROUND**

4           Plaintiffs' present federal action is predicated on the viability of two federal claims—

5    Copyright Infringement and False Advertising under the Lanham Act.  Plaintiffs justified their

6    failure to substantiate their copyright claim on Teachscape's alleged "unreasonable" refusal to

7    provide Plaintiffs access to the allegedly infringing material, namely certain course offerings by

8    Marygrove College.  In connection with its motion to dismiss, Teachscape presented

9    indisputable evidence that showed that in reality, Teachscape had reasonably proposed an

10   "apples to apples" exchange of course material and that this reasonable offer was summarily

11   rejected by Plaintiffs.

12          At the hearing on the motion to dismiss, this Court expressed skepticism at Plaintiffs'

13   assertion that because they could not view drafts of the allegedly offending work, their filing of

14   the present action was viable.  After the conclusion of the hearing, Teachscape's counsel

15   approached Plaintiffs to revisit the issue of a mutual exchange of course material so that

16   Plaintiffs could see for their own eyes the case against Teachscape lacked merit.  (*Id.*, ¶ 9.)

17   Plaintiffs' counsel flatly rejected the offer.  (*Id.*)  When Teachscape's counsel reiterated its

18   position that it made no sense to actively litigate this action while the Court's jurisdiction was in

19   question, Teachscape's counsel responded that it was prepared to engage in "scorched earth"

20   litigation.  (*Id.*, ¶ 10.)  *Those were Plaintiffs' counsel's exact words.  (See id.)*  A week later,

21   Plaintiffs proposed that Teachscape *unilaterally* produce all Marygrove final course material

22   (which was defined as either final or latest versions), along with the "first draft" of all of the

23   same.  (*Id.*, ¶ 11, Ex. F.)  Teachscape found this offer unacceptable.  (*Id.*, ¶ 12, Ex. G.)

24          Subsequently, on October 15, 2007, the parties conducted their Rule 26 conference.  (*Id.*, ¶

25   13.)  During that conference, Teachscape's counsel repeatedly asserted that any activity,

26   including discovery, scheduling, and trial setting, was premature and impractical with

27   Teachscape's motion to dismiss pending.  (*Id.*)  Teachscape attempted to work with Plaintiffs to

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-2-

1    discuss the parameters of a joint case management statement. (*Id.*) Teachscape did not

2    withdraw its prior objection that initial disclosures or further activity in this case should be

3    deferred pending a decision by the Court regarding its jurisdiction and did not agree to a date on

4    which it would make its initial disclosures. (*Id.*)

5         Nonetheless, in an effort to dissuade Plaintiffs from engaging in the "scorched earth"

6    litigation tactic they threatened, Teachscape did offer, *after the conference* but *before* any joint

7    statement was submitted, to serve its initial disclosures on the same day the joint statement was

8    due, October 31, 2007, "absent an order from the court." (*Id.*, ¶ 14.) Teachscape selected this

9    date as Teachscape understood, consistent with the Court's initial case management order, the

10   Court expected the parties to make initial disclosures on or before the day the joint CMC

11   statement was submitted to the Court. (*Id.*) Prior to filing the present motion, Plaintiffs never

12   responded to the proposal Teachscape set forth in the draft Joint CMC statement. (*Id.*)

13        On October 30, this Court continued the CMC to December 19, 2007, with the joint

14   statement due on December 12.  Teachscape did not serve its initial disclosures on October 31 in

15   light of the Court's order continuing the CMC and because Teachscape was contending with

16   responding to Plaintiffs' hand-served document requests, which included *80 separate document*

17   *demands,* and a notice of deposition under Fed. R. Civ. P. 30(b)(6), unilaterally noticing

18   Teachscape's deposition on topics, which when subparts are included, includes *over 80 areas of*

19   *inquiry.* (*See id.*, ¶¶ 15-17.)

20        On October 30, Teachscape promptly notified Plaintiffs that it would not be making its

21   initial disclosures on October 31 and noted that the joint case management conference statement

22   would need to be revised. (*Id.*, ¶ 17; *See* Declaration of Elena DiMuzio In Support of Plaintiff's

23   Motion To Compel Initial Disclosures ("DiMuzio Decl."), Ex. A.) *Plaintiffs did not revise the*

24   *joint statement to reflect their contention that Teachscape's initial disclosures were overdue.*

25   Instead, on November 9, Plaintiffs sent an e-mail in which they demanded that Teachscape

26   provide a "date certain" by which Teachscape provide its initial disclosures, or else Plaintiffs

27   would move to compel. (*See* DiMuzio Decl., Ex. C.).

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-3-

DEFENDANT TEACHSCAPE, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES
CASE NO. C 07-03225 RS

1    On November 15, 2007, before Teachscape responded to their e-mail, and without

2  contacting Teachscape regarding a hearing date for their threatened motion, Plaintiffs' filed their

3  motion to compel, unilaterally setting a hearing date of *December 26, 2007.* (Athanacio Decl., ¶

4  18.) On November 28, before Teachscape responded to Plaintiffs' most recent actions (due to

5  the Thanksgiving holiday), Plaintiffs filed, again without notifying Teachscape of their intended

6  hearing date, a motion for protective order. Plaintiffs set this motion for January 2, 2007. (*Id.*, ¶

7  19.)

8    On November 29, 2007, Teachscape contacted Plaintiffs' counsel to object to the filing of

9  the motion to compel. (*Id.*, ¶ 20, Ex. H.) Teachscape noted that there was no "meet and confer"

10  prior to the filing of the motion and that Plaintiffs violated this Court's local rule when it filed

11  the motion without first contacting Teachscape regarding the proposed December 26th hearing

12  date, a date not surprisingly on which Teachscape's counsel was unavailable. (*Id.*) Most

13  importantly, Teachscape reiterated its prior objections to the timing of initial disclosures and its

14  belief that its disclosures were not overdue. (*Id.*) Teachscape also instructed Plaintiffs to revise

15  the draft joint statement (which they had in their possession for nearly a month) consistent with

16  Rule 26, to reflect Teachscape's objection and the parties' dispute, so that the matter could be

17  addressed at the CMC, as contemplated by Rule 26. (*Id.*) Plaintiffs responded by asserting that

18  all of Teachscape's assertions were "meritless." (*Id.*, ¶ 21, Ex. I.) Only when Teachscape made

19  its initial disclosure when "in accordance with Rule 26(a)" would Plaintiffs withdraw their

20  motion. (*Id.*) Plaintiffs offered only to move the hearing on its motion to January 2, 2008. (*Id.*)

21    Teachscape responded by again noting that there was no reason to file the motion when

22  "[t]he joint case management conference statement (which has yet to be filed) will note the

23  current difference of opinion as to the timing/appropriateness of Teachscape's initial disclosures

24  based on its pending motion to dismiss." (*Id.*, ¶ 22, Ex. J.) Teachscape further noted that its

25  counsel was unavailable for a hearing the day after New Years' Day, as Plaintiff had unilaterally

26  set the January 2, 2008 hearing date. (*Id.*) Rather than agree to renotice their motions, Plaintiffs

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

DEFENDANT TEACHSCAPE, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES
CASE NO. C 07-03225 RS

suggested that if Teachscape agree to then existing briefing schedule and prepare a stipulation, they would agree to move the hearing to January 9, 2008. (*See id.,* ¶ 23.)

Ultimately, Teachscape negotiated a stipulation to continue the hearing on Plaintiffs' motions to January 9. (*Id.*) This court entered the parties' proposed order, allowing both Plaintiff's Motion To Compel Initial Disclosures and Motion For Protective Order to be heard on January 9, 2008.

## III.    ARGUMENT

### A.    Teachscape's Initial Disclosures Are Not Untimely.

Federal Rule of Civil Procedure 26 expressly recognizes that the appropriateness and timing of initial disclosures may vary depending on the nature of the litigation. Specifically, Rule 26 states that "[t]hese disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan. In ruling on that objection, the court must determine what disclosures — if any — are to be made, and set the time for disclosure." Fed. R. Civ. P. 26(a)(1).

Teachscape told Plaintiffs that it objected to initial disclosures when its motion to dismiss was pending. Teachscape further made it known that it also believed that the Court's Order reflected that the initial disclosures were to made at or before the same time the joint report was submitted to the Court. As such, Teachscape believed the time for initial disclosures is currently December 12, the date the joint statement is due.

Yet, before any joint CMC report was finalized or submitted, Plaintiffs filed their motion to compel initial disclosures. Teachscape requested that the joint statement, while still being drafted, reflect the dispute over the timing of Teachscape's initial disclosure but Plaintiffs refused to proceed on this basis. That Teachscape, in an effort to forestall further dispute and the "scorched earth" litigation Plaintiffs threatened to engage in, proposed that it would make initial disclosures on the date the joint statement was due, in no way detracts from the simple

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26ᵀᴴ FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

DEFENDANT TEACHSCAPE, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES
CASE NO. C 07-03225 RS

1    fact that Plaintiffs should never have filed the present motion. The issue—such as it is—should

2    have been resolved as Teachscape proposed and as provided for in Rule 26, by raising the

3    dispute in the joint statement and simply addressing the issue at the CMC.   Indeed, this Court's

4    Standing Order on the content of joint CMC statements specifically notes that the joint statement

5    will address whether there has been "full and timely compliance with the initial disclosure

6    requirements of Fed. R. Civ. P. 26...."  Standing Order For All Judges Of The Northern District

7    Of California, Contents Of Joint Case Management Statement, No. 7.

8         The proper procedure as expressly contemplated by Rule 26 and this Court's Standing

9    Order is for the issue of initial disclosures to be brought to the Court's attention via the CMC

10   joint report. It has been. For this reason alone, Plaintiffs' motion should be denied.

             **B.    Teachscape's Position Was Substantially Justified.**

12        Even if Teachscape's initial disclosures were technically previously due, which

13   Teachscape disputes, Teachscape's actions in this case were substantially justified. A party

14   meets the "substantially justified" standard where there is a "genuine dispute" or if "reasonable

15   people could differ" as to the appropriateness of the motion. *Peterson v. Hantman*, 227 F.R.D.

16   13, 16 (D.D.C. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), which noted that

17   Fed. R. Civ. P. 37(a)(4) and (b)(2)(E) have never been described as meaning "justified to a high

18   degree," but rather the "substantially justified" test has been said to be satisfied if there is a

19   "genuine dispute" or if "reasonable people could differ as to the appropriateness of the contested

20   action"). A party's actions are substantially justified if the issue presented is one that could

21   "engender a responsible difference of opinion among conscientious, diligent, but reasonable

22   advocates." *Id.*

23        As previously noted, Teachscape reasonably believed that its objections to the

24   appropriateness and timing of its initial disclosures was a matter properly resolved at the CMC

25   and that the Court's consideration of Teachscape's motion to dismiss which called into question

26   federal jurisdiction warranted that the issue be addressed in this fashion. This position was

27   reasonable and based upon the language of both Rule 26 and this Court's Standing Order. It

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-6-
DEFENDANT TEACHSCAPE, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES
CASE NO. C 07-03225 RS

1   proved more than reasonable when this Court granted Teachscape's motion to dismiss. Further,

2   when this Court continued the CMC, and moved the date for submission of the joint statement,

3   Teachscape believed that its initial disclosures made on the Court's newly-set date for the joint

4   statement – December 12 – would be timely. This understanding is not unreasonable. Indeed,

5   as a leading practice guide recognizes: "The presumptive disclosure date is the same date as the

6   date on which the parties are required to submit to the court their report on their Rule 26(f)

7   conference." 6-26 Moore's Federal Practice - Civil § 26.22[5][a] (2007).

8       Teachscape's actions with regard to its initial disclosures was appropriate and certainly, at

9   a minimum, substantially justified. For this additional reason, Plaintiffs' motion to compel

10  should be denied.

### C.  Plaintiffs' Motion Should Be Denied For Their Own Failure to Comply With This Court's Rule.

11
12      Plaintiffs filed the present motion in violation of at least four of this Court's rules.

13  First, as previously noted, the proper, and certainly most efficient and expeditious manner in

14  which to raise the issue of Teachscape's initial disclosures was to note the matter in the Joint

15  CMC Statement. *See* Fed. R. Civ. P. 26(a)(1). Plaintiffs' refused to do so. This was

16  inappropriate. Secondly, this Court's rules expressly provide that prior to filing a motion,

17  Plaintiffs' must confer to ensure the proposed date for the hearing does not cause opposing

18  counsel any undue prejudice. San Jose Division Standing Order, 1:20-21. Plaintiffs filed the

19  motion for the day after Christmas without consulting Teachscape's counsel. This, too, is a

20  clear violation of Court rules. Third, this Court's rules mandate that the parties "meet and

21  confer" prior to filing the motion. N.D. Cal. Civil L.R. 1-5(n), 37-1. Teachscape respectfully

22  submits that the single e-mail—which Plaintiffs gave Teachscape an ultimatum—does not

23  constitute an effort to meet and confer. Certainly, Plaintiffs' refusal to drop their motion so that

24  the matter could simply be resolved at the CMC, which was scheduled to be held before the

25  current CMC date, demonstrates a failure to "meet and confer" in good faith.

26      Lastly, in their proposed order, Plaintiffs request an award of attorneys' fees. This back-

27  door request violates Local Rules 7-2, 7-8 and 37-3.

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-7-

## IV.    CONCLUSION

While Teachscape would have preferred to avoid burdening this Court with the painful history of the parties' dealings, Teachscape felt compelled to file the present opposition as Plaintiffs have suggested that Teachscape deliberately flouted this Court's orders and rules, and engaged in inappropriate dilatory tactics.  Plaintiffs' suggestion, as is the present motion, is simply unfounded.

Despite Plaintiffs' claims to the contrary, Teachscape has not violated either the letter or spirit of this Court's rules and Order.  To the contrary, Teachscape sought to allow this Court the time it needed to rule on Teachscape's motion to dismiss so that the parties could proceed, if necessary, in an orderly fashion and with guidance from the Court.  Teachscape proposed that the issues regarding case management, and its initial disclosures, be deferred until the Court ruled on Teachscape's motion and/or until the Case Management Conference was held, so that rather than "paper" the file and burden the Court with formal motions, the matter could be addressed in a reasonable and orderly fashion.  Plaintiffs rejected this proposal.  Instead, Plaintiffs have filed the present motion, a motion for protective order and propounded 80 document requests and a deposition notice under FRCP 30(b)(6) that identifies upwards of 80 different topics.  Teachscape is not trying to delay this action.  Plaintiffs are trying to bury Teachscape.

Teachscape firmly believes that any discussion regarding case management and discovery makes little sense with the Court's jurisdiction in question.  Teachscape has consistently communicated its belief to Plaintiffs' counsel.  Plaintiffs consider Teachscape's desire to have the Court rule on its motion to dismiss and discuss case management issues at the Case Management Conference an unwarranted delay tactic.  Teachscape submits that its proposal is infinitely reasonable, appropriate and consistent with this Court's Orders.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

DEFENDANT TEACHSCAPE, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES
CASE NO. C 07-03225 RS

1    Plaintiffs motion to compel initial disclosures is without basis in fact or law.  Plaintiffs'

2    motion should be denied.

3    DATED:  December 12, 2007            SONNENSCHEIN NATH & ROSENTHAL LLP

4

5                                                  By:_____/S/_____

6                                                         GAYLE M. ATHANACIO

7                                                  Attorneys for Defendant
                                                   TEACHSCAPE, INC.

8

9

10   27284585

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

DEFENDANT TEACHSCAPE, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL INITIAL DISCLOSURES
CASE NO. C 07-03225 RS