1  GAYLE M. ATHANACIO (State Bar No. 130068)
   CHRISTINE LEPERA (admitted *pro hac vice*)
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
3  San Francisco, CA 94105-2708
   Telephone: (415) 882-5000
4  Facsimile: (415) 882-0300
   Email: gathanacio@sonnenschein.com
5  Email: clepera@sonnenschein.com

6  Attorneys for Defendant
   TEACHSCAPE, INC.
7

8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  CANTER & ASSOCIATES, LLC, and          Case No. C 07 3225 RS
    LAUREATE EDUCATION, INC.,
13                                          **DECLARATION OF GAYLE M.**
                  Plaintiff,                **ATHANACIO IN SUPPORT OF**
14                                          **DEFENDANT TEACHSCAPE, INC.'S**
          vs.                               **OPPOSITIONS TO PLAINTIFFS'**
15                                          **MOTION FOR PROTECTIVE ORDER**
    TEACHSCAPE, INC.,                       **AND MOTION TO COMPEL INITIAL**
16                                          **DISCLOSURES**
                  Defendant.
17                                          Date: January 9, 2008
                                            Time: 9:30 a.m.
18                                          Ctrm: 4 (5th Floor)
                                            Judge: The Honorable Richard Seeborg
19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

I, Gayle M. Athanacio, declare as follows:

1.      I am an attorney at law duly admitted to practice before this Court and a partner of the law firm of Sonnenschein Nath & Rosenthal LLP, counsel of record for Defendant Teachscape, Inc. ("Teachscape").  I make this declaration in support of Teachscape's Oppositions to Plaintiffs' Motion for Protective Order and Motion to Compel Initial Disclosures. I have personal knowledge of the matters set forth herein and could competently testify to them if called upon to do so.

2.      Prior to Plaintiffs' filing the present action, counsel for Teachscape and Plaintiffs engaged in discussions in an effort to avoid litigation.  In those discussions, Plaintiffs demanded that Teachscape unilaterally disclose to Plaintiffs, among other things, all Marygrove course-related materials, including drafts thereof. Attached hereto as **Exhibit A** is a true and correct copy of a letter dated February 9, 2007, from Annette Hurst, counsel for Plaintiffs, to Christine Lepera, counsel for Teachscape, in which the exchange of course materials between the parties was raised (relevant portion of letter noted on the attached).  In response, Teachscape proposed that the parties engage in an "apples to apples" comparison of final course material on an "attorneys eyes only basis".  Attached hereto as **Exhibit B** is a true and correct copy of a letter dated March 7, 2007, from Ms. Lepera to Ms. Hurst, in which the exchange of course materials was again discussed (relevant portion of letter noted on the attached).

3.      Plaintiffs' counsel responded by again demanding all Marygrove course material, and all drafts thereto.  Attached hereto as **Exhibit C** is a true and correct copy of a letter dated April 6, 2007, from Ms. Hurst to Ms. Lepera, in which the exchange of course materials were further discussed (relevant portions of letter noted on the attached).  Despite Plaintiffs' rejection of Teachscape's prior offers, we again reiterated that Teachscape would agree to a mutual exchange of documents as Teachscape originally offered and invited continued dialogue with regard to the mutual exchange under an appropriate confidentiality agreement/protective order. Attached hereto as **Exhibit D** is a true and correct copy of a letter dated April 16, 2007, from Ms. Lepera to Ms. Hurst, which represents the last letter between the parties prior to the filing of

Plaintiffs' action, in which the exchange of course materials was discussed (relevant portion of letter noted on the attached). Plaintiffs' response was to file copyright registrations for its work and then the present federal action.

4.    The initial Case Management Order in this case set the Case Management Conference ("CMC") for October 3, 2007, with both initial disclosures and the parties' joint case management conference statement due on September 26, 2007.

5.    On August 3, 2007, Teachscape filed a motion to dismiss/strike in this case, which was set for hearing on September 26, 2007. The motion asserted, inter alia, that this Court lacked subject matter jurisdiction as the federal claims on which this federal action were predicate, failed as a matter of law. Despite the pendency of Teachscape's motion to dismiss which called into question this Court's jurisdiction, Plaintiffs sought to have Teachscape stipulate to the entry of a protective order. With the motion to dismiss pending, I felt that engaging in negotiations for a formal stipulated protective order was premature.

6.    On September 20, 2007, this Court continued the CMC in this case until November 7, 2007 and continued the date for the filing of the parties' joint statement to October 31, 2007.

7.    On September 24, I informed Daniel Kassabian, counsel for Plaintiffs, that Teachscape felt discussions regarding the protective order and the service of the parties' initial disclosures were premature in light of Teachscape's pending motion to dismiss and the Court's continuance of the CMC. Attached hereto as **Exhibit E** is a true and correct copy of my September 24, 2007 e-mail to Mr. Kassabian.

8.    On September 26, 2007, the hearing on Teachscape's motion was heard. I attended this hearing as counsel for Teachscape. At the hearing, the discussion centered on whether Plaintiffs' federal question claims were viable with the understanding that , if they were not, there was no valid basis for the Plaintiffs' federal action. The Court's inquiry focused to a great extent on Plaintiffs' rejection of Teachscape's pre-litigation offer to an "apples to apples" mutual exchange of Marygrove College ("Marygrove") final course material on which this action was predicated. Plaintiffs argued that they needed to view drafts of the allegedly infringing material

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-2-

DECLARATION OF GAYLE M. ATHANACIO ISO TEACHSCAPE'S
OPPS. TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
AND MOTION TO COMPEL INITIAL DISCLOSURES
CASE NO. C 07-03225 RS

1    in order to determine the viability of their claim.  It was my impression that the Court was

2    unpersuaded by this argument, as the Court mentioned that the more Plaintiffs argued about the

3    drafts, the more the case sounded like a "fishing expedition" as noted by the U.S. Supreme Court

4    in *Bell Atlantic v. Twombly*.  The Court took the matter under submission.

5         9.    Immediately following the hearing, I approached counsel for Plaintiffs, in

6    particular, Annette Hurst, in the hope that Plaintiffs would reconsider their rejection of

7    Teachscape's offer of a mutual exchange of final course material as the way to demonstrate that

8    Plaintiffs' concerns and claims were unfounded.  Ms. Hurst expressly rejected Teachscape's offer

9    and again asserted that Plaintiffs would demand the drafts of all course materials.  During this

10   same conversation, the subject of initial disclosures came up.  I repeated my earlier objection to

11   initial disclosures and noted that Teachscape would not be serving its initial disclosures that day.

12   I expressly noted that Teachscape was not trying to gain any tactical advantage but rather

13   believed that with the Court's jurisdiction at issue and the motion to dismiss under submission,

14   initial disclosures were inappropriate.

15        10.    As such, I also told Ms. Hurst (and Mr. Kassabian, with whom I had had several

16   communications on the subject) that Teachscape would agree that Plaintiffs need not serve their

17   initial disclosures, again, so that there would be no concern that Teachscape was trying to extract

18   some advantage.  Thereafter, Ms. Hurst noted that even if this case was dismissed, Plaintiffs

19   could file in state court, adding that she believed Plaintiffs could get everything Plaintiffs

20   wanted.  Ms. Hurst stated that she was prepared to engage in "scorched earth" litigation if

21   Teachscape continued to object to further activity in this case because Teachscape's motion to

22   dismiss was pending.  "Scorched earth" was the exact phrase Ms. Hurst used.  At that point, our

23   discussions stopped.

24        11.    On October 7, I received a letter from Mr. Kassabian, in which Plaintiffs requested

25   that Teachscape *unilaterally* produce all Marygrove final course material, including all first

26   drafts, final and latest versions.   Attached hereto as **Exhibit F** is a true and correct copy of Mr.

27   Kassabian's October 7, 2007 letter.

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-3-

12.     On October 10, 2007, I responded to Mr. Kassabian's October 7 letter, informing Mr. Kassabian that Teachscape found Plaintiffs' proposal that Teachscape make a *unilateral* production of "first" and "final" Marygrove course material unacceptable and that Teachscape believed that setting a discovery plan was premature in light of the pending motion to dismiss. Attached hereto as **Exhibit G** is a true and correct copy of this letter.

13.     On October 15, 2007, Teachscape and Plaintiffs conducted their Rule 26(f) conference. Teachscape asserted that any activity, including discovery, was impractical and premature in light of the pending motion to dismiss. Teachscape attempted to discuss the parameters of the Joint Case Management Statement with Plaintiffs during this conference, but in doing so, did not withdraw its prior objection that initial disclosures and other activity should be deferred pending a decision from the Court regarding Teachscape's motion to dismiss. Teachscape did not agree to a date on which it would make its initial disclosures. Teachscape additionally noted that since the Court's jurisdiction was in question and Teachscape's motion to dismiss was pending, it did not feel it appropriate to include in the Joint Case Management Statement under "motions" the following statement which Plaintiffs' proposed: "The parties are currently negotiating a Stipulated Protective Order, which they expect to file shortly." Teachscape, however, told Plaintiffs' counsel it was willing to discuss a proposal for protecting confidential, proprietary and/or trade secret information. Teachscape was unwilling, however, to allow Plaintiffs to suggest it was formally negotiating a proposed stipulated protective order, as Teachscape felt it was inconsistent with its pending motion to dismiss. I was also concerned about negotiating a formal protective order when Ms. Hurst had threatened "scorched earth" litigation. Plaintiffs refused to discuss the parameters of a protective order/confidentiality agreement unless they could formally notify the Court that discussions for entry of a formal order were ongoing.

14.     On October 25, 2007, I forwarded my proposed edits to the draft Joint Case Management Statement to Plaintiffs. In an effort to dissuade Plaintiffs from engaging in burdensome discovery, in the Statement, I proposed that Teachscape serve its initial disclosures

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET , 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-4-
DECLARATION OF GAYLE M. ATHANACIO ISO TEACHSCAPE'S
OPPS. TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
AND MOTION TO COMPEL INITIAL DISCLOSURES
CASE NO. C 07-03225 RS

1  on October 31, 2007 "[a]bsent an order by this Court...." Teachscape agreed to serve its initial

2  disclosures on October 31, as Teachscape believed this date to be consistent with the Court's

3  initial case management order, which required that the parties make their initial disclosures on or

4  before the date the joint case management statement was submitted to the Court. Plaintiffs did

5  not respond to my proposal.

6      15.    On October 15, 2007, Plaintiffs hand served Teachscape with 80 document requests

7  and a Rule 30(b)(6) Notice Of Deposition of Teachscape, requesting testimony on over 80 topics

8  and subtopics. The deposition was unilaterally noticed for December 10, 2007 without

9  Teachscape being consulted. Teachscape served its objections to the document requests on

10  November 14, 2007 and its objections to the Notice Of Deposition on December 7, 2007.

11      16.    On October 30, 2007, the Court continued the CMC to December 19, 2007, with

12  the joint statement due on December 12, 2007.

13      17.    In light of the Court's continuance of the CMC, on October 30, I e-mailed Ms.

14  Hurst and notified her that Teachscape would serve its initial disclosures on December 12, as

15  Teachscape interpreted the Order as allowing initial disclosures to be made by that date. I also

16  informed Ms. Hurst that the joint case management statement should be revised to reflect

17  Plaintiffs' contention that Teachscape's initial disclosures were overdue. This e-mail is attached

18  as Exhibit A to the Declaration of Elena DiMuzio In Support Of Plaintiffs' Motion To Compel

19  Initial Disclosures.

20      18.    Plaintiffs filed their Motion To Compel Initial Disclosures on November 15, 2007,

21  setting the hearing date for December 26, 2007. Plaintiffs never contacted me regarding

22  scheduling the hearing for this date prior to filing.

23      19.    Plaintiffs filed their Motion For Protective Order on November 28, 2007, setting

24  the hearing date for January 2, 2008. Prior to their filing, Plaintiffs never contacted me regarding

25  scheduling the hearing for this date.

26      20.    On November 29, I e-mailed Elena DiMuzio, counsel for Plaintiffs, regarding the

27  inappropriate nature of Plaintiffs' Motion To Compel, noting that Plaintiffs failed to meet and

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    confer with Teachscape regarding both the substance of the motion and its noticed hearing date.

2    I reminded Plaintiffs of Teachscape's positions that any activity in this case was premature in

3    light of the pending motion to dismiss and again noted that Teachscape understood that the

4    Court's continuance of the CMC moved the date for serving initial disclosures. Attached hereto

5    as **Exhibit H** is a true and correct copy of my November 29, 2007 e-mail to Ms. DiMuzio.

6        21.    On November 30, Ms. DiMuzio responded to my November 29 e-mail, stating that

7    Plaintiffs believed that Teachscape's objections to Plaintiffs' Motion To Compel were

8    "meritless," adding that Plaintiffs would withdraw their motion only if Teachscape made its

9    disclosures "in accordance with Rule 26(a)." Plaintiffs offered to move the hearing date to

10   January 2, 2008, the same date as the unilaterally set date for the Motion For Protective Order.

11   Attached hereto as **Exhibit I** is a true and correct copy of Ms. DiMuzio's November 30, 2007 e-

12   mail.

13       22.    On November 30, I responded to Ms. DiMuzio's e-mail, and reiterated

14   Teachscape's position as to Plaintiffs' Motion To Compel. I also informed Ms. DiMuzio that

15   counsel for Teachscape was neither available on December 26 nor January 2 for a hearing, but

16   that I was available to attend a hearing on January 9, 2008. Attached hereto as **Exhibit J** is a true

17   and correct copy of my November 30, 2007 e-mail to Ms. DiMuzio.

18       23.    I requested Plaintiffs re-notice their motions to January 9, 2008, the first available

19   hearing date for me. Plaintiffs would not re-notice their motion but ultimately agreed to stipulate

20   to move the hearing date to January 9, 2008, provided Teachscape agreed its opposition would be

21   filed December 12, 2007.

22       I declare under penalty of perjury under the laws of the United States of America and the

23   State of California that the foregoing is true and correct.

24       Executed this 12th day of December, 2007, at San Francisco, California.

25

26       By:_____/S/_____

27                GAYLE M. ATHANACIO

28                        -6-

# EXHIBIT A

# HellerEhrman LLP

February 9, 2007

Annette L. Hurst
Annette.Hurst@hellerehrman.com
Direct +1.415.772.6840
Direct Fax +1.415.772.1790
Main +1.415.772.6000
Fax +1.415.772.6268

*Via E-mail*
*Via Facsimile*

Christine Lepera, Esq.
Sonnenschein Nath & Rosenthal
1221 Avenue of the Americas
New York, NY 10020-1089

Re:    Teachscape Inc.

Dear Christine:

Thank you for your letter dated January 26, 2007 to Laureate Education, Inc. ("Laureate"). We are trial counsel in this matter for Laureate and its subsidiary Canter and Associates (collectively referred to herein as "Canter") and Mr. Zentz has asked that we continue the correspondence with you. At the outset, I would appreciate it if you would inform us whether you also represent, in an individual capacity, any or all of the foregoing persons: Melissa Javin, Hae Young Kim, Mike Soules, Valerie Cameron, Anna Crupi, Suddie Gossett, Barbara DeHart, Simone Vilandre, Stacey McNalley, Romario Pineda, Brenda Pope-Ostrow, and Chip Swalley (the "Former Employees"). If you do not represent each and all of the Former Employees in their individual capacity, please inform us immediately who does.

While Canter appreciates the assurances of Teachscape, Inc. ("Teachscape"), as you might surmise, Canter is extremely skeptical of them. In particular, Teachscape has systematically acquired from Canter the knowledge required to recreate Canter's online degree program business—in the form of strategic hires from every aspect of Canter's business. Teachscape did not build its business on its own. That Teachscape has and fully intends to compete unfairly by taking advantage of Canter's investment to gain a headstart in development of its own degree program business has become apparent upon the announcement of its four programs (CIA, reading and two math) with Marygrove College ("Marygrove")—the first such offerings by Teachscape in the degree program arena.

Indeed, Teachscape announced its CIA program with Marygrove as an "updated" and "enhanced" version of Marygrove's previous offering—a program *that was supplied by Canter.* This false advertising, coupled with Marygrove's various statements to Canter representatives concerning the nature of its relationship with Teachscape and the apparent

**HellerEhrman**LLP

"postponement" of the CIA course, confirm that Teachscape has not acted properly in this matter. Prior to this, as you point out in your letter, Canter has consistently reminded its former employees of their obligations and Teachscape of its obligations with respect to hiring them. Having received assurances, however, until the announcement of the Marygrove programs, Canter had little recourse but to assume that Teachscape and the Former Employees were honestly representing themselves as compliant with all legal requirements. That assumption can no longer be made.

Accordingly, I am quite confident of Canter's ability to assert appropriate claims against Teachscape involving the misuse of trade secrets and interference with contractual relationships. Teachscape's threats as expressed in your letter of January 26 are of no concern to Canter. What is of concern to Canter is the protection of its intellectual property, which must remain paramount. In that regard, Canter is willing to explore means of avoiding litigation if Teachscape is willing to do so quickly and in good faith.

In particular, Canter demands as follows:

1.      That Teachscape immediately produce for inspection all course-related materials, including all drafts thereof, that it intends to use in connection with its degree program offerings with Marygrove. In particular, Canter requests that it be permitted to inspect all course materials sent to students, including without limitation course packets, articles, syllabi, texts, study guides, DVD's/videos, and course log-ins that will provide us access to all online courses that Teachscape has advertised in partnership with Marygrove. This should include any outlines and/or draft materials for the planned course of study in each of these four programs.

2.      That Teachscape immediately produce for inspection all employment agreements with the Former Employees, provide its written policy, if any, concerning the protection of trade secrets of prior employers, and make a full and complete written explanation of all counseling it has provided to the Former Employees regarding their obligations to preserve inviolate the confidences of their prior employers.

3.      That Teachscape immediately disclose and provide to Canter all documentary materials, in any form--electronic or otherwise---in the possession of any of the Former Employees, including without limitation materials e-mailed or otherwise existing on personal e-mail accounts or home computers, that in any way relate to their employment with Canter. If you claim that Teachscape and the Former Employees have no such documents, we ask that you provide written representations on behalf of Teachscape and each and every one of the Former Employees that they do not now have and never have had since they departed their employ with Canter any such materials of any kind.

**HellerEhrman**LLP

Christine Lepera, Esq.
February 9, 2007
Page 3

As I am sure you know, Canter would be entitled to all of this information in discovery in a lawsuit, which it is prepared to file. Accordingly, Canter is willing to enter into an appropriate confidentiality agreement concerning the foregoing whereby it would agree to use or disclose the information requested only for purposes of evaluating its claims against Teachscape and the Former Employees. Should Teachscape refuse to comply with any of the foregoing requests, however, Canter is entitled to and will take such refusal as confirmation of the merits of its claims.

We look forward to your prompt written response to the foregoing, in no event later than February 15, 2007.

Sincerely yours,

Annette L. Hurst

cc:    Robert Zentz, Esq.

# EXHIBIT B

# Sonnenschein

SONNENSCHEIN NATH & ROSENTHAL LLP

**Christine Lepera**
212.398.7643
clepera@sonnenschein.com

1221 Avenue of the Americas
New York, NY 10020-1089
212.768.6700
212.768.6800 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

March 7, 2007

Via Facsimile/Mail

Annette L. Hurst
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

Re:    *TEACHSCAPE/LAUREATE*

Dear Ms. Hurst:

I write further to my letter of February 20, 2007 and our subsequent telephone calls and to provide you with certain of the information you have requested.

As a preliminary matter, please be advised that we remain of the view, expressed in my February 20, 2007 letter, that neither you nor your client, Laureate Education, Inc. ("Laureate") has articulated any factual predicate for any of its purported claims. Absent such a predicate, we can only conclude that Laureate's improper goal is to impede the legitimate competition posed by Teachscape, Inc. ("Teachscape").

Notwithstanding these views, our client is willing to provide you with several assurances in order to demonstrate that Laureate's conclusory contentions are without basis and in an effort to avoid further controversy. These assurances are provided without waiver of or prejudice to any of Teachscape's rights, remedies, claims, or defenses, and without conceding any of Laureate's allegations regarding its rights, property or claims.

First, Teachscape does have a policy and practice by which its employees are required to maintain the confidentiality of any proprietary or trade secret information/documents they may have acquired from their prior employers.

Second, Teachscape's policy and practice provide that its employees are not to use or disclose any such information during their employment with Teachscape. This includes a mandate that its employees not bring onto Teachscape's premises confidential documents belonging to prior employers.

An example of that policy is excerpted below from one of Teachscape's contracts:

9987313V-1



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Annette L. Hurst
March 7, 2007
Page 2

"During my employment by the Company, I will not improperly
use or disclose any confidential information or trade secrets, if any,
of any former employer or any other person to whom I have an
obligation of confidentiality, except to the extent that such
confidential information or trade secrets relate to any asset
assigned to or owned by the Company, and I will not bring onto
the premises of the Company any unpublished documents or any
property belonging to any former employer or any other person to
whom I have an obligation of confidentiality unless consented to in
writing by that former employer or person. I will use in the
performance of my duties only information which is generally
known and used by persons with training and experience
comparable to my own, which is common knowledge in the
industry or otherwise legally in the public domain, or which is
otherwise provided or developed by the Company."

Third, Teachscape has satisfied itself that these policies and practices have, in fact, been
honored by the individuals you have identified. As a showing of its on-going good faith,
Teachscape has reiterated the importance of observing each of these policies and neither
Laureate or any other party has given Teachscape any reason to believe otherwise.

We have further investigated Laureate's claim of "interference with contract
relationships" with Marygrove. While Teachscape is not privy to the contract between
Marygrove and Laureate, Marygrove represented that it sought to do business with Teachscape
because it was dissatisfied with its relationship with Laureate. Teachscape expressly conditioned
its arrangement with Marygrove upon Marygrove's representation and assurances that the
proposed relationship with Teachscape would not result in a breach of any agreement with
Laureate. We are confident that Teachscape's relationship with Marygrove is not the result of
any wrongdoing by Teachscape (or any of its employees or consultants) and certainly is not the
result of the improper disclosure of any confidential information belonging to Laureate. We
provide you with the further assurance again that Teachscape has not entered into an agreement
with Marygrove for a MAT /CIA course, but rather has embarked upon Masters courses in
Reading and Math.

In our conversations, particularly our conversation of yesterday, you leveled many
serious allegations against Marygrove. You claimed that Marygrove breached its contract with
Laureate by its arrangement with Teachscape in Masters in Reading and Math. You further
alleged that Marygrove has engaged in other substantial wrongdoing, including your claim
yesterday that Marygrove has falsely advertised its course history with Laureate and Teachscape
on its website, which specific allegation we are in the process of investigating. We are not aware
of any written notification by Laureate to Marygrove of any of these allegations. Laureate's

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Annette L. Hurst
March 7, 2007
Page 3

assertions that Marygrove is in breach of its contract is central to Laureate's assertions against Teachscape regarding, *inter alia*, its alleged interference with Laureate's contract with Marygrove. Accordingly, we request that you provide us with copies of any correspondence or communications between Laureate and Marygrove on the subject of Marygrove's alleged breach and wrongdoing, as well as any documentation reflecting that alleged breach occurred. We also ask that you advise us as to what steps if any Laureate has taken to mitigate the alleged breach by Marygrove by placing its Math and Reading courses with Teachscape.

We also would like you to follow up on your offer for information from Laureate. With respect to the ex- employees that have been named in Laureate's various letters, (albeit without consistency), we request that you identify which employees were terminated by Laureate. We also seek any communications between the employees/consultants you have named and Laureate, in which Laureate either demanded or obtained assurances that those employees return any documents and maintain its confidences at or about the time of their departure.

With respect to your demand that Teachscape provide Laureate with all course-related materials, which you claim you need to determine if any copyright infringement has occurred, as we discussed, we request that you provide us with the specific course or courses in which Laureate claims copyright ownership, the date of creation of the works, and whether or not there are any copyright registrations filed with respect to those courses that we can review. We also request that you identify the author of the works, whether there are any rights holders other than Laureate to any content in those courses, and whether Marygrove or any other third party contributed any copyrightable material to those courses. If you are willing to provide this information, we would be willing to engage in an "apples to apples" comparison, on an attorneys' eyes only basis, with respect to the applicable final course materials of our respective clients, which we can review against relevant prior art and public domain materials.

Please discuss these matters with your client, and let us know your position. All of our clients' legal and equitable claims, remedies, relief, and contentions remain hereby fully and expressly reserved.

Sincerely,

Christine Lepera

Christine Lepera

CL/sl

cc:     Mark Atkinson
        Gayle Athanacio

9987313\V-1

# EXHIBIT C

# HellerEhrman L.L.P

April 6, 2007

*Via E-mail*

Annette L. Hurst
Annette.Hurst@hellerehrman.com
Direct +1.415.772.6840
Direct Fax +1.415.772.1790
Main +1 (415) 772-6000
Fax +1 (415) 772-6268

Christine Lepera
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas

Re:    Laureate/Teachscape

Dear Christine:

I did not intend to respond directly to the blatant misrepresentations contained in your most recent correspondence as I felt it would not further the discussions between our clients. Now that I have learned, however, that those misrepresentations have been repeated and elaborated upon directly to Marygrove, you leave us with little choice to respond irrespective of the larger context.

You repeatedly insisted that we speak on the telephone regarding this matter, despite the fact that Laureate had amply elaborated on its position in correspondence. Each time we spoke, you insisted upon cross-examining me about Laureate's contentions. Now those contentions have come back to me in a distorted and nearly unrecognizable form—apparently as the result of Teachscape communicating with Marygrove about our confidential settlement discussions.

Now that I understand that your apparent objective in conducting communications orally and in this fashion was not a good faith basis to try to resolve a litigation dispute, but instead was to provide a basis for your client to further interfere with my client's contractual arrangements, there will be no further such communications between us.

Teachscape's decision to use its lawyers to further its goal of destroying the long-term relationship between Laureate and Marygrove is reprehensible. This is particularly so as you represented throughout our conversations that you wanted to alleviate, not create further, suspicion that Teachscape was using improper and unfair tactics to interfere with Laureate's relationship with Marygrove.

By these actions, Teachscape has done nothing but substantially increased the likelihood of litigation.

Heller Ehrman LLP   333 Bush Street   San Francisco, CA  94104-2878   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

HellerEhrman LLP

In that regard, we reiterate our original demand that Teachscape immediately produce for inspection all course-related materials, including all drafts thereof, that it intends to use in connection with its degree program offerings with Marygrove. In particular, Laureate requests that it be permitted to inspect all course materials sent to students, including without limitation course packets, articles, syllabi, texts, study guides, DVD's/videos, and course log-ins that will provide us access to all online courses that Teachscape has advertised in partnership with Marygrove. This should include any outlines and/or draft materials for the planned course of study in each of these four programs.

As we previously stated, Laureate is willing to enter into an appropriate confidentiality agreement concerning the foregoing whereby it would agree to use or disclose the information requested only for purposes of evaluating its claims against Teachscape and the Former Employees. Laureate is also willing to share similar information with you subject to what we must now insist be iron-clad confidentiality agreements in light of these events.

Should Teachscape continue to refuse to supply its course materials for analysis, however, Laureate is entitled to and will take such refusal as confirmation of the merits of its claims.

We look forward to a written response from you by the close of business Friday, April 13, 2007.

Sincerely yours,

Annette Hurst

Annette L. Hurst

# EXHIBIT D



SONNENSCHEIN NATH & ROSENTHAL LLP

**Christine Lepera**
212.398.7643
clepera@sonnenschein.com

1221 Avenue of the Americas
New York, NY 10020-1089
212.768.6700
212.768.6800 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, N.J.*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

April 16, 2007

<u>Via Facsimile/Mail</u>

Annette L. Hurst
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

    Re:    ***TEACHSCAPE/LAUREATE***

Dear Ms. Hurst:

        I am in receipt of your April 6, 2007 letter.

        Notwithstanding the expressed insistence of your client Laureate Education Inc. ("Laureate"), that Teachscape, Inc. ("Teachscape") provide Laureate with certain information and assurances in an expedited fashion, you failed to respond to or even acknowledge my March 7, 2007 letter accommodating that request and supplying your client with substantive information, assurances, and a proffer for an exchange of certain documents. Your letter of April 6 -- sent a month later -- not only ignores our good faith effort but offers nothing more than another pointless batch of baseless accusations and threats.

        There have been no misrepresentations to you or to Marygrove College ("Marygrove"). Nor have there been any "confidential" settlement discussions between us. In our conversations, we asked you to describe any wrongdoing by our client or Marygrove, and obtained only the same conclusory contentions contained in your correspondence. We advised Marygrove of your express, albeit wholly conclusory, assertions of wrongdoing against it and our client, which we had every right to do. Marygrove has assured Teachscape that Laureate's assertions against it are false. There is no basis for Laureate's vague and unsupported claims against Teachscape.

        While you again "demand" some of the materials (abandoning others) you previously claimed you needed, ostensibly to conduct an investigation into whether any of Laureate's alleged copyrighted course materials have been copied, you ignore the offer expressed in my March 7, 2007 letter. Although Laureate has never articulated any basis for any claim of copyright infringement, we nevertheless proposed a rational exchange of documents tailored to address copyright issues in my March 7 letter. Should you wish to respond in a meaningful fashion to that offer, or to engage in a constructive dialogue about an exchange of documents along the lines we have offered, we remain amenable to such an exchange and approach under a

9990944\V-1


**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

Annette L. Hurst
April 16, 2007
Page 2

suitable protective order. Otherwise, these communications are a waste of our clients' respective time and resources.

All of our client's legal and equitable rights, claims, remedies, defenses, and contentions remain and hereby are fully and expressly reserved.

Sincerely,

*Christine Lepera*

Christine Lepera

CL/sl

cc:    Mark Atkinson
       Gayle Athanacio

# EXHIBIT E

**Athanacio, Gayle M.**

| | |
|---|---|
| **From:** | Athanacio, Gayle M. |
| **Sent:** | Monday, September 24, 2007 6:49 PM |
| **To:** | Kassabian, Daniel N. |
| **Subject:** | Laureate v Teachscape |

Dan--
Sorry I missed your call but I have been tied up out of my office and will be all week.  We are ok with your selection for ADR.  You can prepare and submit a stipulation that reflects our agreement.
As to the protective order and initial disclosures, our position is that both are premature in light of our pending motion to dismiss/strike and the court's continuance of the CMC.

If you have any questions, or would like to discuss the matter further, we can talk in person on Wed when we are both in SJ.


Gayle

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com

# EXHIBIT F

# HellerEhrman LLP

October 7, 2007

Daniel N. Kassabian
Daniel.Kassabian@hellerehrman.com
Direct +1 (415) 772-6098
Direct Fax +1 (415) 772-1796
Main +1 (415) 772-6000
Fax +1 (415) 772-6268

26930.0004

*Via E-mail and U.S. Mail*

Gayle M. Athanacio, Esq.
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th Floor
San Francisco, CA  94105-2708

Re:     ***Canter & Assocs., LLC and Laureate Educ., Inc. v. Teachscape, Inc.,***
         **No. 07-3225 RS (N.D. Cal.)**

Dear Gayle:

I write to find a time for us to meet and confer on case management issues and to propose initial discovery regarding Laureate's copyright infringement claim to break the deadlock between the parties on that issue.

As to case management, the Court's Order Setting Initial Case Management Conference and ADR Deadlines ("Initial CMC Order") and Federal Rule of Civil Procedure 26(f) require the parties to meet and confer about these issues much in advance of our Case Management Conference ("CMC") with the Court, currently scheduled for November 7, 2007. To date, you have deferred or outright rebuffed attempts to reach agreement on any case management-related issue. For example, on September 20th you unilaterally canceled our Rule 26(f) conference scheduled for the morning of the next day, and have proposed no alternative meeting times. Also, although you have indicated agreement to mediation as the ADR process, you have failed to respond to my e-mail forwarding the Stipulation and Proposed Order Selecting ADR Process so that we could file this with the Court. Furthermore, you have not provided any feedback on the draft Stipulated and Proposed Protective Order that I e-mailed to you on September 10, 2007. Finally, during our discussion at the courthouse on September 26th after the hearing on Teachscape's motion to dismiss, you indicated an unwillingness to go forward with Teachscape's obligations to meet and confer or engage in discovery. Indeed, you indicated that Teachscape would not be serving its Rule 26(a) Initial Disclosures that day, even though this deadline for service was set by the Initial CMC Order.

Teachscape's actions to date, including its disregard of a Court-ordered deadline, leads Canter and Laureate to believe that Teachscape intends to employ delay tactics to keep this

Heller Ehrman LLP   333 Bush Street   San Francisco, CA  94104-2878   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

HellerEhrman<sub>LLP</sub>

case from progressing to resolution on the merits. Despite this belief, we request (in accord with my prior requests to you) that Teachscape meet and confer on case management issues. Pursuant to Rule 26(f) and given the Court's rescheduling of the CMC for November 7th, such a meeting should happen in advance of October 17th. I am available anytime this week for such a meeting. We also expect Teachscape to provide feedback on the draft Protective Order at that meet and confer, or prior to it. If Teachscape refuses to meaningfully engage in the meet and confer process or refuses to comply with the Court's deadlines, Canter and Laureate will consider moving the Court for relief, including seeking the entry of the Protective Order as currently drafted.

As to the copyright infringement claim, Laureate proposes a compromise that will permit it to adequately substantiate its copyright infringement claim without requiring Teachscape to produce all drafts of all of Teachscape's course materials, which Teachscape considers to be unduly burdensome. Specifically, Laureate is willing to accept, as an initial matter, Teachscape's production of the earliest available draft and final version—i.e., latest version, or published version if publication has occurred—of the course materials for the following Teachscape master's degree programs that are currently offered through Marygrove College or were advertised by Teachscape as a future Teachscape master's degree program through Marygrove:

(1) Master in the Art of Teaching with a Focus on Curriculum, Instruction & Assessment;
(2) Master in the Art of Teaching with a Focus on Reading & Literacy, Grades K–6; and
(3) Master in the Art of Teaching with a Focus on Mathematics, Grades K–5 and Grades 6–8;

To be clear, it is Laureate's understanding that this production would include the course materials for the six "core" courses that appear to be part of all of these programs, namely:

- Teacher as Leader;
- Understanding Teaching and Learning;
- Instructional Design; Effective Assessment;
- Teacher as Researcher; and
- Meeting the Needs of All Students.

Furthermore, the production would include the program-specific courses for each specialization, such as:

- Foundations of Reading and Literacy;
- Assessment & Intervention for Struggling Readers;
- Reading in the Content Areas
- The Reading and Writing Connection
- Problem Solving and Number & Operations, Grades K-5 and Grades 6–8;
- Measurement and Geometry, Grades K-5 and Grades 6–8;
- Algebra, Grades K-5 and Grades 6–8; and
- Data Analysis and Probability, Grades K-5 and Grades 6–8;

# HellerEhrman<sub>LLP</sub>

We look forward to your prompt response regarding my request to meet and confer about case management issues.  We also look forward to your prompt response regarding our compromise on initial discovery regarding Laureate's copyright infringement claim.

Best regards,

Daniel N. Kassabian

cc:    Annette L. Hurst, Esq. (*via e-mail only*)
       Elena M. DiMuzio, Esq. (*via e-mail only*)
       Christine Lepera, Esq. (*via e-mail only*)

# EXHIBIT G



SONNENSCHEIN NATH & ROSENTHAL LLP

Gayle M. Athanacio
415.882.5077
gathanacio@sonnenschein.com

525 Market Street
26th Floor
San Francisco, CA 94105-2708
415.882.5000
415.882.0300 fax
www.sonnenschein.com

October 10, 2007

**VIA EMAIL AND U.S. MAIL**

Daniel Kassabian, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

Re:    *Canter & Associates, LLC and Laureate Education, Inc. v. Teachscape, Inc.*

Dear Dan:

I have received your recent correspondence regarding the above-referenced matter. At the outset, I must say I take issue with both the tone and substance of your letter. In your letter, you suggest that I have "deferred or outright rebuffed attempts to reach agreement on any case management-related issue." This simply is untrue. As you know, Teachscape filed a motion to dismiss which called into question the Court's jurisdiction. No doubt, as a consequence of the pending motion, the court on its own initiative continued the Case Management Conference to November 7th and the date for filing of a joint statement to October 31st. In light of this, and the simple fact that I was sick, I contacted you to cancel the "meet and confer" meeting we had previously scheduled. I have never stated, let alone suggested, I would not engage in a later meet and confer with you should the matter not be resolved by Teachscape's motion.

As to Teachscape's motion, as was clear at the hearing, the judge recognizes the Court's jurisdiction is legitimately in question. Consequently, Teachscape continues to believe it is premature to set dates or discovery plans. Nonetheless, as I advised you over a month ago, to the extent the Court has not ruled on Teachscape's motion or otherwise retained jurisdiction, the most productive manner in which to proceed would be for plaintiffs to make a proposal on case management so that any such proposal can be discussed with Teachscape prior to our meet and confer. To date, you have failed to provide us with any such proposal. Rather, you write ostensibly to propose a "compromise" that will "permit [plaintiffs] to adequately substantiate its copyright infringement claim." However, the simple truth is that Plaintiffs rebuffed Teachscape's prior efforts to assuage Laureate's (albeit unfounded) concerns that its copyrights were infringed. Instead, Laureate misled the Court and suggested that Teachscape outright refused to disclose or placed "unreasonable" demands on any exchange of information. As was apparent at the hearing on Teachscape's motion, the Court was troubled by Plaintiffs filing suit


SONNENSCHEIN NATH & ROSENTHAL LLP

Daniel N. Kassabian
October 10, 2007
Page 2

without any, let alone an adequate, basis on which to assert a copyright claim. Filing suit and then hoping discovery may "substantiate" a copyright claim is inappropriate, indeed sanctionable.

With this in mind, your "compromise" that Teachscape *unilaterally* disclose to Plaintiffs its earliest available "draft" and "final" course materials is unacceptable. Your clients, despite our best efforts to resolve the current dispute without litigation, decided to initiate a federal action which Teachscape has no doubt is without merit. Having done so, you are now bound by the rules of this Court. Until such time as the Court rules on Teachscape's motion and authorizes discovery, Teachscape will not voluntarily agree to allow you to engage in the costly and burdensome fishing expedition in which you seek to engage. As you cannot seriously doubt, the judge was wholly unimpressed with Plaintiffs' purported need to review drafts of materials in order to assess whether there was any merit to Laureate's copyright infringement claim. While Teachscape has no doubt that a review of its material will prove to any reasonable observer that Plaintiffs' claims are completely without merit, past experience has shown that Plaintiffs are simply not reasonable when it comes to the present dispute.

Having said this, Teachscape will fully comply with its obligations under the applicable rules. Thus, if you would send to me at your earliest convenience your proposal for case management, we can discuss it with our client and be prepared to have an intelligent discussion with you about it. We will in kind forward to you a proposed protective order, provided you agree that by doing so, Teachscape is in no way waiving its right to object to any or all discovery.

As to your proposed stipulation on ADR, as I informed you, Teachscape is amenable to mediation. Again, however, court-ordered mediation seems premature when the Court's jurisdiction is in question. Consequently, we have revised your stipulation to recognize the agreement in principle to mediation, but noting that ordering mediation at this time is not warranted. A copy of our proposed stipulation is attached.

I believe I have addressed all of the substantive matters raised in your letter. If I have missed anything, or you would like to discuss the matter further, please feel free to call me.

Very truly yours,

SONNENSCHEIN NATH & ROSENTHAL LLP

Gayle M. Athanacio

Enclosure

# EXHIBIT H

**Cranmer, Patricia**

| | |
|---|---|
| **From:** | Athanacio, Gayle M. |
| **Sent:** | Thursday, November 29, 2007 12:55 PM |
| **To:** | DiMuzio, Elena M. |
| **Cc:** | Hurst, Annette L.; 'Kassabian, Daniel N.'; Lepera, Christine |
| **Subject:** | Canter v Teachscape--Plaintiffs' motion to compel initial disclosures |

Elena--
I was astonished to read plaintiffs' motion to compel. Your filing is inappropriate in several material respects.

1. Your statement regarding compliance with the "meet and confer" requirements is false. Sending me an email with an ultimatum--either agree to date certain for the initial disclosures or else Plaintiffs' will file a motion to compel-- does not constitute an effort to "meet and confer". Further, you filed your motion before I had an opportunity to respond without further warning.

2. As I have repeatedly informed your office (albeit not you directly as you are the most recent addition to Plaintiffs' counsel team), Teachscape believes any further activity in this case is premature and unwarranted in light of Teachscape's pending motion to dismiss. This was clearly communicated to Plaintiffs' counsel during our many conversations and also during our Rule 26 conference. In an good faith effort to minimize our differences, Teachscape agreed to provide initial disclosures (such as it could make based on Plaintiffs' operative complaint) consistent with the notion that the disclosures should be made on the same day as the filing of the joint CMC statement, which in turn was set by the court as being due a week before the actual CMC. I made that offer before being hand served with a document request containing 80 separate document demands and FRCP 30 b 6 deposition notice that arguably asks for over 80 topics to be covered.

3. The court on its own motion continued the CMC as well as the filing of the joint statement. We believe that moves the date for any required initial disclosures. To the extent you argue it does not, please note that we will stand on our prior objection that any activity in this case is premature with the motion to dismiss pending. You can revise the CMC joint statement (which is still in draft form and which you have had for weeks) to reflect this. We can then address the issue at the CMC (as we would have in any event as you will no doubt find some objection to whatever our initial disclosure reflects since we maintain that disclosure by Teachscape with the motion to dismiss pending is premature and inappropriate, particularly in light of the fact that other than the Marygrove relationship, Plaintiffs' complaint is completely devoid of "facts" to apprise Teachscape of what Plaintiffs have a reasonable basis on which to claim wrongdoing by Teachscape.

4. You set the date for your hearing without consulting us. This is a violation of the SJ division's rules. As I am sure will not surprise you, I have a problem with a hearing in San Jose the day after Christmas.

5. You submitted a proposed order seeking attorneys fees. This is not only a baseless request but one which is patently in violation of the rules of court for making such a request.

As the above reflects, we believe your motion is baseless. We strongly encourage you to withdraw it.

Gayle


Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415.882.5077
cellular phone: 650.454.0933
facsimile: 415.882.0300
email: gathanacio@sonnenschein.com

# EXHIBIT I

## Cranmer, Patricia

**Subject:**  RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures
**ParentEntryId:**  00000000D9F4DEAB28A9E44587263D7D54492F480700DDE84D3B23572546BF490FD5B87(

---

**From:** DiMuzio, Elena M. [mailto:Elena.DiMuzio@hellerehrman.com]
**Sent:** Friday, November 30, 2007 10:29 AM
**To:** Athanacio, Gayle M.
**Cc:** Hurst, Annette L.; Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Gayle:

Your message raises a number of meritless objections with which Canter and Laureate wholly disagree.

Canter and Laureate will agree to withdraw the motion to compel when Teachscape makes its initial disclosures in accordance with Rule 26(a). Otherwise, our motion stands.

If you are unavailable for the hearing on December 26, we are willing to move the hearing date to January 2, 2008. Please advise if you, Ms. Lepera, or someone else from your firm is available on this date.

Sincerely,

**Elena DiMuzio** | Attorney | HellerEhrmanLLP | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6293 | fax: +1.415.772.1753 | email: elena.dimuzio@hellerehrman.com | web:
www.hellerehrman.com

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Thursday, November 29, 2007 12:55 PM
**To:** DiMuzio, Elena M.
**Cc:** Hurst, Annette L.; Kassabian, Daniel N.; Lepera, Christine
**Subject:** Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Elena--
I was astonished to read plaintiffs' motion to compel. Your filing is inappropriate in several material respects.

1. Your statement regarding compliance with the "meet and confer" requirements is false. Sending me an email with an ultimatum--either agree to date certain for the initial disclosures or else Plaintiffs' will file a motion to compel-- does not constitute an effort to "meet and confer". Further, you filed your motion before I had an opportunity to respond without further warning.

2. As I have repeatedly informed your office (albeit not you directly as you are the most recent addition to Plaintiffs' counsel team), Teachscape believes any further activity in this case is premature and unwarranted in light of Teachscape's pending motion to dismiss. This was clearly communicated to Plaintiffs' counsel during our many conversations and also during our Rule 26 conference. In an good faith effort to minimize our differences, Teachscape agreed to provide initial disclosures (such as it could make based on Plaintiffs' operative complaint) consistent with the notion that the disclosures should be made on the same day as the filing of the joint CMC

statement, which in turn was set by the court as being due a week before the actual CMC. I made that offer before being hand served with a document request containing 80 separate document demands and FRCP 30 b 6 deposition notice that arguably asks for over 80 topics to be covered.

3. The court on its own motion continued the CMC as well as the filing of the joint statement. We believe that moves the date for any required initial disclosures. To the extent you argue it does not, please note that we will stand on our prior objection that any activity in this case is premature with the motion to dismiss pending. You can revise the CMC joint statement (which is still in draft form and which you have had for weeks) to reflect this. We can then address the issue at the CMC (as we would have in any event as you will no doubt find some objection to whatever our initial disclosure reflects since we maintain that disclosure by Teachscape with the motion to dismiss pending is premature and inappropriate, particularly in light of the fact that other than the Marygrove relationship, Plaintiffs' complaint is completely devoid of "facts" to apprise Teachscape of what Plaintiffs have a reasonable basis on which to claim wrongdoing by Teachscape.

4. You set the date for your hearing without consulting us. This is a violation of the SJ division's rules. As I am sure will not surprise you, I have a problem with a hearing in San Jose the day after Christmas.

5. You submitted a proposed order seeking attorneys fees. This is not only a baseless request but one which is patently in violation of the rules of court for making such a request.

As the above reflects, we believe your motion is baseless. We strongly encourage you to withdraw it.

Gayle

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA 94105-2708
direct dial: 415.882.5077
cellular phone: 650.454.0933
facsimile: 415.882.0300
email: gathanacio@sonnenschein.com

-----------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein. In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.
-----------------------------------------------------------------------

=================================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

=================================================

**EXHIBIT J**

## Cranmer, Patricia

| | |
|---|---|
| **From:** | Athanacio, Gayle M. |
| **Sent:** | Friday, November 30, 2007 3:27 PM |
| **To:** | DiMuzio, Elena M. |
| **Cc:** | Hurst, Annette L.; Kassabian, Daniel N.; Lepera, Christine |
| **Subject:** | RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures |

Elena:
I am sorry that you insist on taking this position. We believe that it is your motion that is without merit. The joint case management conference statement (which has yet to be filed) will note the current difference of opinion as to the timing/appropriateness of Teachscape's initial disclosures based on its pending motion to dismiss. We fail to see the basis for your refusal to use this proper mechanism as the most effective and efficient manner to bring this matter to the Court's attention pursuant to Rule 26(f) . It appears that plaintiffs are engaging in unnecessary motion practice to unduly burden Teachscape and the Court.   We also do not understand, or appreciate, your effort to schedule motions one day after major holidays, Christmas and New Years.  We are not available on December 26, or Jan.2.

I am available on January 9, if you insist on pursuing your motion.

Gayle

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com

---

**From:** DiMuzio, Elena M. [mailto:Elena.DiMuzio@hellerehrman.com]
**Sent:** Friday, November 30, 2007 10:29 AM
**To:** Athanacio, Gayle M.
**Cc:** Hurst, Annette L.; Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Gayle:

Your message raises a number of meritless objections with which Canter and Laureate wholly disagree.

Canter and Laureate will agree to withdraw the motion to compel when Teachscape makes its initial disclosures in accordance with Rule 26(a). Otherwise, our motion stands.

If you are unavailable for the hearing on December 26, we are willing to move the hearing date to January 2, 2008. Please advise if you, Ms. Lepera, or someone else from your firm is available on this date.

Sincerely,

**Elena DiMuzio** | Attorney | **HellerEhrman**LLP | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6293 | fax: +1.415.772.1753 | email: elena.dimuzio@hellerehrman.com | web:
www.hellerehrman.com

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Thursday, November 29, 2007 12:55 PM
**To:** DiMuzio, Elena M.
**Cc:** Hurst, Annette L.; Kassabian, Daniel N.; Lepera, Christine
**Subject:** Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Elena--
I was astonished to read plaintiffs' motion to compel. Your filing is inappropriate in several material respects.

1. Your statement regarding compliance with the "meet and confer" requirements is false. Sending me an email with an ultimatum--either agree to date certain for the initial disclosures or else Plaintiffs' will file a motion to compel-- does not constitute an effort to "meet and confer". Further, you filed your motion before I had an opportunity to respond without further warning.

2. As I have repeatedly informed your office (albeit not you directly as you are the most recent addition to Plaintiffs' counsel team), Teachscape believes any further activity in this case is premature and unwarranted in light of Teachscape's pending motion to dismiss. This was clearly communicated to Plaintiffs' counsel during our many conversations and also during our Rule 26 conference. In an good faith effort to minimize our differences, Teachscape agreed to provide initial disclosures (such as it could make based on Plaintiffs' operative complaint) consistent with the notion that the disclosures should be made on the same day as the filing of the joint CMC statement, which in turn was set by the court as being due a week before the actual CMC. I made that offer before being hand served with a document request containing 80 separate document demands and FRCP 30 b 6 deposition notice that arguably asks for over 80 topics to be covered.

3. The court on its own motion continued the CMC as well as the filing of the joint statement. We believe that moves the date for any required initial disclosures. To the extent you argue it does not, please note that we will stand on our prior objection that any activity in this case is premature with the motion to dismiss pending. You can revise the CMC joint statement (which is still in draft form and which you have had for weeks) to reflect this. We can then address the issue at the CMC (as we would have in any event as you will no doubt find some objection to whatever our initial disclosure reflects since we maintain that disclosure by Teachscape with the motion to dismiss pending is premature and inappropriate, particularly in light of the fact that other than the Marygrove relationship, Plaintiffs' complaint is completely devoid of "facts" to apprise Teachscape of what Plaintiffs have a reasonable basis on which to claim wrongdoing by Teachscape.

4. You set the date for your hearing without consulting us. This is a violation of the SJ division's rules. As I am sure will not surprise you, I have a problem with a hearing in San Jose the day after Christmas.

5. You submitted a proposed order seeking attorneys fees. This is not only a baseless request but one which is patently in violation of the rules of court for making such a request.

As the above reflects, we believe your motion is baseless. We strongly encourage you to withdraw it.

Gayle


Gayle M. Athanacio

Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415.882.5077
cellular phone: 650.454.0933
facsimile: 415.882.0300
email: gathanacio@sonnenschein.com

-----------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not
the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any
attachment is prohibited. If you have received this e-mail in error, please notify us immediately by
returning it to the sender and delete this copy from your system. Thank you for your cooperation.

IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any
subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the
Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other
than the addressee, each additional and subsequent reader hereof is notified that such advice should be
considered to have been written to support the promotion or marketing of the transaction or matter
addressed herein. In that event, each such reader should seek advice from an independent tax advisor
with respect to the transaction or matter addressed herein based on the reader's particular
circumstances.
-----------------------------------------------------------------

============================================
This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

============================================

12/10/2007