ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail:    Annette.Hurst@HellerEhrman.com
           Daniel.Kassabian@HellerEhrman.com
           Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiffs
CANTER & ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEACHSCAPE, INC., <br><br> Defendant. | Case No. C 07-3225 RS <br><br> **PLAINTIFFS CANTER & ASSOCIATES, LLC'S AND LAUREATE EDUCATION, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO COMPEL INITIAL DISCLOSURES** <br><br> Judge:  The Honorable Richard Seeborg <br> Ctrm.:  4 (5th floor) <br> Date:   January 9, 2007 <br> Time:   9:30 a.m. |

# INTRODUCTION

In its Opposition to Plaintiffs' Motion to Compel Initial Disclosures ("Opposition"), Defendant Teachscape, Inc. ("Teachscape") raises myriad excuses as to why it should be absolved for ignoring the Court's order requiring service of initial disclosures on September 26, 2007, and then ignoring repeated requests by Plaintiffs Canter & Associates, LLC ("Canter") and Laureate Education, Inc. (collectively, "Plaintiffs") asking Teachscape to remedy this fault to avoid the filing of this motion. None of these excuses are persuasive, as they rely on defaults set forth in Federal Rule of Civil Procedure 26 or elsewhere which are applicable only absent an explicit court order—and that was not the case here. Teachscape's service of its Initial Disclosures on the same day it filed its Opposition—a fact conspicuously absent from the Opposition itself—proves that Plaintiffs are entitled to sanctions for the costs of bringing this motion. Contrary to Teachscape's assertions in its Opposition, it was given ample notice regarding Plaintiffs' motion to compel—it just chose not to respond. Months later, and only after this Motion was filed, did Teachscape serve its Initial Disclosures. Rules 26 and 37 dictate that sanctions should be awarded when, as here, "the disclosure or requested discovery is provided after the motion [to compel] was filed . . ." unless certain exceptions apply. Fed. R. Civ. P. 37(a)(5)(A). In light of the parties' briefing, Plaintiffs ask the Court to decide the issues of whether these exceptions apply—i.e., whether Plaintiffs' repeated attempts to resolve this dispute without the Court's assistance were adequate, and whether Teachscape's refusal to serve its Initial Disclosures until after Plaintiffs filed this Motion was "substantially justified." Plaintiffs will submit costs and fees with a separate motion for sanctions following the Court's decision.

# ARGUMENT

**I.   TEACHSCAPE'S MONTHS-LATE SERVICE OF INITIAL DISCLOSURES WAS NOT SUBSTANTIALLY JUSTIFIED.**

Every argument Teachscape raises, in its attempt to show its failure to observe the deadline set by this Court for Initial Disclosures was substantially justified, deals with default rules for service of initial disclosures absent a court order otherwise specifying a

time. Therefore, none of the authority Teachscape relies upon is relevant to the question presented here. Teachscape invokes Rule 26 (*see* Opp'n, at 5:9-16), but that rule plainly states that disclosures must be made "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or *court order* . . . ." (emphasis added).

Teachscape also provides no basis for its alleged belief that the Court's Order Setting Initial Case Management Conference and ADR Deadlines, entered on July 19, 2007 [Docket No. 3] ("Initial CMC Order"), tied the deadline for the Joint Case Management Statement / Rule 26(f) Report to be filed to the deadline of the initial disclosures to be served. *See* Opp'n, at 5:18-20. The Court's Initial CMC Order did not say this—it plainly separated these two requirements by listing September 26, 2007 as the "[l]ast day to file Rule 26(f) Report, complete initial disclosures . . . ." Initial CMC Order (emphasis added). Subsequent notices rescheduling the Case Management Conference changed the deadline for the Joint Case Management Statement / Rule 26(f) Report, but *did not* change the deadline for initial disclosures. *See* 9/20/07 Clerk's Notice [Dkt. No. 22]; 10/30/07 Clerk's Notice [Dkt. No. 25]. Critically, the September 20, 2007 Clerk's Notice which did *not* reset the deadline for initial disclosures, but *did* reset the Joint Case Management filing deadline, was in place six days before the Initial Disclosures were due, yet rather than asking for clarification about this deadline, Teachscape simply sat on its hands. As of the due date for the initial disclosures set in the Initial CMC Order, Teachscape had no reason to believe that the Initial CMC Order did not mean what it said, yet its counsel admitted that she had not even started drafting its initial disclosures on that day, and that Teachscape did not plan to serve them. *See* Decl. of Elena M. DiMuzio in Supp. of Mot. to Compel Init. Disc. ("DiMuzio Decl.") [Dkt. No. 27] at ¶ 3.

Finally, Teachscape cites Moore's Federal Practice for a "presumptive" disclosure date. *See* Opp'n, at 7:4-7. But again, there was no reason to rely on presumptions regarding the deadline when it had been set by the Court. If Teachscape was legitimately confused about the deadline, it could have moved the Court for clarification or relief; it chose not to. The Court should reject Teachscape's after-the-fact rationalizations.

Heller
Ehrman LLP

2

PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S INITIAL DISCLOSURES    Case No. C 07-3225 RS

Teachscape's argument that its actions were substantially justified also is contradicted by the very cases it relies upon to support its argument. In Teachscape's cited case on this point, the court noted that it had previously granted sanctions where "the party making an untimely response had failed to move for an enlargement of time and had 'never tendered a legitimate objection' to defendant's request for production." *Peterson v. Hantman*, 227 F.R.D. 13, 16 (D.D.C. 2005) (internal citation omitted). This describes Teachscape's actions exactly. Teachscape's arguments provide no basis whatsoever, let alone a substantially justified basis, for ignoring the Court's clear order and arriving at its self-proscribed order that "such disclosures were not due until the Court-ordered joint case management conference statement ('CMC') was due."

Indeed, now that Teachscape has served its Initial Disclosures on the same day that the parties filed their Joint Case Management Statement, its Opposition (filed later the same evening) shows no logical tie between those disclosures and the filing of the Statement, even though such a tie is the current rationale being offered by Teachscape for its unilaterally-selected Initial Disclosure service date.

## II. PLAINTIFFS' REPEATED ATTEMPTS TO MEET AND CONFER SATISFY THE REQUIREMENTS OF RULE 37

There is no good-faith argument that Plaintiffs failed to meet-and-confer with Teachscape regarding initial disclosures, as evidenced by the correspondence attached to the Motion to Compel[1]. *See* DiMuzio Decl. Exs. B & C. Plaintiffs had been raising the issue of Teachscape's initial disclosures since their due date. *Id.* ¶ 3. On that day, Teachscape flatly refused to make its disclosures. After the joint case management conference, Teachscape promised to make the disclosures on October 31, but then reneged on October 30, providing

---

[1] Similarly, Teachscape's attempt to muddy the waters by raising every quibble it can think of regarding the parties' interactions, the noticing of Plaintiffs' motions, and other unrelated events should be ignored as wholly irrelevant. To the extent the Court finds it useful, Plaintiffs' side of the story appears in the Supplemental Declaration of Elena M. DiMuzio in Support of Motion For Entry of Protective Order & to Compel Initial Disclosures, filed herewith, at ¶¶ 2-3.

no explanation for this. *Id*. Ex. A. Plaintiffs immediately informed Teachscape that this was improper. *Id*. Ex. B. Teachscape made no response. Plaintiffs then offered a compromise with Teachscape: if it would agree to a date certain to make its Initial Disclosures, the dispute would be resolved; otherwise "Plaintiffs will move to compel this information." *Id*. Ex. C. Teachscape failed to respond to this e-mail for *six days* following, and Plaintiffs filed this motion. *Id*. ¶ 6. Teachscape seems to believe that Plaintiffs were obligated to wait for an indefinite period for a response.

Unlike meeting and conferring regarding discovery requests, where the parties often need to discuss narrowing of issues and objections, the issue here was simply what date Teachscape would serve its Initial Disclosures. Plaintiffs' many vain attempts to resolve this narrow issue satisfy the meet-and-confer requirement. *Medina v. U.P.S.*, No. C 06-791 JW (PVT), 2007 WL 2123699 at *2, *5 (N. D. Cal. July 23, 2007) (denying request to vacate sanctions when party failed to respond to meet-and-confer letters threatening a motion to compel, whereby party seeking discovery satisfied its meet-and-confer requirement). Teachscape was given opportunity after opportunity to avoid this motion, and it could have simply committed to serving its disclosures on December 12th (as it ultimately did) in order to do so. Given Teachscape's overall refusal to discuss or meet and confer regarding this and all other discovery deadlines, and its inconsistent positions regarding the deadline for service of Initial Disclosures, Plaintiffs were left with no choice but to file this motion.

## **CONCLUSION**

Plaintiffs respectfully ask the Court to determine the issue of whether Teachscape was substantially justified in delaying service of its Initial Disclosures. Pending the Court's decision, Plaintiffs will bring a motion for sanctions and an accounting of their costs.

1  Dated: December 19, 2007          Respectfully submitted,

2                                    HELLER EHRMAN LLP

3                                    By _____/s/ ELENA M. DIMUZIO_____
4                                    Attorneys for Plaintiffs
                                     CANTER AND ASSOCIATES, LLC and
5                                    LAUREATE EDUCATION, INC.

Heller Ehrman LLP

5

PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S INITIAL DISCLOSURES        Case No. C 07-3225 RS