ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail:    Annette.Hurst@HellerEhrman.com
           Daniel.Kassabian@HellerEhrman.com
           Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiffs
CANTER & ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC.,<br><br>                              Plaintiffs,<br><br>   v.<br><br>TEACHSCAPE, INC.,<br><br>                              Defendant. | Case No. C 07-3225 RS<br><br>**PLAINTIFFS CANTER & ASSOCIATES, LLC'S AND LAUREATE EDUCATION, INC.'S REPLY IN SUPPORT OF THEIR MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Judge: The Honorable Richard Seeborg<br>Ctrm.: 4 (5th floor)<br>Date:  January 9, 2008<br>Time:  9:30 a.m. |

# INTRODUCTION

In its Opposition To Plaintiffs' Motion for Entry of Protective Order ("Opposition"), Defendant Teachscape, Inc. ("Teachscape") cites no authority for its position that the entry of a protective order is only proper once the pleadings are closed and pending questions about the Court's jurisdiction are resolved. To the contrary, this Court regularly enters protective orders otherwise. In some instances, the Court has entered a protective order to facilitate the resolution of jurisdictional questions. Indeed, the fallacy of Teachscape's position is borne out by the fact that its "issues" with the Proposed Protective Order itself have nothing to do with the claims of Canter & Associates, LLC and Laureate Education, Inc. (collectively, "Plaintiffs"), to which Teachscape objects.

Although Teachscape attempts to obfuscate the issue by spinning yarns about the parties' interactions to date, Teachscape cannot mask the fact that it refused to meet and confer on this issue, going back to September 10, 2007, when it was first provided the Proposed Protective Order. Teachscape also does not cite any authority excusing its refusal to meet and confer, even though this is required by Federal Rule of Civil Procedure 26.

Given that Teachscape does not dispute that both parties possess confidential information that qualifies for protection under Rule 26(c), the only thing Teachscape's opposition demonstrates is that Teachscape is employing self-serving reasoning to effectuate a delay in the resolution of this case on its merits. In sum, Teachscape's basis for opposing this motion boils down to "the entry of a protective order must follow the closing of the pleadings," for which is has no authority in support. The Court should reject Teachscape's tactics, focus on the issue raised in this motion, and seeing no true opposition, adopt the Proposed Protective Order submitted with this motion.

# ARGUMENT

## I. TEACHSCAPE'S OBJECTION TO PLAINTIFFS' CLAIMS IS NOT A LEGITIMATE BASIS TO DELAY ENTRY OF A PROTECTIVE ORDER.

Teachscape argues that its objections to Plaintiffs' claims and the Court's jurisdiction must be overcome before a protective order can be entered. There is no legal support for

this position. Courts, including this one, routinely enter protective orders in situations where there are pending motions to dismiss, or even when a motion to dismiss has been granted. *See, e.g.*, *Alberta Telecommunications Research Ctr. v. Rambus Inc.*, No. 5:06-CV-2595 RVW (N.D. Cal. transferred April 17, 2006). Indeed, in light of a motion to dismiss, Courts often allow discovery to proceed so that jurisdictional issues could be resolved on their merits. *See*, *e.g.*, *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001). At best, the only rationale Teachscape can offer in support of its position is that "[i]t was . . . concerned about negotiating a protective order in a vacuum, without the benefit of seeing precisely what Plaintiffs intended to demand of Teachscape." Opp'n 4:10-11. As is obvious to both parties, however, the confidential information of both parties is at issue here, and the Proposed Protective Order is a procedural vehicle that does not in any way depend on the specific claims and defenses at issue. Indeed, Teachscape does not point to any term in the Proposed Protective Order that hinges on the operative pleadings in this case. *See* Opp'n, at 5:3-6:8. This lack of a true point of contention demonstrates that entry of the order at this time is appropriate.

## II. TEACHSCAPE'S OBJECTIONS TO THE PROPOSED PROTECTIVE ORDER ARE STRAWMEN CREATING ISSUES WHERE NONE EXIST.

In its opposition, Teachscape raises several purported issues with the Proposed Protective Order based on distortions or misunderstandings of its plain language and the law. As outlined below, these attacks lack merit. Furthermore, because Teachscape has willfully refused to engage in any meaningful meet and confer regarding the protective order to this point (*see* Part III, *infra*), its proposed modifications are untimely.

### A. The Proposed Protective Order's Provision Regarding In-House Counsel Employs The Language Of The Ninth Circuit.

Teachscape complains that paragraph 13(b) of the Proposed Protective Order, which provides for access to highly confidential information by in-house counsel, is "vague." Opp'n, at 5:26-6:8. However, the language comes directly from *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992), which is the Ninth Circuit's seminal

Heller
Ehrman LLP

2

PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER                        Case No. C 07-3225 RS

decision regarding in-house counsel and access to highly confidential documents. In *Brown Bag*, the Ninth Circuit articulated the term "competitive decision making" and defined it as requiring counsel to "advis[e] on decisions 'made in light of similar or corresponding information about a competitor.'" *Id.* at 1470 (internal citation omitted). The Proposed Protective Order requires that in-house counsel exposed to highly-confidential information be shielded from such decision-making for one year <u>following</u> the conclusion of litigation (including any appeals), which effectively precludes the use of the current information at issue for years from now. The one-year time bar is typical because it fairly balances competing interests. *Cf. In re Papst Licensing*, No. MDL 1278, 2000 WL 554219, *3-4 (E.D. La., May 4, 2000) (approving a one-year shield from competitive decision making for patent prosecution counsel given access to confidential information under a protective order).

### B. Nothing In The Protective Order Prevents Teachscape From Shielding Documents From Its Own Employees, Officers, and Directors.

The provision of the Proposed Protective Order dealing with presentation of a party's highly confidential documents to its own employees, officers and directors is necessary, and Teachscape's objection to it is easily overcome. This provision allows authentication of a party's documents when the author of the document is not ascertainable from the document itself, which is a frequent occurrence. If Teachscape wishes to keep its confidential information from the eyes of its employees, nothing in the Proposed Protective Order prevents it from doing so. It need only notify Plaintiffs' counsel in advance of any deposition of such an employee.

### C. Third Party Documents Can Be Designated As Confidential.

Finally, Teachscape appears to misread the Proposed Protective Order regarding the confidentiality of third-party documents. Third-party documents do, in fact, qualify as confidential information under the Proposed Proposed Order: "[a]ny party or third-party may designate as 'Confidential' or 'Highly Confidential' all or any part of any disclosure, discovery, and other materials produced and/or served by any party *or third-party*." *See*

Heller Ehrman LLP

3

PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER                    Case No. C 07-3225 RS

Proposed Protective Order ¶ 1 (emphasis added). Such information may be so designated so long as it is protectable under the Federal Rules. *Id.*

## III. TEACHSCAPE HAS PROVIDED NO PROPER JUSTIFICATION FOR ITS REFUSAL TO MEET AND CONFER.

In its opposition, Teachscape introduces the notion that, because the Proposed Protective Order has not resulted from an agreement between the parties, it should be rejected. Teachscape's statement is incredulous in light of its refusal to meet and confer on this issue, and in no way should bar the entry of the Proposed Protective Order. Rule 26(f) specifically states that the parties should discuss "any other orders that the court should issue under Rule 26(c)," which is the subsection that specifically addresses protective orders. Plaintiffs sent Teachscape its Proposed Protective Order on September 10, 2007, in advance of the parties' Rule 26(f) conference. *See* Decl. of Elena M. DiMuzio in Supp. of Mot. for Entry of Protective Order ("DiMuzio Decl.") [Docket No. 30], Ex. A. At the Rule 26(f) conference on October 15th, Teachscape's counsel refused to confer about this (or any other) topic. *See id.* ¶¶ 6-7. In light of Teachscape's refusal to meet and confer dating back to September, 2007, it cannot claim that Plaintiffs should have returned to this empty well yet again, before filing this motion.

While Teachscape is unwilling to straightforwardly admit this refusal, it is evident even from Teachscape's own papers: Teachscape's stated position is that it will not discuss the scope of any protective order until "the issue of the viability of this federal action is resolved." Opp'n, at 4:1-2. In refusing to engage in meet and confer, it has taken inconsistent and contradictory positions in response to Plaintiffs' efforts to seek the entry of a protective order. At various times, Teachscape has stated that:

- It would provide a draft proposed protective order to Plaintiffs (*see* DiMuzio Decl. Ex. C);
- It did not discuss a formal protective order because it was "concerned about trying to negotiate a protective order . . . at a time when Plaintiffs had propounded no discovery" (Opp'n, at 3:6-7); and

Heller Ehrman LLP

4

PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER    Case No. C 07-3225 RS

- After receiving discovery requests, it refused to negotiate a protective order and refused to respond to the requests because no protective order was in place (DiMuzio Decl. Ex. D).

Not only do these shifting and inconsistent positions underline the tenuousness of Teachscape's position in refusing to meet and confer regarding a protective order, they highlight Teachscape's attempt to use its motion to dismiss as a roadblock to prevent any aspect of this case—including case management—from going forward.

Thus, while arguing that courts favor stipulated protective orders out of one side of its mouth, Teachscape confirms that it has blocked all attempts by Plaintiffs to reach such a stipulation. The requirement that parties meet and confer is to resolve disputes, not to allow one party to erect hurdles to prevent the other from seeking assistance from the Court. The Court should reject Teachscape's notion that Plaintiffs did not try to meet and confer to resolve this issue before bringing it to the Court.

### IV. TEACHSCAPE'S INTERJECTION OF OTHER ISSUES IN ITS OPPOSITION DO NOT SUPPORT A DELAY IN THE ENTRY OF A PROTECTIVE ORDER IN THIS CASE.

Lacking any support for its position that it is inappropriate for the Court to enter a protective order at this time, Teachscape's opposition tries to obfuscate issues. For the sake of clarity, Plaintiffs address some of Teachscape's more extreme accusations.

With respect to Teachscape's complaints regarding the scope of Plaintiffs' discovery requests, they essentially amount to a complaint as to the number or requests. *See* Opp'n, at 1:18-23 & 4:13-15. Teachscape's objections to such discovery in no way support its decision not to meet and confer over the protective order, or its opposition to entry of the same. In fact, one of the cases Teachscape cites in its opposition holds that the absence of a protective order is not a basis to refuse to respond to discovery. *Tatum v. Schwartz*, No. CIV S-06-1440 RRB EFB, 2007 WL 2561043, at *1 (E.D. Cal. Sept. 4, 2007) (holding that responsive documents could not be withheld "in anticipation of the parties' execution of a mutually agreeable stipulated protective order" unless the withholding party had "appl[lied] for, and be[en] granted, a protective order, good cause being shown."). Regardless,

Plaintiffs have offered to meet and confer with Teachscape regarding specific objections made regarding the scope of their discovery requests, and despite Teachscape's refusal to meet and confer on other issues, will try to meet and confer on this issue. *See* Suppl. Decl. of Elena M. DiMuzio in Support of Mots. to For Entry of Protective Order & to Compel Init. Disc. ("Suppl. DiMuzio Decl."), filed herewith, ¶ 4.

Teachscape also argues that the parties' inability to reach an agreement regarding inspection of Teachscape's alleged infringing materials, including a confidentiality agreement, somehow means that Plaintiffs are not entitled to a protective order in the present litigation. This argument is illogical because, if anything, the parties' negotiation of a pre-litigation confidentiality agreement has a tendency to show that a protective order in the ensuing case is needed sooner rather than later. Moreover, the argument is based on mischaracterizations of the facts. Plaintiffs did not refuse "repeated attempts" by Teachscape to negotiate a confidentiality agreement. Rather, Plaintiffs and Teachscape were unable to reach any agreement despite several rounds of letters and telephone calls on the subject. *See* Declaration of Gayle M. Athanacio in Supp. of Def.'s Opp'ns to Pls.' Mot. for Protective Order & Mot. to Compel Init. Disc. [Docket No. 43] Exs. A-C.

Finally, Teachscape's melodramatic retelling of the conference between counsel following the hearing on the motion to dismiss on September 26, 2007, is wholly irrelevant to the present motion. Teachscape has taken this conference out of context and mischaracterized the facts. Far from threatening Teachscape, counsel for Plaintiffs simply pointed out that if Teachscape continued stalling this Federal action, Plaintiffs could bring their state-related claims in state court and would then be able to obtain discovery regarding the materials Teachscape had previously refused to provide. *See* Suppl. DiMuzio Decl. ¶ 2. This was in response to counsel stating that, on the due date for initial disclosures set by the Court, she had not even started drafting Teachscape's initial disclosures and so would not be serving them that day. DiMuzio Decl. ¶ 3.

Teachscape's refusal to engage in any meaningful meet-and-confer regarding the scope of discovery, and its opposition of this motion despite its admission that a protective

Heller
Ehrman LLP

6
PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER                Case No. C 07-3225 RS

1 order is needed, illustrate that its has indeed chosen an extreme path.  Teachscape's attempts
2 to roll the scope of discovery and the protective order together, and to stall on both fronts,
3 find no support in the law.

## **CONCLUSION**

Teachscape was presented with numerous opportunities to review the Proposed Protective Order, starting in September and concluding with its decision to oppose this motion rather than discuss the particulars of the Proposed Order.  The fact that even now, Teachscape claims it has "not engaged in a thorough review of Plaintiffs' proposal" (Opp'n, at 5:4-5) indicates that Teachscape does not take its meet-and-confer responsibilities seriously.  Worse, Teachscape's opposition demonstrates that it has no legally cognizable or rational ground to object to the entry of the protective order at this time.  Since Teachscape has opted out of providing meaningful input to arrive at a stipulated protective order, and since the proposal by Plaintiffs follows the appropriate guidance in this Circuit for such orders, the Court should enter the Proposed Protective Order without delay.

Dated: December 19, 2007      Respectfully submitted,

HELLER EHRMAN LLP

By _____/s/ ELENA M. DIMUZIO_____
Attorneys for Plaintiffs
CANTER AND ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.