ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail: Annette.Hurst@HellerEhrman.com
        Daniel.Kassabian@HellerEhrman.com
        Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiffs
CANTER & ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEACHSCAPE, INC., <br><br> Defendant. | Case No. C 07-3225 RS <br><br> **DECLARATION OF ELENA M. DIMUZIO IN SUPPORT OF PLAINTIFFS' REPLIES SUPPORTING MOTIONS FOR ENTRY OF PROTECTIVE ORDER AND TO COMPEL INITIAL DISCLOSURES** <br><br> Judge: The Honorable Richard Seeborg <br> Ctrm.: 4 (5th floor) <br> Date: January 9, 2008 <br> Time: 9:30 a.m. |

Heller Ehrman LLP

SUPPL. DECL. OF ELENA M. DIMUZIO – REPLIES IN SUPP. OF PLS.' MOT. FOR ENTRY OF PROTECTIVE
ORDER AND TO COMPEL INIT DISCLOSURES                                          Case No. C 07-3225 RS

I, Elena M. DiMuzio, declare:

1. I am an associate with the law firm of Heller Ehrman LLP ("Heller Ehrman"), counsel to Plaintiffs Laureate Education, Inc. ("Laureate") and Canter and Associates, LLC ("Canter") (collectively, "Plaintiffs") in this action. I make this declaration in support of Plaintiffs' Motion For Entry Of Protective Order and To Compel Initial Disclosures. Unless otherwise noted, the factual assertions herein are made on my personal knowledge and, if called upon to do so, I could and would testify competently thereto.

2. On September 26, 2007, after the hearing on the Motion to Dismiss, counsel for Plaintiffs and Defendant Teachscape, Inc. ("Teachscape") met and conferred regarding case management in the courthouse hallway. Counsel for Teachscape repeated its ambiguous offer to perform an "apples to apples" comparison of the parties' course materials; both counsel then reiterated their positions regarding Plaintiffs' access to Teachscape's final and draft course materials, which positions had been discussed via telephone and electronic mail already, and had resulted in a breakdown of pre-lawsuit settlement discussions. No agreement was reached. Counsel for Plaintiffs, Dan Kassabian, asked if Teachscape would serve Initial Disclosures that day. Counsel for Teachscape, Gayle Athanacio, stated that it would not, and that she had not begun drafting such disclosures. In light of its refusal to perform even this simple obligation, counsel for Plaintiffs, Annette Hurst, noted that if Plaintiffs sued Teachscape on their state law claims in state court, they would very likely be entitled to discovery regarding all of the materials Plaintiffs sought in the pre-litigation discussions.

3. In noticing Plaintiffs' Motion for Entry of Protective Order and Motion to Compel Initial Disclosures, Plaintiffs set the hearing dates of December 26 and January 2 pursuant to Local Rule 7-2, which keys hearing dates from the date that motions are filed. Contrary to Teachscape's accusations, these dates were not selected to harass or inconvenience Teachscape, but were simply the result of the filing dates of Plaintiffs' motions. As evidenced in my previous declaration in support of the Motion to Compel, counsel for Teachscape was explicitly warned, on November 9, 2007, that Plaintiffs planned

Heller Ehrman LLP

1

SUPPL. DECL. OF ELENA M. DIMUZIO – REPLIES IN SUPP. OF PLS.' MOT. FOR ENTRY OF PROTECTIVE ORDER AND TO COMPEL INIT DISCLOSURES                Case No. C 07-3225 RS

to file both motions if the parties could not resolve these issues. Teachscape did not respond to Plaintiffs' meet-and-confer attempt to avoid these motions, and did not state that it was unavailable for hearing dates which would naturally result from filings in the weeks following November 9. Nevertheless, when Counsel for Teachscape did contact Plaintiffs to state that no one from her office was available to appear for these hearing dates, on November 29 and 30 (a full two weeks after the Motion to Compel was filed, and shortly before the due date for Teachscape's Opposition), counsel for Plaintiffs agreed to move the hearing date to a day Teachscape's counsel was available. Counsel for Plaintiffs further agreed to stipulate to a change in the briefing schedule to accommodate counsel for Defendants, though would not agree to move the date for Plaintiffs' replies to December 24, as proposed by Ms. Athanacio.

4. On December 19, 2007 I was present during a telephone call during which Dan Kassabian offered to draft a meet-and-confer letter regarding Teachscape's objections to Plaintiffs' First Set Of Requests for Production of Documents and Things. In addition, on December 7, 2007, I sent an e-mail to Ms. Athanacio indicating that Plaintiffs are willing to meet and confer regarding the scope and timing of the noticed 30(b)(6) deposition, and indicating that Plaintiffs would re-notice the deposition.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct of my own knowledge and that this Declaration is executed on November 28, 2007 in San Francisco, California.

By _____/s/ ELENA M. DIMUZIO_____

Heller Ehrman LLP

2

SUPPL. DECL. OF ELENA M. DIMUZIO – REPLIES IN SUPP. OF PLS.' MOT. FOR ENTRY OF PROTECTIVE ORDER AND TO COMPEL INIT DISCLOSURES                              Case No. C 07-3225 RS