ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California  94104-2878
Telephone:  +1.415.772.6000
Facsimile:   +1.415.772.6268
E-mail:       Annette.Hurst@HellerEhrman.com
               Daniel.Kassabian@HellerEhrman.com
               Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiffs
CANTER & ASSOCIATES, LLC and
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEACHSCAPE, INC., <br><br> Defendant. | Case No. C 07-3225 RS <br><br> **PLAINTIFFS CANTER & ASSOCIATES, LLC'S AND LAUREATE EDUCATION, INC.'S ADMINISTRATIVE MOTION TO CHANGE TIME TO FILE AMENDED COMPLAINT;** <br><br> **DECLARATION OF DANIEL N. KASSABIAN** <br><br> Judge:   The Honorable Richard Seeborg |

Heller
Ehrman LLP

### INTRODUCTION

Pursuant to Civil Local Rules 6-1 and 6-3, Plaintiffs Canter & Associates, LLC and Laureate Education, Inc. (collectively, "Plaintiffs") request that the Court extend the time for Plaintiffs to file their amended complaint pursuant to the Court's Order Granting Motion To Dismiss, With Leave To Amend [Docket No. 37]. Because lead trial counsel for Plaintiffs, Annette Hurst, is presently in trial in Boston, Massachusetts, which due to inclement weather is now expected to run through the second week of January 2008, *and* because Plaintiffs' in-house counsel and executives assisting with this case are unavailable during next week and the first week of January due to vacations during the holiday season, Plaintiffs request that leave be granted to file their amended complaint by noon on January 22nd (which follows a federal holiday on January 21st), so that Ms. Hurst and client representatives are able fully to discuss the Court's Order and Plaintiffs' amendment in light of that Order. In addition, should the Court find it necessary, Plaintiffs are amenable to the resetting of the hearings on their pending motions and the Case Management Conference ("CMC") to a date after January 22nd—e.g., January 23rd at 9:30 a.m.—should the Court find that it is beneficial to maintain the sequence of these events as currently scheduled.

Plaintiffs have sought a stipulation from Defendant Teachscape, Inc. ("Teachscape") for this request, but Teachscape has refused to provide it. In a telephone conference and correspondence regarding a stipulation for this request as a matter of professional courtesy, Teachscape's counsel suggested that a stipulation for this change also seek to maintain a sequencing whereby the hearings and CMC followed the filing of the amended complaint because this was the intention of the Court. Plaintiffs indicated they were amenable to this even though they believed the Court could simply reschedule these dates *sua sponte* if that was its true intent. Regardless, Teachscape ultimately did not agree to its own suggestion, needlessly turning a routine stipulation as a matter of courtesy into the present motion. More disturbing is that this chain of events follows Plaintiffs' numerous extensions of courtesies to Teachscape in light of its counsel's schedule. These actions show bad faith and warrant sanctions under 28 U.S.C. § 1927 and/or the Court's inherent power.

## ARGUMENT

### I.    PLAINTIFFS' REASONS FOR AN EXTENSION OF TIME

Plaintiffs request that the Court extend the time for Plaintiffs to file their amended complaint to noon on January 22, 2008, for the following independent reasons:

(1)    Lead trial counsel for Plaintiffs, Annette Hurst, has been in trial since December 10, 2007, in federal court in Boston, Massachusetts for a patent infringement case. Due to inclement weather that necessitated closure of the court on regular court days, the trial has been extended and presently is scheduled to continue at least through the week of January 7th.

(2)    Plaintiffs' in-house counsel and executives that coordinate with outside counsel for this case are scheduled to be on vacation from next week through the week of New Year's Day, as part of regularly scheduled vacations that are typical during the holiday season.

Decl. of Daniel N. Kassabian, attached hereto, ¶¶ 2-3. Thus, in light of their schedules, and especially in light of the fact that Ms. Hurst was in trial before the Court issued its Order Granting Motion To Dismiss, With Leave To Amend, Plaintiffs request that the due date for their amended complaint be extended.  .

### II.    PLAINTIFFS' EFFORTS TO OBTAIN A STIPULATION

On December 18, 2007, undersigned counsel contacted counsel for Teachscape to seek a stipulation to extend time in accord with the above request (but mistakenly seeking an extension to January 21, 2008, which is a federal holiday). *See id.* ¶ 4 & Ex. A. The next day, Teachscape's counsel responded by questioning the need for the extension, despite having previously asked for, and obtained, multiple stipulations from Plaintiffs to accommodate her schedule. *Id.* ¶ 5 & Ex. B. Plaintiffs' counsel then spoke to Teachscape's counsel to address the concerns raised in her response. As part of that conversation, Teachscape's counsel sought, at a minimum, that any stipulation to change time include a request that the hearings on Plaintiffs' motions and the CMC, currently all scheduled for January 9th, be moved to after January 21st. *Id.* ¶ 6. Her rationale for this requirement was

Heller
Ehrman LLP

PLS.' ADMIN. MOT. TO CHANGE TIME TO FILE AM. COMPL.                    Case No. C 07-3225 RS

an assumption that the Court purposefully timed its ruling and the usual 20 days (plus time for service and federal holiday pursuant to Federal Rules 5(b)(4)(B) and 6(e)) to amend so as to necessarily precede the hearings and CMC.  Plaintiffs' counsel initially did not agree that such assumptions and requests based on the same were necessary, because the Court could re-notice these other events *sua sponte*.  Regardless, in light of Ms. Hurst's trial schedule and in order to reach agreement, counsel agreed to that request, confirmed counsel for Teachscape's availability to be in court on January 23rd, and that same day sent confirming correspondence noting the tentative agreement that both counsel needed to confirm with their clients.  *Id*. ¶ 6 & Ex. B.

On December 20th, Teachscape's counsel responded by e-mail, rejecting the proposal discussed during the telephone call.  Her grounds for refusal were ill-conceived. They included a juxtaposition of this refusal with Plaintiffs' indication—during meet and confer after filing their complaint, but before Teachscape's motion—that all of Teachscape's objections as discussed were not well taken on their merits, and thus Teachscape would have to file a motion to dismiss instead of having Plaintiffs voluntarily dismiss the filed complaint.  Ironically, during that meet and confer over the validity of Teachscape's objections Plaintiffs stipulated to an over three week extension to the 20 days Teachscape had to file its motion to dismiss, due to counsel for Teachscape's schedule.  *Id*. ¶ 7 & Ex B.  Ultimately, the parties at that time filed a stipulation giving Teachscape the time it needed.  *See* Stip. Extending Time For Def. to Resp. to Compl. ("First Stip.") [Dkt. No. 5].  At its first opportunity to reciprocate, Teachscape's counsel did not do so, in an attempt to put Plaintiffs' counsel in straits.  Plaintiffs' counsel responded giving Teachscape an opportunity to reconsider, to which there was no response.  Kassabian Decl. Ex. B.

## III.    SUBSTANTIAL HARM WOULD RESULT IF TIME IS NOT EXTENDED

It is an obvious proposition that the filing of an operative pleading requires the heavy involvement of lead trial counsel and the client.  A complaint, including an amended one, is central to the case.  Thus, unlike non-dispositive motions for which a lesser degree of involvement may be warranted, Ms. Hurst, Plaintiffs' in-house counsel, and Plaintiffs'

1  executives must be given the opportunity to participate in preparation of the amended

2  complaint.

3      By contrast, Teachscape cannot show any prejudice caused by this delay—especially

4  in light of its *modus operandi* of non-participation in this case. *See, e.g.*, Joint Case Mgmt

5  Statement [Dkt. No. 40]. Indeed, Plaintiffs' counsel agreed to Teachscape's request that it

6  would not serve any additional discovery until the amended complaint was filed during the

7  same conversation that counsel for Teachscape proposed the stipulation she later rejected.

8  *See id.* ¶ 6. Teachscape's refusal to stipulate to this simple request shows that it will resort

9  to any tactic, including heavy-handed ones, to gain an advantage.

## IV.  PRIOR MODIFICATIONS TO THE CASE SCHEDULE WERE AT TEACHSCAPE'S REQUEST.

12     As noted above, at Teachscape's request, the parties agreed to an extension of time

13 for Teachscape to file its motion to dismiss and for additional time to brief the motion. *See*

14 First Stip., at 1. In addition, the briefing and hearing scheduling of both of Plaintiffs'

15 pending discovery motions were changed at Teachscape's request due to its counsel's

16 unavailability during the holidays. Teachscape was given additional time to oppose one

17 motion, and the dates of these hearings were rescheduled to January 9th. *See* Stip. Notice &

18 Order of Continuance of Hr'g ("Second Stip") [Dkt. No. 36]. Per Teachscape's oppositions

19 to these motions, it was unsatisfied with this result because it wanted more time to oppose

20 the motions, which would have resulted in Plaintiffs' prepare reply briefs through the

21 holidays. *See* Def.'s Opp. to Pls.' Mot. to Compel Init. Disc. [Dkt. No. 42], at 4:1-5:6;

22 Kassabian Decl. Ex. C. Only by way of the Court's intervening notice, which indicated that

23 the briefing schedule should remain unchanged, did Teachscape's counsel change its tune

24 and accept the additional briefing time proposed by Plaintiffs. *See* Clerk's Notice Resetting

25 Hr'g Date [Dkt. No. 33].

## V.  ANY DELAY OF THE CASE RESULTING FROM THIS CHANGE IS TRIVIAL BECAUSE THERE PRESENTLY IS NO CASE SCHEDULE

28     The Court has not yet held a CMC or set a case schedule. In light of this, a

two-week postponement of the filing of an amended complaint is of no major consequence. This is especially true when compared to the three week extension for Teachscape to file its motion to dismiss (and its other requested extensions).

## VI. TEACHSCAPE'S FAILURE TO ACCOUNT FOR COUNSEL'S SCHEDULE IS SANCTIONABLE

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Counsel for Teachscape's conduct is an example of such conduct. Counsel has repeatedly sought extensions for other deadlines and hearings, yet at the first opportunity to return this professional courtesy, it refused to reciprocate *so as to* put Plaintiffs and their counsel in a bind. This has necessitated, at the very least, this motion with declarations and exhibits instead of a simple stipulation. Moreover, Teachscape has indicated that it may now choose to oppose this motion during the very holidays for which its counsel previously indicated unavailability. Kassabian Decl. Ex. B. As a member of the California bar, Teachscape's counsel is undoubtedly aware that trying to force a schedule when opposing counsel is absent is not only poor conduct, it is sanctionable. *Cf. Tenderloin Hous. Clinic, Inc. v. Sparks*, 8 Cal. App. 4th 299 (1992). Teachscape's counsel has acted full-well knowing the ramifications of her actions, and in a fashion contrary to the conduct she expected of Plaintiffs' counsel as members of the same bar. Pursuant to Section 1927 or under the Court's inherent authority to mandate civil behavior of its admitted attorneys, the Court should order recovery of Plaintiffs' undue expenses in filing this motion. Plaintiffs can submit an itemization of those costs and fees upon request.

## CONCLUSION

Plaintiffs respectfully request that the Court extend the deadline for Plaintiffs to file their amended complaint to noon on January 22, 2008.

1

Dated: December 20, 2007

Respectfully submitted,

2

HELLER EHRMAN LLP

3

By _____ /s/ DANIEL N. KASSABIAN _____

4

Attorneys for Plaintiffs
CANTER AND ASSOCIATES, LLC and

5

LAUREATE EDUCATION, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DANIEL N. KASSABIAN

I, Daniel N. Kassabian, declare:

1.      I am an associate of Heller Ehrman LLP, counsel for Plaintiffs Canter & Associates, LLC and Laureate Education, Inc. (collectively, "Plaintiffs") in this action. Unless stated on information and belief, I have personal knowledge of the facts set forth in this declaration, and if called as a witness could and would testify thereto.

2.      Lead trial counsel for Plaintiffs, Annette Hurst, has been in trial in federal court in Boston, Massachusetts, for a patent infringement case, since December 10, 2007. Due to inclement weather that necessitated closure of the courthouse on regular court days, the trial has been extended and presently is scheduled to continue through at least the week of January 7, 2008.

3.      Plaintiffs' in-house counsel and the executives that coordinate with outside counsel for this case are scheduled to be on vacation from next week through the week of New Year's Day, as part of regularly scheduled vacations that are typical during the holiday season.

4.      On December 18, 2007, I contacted counsel for Teachscape, Gayle Athanacio, by voice-mail and e-mail to seek a stipulation to extend time to January 21, 2008, which I since recognized is a federal holiday.  Attached hereto as Exhibit A is a true and correct copy of my e-mail to Ms. Athanacio, send on December 18th.

5.      The next day, Ms. Athanacio responded by questioning the need for the extension.  Attached hereto as Exhibit B is a true and correct copy of her e-mail sent on December 19th, and the e-mail chain of correspondence that followed.  Given Ms. Athanacio's prior requests for extensions on other due dates due to her conflicting schedule, to which Plaintiffs agreed, further explanation was unnecessary given the dictates of professional courtesy, especially when opposing counsel is in trial.

6.      To address the questions raised in Ms. Athanacio's e-mail, I telephoned her. During that call, I assured Ms. Athanacio that Plaintiffs would not issue subpoenas to key witnesses that she represented during the holiday season and through to the filing of

Plaintiffs' amended complaint.  In addition, Ms. Athanacio demanded that a stipulation to change time also include a change in the scheduling of the hearings for Plaintiffs' discovery motions and the Case Management Conference ("CMC") so that they take place after the filing of the amended complaint, instead of January 9th as currently scheduled.  Ms. Athanacio's rationale for this requirement was an assumption that the Court purposefully timed its ruling and the usual 20 days to amend so as to necessarily precede the hearings and CMC.  I initially did not agree that such assumptions and requests based on the same were necessary, because the Court could do so by simply re-noticing these events on its own motion.  Regardless, in light of Ms. Hurst's trial schedule and in order to reach agreement, I agreed to that request and confirmed that Ms. Athanacio could make herself available for these hearings and the CMC on January 23rd.  We then agreed to get approval from our clients, and after I obtained approval, I sent confirming correspondence that day as shown in Exhibit B.

7.      On December 20th, Ms. Athanacio responded by e-mail, rejecting the proposal discussed during the telephone call.  Her e-mail is set forth in Exhibit B.  Her refusal did not make sense, especially in light of Plaintiffs extending courtesies to her, as I noted in my response e-mail, also set forth in Exhibit B.  At her first opportunity to reciprocate, Ms. Athanacio, who in the past was a big proponent of professional courtesy, did not to so and thus tied to put Plaintiffs' counsel in straits.  My response e-mail gave her an opportunity to reconsider, to which there was no response.

8.      In addition to extending time for Teachscape to file its motion to dismiss, the briefing and hearing scheduling of both of Plaintiffs' pending discovery motions were changed at Teachscape's request due to its counsel's unavailability during the holidays.  The correspondence between Ms. Athanacio and Plaintiffs' counsel, on which I was copied, is attached hereto as Exhibit C.  Per this correspondence, Ms. Athanacio initially attempted to change the hearing date due to her holiday schedule, but then also demanded that Plaintiffs renotice their motions so as to have Plaintiffs' prepare their two reply briefs through the holidays.  Only by way of the Court's intervening notice, which indicated that

Heller
Ehrman LLP

PLS.' ADMIN. MOT. TO CHANGE TIME TO FILE AM. COMPL.                    Case No. C 07-3225 RS

the briefing schedule should remain unchanged, did Teachscape's counsel change its tune and accept the additional briefing time proposed by Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 20th day of December 2007 in San Francisco, California.

_____/s/ DANIEL N. KASSABIAN_____

# EXHIBIT A

**Kassabian, Daniel N.**

| | |
|---|---|
| **From:** | Kassabian, Daniel N. |
| **Sent:** | Tuesday, December 18, 2007 3:05 PM |
| **To:** | 'Athanacio, Gayle M.' |
| **Cc:** | Hurst, Annette L.; DiMuzio, Elena M.; Lepera, Christine |
| **Subject:** | Canter v. Teachscape: request for extension to file amended complaint |

Dear Gayle,

Per the voice-mail I just left for you, I am writing to request a stipulation to extend the deadline for Plaintiffs to file their amended complaint to January 21, 2008. As I've noted in recent conversations, Annette Hurst is currently in trial in Boston. That trial is running longer than originally scheduled. It is now expected to continue past the first week of January, and thus beyond the current deadline for the filing of the amended complaint.

In light of the professional courtesies extended in the past to accommodate counsel's schedules, I would appreciate your agreement to the above request.

We look forward to your prompt response.

Regards,
Dan

**Daniel N. Kassabian** | Attorney | **Heller**Ehrman LLP | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6098 | fax: +1.415.772.1796 | email: daniel.kassabian@hellerehrman.com | web: www.hellerehrman.com

**EXHIBIT B**

**Kassabian, Daniel N.**

---

**From:**    Kassabian, Daniel N.
**Sent:**    Thursday, December 20, 2007 12:42 PM
**To:**      'Athanacio, Gayle M.'
**Cc:**      DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:**  RE: Canter v Teachscape

Gayle,

We are obviously disappointed by your response. Your unwillingness to agree to a stipulation to request a change in the  deadline to amend Plaintiffs' complaint is remarkable, but not surprising. Indeed, your characterizations to the Court about our last face-to-face meeting in court after the hearing on the motion to dismiss is belied by this example of the type of litigation tactics that you are employing in this case, which Annette Hurst pointed out at the end of that meeting, to try to get any advantage you can.

What is surprising is that you have tried to juxtapose your lack of professional courtesy in accounting for a change in Annette Hurst's trial schedule, with Plaintiffs' insistence that Teachscape file a formal motion to dismiss because we disagreed on the merits of Teachscape's objection. That the Court has agreed with some, but not all, of those objections is not relevant here. What is relevant is that you and the Court are well aware that, as a matter of courtesy because of your personal schedule, Plaintiffs agreed to extend the deadline by which Teachscape had to file its motion to dismiss to August 2, 2007, in response to the complaint served on June 20, 2007 -- i.e., Plaintiff agreed to add three weeks to the 20 days in which Teachscape was required to respond.

I won't make this e-mail needlessly longer by recalling other instances where, to accommodate your schedule, we extended times in which Teachscape had to file briefs, only to have you mischaracterize the extension of those courtesies as being to our strategic advantage. In light of our tentative agreement on the schedule in my prior e-mail, I only can assume that your client is forcing you to take such unreasonable positions.

Please call me if you change your mind.

Regards,
Dan

**Daniel N. Kassabian** | Attorney | HellerEhrman LLP | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6098 | fax: +1.415.772.1796 | email: daniel.kassabian@hellerehrman.com | web: www.hellerehrman.com

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Thursday, December 20, 2007 11:47 AM
**To:** Kassabian, Daniel N.
**Cc:** DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:** RE: Canter v Teachscape

12/20/2007

Dan,

Thank you for your email clarifying Plaintiffs' position with regard to their request that Teachscape stipulate to extend the time in which Plaintiffs may file an amended complaint.  While it is always our practice and intent to accommodate counsel whenever possible, we simply cannot agree to ask the Court to allow Plaintiffs more time in which to file an amended complaint. Our reasoning is straightforward.

I re-reviewed the Court's order granting Teachscape's motion to dismiss with leave to amend.  In that order, the Court clearly stated "Plaintiffs shall file any amended complaint within 20 days of the date of this order."  We do not think it appropriate for Teachscape to suggest to the Court that an amendment be filed at a later time than ordered. Our position has been consistent throughout this litigation. Plaintiffs have no valid basis on which to bring this federal action. The Court agreed. Teachscape believes that no amount of additional time will change this fact. To stipulate to allow Plaintiffs additional time to amend their complaint, suggests that the complaint can be cured.  We believe it cannot .

 Further, while we appreciate your offer to move the CMC and hearing dates on your pending motions, your express disagreement noted below for the rationale for moving these dates (so that the Court and parties will have the benefit of seeing Plaintiffs' amended complaint before ruling on any motions or deciding any case management issues) suggests that we will have to agree to disagree on this.  Again, the Court's order not only specified a maximum of 20 days in which Plaintiffs could file an amended complaint, but also continued the CMC to January 9 "to be held immediately following certain discovery motions."  We find the Court's order consistent with our understanding and more importantly, do not feel it appropriate for us to agree to a further continuance of what the Court has expressly ordered.

We appreciate the burdens of trial and take at face value your representations that Annette's trial, which was expected to go through the end of the year, may now go into the first or second week of January. We do not wish to add to her or your burden.  But we simply cannot agree to extend the time limit the Court deliberately set for Plaintiffs to file their amended complaint.

Under these unique circumstances, we believe the appropriate course is for Plaintiffs to seek the extension from the Court  and ultimately, let the Court decide.  We will review your request and determine whether any opposition would be appropriate.  As you may recall, this is precisely what you required of Teachscape when we had our "meet and confer" over the viability of Plaintiffs' initial complaint.  While we had a lengthy conversation in which Teachscape outlined the bases for our objections to Plaintiffs' complaint, Plaintiffs insisted that Teachscape file a formal motion to dismiss which you  (and the Court)  would then consider.

Please do not hesitate to contact me if you have any questions, or would like to discuss the matter further.


Gayle

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415.882.5077
facsimile: 415.882.0300
email: gathanacio@sonnenschein.com

-----------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code.  If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written

to support the promotion or marketing of the transaction or matter addressed herein. In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.
--------------------------------------------------------------------

**From:** Kassabian, Daniel N. [mailto:Daniel.Kassabian@hellerehrman.com]
**Sent:** Wednesday, December 19, 2007 1:13 PM
**To:** Athanacio, Gayle M.
**Cc:** DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:** RE: Canter v Teachscape

Dear Gayle,

Thank you for your response and for speaking with me to try to reach an understanding about the issues you noted below.

Pursuant to our conversation, Plaintiffs are amenable to seeking a rescheduling of the motion hearings / CMC currently set for January 9, 2008 to January 23rd, so that they follow Plaintiffs' requested change of the due date for their amended complaint. With respect to Plaintiffs' request that the amend complaint's due date be January 21st, we note that this is a federal holiday and thus the courthouse will be closed. However, we can still e-file it that day (or if ECF is down, by noon the next day) and in any case we would deliver a physical copy to chambers by noon the next day per the Court's standing orders. Thus, both Teachscape and the Court would have the amended complaint in hand at the CMC. I believe this is in-keeping with your request that the current sequencing of due dates remains in place if Teachscape were to agree to changing the due date of the amended complaint.

Just to be clear, by indicating a willingness to seek a rescheduling of the motion hearings / CMC, we are not agreeing to your rationale as to why they must be moved. Instead, we are simply agreeing to the actual change in the schedule for our own scheduling purposes and in an effort to avoid filing an administrative motion. Please let us know if Teachscape is agreeable to the above proposal, so that we can draft a stipulation and proposed order seeking these changes.

On another note, I am confirming that we will not be issuing subpoenas to the Canter former employees named in Plaintiffs' complaint (i.e., Valerie Cameron, Anna Crupi, Barbara DeHart, Suddie Gossett, Melissa Jaivin, Hae Yung Kim, Stacey McNalley, Romario Pineda, Brenda Popo-Ostrow, Mike Soules, Chip Swalley and Simone Vilandre) at least until Plaintiffs' amended complaint is on file. I also appreciate your representation that these individuals have been informed that they are to retain and not destroy any document that may be relevant to this litigation. I also understand that, in light of my request for you to accept service on their behalf and my representation that subpoenas are not immediately forthcoming, you will further consult with these individuals to ascertain whether you may accept service of their subpoenas.

We look forward to your prompt response.

Regards,
Dan

**Daniel N. Kassabian** | Attorney | **HellerEhrman**LLP | 333 Bush Street | San Francisco, CA 94104

tel: +1.415.772.6098 | fax: +1.415.772.1796 | email: daniel.kassabian@hellerehrman.com | web: www.hellerehrman.com

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Wednesday, December 19, 2007 10:16 AM
**To:** Kassabian, Daniel N.
**Cc:** DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:** Canter v Teachscape

Dan--

I am writing in response to your two email requests from yesterday. I am open to discussing these requests with you, but I would like you to first clarify certain matters regarding them to enable us to both consider them in context and to be able to discuss them fully with our clients. As a preliminary matter, with respect to your email regarding the third party individuals you noted, we do represent them in connection with this matter. We certainly agree with your stated desire not to incur any additional unnecessary costs and/or inconvenience. You will recall we made that point continuously asking you to defer, without success, the discovery/motions your clients insisted on pursuing (e.g., initial disclosures/ protective order), until the Court ruled on our motion. Unfortunately, that request was not heeded and we incurred substantial unnecessary costs. Now, however, the Court has ruled and dismissed your complaint for lack of subject matter jurisdiction.

We are on the eve of holiday when both Sonnenschein lawyers on this matter as well as our clients will shortly become unavailable until after the new year. Under these circumstances, we need you to clarify why you asking whether we will accept service of numerous non-party subpoenas at this time, on the eve of a holiday, and when there is no complaint on file or jurisdiction over the dispute. We also ask that you clarify which individuals you intend to subpoena, when you intend to issue the subpoenas and for what dates. We will consider and discuss with our client your request for an extension of the Court deadline to file any amended complaint, although our initial reaction is that we do not think it appropriate for us to alter the Court's schedule, nor do we understand why an additional three weeks is necessary given that Heller has been aggressively filing motions and other litigation papers, and setting matters for hearing in this case without any impediment caused by Annette Hurst's trial.

I look forward to hearing from you and discussing these matters further.


Gayle
Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com




------------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code.  If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein.  In that event, each such

reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.

-------------------------------------------------------------------

================================================

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

================================================

**EXHIBIT C**

## DiMuzio, Elena M.

---

**From:**      Hurst, Annette L.

**Sent:**      Tuesday, December 04, 2007 12:03 PM

**To:**      Athanacio, Gayle M.; DiMuzio, Elena M.

**Cc:**      Kassabian, Daniel N.; Lepera, Christine

**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Please draft a stipulation.  Thanks.

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Tuesday, December 04, 2007 12:01 PM
**To:** Hurst, Annette L.; DiMuzio, Elena M.
**Cc:** Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

You are right, we all do have a lot of things to do.
Your proposal to allow me to keep my scheduled family time is appreciated and accepted. I'll put together a
simple stipulation unless you have put something together already (or simply want to renotice the hearings for Jan
9th).
Gayle


--------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not
the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any
attachment is prohibited. If you have received this e-mail in error, please notify us immediately by
returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any
subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the
Internal Revenue Code.  If the foregoing contains Federal tax advice and is distributed to a person other
than the addressee, each additional and subsequent reader hereof is notified that such advice should be
considered to have been written to support the promotion or marketing of the transaction or matter
addressed herein.  In that event, each such reader should seek advice from an independent tax advisor
with respect to the transaction or matter addressed herein based on the reader's particular circumstances.
--------------------------------------------------------------------

**From:** Hurst, Annette L. [mailto:Annette.Hurst@hellerehrman.com]
**Sent:** Tuesday, December 04, 2007 11:42 AM
**To:** Athanacio, Gayle M.; DiMuzio, Elena M.
**Cc:** Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

No.

Teachscape offered to serve initial disclosures on 10/31.  Enough is enough.  We all have a lot
of things to do.  I'm going to be in trial in Boston starting on Monday through the end of the
year so we need the full period for the replies.  My proposal is more than generous given the

circumstances, but I'm not willing to go any further.

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Tuesday, December 04, 2007 11:28 AM
**To:** Hurst, Annette L.; DiMuzio, Elena M.
**Cc:** Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Annette:
Thank you for your counterproposal.  My problem is that I have a dispositive motion set for hearing on Dec 12th (which is only one of three potentially dispositive motions being heard in the case that day) and will be out of the office much, if not all, of the day on Dec 12th.  Would it be possible to move the oppositions to Dec 13 or 14th and your replies to Dec 20th or 21st?

Gayle


------------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code.  If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein.  In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.
------------------------------------------------------------------------

**From:** Hurst, Annette L. [mailto:Annette.Hurst@hellerehrman.com]
**Sent:** Tuesday, December 04, 2007 11:17 AM
**To:** Athanacio, Gayle M.; DiMuzio, Elena M.
**Cc:** Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Gayle:

I believe the Court specifically ordered that briefing would occur on the original schedule. Thus, by our calculation, the opposition to the motion re initial disclosures is due tomorrow, and the opposition to the motion for protective order is due 12/12.  Our replies are due 12/12 and 12/19, respectively.

Your proposal doesn't work for us.  We're not willing to push reply briefs to 12/24. These oppositions are not difficult.  We'll agree you can serve both oppositions on 12/12 and we'll serve both replies on 12/19.  Hearing date on 1/9.  If that doesn't work for you, Teachscape will need to make a motion.

Annette

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Tuesday, December 04, 2007 10:54 AM
**To:** Hurst, Annette L.; DiMuzio, Elena M.
**Cc:** Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

By my calculations, the standard briefing schedule would be Oppositions due December 19th and reply due December 26th.
My proposal:
Opposition briefs due December 14th (Friday)
Reply briefs due December 24th (Monday)

-----------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code.  If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein.  In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.
-----------------------------------------------------------------------

**From:** Hurst, Annette L. [mailto:Annette.Hurst@hellerehrman.com]
**Sent:** Tuesday, December 04, 2007 10:35 AM
**To:** Athanacio, Gayle M.; DiMuzio, Elena M.
**Cc:** Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Please make your specific proposal regarding the motions and we'll consider it.

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Tuesday, December 04, 2007 9:52 AM
**To:** Hurst, Annette L.; DiMuzio, Elena M.
**Cc:** Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Annette:

 I am in receipt of your email. As to the matters at hand, the court is not aware that  the  Jan. 2nd hearing date is a problem for me.  It has now continued the hearing on the motion to compel initial disclosures to the afternoon of Jan 2nd , although your hearing on the protective

order is set for the morning.    Please let me know whether you will agree to move the hearing on both motions to Jan 9th or if you would prefer some other date.  If you will  please do me the courtesy of letting me know as soon as possible,  I would appreciate it as I will need to cancel my plans to take that week off to be with my family  in the event it is not changed.  In proposing the Jan 9th hearing date,  it was not my desire to interfere with any holiday plans you might have.  To the contrary, since you yourself noticed  a hearing for Dec 26th, I had no reason to believe a briefing schedule setting your reply for that same day would interfere with any holiday plans you had.  Of course, I would be amenable to altering the  briefing schedule so as not to interfere with your holiday.

Please let me know when we can expect to see your revisions/proposed changes to the joint case management conference statement.  You have had our initial proposal for weeks,  but we have never heard back from you on what, if any, additional changes/comments you have.  In this regard, please note the following should be changed.

   III Motions--I assume you will want to note Plaintiffs' pending motions

   IV Initial Disclosures--Revise please to delete language that read: "absent an order by this Court, Teachscape will serve its Rule 26 (a) initial disclosures on or before October 31, 2007." I understand that you take issue with our read of the order continuing the CMC as one that also moved the date for initial disclosures but that is how we interpreted the court's order.  In an effort to put an end to this debate (and of course, without conceding  either parties' position is correct), we would propose the following language:  "Absent an order from the court which concludes this court lacks jurisdiction, Teachscape will serve its Rule 26(a) initial disclosures on or before December 12, 2007." I understand this proposal is not what you demanded of Teachscape but I believe it is a reasonable solution.  If you agree, please advise.

 As always, I remain willing to discuss these (and any other matters) "live" (e.g., on the phone).

Gayle

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com

---------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the

Internal Revenue Code.  If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein.  In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.

----------------------------------------------------------------------

**From:** Hurst, Annette L. [mailto:Annette.Hurst@hellerehrman.com]
**Sent:** Monday, December 03, 2007 3:55 PM
**To:** Athanacio, Gayle M.; DiMuzio, Elena M.
**Cc:** Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Gayle:

It is Teachscape who is behaving inappropriately by flagrantly ignoring its discovery obligations without having obtained a stay of them.  If Teachscape is so convinced in the merit of its position, then it should have filed a motion to stay discovery.  It did not do so, and to the contrary, at our hearing before Judge Seeborg it was apparent that he expected that the parties would engage in at least limited discovery during this time period.  Instead, Teachscape has refused all requests, whether formal or informal, for information.

We do not intend to permit this case to languish by Teachscape's obstinate inaction.  We will proceed to litigate the case.   We did meet and confer with you, and you simply failed to respond.  When you fail to respond to our e-mails, I'm not sure how exactly it is we are supposed to take any action other than simply noticing our motion.

We are not going to agree to change the hearing date with a briefing schedule that has all of us working the last week of the year when that is precisely why you are seeking to move the hearing date.  If you want to propose a reasonable alternative schedule addressing this concern, please do.  Otherwise make your motion to continue the hearing date and we will respond to it in due course.

Finally, I'd appreciate it if you would take the tone down a notch or two, especially when dealing with junior associates.  The tone of your e-mails to my colleague is atrocious.

Sincerely yours,
Annette Hurst

**Annette Hurst** | Attorney | **Heller**Ehrman**LLP** | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6840 | fax: +1.415.772.1790 | email: annette.hurst@hellerehrman.com | web:
www.hellerehrman.com

--------------------------------------------------------------------------------

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Monday, December 03, 2007 3:31 PM
**To:** DiMuzio, Elena M.
**Cc:** Hurst, Annette L.; Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

 Elena--Unfortunately, the stipulation you propose is unacceptable and unnecessary.  The hearings should never have been set on the dates you unilaterally chose:

"**Before** selecting a hearing date for a motion before any judges of the San Jose Division, counsel **must** confer with opposing counsel to determine that the proposed hearing will not cause undue prejudice." San Jose Division Standing Order Regarding Case Management in Civil Cases, 1:20-21.

You never contacted me to discuss a hearing date for either of your motions. Had you done so, you would have known the dates are unacceptable. Indeed, setting the hearings for the day after Christmas and the day after New Years on its face appears designed to be harassing. Your effort to after the fact comply with this rule, and force Teachscape to work on motions while the Court continues to consider whether it even has jurisdiction in this case, is not appropriate. This is particularly true in light of the fact that the case management conference is currently set for December 19th, a week before your first motion is set to be heard, and two weeks before your second. The issues you raise in your motions can be addressed at the CMC.

As you apparently insist on proceeding with your motions, please renotice your motions for January 9th immediately. We will comply with the court mandated briefing schedule consistent with such a hearing date. In addition, please feel free to contact me (actually pick up the phone and talk to me) if you would like to truly "meet and confer" over your motions.

Gayle

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA 94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com

---

**From:** DiMuzio, Elena M. [mailto:Elena.DiMuzio@hellerehrman.com]
**Sent:** Monday, December 03, 2007 1:32 PM
**To:** Athanacio, Gayle M.
**Cc:** Hurst, Annette L.; Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Gayle:

Since you represent that neither you, Ms. Lepera, nor anyone else at your firm are available on Dec. 26 or January 2, we are willing to move the hearing date for both of our pending motions to January 9 while maintaining the briefing schedule presently in place. If you agree, please send a draft stipulation to that effect.

Sincerely,

**Elena DiMuzio** | Attorney | **Heller**Ehrman**LLP** | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6293 | fax: +1.415.772.1753 | email: elena.dimuzio@hellerehrman.com | web:
www.hellerehrman.com

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Friday, November 30, 2007 3:27 PM
**To:** DiMuzio, Elena M.

**Cc:** Hurst, Annette L.; Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Elena:
I am sorry that you insist on taking this position. We believe that it is your motion that is without merit. The joint case management conference statement (which has yet to be filed) will note the current difference of opinion as to the timing/appropriateness of Teachscape's initial disclosures based on its pending motion to dismiss. We fail to see the basis for your refusal to use this proper mechanism as the most effective and efficient manner to bring this matter to the Court's attention pursuant to Rule 26(f) . It appears that plaintiffs are engaging in unnecessary motion practice to unduly burden Teachscape and the Court.   We also do not understand, or appreciate, your effort to schedule motions one day after major holidays, Christmas and New Years.  We are not available on December 26, or Jan.2.

I am available on January 9, if you insist on pursuing your motion.

Gayle

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com

---

**From:** DiMuzio, Elena M. [mailto:Elena.DiMuzio@hellerehrman.com]
**Sent:** Friday, November 30, 2007 10:29 AM
**To:** Athanacio, Gayle M.
**Cc:** Hurst, Annette L.; Kassabian, Daniel N.; Lepera, Christine
**Subject:** RE: Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Gayle:

Your message raises a number of meritless objections with which Canter and Laureate wholly disagree.

Canter and Laureate will agree to withdraw the motion to compel when Teachscape makes its initial disclosures in accordance with Rule 26(a). Otherwise, our motion stands.

If you are unavailable for the hearing on December 26, we are willing to move the hearing date to January 2, 2008. Please advise if you, Ms. Lepera, or someone else from your firm is available on this date.

Sincerely,

**Elena DiMuzio** | Attorney | **Heller**Ehrman<sub>LLP</sub> | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6293 | fax: +1.415.772.1753 | email: elena.dimuzio@hellerehrman.com | web:
www.hellerehrman.com

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Thursday, November 29, 2007 12:55 PM
**To:** DiMuzio, Elena M.
**Cc:** Hurst, Annette L.; Kassabian, Daniel N.; Lepera, Christine
**Subject:** Canter v Teachscape--Plaintiffs' motion to compel initial disclosures

Elena--
I was astonished to read plaintiffs' motion to compel.  Your filing is inappropriate in several material respects.

1.  Your statement regarding compliance with the "meet and confer" requirements is false.  Sending me an email with an ultimatum--either agree to date certain for the initial disclosures or else Plaintiffs' will file a motion to compel-- does not constitute an effort to "meet and confer".  Further, you filed your motion before I had an opportunity to respond without further warning.

2.  As I have repeatedly informed your office (albeit not you directly as you are the most recent addition to Plaintiffs' counsel team), Teachscape believes any further activity in this case is premature and unwarranted in light of Teachscape's pending motion to dismiss.  This was clearly communicated to Plaintiffs' counsel during our many conversations and also during our Rule 26 conference.  In an good faith effort to minimize our differences, Teachscape agreed to provide initial disclosures (such as it could make based on Plaintiffs' operative complaint) consistent with the notion that the disclosures should be made on the same day as the filing of the joint CMC statement, which in turn was set by the court as being due a week before the actual CMC.  I made that offer before being hand served with a document request containing 80 separate document demands and FRCP 30 b 6 deposition notice that arguably asks for over 80 topics to be covered.

3.  The court on its own motion continued the CMC as well as the filing of the joint statement.  We believe that moves the date for any required initial disclosures.  To the extent you argue it does not, please note that we will stand on our prior objection that any activity in this case is premature with the motion to dismiss pending.  You can revise the CMC joint statement (which is still in draft form and which you have had for weeks) to reflect this.  We can then address the issue at the CMC (as we would have in any event as you will no doubt find some objection to whatever our initial disclosure reflects since we maintain that disclosure by Teachscape with the motion to dismiss pending is premature and inappropriate, particularly in light of the fact that other than the Marygrove relationship, Plaintiffs' complaint is completely devoid of "facts" to apprise Teachscape of what Plaintiffs have a reasonable basis on which to claim wrongdoing by Teachscape.

4.  You set the date for your hearing without consulting us. This is a violation of the SJ division's rules.  As I am sure will not surprise you, I have a problem with a hearing in San Jose the day after Christmas.

5.  You submitted a proposed order seeking attorneys fees.  This is not only a baseless request but one which is patently in violation of the rules of court for making such a request.

As the above reflects, we believe your motion is baseless.  We strongly encourage you to withdraw it.

Gayle


Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415.882.5077
cellular phone: 650.454.0933
facsimile: 415.882.0300
email: gathanacio@sonnenschein.com

------------------------------------------------------------------------

CONFIDENTIALITY NOTE:

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

IRS CIRCULAR 230 DISCLOSURE:

Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein. In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.

------------------------------------------------------------------------

==================================================

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

==================================================

------------------------------------------------------------------------

CONFIDENTIALITY NOTE:

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

IRS CIRCULAR 230 DISCLOSURE:

Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein. In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.

------------------------------------------------------------------------

==================================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

=================================================

-----------------------------------------------------------------------

CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not
the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any
attachment is prohibited. If you have received this e-mail in error, please notify us immediately by
returning it to the sender and delete this copy from your system. Thank you for your cooperation.

IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any
subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the
Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other
than the addressee, each additional and subsequent reader hereof is notified that such advice should be
considered to have been written to support the promotion or marketing of the transaction or matter
addressed herein. In that event, each such reader should seek advice from an independent tax advisor
with respect to the transaction or matter addressed herein based on the reader's particular
circumstances.
-----------------------------------------------------------------------

=================================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

=================================================

=================================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

=================================================

=================================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

================================================


================================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

================================================