GAYLE M. ATHANACIO (State Bar No. 130068)
CHRISTINE LEPERA (admitted *pro hac vice*)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: gathanacio@sonnenschein.com
Email: clepera@sonnenschein.com

Attorneys for Defendant
TEACHSCAPE, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANTER & ASSOCIATES, LLC, and LAUREATE EDUCATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TEACHSCAPE, INC., <br><br> Defendant. | Case No. C 07 3225 RS <br><br> **DEFENDANT TEACHSCAPE, INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CHANGE TIME TO FILE COMPLAINT; DECLARATION OF GAYLE M. ATHANACIO** |

## I. INTRODUCTION

On December 12, 2007, in the midst of a flurry of discovery related motion practice orchestrated by Plaintiffs during the holiday period over Teachscape's objection, this Court granted Teachscape's motion to dismiss and ordered that Plaintiffs must file any amended complaint within 20 days from the date of this Court's order. The Court, not Teachscape, set this date and schedule.

Plaintiffs' pending motion for an extension of that date—sought many days after the Court's decision—is a matter for this Court to decide. However, Teachscape greatly objects to the manner in which Plaintiffs present their request, and their wholly unjustifiable and inappropriate ad hominem attacks on its counsel. As shown herein, Teachscape reasonably, and politely, advised Plaintiffs that it could not agree to support Plaintiffs' request to alter the schedule set by this Court, particularly as Teachscape did not wish to sanction Plaintiffs' filing of another objectively baseless federal case. Teachscape did not say that it would aggressively object to any extension, although it did not see why one was necessary.

As the docket in this case will reflect, Plaintiffs have sought to bury Teachscape (and this Court) in unnecessary and premature motion practice, unilaterally setting hearing dates of December 26, 2007 and January 2, 2007, without regard for the Court's schedule, holidays, and without consultation in advance with Teachscape. This occurred notwithstanding that Plaintiffs' lead counsel, Annette Hurst, was apparently in trial during this time, and notwithstanding that their federal case was subject to a dismissal motion. Given this history and the expense it has incurred, Teachscape was and is concerned about Plaintiffs' assertion of meritless federal claims again. Teachscape submits that Plaintiffs should well have know that their federal claims were inadequate, and that it was unreasonable for Teachscape to have to incur substantial costs moving to dismiss and opposing discovery motions in what has now been confirmed by this Court's succinct decision as a deficient federal action based on a "guess."

1

DEFENDANT TEACHSCAPE, INC.'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO CHANGE TIME TO FILE AMENDED COMPLAINT
CASE NO. C 07-03225 RS

Since the Court's decision, Plaintiffs have not stopped their effort to have Teachscape needlessly incur costs. Thus, instead of addressing the substance of this Court's Order of dismissal, Plaintiffs chose instead to make further demands of Teachscape, most recently, to determine who they could serve subpoenas upon for discovery of numerous third-party individuals. While Plaintiffs apparently had time to do all this, and Ms. Hurst in particular, time to send a wholly inappropriate communication to Teachscape's counsel, Ms. Hurst has admitted that she has not even bothered to read this Court's short decision granting the motion to dismiss. (*See* Annette Hurst's email of December 20, 2007, Exhibit F to Declaration of Gayle M. Athanacio, attached hereto.)

Under all of these circumstances, Teachscape reasonably concluded it would not be appropriate to join in Plaintiffs' request to alter the Court ordered date for submission of any amended complaint. Plaintiffs' suggestion that this decision by Teachscape is sanctionable could not be more wrong.

As set forth below, and confirmed in the emails attached to Mr. Kassabian's declaration filed in support of Plaintiffs' motion, as well as one from Ms. Hurst which was omitted from Mr. Kassabian's declaration, Teachscape has afforded Plaintiffs professional courtesies at every turn. It intends to do so in the future. However, in this particular circumstance, where Plaintiffs have known for literally months of the defects in their complaint, and where Teachscape believes the defects cannot be cured, Teachscape simply could not agree to the stipulation Plaintiffs sought. Rather, Teachscape left the matter for the Court to decide. It does so now.

II. **DISCUSSION**

A.   Procedural Background

Teachscape filed a motion to dismiss which called into question this Court's jurisdiction. That motion was heard by this Court on September 26, 2007. During the hearing, this Court observed that Plaintiffs' copyright claims were deficient and further questioned the viability of Plaintiffs' Lanham Act claim when Plaintiffs did nothing more than complain that some

2

unspecified advertisement regarding Marygrove College's degree program was false and misleading when it was described as "updated."

Under these circumstances, Teachscape suggested to Plaintiffs that further activity in this case be deferred pending a ruling by this Court. Nonetheless, Teachscape reiterated its prior offer of an "apples to apples" exchange of allegedly infringing final Marygrove course material so that Plaintiffs' concerns could be easily assuaged. Plaintiffs refused this offer, threatened "scorched earth" litigation, and propounded extensive discovery.

A dispute arose as to the appropriateness and timeliness of Teachscape's initial disclosures and entry of Plaintiffs' proposed protective order. Making its position clear before, during and after the Rule 26 conference, Teachscape asked that these disputes be presented to the Court in the parties' joint Case Management Conference Statement and/or deferred pending a ruling by this Court on Teachscape's motion to dismiss. Plaintiffs refused.

Instead, Plaintiffs' noticed two motions without consulting Teachscape on the hearing dates: A motion to compel initial disclosures and a motion for entry of Plaintiffs' draft protective order. Despite Annette Hurst's trial schedule, Plaintiffs unilaterally set their motions for December 26, 2007 and January 2, 2008, respectively. Plaintiffs' refused to renotice their motions to a date acceptable to Teachscape and rather, forced Teachscape to prepare a stipulation and declaration to continue Plaintiffs' hearings and to expressly forgo the full amount of time allowable for its oppositions.[1]

On December 12, 2007, the same day that Plaintiffs insisted Teachscape file it oppositions to Plaintiffs' discovery motions and the day the parties' joint CMC statement was due, this Court issued its succinct Order granting Teachscape's motion to dismiss. Consistent with its observations at the hearing, the Court noted that Plaintiffs' copyright claim amounted to nothing more than a "guess" and their Lanham Act claim presented with no context. Noting that federal

---

[1] The full history of the parties interactions are set forth herein and in the Declaration of Gayle M. Athanacio in support of Teachscape's Oppositions to Plaintiffs' Motions to Compel and for Entry of Protective Order.

3

DEFENDANT TEACHSCAPE, INC.'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO CHANGE TIME TO FILE AMENDED COMPLAINT
CASE NO. C 07-03225 RS

jurisdiction was lacking in the absence of a "viable claim under federal law," the Court expressly ordered: "Plaintiffs shall file any amended complaint within 20 days of the date of this order."

### B. Plaintiffs' Request for An Extension

On the afternoon of December 18, 2007, Daniel Kassabian, counsel for Plaintiffs, contacted Teachscape for the first time to see if Teachscape would stipulate to ask the Court to allow Plaintiffs' nearly 3 additional weeks in which to file an amended complaint. The sole basis for this request was that Ms. Hurst's trial, which we had been previously told was scheduled to go through the end of the year, would possibly continue into January. Shortly before this request, Mr. Kassabian had inquired as to whether this firm would agree to accept service of third party subpoenas on nearly a dozen individuals. (*See* Exhibits A and B to the Declaration of Gayle M. Athanacio, attached hereto.)

As a professional courtesy, and in an attempt to better understand the basis for Plaintiffs' request, Teachscape's counsel engaged in discussions with Plaintiffs' counsel over the nature of their request. (*See* Exhibit C to Athanacio Dec.) Again, Plaintiffs' sole basis for the requested extension was Ms. Hurst's extended trial schedule. Thereafter, Plaintiffs' submitted their formal proposal for a stipulation. (*Id.*, 4-5, Exh. D.)

Ultimately, after re-examining the Court's order, which clearly identified the defects in Plaintiffs' complaint, and because Teachscape did not want to appear to be supporting any further meritless filing, Teachscape informed Plaintiffs' counsel that while it did not wish to burden them, it could not agree to join Plaintiffs' request for an extension of time in which to submit an amended complaint. Teachscape articulated the basis of its decision in an email. (*Id.*, Exh. E.)

Plaintiffs' counsel's response was astounding. While Plaintiffs submitted Mr. Kassabian's email, they neglect to refer to the email of Annette Hurst, the attorney whose schedule supposedly formed the basis for the requested extension, which was sent on December 20, 2007, within minutes of Mr. Kassabian's email. Ms. Hurst's email is attached as Exhibit F to the Athanacio Dec. Ms. Hurst's email speaks for itself. Yet a few observations are in order:

4

- Ms. Hurst ignores the undisputed fact that Plaintiffs' counsel (1) refused Teachscape's repeated prior offers to avoid all motion practice pending the Court's ruling on Teachscape's motion and/or the CMC in this case; (2) unilaterally noticed hearings for December 26, and January 2, despite her "trial"; (3) flatly refused to renotice Plaintiffs' hearings when advised of Teachscape's unavailability; and (4) told Teachscape to "make a motion" to continue the hearings if it did not acquiesce to her demand that Teachscape's oppositions all be due on December 12th. (*See* Kassabian Declaration in support of Plaintiffs' Administrative Motion Exhibit C, bottom of page 21 ("If that doesn't work for you, Teachscape will need to make a motion."))

- Ms. Hurst does not acknowledge that Teachscape fully explained its reasons for not being able to agree to a stipulation, but that it would, however, consider Plaintiffs' application and whether or not it would file any opposition.

- Ms. Hurst's open hostility when she states that Teachscape "can take it to the bank right now that you will never get another iota of consideration from us for you or your client's schedule in connection with the future litigation of this case."

- *Ms. Hurst admits she had not even read the Court's Order granting Teachscape's motion*, and thus had not considered it or given input to her clients, and thus tacitly acknowledged that there is no current basis for any amendment, which is exactly Teachscape's concern.

Plaintiffs' motion was filed within hours of Ms. Hurst's email.

As is evident by the record, Teachscape has not acted unreasonably or unprofessionally in this matter. Rather, it has acted consistent with its belief that the Court's order granting Teachscape's motion to dismiss is clear, that Plaintiffs' federal action was filed without proper basis or adequate investigation, and that any amendment would be similarly deficient. Consequently, while Teachscape has always tried to accommodate Plaintiffs' counsel's requests, it simply did not feel it appropriate to do so in this instance.

Fundamentally, Plaintiffs find themselves in the present predicament not as a result of anything Teachscape did or did not do, but rather as a direct result of their insistence in pursuing baseless federal claims and manufacturing discovery disputes. Teachscape respectfully submits that rather than spend time demanding discovery-related information from Teachscape, Plaintiffs

5

should have undertaken to evaluate this Court's order and the legitimate viability of their federal claims.

While Plaintiffs' unnecessary and overly litigious conduct played no role in Teachscape's decision in this instance, it is ironic indeed that Plaintiffs seek sanctions for vexatious litigation practice under 29 U.S.C. 1927 for Teachscape's simple choice of abiding by a Court ordered date. Plaintiffs' request for sanctions speaks volumes and demonstrates that Plaintiffs fail to appreciate their own conduct in this case.

### III. CONCLUSION

Teachscape's position in this case has remained constant: Neither the parties' nor this Court's time should be burdened with litigation practice until this Court has concluded whether jurisdiction over the controversy exists. Teachscape believes no amount of additional time can effectuate such jurisdiction or justify Plaintiffs' filing of a federal action. Nevertheless, to the extent this Court wishes to allow Plaintiffs more time in which to attempt to cure the defects of their complaint, Teachscape defers to this Court's judgment. Consequently, it has submitted herewith a proposed order presenting the Court with two options: deny Plaintiffs' motion, or grant the motion and continue the Case Management Conference and hearings on Plaintiffs' discovery motions until after any amended complaint is filed.

DATED: December 21, 2007         SONNENSCHEIN NATH & ROSENTHAL LLP

By:_____/S/_____
GAYLE M. ATHANACIO

Attorneys for Defendant
TEACHSCAPE, INC.

6

DEFENDANT TEACHSCAPE, INC.'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO CHANGE TIME TO FILE AMENDED COMPLAINT
CASE NO. C 07-03225 RS

## DECLARATION OF GAYLE M. ATHANACIO

I, Gayle M. Athanacio, declare as follows:

1.  I am an attorney at law duly admitted to practice before this Court and a partner of the law firm of Sonnenschein Nath & Rosenthal LLP, counsel of record for Defendant Teachscape, Inc. ("Teachscape"). I make this declaration in support of Teachscape's Response to Plaintiffs' Administrative Motion to Change Time to File Amended Complaint. I have personal knowledge of the matters set forth herein and could competently testify to them if called upon to do so.

2.  On December 18, 2007, Daniel Kassabian, counsel for Plaintiffs, contacted me to inquire as to whether Teachscape would agree to stipulate to ask the Court to allow Plaintiffs until January 21, 2007, in which to file their amended complaint. The basis for Mr. Kassabian's request was that Annette Hurst's trial, which was always expected to go to the end of the year, was now expected to continue into January 2008. Attached hereto as **Exhibit A** is a true and correct copy of Mr. Kassabian's December 18, 2007 email. Several hours before making this request (via an email sent at 10:41 pm December 17, 2007), Mr. Kassabian inquired whether this firm would be willing to accept service of subpoenas on nine individuals, not parties to this action. Attached hereto as **Exhibit B** is a true and correct copy of Mr. Kassabian's December 17, 2007 email regarding Plaintiffs' inquiry as to subpoenaing third parties.

3.  On December 19, 2007, I responded to Mr. Kassabian's inquiries regarding both the requested stipulation and his inquiry regarding Plaintiffs' apparent intent to subpoena at least nine third-parties in this case. Attached hereto as **Exhibit C** is a true and correct copy of my December 19, 2007 email.

4.  On December 19, 2007, Mr. Kassabian and I discussed Plaintiffs' request that Teachscape stipulate to ask the Court to grant Plaintiffs until January 21, in which to file their amended complaint. Throughout the course of our discussions, I made it clear that I was just trying to understand the rationale for Plaintiffs' request and the parameters of what Plaintiffs

7

DEFENDANT TEACHSCAPE, INC.'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO CHANGE TIME TO FILE AMENDED COMPLAINT
CASE NO. C 07-03225 RS

were proposing. In those discussions, Mr. Kassabian suggested that Plaintiffs were seeking only to move the date on which their amended complaint was due, but not the dates of their pending motions and scheduled Case Management Conference. I noted that this appeared contrary to timing of events as ordered by the Court and plainly contradictory to Teachscape's consistent position that this Court's jurisdiction was the matter that should be resolved first. Mr. Kassabian disagreed with my read of this Court's order, but suggested that Teachscape simply submit the stipulation extending Plaintiffs' filing deadline and let the Court sua sponte move other dates if it so desired. I objected to such a proposal as I believed it inappropriate and would potentially prejudice my client in this case. Thus, I informed Mr. Kassabian that I could not ever consider, let alone discuss with my client, any proposal by Plaintiffs if they sought to have their motions heard before any operative complaint was on file. Mr. Kassabian indicated he would contact Ms. Hurst and get back to me with further details as to what they were proposing.

5. On December 19, 2007, I received the email attached hereto as **Exhibit D** in which Plaintiffs set forth their proposal for a stipulation.

6. After giving the proposal due consideration, on December 20, 2007, I informed Plaintiffs' counsel that while I would always attempt to accommodate their schedules, under the unique circumstances of this matter, I could not agree to stipulate to asking the Court to allow Plaintiffs more than the 20 days already allotted in which to file an amended complaint. Attached hereto as **Exhibit E** is a true and correct copy of my December 20, 2007 email.

7. On December 20, 2007, in addition to an email from Mr. Kassabian, I received an email from Ms. Hurst, a true and correct copy of which is attached hereto as **Exhibit F**. I was taken aback by both the tone and substance of the email and shocked to read that Ms. Hurst had not even read this Court's order granting Teachscape's motion to dismiss. Before I could formulate a response, Plaintiffs filed the present motion.

8

DEFENDANT TEACHSCAPE, INC.'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO CHANGE TIME TO FILE AMENDED COMPLAINT
CASE NO. C 07-03225 RS

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 21st day of December, 2007, at San Francisco, California.

              /S/
            GAYLE M. ATHANACIO

27286242

9

DEFENDANT TEACHSCAPE, INC.'S RESPONSE TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO CHANGE TIME TO FILE AMENDED COMPLAINT
CASE NO. C 07-03225 RS