# EXHIBIT A

## Athanacio, Gayle M.

**From:**    Kassabian, Daniel N. [Daniel.Kassabian@hellerehrman.com]
**Sent:**    Tuesday, December 18, 2007 3:05 PM
**To:**      Athanacio, Gayle M.
**Cc:**      Hurst, Annette L.; DiMuzio, Elena M.; Lepera, Christine
**Subject:** Canter v. Teachscape: request for extension to file amended complaint

Dear Gayle,

Per the voice-mail I just left for you, I am writing to request a stipulation to extend the deadline for Plaintiffs to file their amended complaint to January 21, 2008. As I've noted in recent conversations, Annette Hurst is currently in trial in Boston. That trial is running longer than originally scheduled. It is now expected to continue past the first week of January, and thus beyond the current deadline for the filing of the amended complaint.

In light of the professional courtesies extended in the past to accommodate counsel's schedules, I would appreciate your agreement to the above request.

We look forward to your prompt response.

Regards,
Dan

**Daniel N. Kassabian** | Attorney | **HellerEhrman**LLP | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6098 | fax: +1.415.772.1796 | email: daniel.kassabian@hellerehrman.com | web:
www.hellerehrman.com

================================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

================================================

# EXHIBIT B

## Athanacio, Gayle M.

**From:**    Kassabian, Daniel N. [Daniel.Kassabian@hellerehrman.com]
**Sent:**    Monday, December 17, 2007 10:41 PM
**To:**    Athanacio, Gayle M.
**Cc:**    Lepera, Christine; Hurst, Annette L.; DiMuzio, Elena M.
**Subject:** RE: Canter and Laureate v. Teachscape

Gayle,

Thank you for responding and identifying who is represented by Marygrove's counsel. With respect to the other individuals, however, I write to seek clarification.

Both Ms. Lepera's letter to Ms. Hurst back in February and your e-mail below indicate that Sonnenschein "would be" representing Valerie Cameron, Anna Crupi, Barbara DeHart, Suddie Gossett, Stacey McNalley, Romario Pineda, Brenda Popo-Ostrow, Chip Swalley and Simone Vilandre. Please confirm whether or not Sonnenschein currently is representing these individuals. If it is, and I'm just misunderstanding your e-mail, then please let us know if you are willing to accept service of subpoenas on these individuals' behalf. Requiring us to personally serve these individuals would not only result in unnecessary cost, but it also may inconvenience these persons.

If you have any questions, please do not hesitate to call me.

Regards,
Dan

**Daniel N. Kassabian** | Attorney | **HellerEhrman**LLP | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6098 | fax: +1.415.772.1796 | email: daniel.kassabian@hellerehrman.com | web:
www.hellerehrman.com

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Monday, December 17, 2007 11:45 AM
**To:** DiMuzio, Elena M.
**Cc:** Lepera, Christine; Kassabian, Daniel N.; Hurst, Annette L.
**Subject:** RE: Canter and Laureate v. Teachscape

Elena:

Prior to the filing of Plaintiffs' litigation, Annette Hurst wrote to Christine Lepera and asked (in addition to making numerous demands) whether Sonnenschein would be representing Melissa Jaivin, Hae Yung Kim, Mike Soules, as well as the following individuals on your email list below: Valerie Cameron, Anna Crupi, Barbara DeHart, Suddie Gossett, Stacey McNalley, Romario Pineda, Brenda Popo-Ostrow, Chip Swalley and Simone Vilandre in connection with the dispute of which she complained. (Please refer to Annette Hurst's February 9, 2007 letter to Christine Lepera.) While we had never been provided with any information or documentation which would support Canter/Laureate's claims, Christine Lepera responded to Annette Hurst on February 20, 2007 and advised that we would be representing all of these individuals. This remains the case, although there continues to be no basis articulated for your clients' allegations against these individuals and/or Teachscape.

We do not represent Marygrove or those "Marygrove personnel" listed in plaintiffs' initial disclosures and included in your list below, namely: Lynn Bernardi, Victoria Bigelow, Brenda Bryant, Esther Coleman, Alfred Cooke, Jo Ann Cusmano, Barbara Dawson, Pamela Loyd, Annette McDole, Diane Milstein, Gayle Reynolds and Kurt Smith. Marygrove is represented by counsel in connection with this dispute. Accordingly, we have forwarded your communication below to Marygrove's counsel, Leland Barringer at Miller Canfield, so that you may direct any inquiries relating to this dispute that involve Marygrove's employees to him at the following contact information:

Leland Barringer
Miller Canfield
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
tel: 313-496-7502


I believe this covers all of the individuals listed below.  Please let me know immediately if I have missed anyone.

Gayle


Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com



---------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code.  If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein.  In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.
---------------------------------------------------------------------

**From:** DiMuzio, Elena M. [mailto:Elena.DiMuzio@hellerehrman.com]
**Sent:** Friday, December 14, 2007 2:35 PM
**To:** Athanacio, Gayle M.
**Cc:** Lepera, Christine; Kassabian, Daniel N.; Hurst, Annette L.
**Subject:** Canter and Laureate v. Teachscape

Dear Gayle:

Pursuant to our request at the Rule 26(f) conference, please indicate if you represent any of Canter and Laureate's former employees, or Marygrove personnel, listed in the Plaintiffs' initial disclosures but not listed in Defendant's initial disclosures:

Lynn Bernardi
Victoria Bigelow
Brenda Bryant
Valerie Cameron
Esther Coleman
Alfred Cooke
Anna Crupi
Jo Ann Cusmano
Barbara Dawson
Barbara DeHart
Suddie Gossett
Pamela Loyd
Annette McDole
Stacey McNalley
Diane Milstein
Romario Pineda
Brenda Pope-Ostrow
Gayle Reynolds
Kurt Smith
Chip Swalley
Simone Vilandre

We would appreciate a response by the close of business on Monday, December 17.

Thanks.

**Elena DiMuzio** | Attorney | HellerEhrmanLLP | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6293 | fax: +1.415.772.1753 | email: elena.dimuzio@hellerehrman.com | web:
www.hellerehrman.com

========================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

========================================

========================================

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

=================================================

# EXHIBIT C

**Athanacio, Gayle M.**

| | |
|---|---|
| **From:** | Athanacio, Gayle M. |
| **Sent:** | Wednesday, December 19, 2007 10:16 AM |
| **To:** | Kassabian, Daniel N. |
| **Cc:** | DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine |
| **Subject:** | Canter v Teachscape |

Dan--

I am writing in response to your two email requests from yesterday. I am open to discussing these requests with you, but I would like you to first clarify certain matters regarding them to enable us to both consider them in context and to be able to discuss them fully with our clients. As a preliminary matter, with respect to your email regarding the third party individuals you noted, we do represent them in connection with this matter. We certainly agree with your stated desire not to incur any additional unnecessary costs and/or inconvenience. You will recall we made that point continuously asking you to defer, without success, the discovery/motions your clients insisted on pursuing (e.g., initial disclosures/ protective order), until the Court ruled on our motion. Unfortunately, that request was not heeded and we incurred substantial unnecessary costs. Now, however, the Court has ruled and dismissed your complaint for lack of subject matter jurisdiction.

We are on the eve of holiday when both Sonnenschein lawyers on this matter as well as our clients will shortly become unavailable until after the new year. Under these circumstances, we need you to clarify why you asking whether we will accept service of numerous non-party subpoenas at this time, on the eve of a holiday, and when there is no complaint on file or jurisdiction over the dispute. We also ask that you clarify which individuals you intend to subpoena, when you intend to issue the subpoenas and for what dates. We will consider and discuss with our client your request for an extension of the Court deadline to file any amended complaint, although our initial reaction is that we do not think it appropriate for us to alter the Court's schedule, nor do we understand why an additional three weeks is necessary given that Heller has been aggressively filing motions and other litigation papers, and setting matters for hearing in this case without any impediment caused by Annette Hurst's trial.

I look forward to hearing from you and discussing these matters further.


Gayle

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com

# EXHIBIT D

## Athanacio, Gayle M.

**From:** Kassabian, Daniel N. [Daniel.Kassabian@hellerehrman.com]
**Sent:** Wednesday, December 19, 2007 1:13 PM
**To:** Athanacio, Gayle M.
**Cc:** DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:** RE: Canter v Teachscape

Dear Gayle,

Thank you for your response and for speaking with me to try to reach an understanding about the issues you noted below.

Pursuant to our conversation, Plaintiffs are amenable to seeking a rescheduling of the motion hearings / CMC currently set for January 9, 2008 to January 23rd, so that they follow Plaintiffs' requested change of the due date for their amended complaint. With respect to Plaintiffs' request that the amend complaint's due date be January 21st, we note that this is a federal holiday and thus the courthouse will be closed. However, we can still e-file it that day (or if ECF is down, by noon the next day) and in any case we would deliver a physical copy to chambers by noon the next day per the Court's standing orders. Thus, both Teachscape and the Court would have the amended complaint in hand at the CMC. I believe this is in-keeping with your request that the current sequencing of due dates remains in place if Teachscape were to agree to changing the due date of the amended complaint.

Just to be clear, by indicating a willingness to seek a rescheduling of the motion hearings / CMC, we are not agreeing to your rationale as to why they must be moved. Instead, we are simply agreeing to the actual change in the schedule for our own scheduling purposes and in an effort to avoid filing an administrative motion. Please let us know if Teachscape is agreeable to the above proposal, so that we can draft a stipulation and proposed order seeking these changes.

On another note, I am confirming that we will not be issuing subpoenas to the Canter former employees named in Plaintiffs' complaint (i.e., Valerie Cameron, Anna Crupi, Barbara DeHart, Suddie Gossett, Melissa Jaivin, Hae Yung Kim, Stacey McNalley, Romario Pineda, Brenda Popo-Ostrow, Mike Soules, Chip Swalley and Simone Vilandre) at least until Plaintiffs' amended complaint is on file. I also appreciate your representation that these individuals have been informed that they are to retain and not destroy any document that may be relevant to this litigation. I also understand that, in light of my request for you to accept service on their behalf and my representation that subpoenas are not immediately forthcoming, you will further consult with these individuals to ascertain whether you may accept service of their subpoenas.

We look forward to your prompt response.

Regards,

Dan


**Daniel N. Kassabian** | Attorney | **HellerEhrman**LLP | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6098 | fax: +1.415.772.1796 | email: daniel.kassabian@hellerehrman.com | web:
www.hellerehrman.com

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Wednesday, December 19, 2007 10:16 AM
**To:** Kassabian, Daniel N.
**Cc:** DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:** Canter v Teachscape

Dan--
I am writing in response to your two email requests from yesterday. I am open to discussing these requests with
you, but I would like you to first clarify certain matters regarding them to enable us to both consider them in
context and to be able to discuss them fully with our clients. As a preliminary matter, with respect to your email
regarding the third party individuals you noted, we do represent them in connection with this matter. We certainly
agree with your stated desire not to incur any additional unnecessary costs and/or inconvenience. You will recall
we made that point continuously asking you to defer, without success, the discovery/motions your clients insisted
on pursuing (e.g., initial disclosures/ protective order), until the Court ruled on our motion. Unfortunately, that
request was not heeded and we incurred substantial unnecessary costs. Now, however, the Court has ruled and
dismissed your complaint for lack of subject matter jurisdiction.

We are on the eve of holiday when both Sonnenschein lawyers on this matter as well as our clients will shortly
become unavailable until after the new year. Under these circumstances, we need you to clarify why you asking
whether we will accept service of numerous non-party subpoenas at this time, on the eve of a holiday, and when
there is no complaint on file or jurisdiction over the dispute. We also ask that you clarify which individuals you
intend to subpoena, when you intend to issue the subpoenas and for what dates. We will consider and discuss
with our client your request for an extension of the Court deadline to file any amended complaint, although our
initial reaction is that we do not think it appropriate for us to alter the Court's schedule, nor do we understand why
an additional three weeks is necessary given that Heller has been aggressively filing motions and other litigation
papers, and setting matters for hearing in this case without any impediment caused by Annette Hurst's trial.

I look forward to hearing from you and discussing these matters further.

Gayle
Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com


------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not

the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

IRS CIRCULAR 230 DISCLOSURE:

Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code.  If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein.  In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

================================================

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

================================================

12/21/2007

# EXHIBIT E

## Athanacio, Gayle M.

**From:**    Athanacio, Gayle M.
**Sent:**    Thursday, December 20, 2007 11:47 AM
**To:**    'Kassabian, Daniel N.'
**Cc:**    DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:**    RE: Canter v Teachscape

Dan,

Thank you for your email clarifying Plaintiffs' position with regard to their request that Teachscape stipulate to extend the time in which Plaintiffs may file an amended complaint.  While it is always our practice and intent to accommodate counsel whenever possible, we simply cannot agree to ask the Court to allow Plaintiffs more time in which to file an amended complaint. Our reasoning is straightforward.

I re-reviewed the Court's order granting Teachscape's motion to dismiss with leave to amend.  In that order, the Court clearly stated "Plaintiffs shall file any amended complaint within 20 days of the date of this order."  We do not think it appropriate for Teachscape to suggest to the Court that an amendment be filed at a later time than ordered. Our position has been consistent throughout this litigation. Plaintiffs have no valid basis on which to bring this federal action. The Court agreed. Teachscape believes that no amount of additional time will change this fact. To stipulate to allow Plaintiffs additional time to amend their complaint, suggests that the complaint can be cured.  We believe it cannot .

 Further, while we appreciate your offer to move the CMC and hearing dates on your pending motions, your express disagreement noted below for the rationale for moving these dates (so that the Court and parties will have the benefit of seeing Plaintiffs' amended complaint before ruling on any motions or deciding any case management issues) suggests that we will have to agree to disagree on this.  Again, the Court's order not only specified a maximum of 20 days in which Plaintiffs could file an amended complaint, but also continued the CMC to January 9 "to be held immediately following certain discovery motions."  We find the Court's order consistent with our understanding and more importantly, do not feel it appropriate for us to agree to a further continuance of what the Court has expressly ordered.

We appreciate the burdens of trial and take at face value your representations that Annette's trial, which was expected to go through the end of the year, may now go into the first or second week of January. We do not wish to add to her or your burden. But we simply cannot agree to extend the time limit the Court deliberately set for Plaintiffs to file their amended complaint.

Under these unique circumstances, we believe the appropriate course is for Plaintiffs to seek the extension from the Court  and ultimately, let the Court decide.  We will review your request and determine whether any opposition would be appropriate.  As you may recall, this is precisely what you required of Teachscape when we had our "meet and confer" over the viability of Plaintiffs' initial complaint.  While we had a lengthy conversation in which Teachscape outlined the bases for our objections to Plaintiffs' complaint, Plaintiffs insisted that Teachscape file a formal motion to dismiss which you  (and the Court)  would then consider.

Please do not hesitate to contact me if you have any questions, or would like to discuss the matter further.

Gayle

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415.882.5077
facsimile: 415.882.0300
email: gathanacio@sonnenschein.com

**From:** Kassabian, Daniel N. [mailto:Daniel.Kassabian@hellerehrman.com]
**Sent:** Wednesday, December 19, 2007 1:13 PM
**To:** Athanacio, Gayle M.
**Cc:** DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:** RE: Canter v Teachscape

Dear Gayle,

Thank you for your response and for speaking with me to try to reach an understanding about the issues you noted below.

Pursuant to our conversation, Plaintiffs are amenable to seeking a rescheduling of the motion hearings / CMC currently set for January 9, 2008 to January 23rd, so that they follow Plaintiffs' requested change of the due date for their amended complaint. With respect to Plaintiffs' request that the amend complaint's due date be January 21st, we note that this is a federal holiday and thus the courthouse will be closed. However, we can still e-file it that day (or if ECF is down, by noon the next day) and in any case we would deliver a physical copy to chambers by noon the next day per the Court's standing orders. Thus, both Teachscape and the Court would have the amended complaint in hand at the CMC. I believe this is in-keeping with your request that the current sequencing of due dates remains in place if Teachscape were to agree to changing the due date of the amended complaint.

Just to be clear, by indicating a willingness to seek a rescheduling of the motion hearings / CMC, we are not agreeing to your rationale as to why they must be moved. Instead, we are simply agreeing to the actual change in the schedule for our own scheduling purposes and in an effort to avoid filing an administrative motion. Please let us know if Teachscape is agreeable to the above proposal, so that we can draft a stipulation and proposed order seeking these changes.

On another note, I am confirming that we will not be issuing subpoenas to the Canter former employees named in Plaintiffs' complaint (i.e., Valerie Cameron, Anna Crupi, Barbara DeHart, Suddie Gossett, Melissa Jaivin, Hae Yung Kim, Stacey McNalley, Romario Pineda, Brenda Popo-Ostrow, Mike Soules, Chip Swalley and Simone Vilandre) at least until Plaintiffs' amended complaint is on file. I also appreciate your representation that these individuals have been informed that they are to retain and not destroy any document that may be relevant to this litigation. I also understand that, in light of my request for you to accept service on their behalf and my representation that subpoenas are not immediately forthcoming, you will further consult with these individuals to ascertain whether you may accept service of their subpoenas.

We look forward to your prompt response.

Regards,
Dan

**Daniel N. Kassabian** | Attorney | HellerEhrman LLP | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6098 | fax: +1.415.772.1796 | email: daniel.kassabian@hellerehrman.com | web:
www.hellerehrman.com

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Wednesday, December 19, 2007 10:16 AM
**To:** Kassabian, Daniel N.
**Cc:** DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:** Canter v Teachscape

Dan--
I am writing in response to your two email requests from yesterday. I am open to discussing these requests with you, but I would like you to first clarify certain matters regarding them to enable us to both consider them in context and to be able to discuss them fully with our clients. As a preliminary matter, with respect to your email regarding the third party individuals you noted, we do represent them in connection with this matter. We certainly agree with your stated desire not to incur any additional unnecessary costs and/or inconvenience. You will recall we made that point continuously asking you to defer, without success, the discovery/motions your clients insisted on pursuing (e.g., initial disclosures/ protective order), until the Court ruled on our motion. Unfortunately, that request was not heeded and we incurred substantial unnecessary costs. Now, however, the Court has ruled and dismissed your complaint for lack of subject matter jurisdiction.

We are on the eve of holiday when both Sonnenschein lawyers on this matter as well as our clients will shortly become unavailable until after the new year. Under these circumstances, we need you to clarify why you asking whether we will accept service of numerous non-party subpoenas at this time, on the eve of a holiday, and when there is no complaint on file or jurisdiction over the dispute. We also ask that you clarify which individuals you intend to subpoena, when you intend to issue the subpoenas and for what dates. We will consider and discuss with our client your request for an extension of the Court deadline to file any amended complaint, although our initial reaction is that we do not think it appropriate for us to alter the Court's schedule, nor do we understand why an additional three weeks is necessary given that Heller has been aggressively filing motions and other litigation papers, and setting matters for hearing in this case without any impediment caused by Annette Hurst's trial.

I look forward to hearing from you and discussing these matters further.

Gayle
Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com

--------------------------------------------------------------------

CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by

returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein. In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.
-----------------------------------------------------------------------

================================================

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

================================================

# EXHIBIT F

**Athanacio, Gayle M.**

| | |
|---|---|
| **From:** | Hurst, Annette L. [Annette.Hurst@hellerehrman.com] |
| **Sent:** | Thursday, December 20, 2007 12:39 PM |
| **To:** | Athanacio, Gayle M.; Kassabian, Daniel N. |
| **Cc:** | DiMuzio, Elena M.; Lepera, Christine |
| **Subject:** | RE: Canter v Teachscape |
| **Importance:** | High |

Gayle:

As you know, I am in trial in Boston and have been for the last two weeks.  I have not even had a chance to read the Court's order yet.  I will continue to be in trial for the entire first week of January.  Next week I am celebrating Christmas with my family, and I am unavailable during that week.  As you also know, I am lead trial counsel in this matter and my input and advice is required for the client in connection with its consideration of amendment of the pleadings.  I cannot give adequate input and advice while I am in trial in another matter.  Moreover, our client is unavailable as well.

Accordingly, you were and are in receipt of a notice of counsel's unavailability for the period.  Under California law, it would be sanctionable conduct to notice anything during this period of time.  Your refusal to stipulate to an extension of the Court's deadline, thus forcing us to make a motion is likewise unconscionable.  This is especially true when we just agreed to an extension of time to accommodate your schedule with respect to the two motion hearings.

You should be ashamed of yourself.  And just to be clear, if you persist in this course of action and force us to make a motion in order to celebrate Christmas with our families unburdened by this pleading, you can take it to the bank right now that you will never get another iota of consideration from us for you or your client's schedule in connection with the future litigation of this case.

Sincerely,
Annette Hurst

**Annette Hurst** | Attorney | **HellerEhrman**LLP | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6840 | fax: +1.415.772.1790 | email: annette.hurst@hellerehrman.com | web:
www.hellerehrman.com

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Thursday, December 20, 2007 2:47 PM
**To:** Kassabian, Daniel N.
**Cc:** DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:** RE: Canter v Teachscape

Dan,

Thank you for your email clarifying Plaintiffs' position with regard to their request that Teachscape stipulate to extend the time in which Plaintiffs may file an amended complaint.  While it is always our practice and intent to accommodate counsel whenever possible, we simply cannot agree to ask the Court to allow Plaintiffs more time

in which to file an amended complaint. Our reasoning is straightforward.

I re-reviewed the Court's order granting Teachscape's motion to dismiss with leave to amend. In that order, the Court clearly stated "Plaintiffs shall file any amended complaint within 20 days of the date of this order." We do not think it appropriate for Teachscape to suggest to the Court that an amendment be filed at a later time than ordered. Our position has been consistent throughout this litigation. Plaintiffs have no valid basis on which to bring this federal action. The Court agreed. Teachscape believes that no amount of additional time will change this fact. To stipulate to allow Plaintiffs additional time to amend their complaint, suggests that the complaint can be cured. We believe it cannot .

 Further, while we appreciate your offer to move the CMC and hearing dates on your pending motions, your express disagreement noted below for the rationale for moving these dates (so that the Court and parties will have the benefit of seeing Plaintiffs' amended complaint before ruling on any motions or deciding any case management issues) suggests that we will have to agree to disagree on this. Again, the Court's order not only specified a maximum of 20 days in which Plaintiffs could file an amended complaint, but also continued the CMC to January 9 "to be held immediately following certain discovery motions." We find the Court's order consistent with our understanding and more importantly, do not feel it appropriate for us to agree to a further continuance of what the Court has expressly ordered.

We appreciate the burdens of trial and take at face value your representations that Annette's trial, which was expected to go through the end of the year, may now go into the first or second week of January. We do not wish to add to her or your burden. But we simply cannot agree to extend the time limit the Court deliberately set for Plaintiffs to file their amended complaint.

Under these unique circumstances, we believe the appropriate course is for Plaintiffs to seek the extension from the Court and ultimately, let the Court decide. We will review your request and determine whether any opposition would be appropriate. As you may recall, this is precisely what you required of Teachscape when we had our "meet and confer" over the viability of Plaintiffs' initial complaint. While we had a lengthy conversation in which Teachscape outlined the bases for our objections to Plaintiffs' complaint, Plaintiffs insisted that Teachscape file a formal motion to dismiss which you (and the Court) would then consider.

Please do not hesitate to contact me if you have any questions, or would like to discuss the matter further.

Gayle

Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415.882.5077
facsimile: 415.882.0300
email: gathanacio@sonnenschein.com

-------------------------------------------------------------------------
CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.
IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code.  If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be

considered to have been written to support the promotion or marketing of the transaction or matter addressed herein. In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.

---------------------------------------------------------------------------

**From:** Kassabian, Daniel N. [mailto:Daniel.Kassabian@hellerehrman.com]
**Sent:** Wednesday, December 19, 2007 1:13 PM
**To:** Athanacio, Gayle M.
**Cc:** DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:** RE: Canter v Teachscape

Dear Gayle,

Thank you for your response and for speaking with me to try to reach an understanding about the issues you noted below.

Pursuant to our conversation, Plaintiffs are amenable to seeking a rescheduling of the motion hearings / CMC currently set for January 9, 2008 to January 23rd, so that they follow Plaintiffs' requested change of the due date for their amended complaint. With respect to Plaintiffs' request that the amend complaint's due date be January 21st, we note that this is a federal holiday and thus the courthouse will be closed. However, we can still e-file it that day (or if ECF is down, by noon the next day) and in any case we would deliver a physical copy to chambers by noon the next day per the Court's standing orders. Thus, both Teachscape and the Court would have the amended complaint in hand at the CMC. I believe this is in-keeping with your request that the current sequencing of due dates remains in place if Teachscape were to agree to changing the due date of the amended complaint.

Just to be clear, by indicating a willingness to seek a rescheduling of the motion hearings / CMC, we are not agreeing to your rationale as to why they must be moved. Instead, we are simply agreeing to the actual change in the schedule for our own scheduling purposes and in an effort to avoid filing an administrative motion. Please let us know if Teachscape is agreeable to the above proposal, so that we can draft a stipulation and proposed order seeking these changes.

On another note, I am confirming that we will not be issuing subpoenas to the Canter former employees named in Plaintiffs' complaint (i.e., Valerie Cameron, Anna Crupi, Barbara DeHart, Suddie Gossett, Melissa Jaivin, Hae Yung Kim, Stacey McNalley, Romario Pineda, Brenda Popo-Ostrow, Mike Soules, Chip Swalley and Simone Vilandre) at least until Plaintiffs' amended complaint is on file. I also appreciate your representation that these individuals have been informed that they are to retain and not destroy any document that may be relevant to this litigation. I also understand that, in light of my request for you to accept service on their behalf and my representation that subpoenas are not immediately forthcoming, you will further consult with these individuals to ascertain whether you may accept service of their subpoenas.

We look forward to your prompt response.

Regards,
Dan


**Daniel N. Kassabian** | Attorney | **HellerEhrman**ᴸᴸᴾ | 333 Bush Street | San Francisco, CA 94104
tel: +1.415.772.6098 | fax: +1.415.772.1796 | email: daniel.kassabian@hellerehrman.com | web:
www.hellerehrman.com

---

**From:** Athanacio, Gayle M. [mailto:gathanacio@sonnenschein.com]
**Sent:** Wednesday, December 19, 2007 10:16 AM
**To:** Kassabian, Daniel N.
**Cc:** DiMuzio, Elena M.; Hurst, Annette L.; Lepera, Christine
**Subject:** Canter v Teachscape

Dan--
I am writing in response to your two email requests from yesterday. I am open to discussing these requests with you, but I would like you to first clarify certain matters regarding them to enable us to both consider them in context and to be able to discuss them fully with our clients. As a preliminary matter, with respect to your email regarding the third party individuals you noted, we do represent them in connection with this matter. We certainly agree with your stated desire not to incur any additional unnecessary costs and/or inconvenience. You will recall we made that point continuously asking you to defer, without success, the discovery/motions your clients insisted on pursuing (e.g., initial disclosures/ protective order), until the Court ruled on our motion. Unfortunately, that request was not heeded and we incurred substantial unnecessary costs. Now, however, the Court has ruled and dismissed your complaint for lack of subject matter jurisdiction.

We are on the eve of holiday when both Sonnenschein lawyers on this matter as well as our clients will shortly become unavailable until after the new year. Under these circumstances, we need you to clarify why you asking whether we will accept service of numerous non-party subpoenas at this time, on the eve of a holiday, and when there is no complaint on file or jurisdiction over the dispute. We also ask that you clarify which individuals you intend to subpoena, when you intend to issue the subpoenas and for what dates. We will consider and discuss with our client your request for an extension of the Court deadline to file any amended complaint, although our initial reaction is that we do not think it appropriate for us to alter the Court's schedule, nor do we understand why an additional three weeks is necessary given that Heller has been aggressively filing motions and other litigation papers, and setting matters for hearing in this case without any impediment caused by Annette Hurst's trial.

I look forward to hearing from you and discussing these matters further.

Gayle
Gayle M. Athanacio
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th floor
San Francisco, CA  94105-2708
direct dial: 415-882-5077
facsimile: 415-882-0300
email: gathanacio@sonnenschein.com

---

CONFIDENTIALITY NOTE:

12/21/2007

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation. IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code.  If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein.  In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.
----------------------------------------------------------------------

================================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

================================================

================================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

================================================