*E-FILED 1/22/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC, et al., | NO. C 07-3225 RS |
| Plaintiffs, | **ORDER RE DISCOVERY DISPUTES** |
| v. | |
| TEACHSCAPE, INC., | |
| Defendant. | |

I. INTRODUCTION

Plaintiff Laureate Education, Inc. and its subsidiary, plaintiff Canter & Associates, LLC (collectively "Canter") moved to compel defendant Teachscape, Inc to make its initial disclosures under Rule 26 of the Federal Rules of Civil Procedure. Teachscape served those disclosures the same day it filed its opposition to the motion; the only question remaining, therefore, is whether Teachscape was substantially justified in refusing to make those disclosures at an earlier time. For the reasons set forth below, the Court concludes that Teachscape was mistaken in its view of when initial disclosures were due, but that it did not act in a manner that would support imposing

1

sanctions.[1] Canter's further motion seeking entry of a protective order to govern the production of confidential information in this action will be denied without prejudice, and the parties will be directed to renew their efforts to reach an agreement as to the form of such an order.

## II. DISCUSSION

### A. Initial Disclosures

There appears to be no dispute that Teachscape was reluctant to provide initial disclosures in this action (or to engage in other discovery) based in part on its belief that there is no basis for federal jurisdiction over this controversy. Teachscape initially proposed that it would *object* to providing initial disclosures on grounds that they would not be "appropriate in this action." Rule 26 (a) (1) (C) expressly permits a party to make such an objection "in the proposed discovery plan," and, when such objection is made, the rule provides that *the Court* "must determine what disclosures, if any, are to be made and must set the time for the disclosures." Thus, Teachscape would have been within its rights to refuse to make any initial disclosures until obtaining a court ruling on the validity of its objections that proceeding with initial disclosures would be inappropriate under the particular circumstances of this action.[2]

Teachscape ultimately chose not to seek a court ruling on its objection that initial disclosures

---

[1] Canter has not moved for sanctions. As Canter appears to recognize, under Civil Local Rule 7-8, it would have to do so via separately-noticed motion. Canter's reply brief, however, expressly requests a determination at this juncture as to whether Teachscape's conduct was substantially justified. While that determination ordinarily would be made only in the context of a sanctions motion, the parties will not be put to the expense and burden of briefing such a motion, given the Court's view that sanctions are not warranted.

[2] This does not mean, however, that a party may avoid its initial disclosure obligations by interposing a *frivolous* objection. While such an objection might technically excuse the initial disclosure obligation until a court ruling issues, the assertion of a frivolous objection will have consequences. In this instance, it is unlikely that the Court would have accepted an argument that initial disclosures could be delayed until federal jurisdiction is established. The pendency of a motion to dismiss almost never serves to excuse compliance with initial disclosure obligations. The objection, however, would not appear to have been frivolous. In any event, the Court need not decide the issue because Teachscape elected not to stand on the objection.

2

should be stayed pending resolution of the jurisdictional issue.[3] Instead, Teachscape took the position that its initial disclosures were not due until whatever day the parties' joint Case Management Conference ("CMC") Statement ultimately became due. Thus, even though Teachscape at one point promised to serve its initial disclosures on October 31, 2007, (the day the joint CMC statement was then due), it revoked that offer when the Court *sua sponte* continued the CMC.

Canter vigorously complains that nothing in the Federal Rules, the Local Rules, or standing orders, supports Teachscape's contention that it was permitted to delay its initial disclosures until the date that the joint CMC statement ultimately became due. Canter is correct that the Court's initial form scheduling order set September 26, 2007 as a date certain for serving initial disclosures. Canter is also correct that none of the subsequent Clerk's notices continuing the date of the CMC conference made any express mention regarding the time for serving initial disclosures. Finally, Canter may be correct that Teachscape could or should have sought clarification from the Court, if the parties were unable to agree as to the effect of the continuation of the CMC on their disclosure obligations.[4]

Nonetheless, Teachscape was not wholly without justification for believing that the deadline for serving initial disclosures should be deemed to move automatically with the deadline for filing a joint CMC statement. Among other things, the Court's initial scheduling order draws a clear association between the deadline for serving initial disclosures and the filing of a joint CMC statement and there was at least some logic to Teachscape's position that the events should go hand in hand. If, for instance, Teachscape had chosen to stand on its objection to initial disclosures going forward at all, that would have been presented to the court as part of the CMC statement.

---

[3] Teachscape portrays this choice as having been made as an attempt to compromise and to avoid unnecessary law and motion practice. Nothing in this order should be construed as *either* accepting *or* rejecting that characterization.

[4] In the ordinary course, the Court would expect parties to be able to resolve issues like this between themselves. Although *any* delay may be significant under particular circumstances, it is difficult to understand why parties would be unable to reach some compromise as to when initial disclosures will be served when the Court, for whatever reasons, has chosen to continue a CMC for some short period of time.

3

Under these circumstances, while the more appropriate course of action for Teachscape to take would have been either to adhere to the original deadline or to seek relief from the Court, the position it took does not serve as a basis for imposing sanctions. Because there is no dispute that Teachscape has now provided its initial disclosures, there is nothing to compel and Canter's motion is denied on that basis.

### B. Protective order

Canter seeks entry of a generalized protective order that would govern the production of confidential information in this action. Teachscape's opposition to the motion effectively concedes that it has been unwilling to neogotiate the terms of any such protective order, based on its argument that discovery in this action should not proceed until the Court has definitively concluded there is a basis for federal jurisdictions. To the extent Teachscape in good faith believed that negotiating for a protective order might undermine its arguments that there is no basis for federal jurisdiction over this dispute, Teachscape is hereby advised that it may and must engage in good faith meet and confer negotiations over the terms of a protective order, and that doing so will in no way prejudice it with respect to the jurisdictional arguments it has made. Accordingly, Canter's motion for a protective order is denied, without prejudice. The parties are hereby ordered to meet and confer to attempt to reach a stipulated form of protective order, to be submitted to the Court within 15 days of the date of this order. In the event the parties are unable to reach an agreement, they may simultaneously submit their respective proposals, under the cover of letter briefs, not to exceed three pages each, outlining their disagreements and the basis of their respective positions.

4

## III. CONCLUSION

For the reasons explained above, the motion to compel is denied, and the motion for a protective order is denied, without prejudice.

IT IS SO ORDERED.

Dated: January 22, 2008

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER RE DISCOVERY DISPUTES
C 07-3225 RS

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Gayle M. Athanacio    gathanacio@sonnenschein.com, clepera@sonnenschein.com, hkalay@sonnenschein.com, pcranmer@sonnenschein.com

Elena Maria DiMuzio    Elena.DiMuzio@hellerehrman.com

Annette L. Hurst    annette.hurst@hellerehrman.com, brett.stone@hellerehrman.com, dluster@hellerehrman.com, patti.johnsen@hellerehrman.com, schilds@hellerehrman.com

Daniel N. Kassabian    daniel.kassabian@hellerehrman.com, allen.rose@hellerehrman.com, harriette.louie@hellerehrman.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 1/22/08**                                    **Richard W. Wieking, Clerk**

                                                      **By:    Chambers**

ORDER RE DISCOVERY DISPUTES
C 07-3225 RS

6