# EXHIBIT C

# HellerEhrman LLP

October 7, 2007

Daniel N. Kassabian
Daniel.Kassabian@hellerehrman.com
Direct +1 (415) 772-6098
Direct Fax +1 (415) 772-1796
Main +1 (415) 772-6000
Fax +1 (415) 772-6268

*Via E-mail and U.S. Mail*

26930.0004

Gayle M. Athanacio, Esq.
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th Floor
San Francisco, CA  94105-2708

Re:   *Canter & Assocs., LLC and Laureate Educ., Inc. v. Teachscape, Inc.*,
       **No. 07-3225 RS (N.D. Cal.)**

Dear Gayle:

    I write to find a time for us to meet and confer on case management issues and to propose initial discovery regarding Laureate's copyright infringement claim to break the deadlock between the parties on that issue.

    As to case management, the Court's Order Setting Initial Case Management Conference and ADR Deadlines ("Initial CMC Order") and Federal Rule of Civil Procedure 26(f) require the parties to meet and confer about these issues much in advance of our Case Management Conference ("CMC") with the Court, currently scheduled for November 7, 2007.  To date, you have deferred or outright rebuffed attempts to reach agreement on any case management-related issue.  For example, on September 20th you unilaterally canceled our Rule 26(f) conference scheduled for the morning of the next day, and have proposed no alternative meeting times.  Also, although you have indicated agreement to mediation as the ADR process, you have failed to respond to my e-mail forwarding the Stipulation and Proposed Order Selecting ADR Process so that we could file this with the Court.  Furthermore, you have not provided any feedback on the draft Stipulated and Proposed Protective Order that I e-mailed to you on September 10, 2007.  Finally, during our discussion at the courthouse on September 26th after the hearing on Teachscape's motion to dismiss, you indicated an unwillingness to go forward with Teachscape's obligations to meet and confer or engage in discovery.  Indeed, you indicated that Teachscape would not be serving its Rule 26(a) Initial Disclosures that day, even though this deadline for service was set by the Initial CMC Order.

    Teachscape's actions to date, including its disregard of a Court-ordered deadline, leads Canter and Laureate to believe that Teachscape intends to employ delay tactics to keep this

Heller Ehrman LLP   333 Bush Street   San Francisco, CA  94104-2878   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

HellerEhrman LLP

Gayle M. Athanacio, Esq.
October 7, 2007
Page 2

case from progressing to resolution on the merits. Despite this belief, we request (in accord with my prior requests to you) that Teachscape meet and confer on case management issues. Pursuant to Rule 26(f) and given the Court's rescheduling of the CMC for November 7th, such a meeting should happen in advance of October 17th. I am available anytime this week for such a meeting. We also expect Teachscape to provide feedback on the draft Protective Order at that meet and confer, or prior to it. If Teachscape refuses to meaningfully engage in the meet and confer process or refuses to comply with the Court's deadlines, Canter and Laureate will consider moving the Court for relief, including seeking the entry of the Protective Order as currently drafted.

As to the copyright infringement claim, Laureate proposes a compromise that will permit it to adequately substantiate its copyright infringement claim without requiring Teachscape to produce all drafts of all of Teachscape's course materials, which Teachscape considers to be unduly burdensome. Specifically, Laureate is willing to accept, as an initial matter, Teachscape's production of the earliest available draft and final version—i.e., latest version, or published version if publication has occurred—of the course materials for the following Teachscape master's degree programs that are currently offered through Marygrove College or were advertised by Teachscape as a future Teachscape master's degree program through Marygrove:

(1) Master in the Art of Teaching with a Focus on Curriculum, Instruction & Assessment;
(2) Master in the Art of Teaching with a Focus on Reading & Literacy, Grades K–6; and
(3) Master in the Art of Teaching with a Focus on Mathematics, Grades K–5 and Grades 6–8;

To be clear, it is Laureate's understanding that this production would include the course materials for the six "core" courses that appear to be part of all of these programs, namely:

- Teacher as Leader;
- Understanding Teaching and Learning;
- Instructional Design; Effective Assessment;
- Teacher as Researcher; and
- Meeting the Needs of All Students.

Furthermore, the production would include the program-specific courses for each specialization, such as:

- Foundations of Reading and Literacy;
- Assessment & Intervention for Struggling Readers;
- Reading in the Content Areas
- The Reading and Writing Connection
- Problem Solving and Number & Operations, Grades K-5 and Grades 6–8;
- Measurement and Geometry, Grades K-5 and Grades 6–8;
- Algebra, Grades K-5 and Grades 6–8; and
- Data Analysis and Probability, Grades K-5 and Grades 6–8;

HellerEhrman LLP

Gayle M. Athanacio, Esq.
October 7, 2007
Page 3

    We look forward to your prompt response regarding my request to meet and confer about case management issues.  We also look forward to your prompt response regarding our compromise on initial discovery regarding Laureate's copyright infringement claim.

                          Best regards,

                          Daniel N. Kassabian

cc:    Annette L. Hurst, Esq. (*via e-mail only*)
       Elena M. DiMuzio, Esq. (*via e-mail only*)
       Christine Lepera, Esq. (*via e-mail only*)



525 Market Street
26th Floor
San Francisco, CA 94105-2708
415.882.5000
415.882.0300 fax
www.sonnenschein.com

Gayle M. Athanacio
415.882.5077
gathanacio@sonnenschein.com

October 10, 2007

**VIA EMAIL AND U.S. MAIL**

Daniel Kassabian, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

    Re: *Canter & Associates, LLC and Laureate Education, Inc. v. Teachscape, Inc.*

Dear Dan:

    I have received your recent correspondence regarding the above-referenced matter. At the outset, I must say I take issue with both the tone and substance of your letter. In your letter, you suggest that I have "deferred or outright rebuffed attempts to reach agreement on any case management-related issue." This simply is untrue. As you know, Teachscape filed a motion to dismiss which called into question the Court's jurisdiction. No doubt, as a consequence of the pending motion, the court on its own initiative continued the Case Management Conference to November 7th and the date for filing of a joint statement to October 31st. In light of this, and the simple fact that I was sick, I contacted you to cancel the "meet and confer" meeting we had previously scheduled. I have never stated, let alone suggested, I would not engage in a later meet and confer with you should the matter not be resolved by Teachscape's motion.

    As to Teachscape's motion, as was clear at the hearing, the judge recognizes the Court's jurisdiction is legitimately in question. Consequently, Teachscape continues to believe it is premature to set dates or discovery plans. Nonetheless, as I advised you over a month ago, to the extent the Court has not ruled on Teachscape's motion or otherwise retained jurisdiction, the most productive manner in which to proceed would be for plaintiffs to make a proposal on case management so that any such proposal can be discussed with Teachscape prior to our meet and confer. To date, you have failed to provide us with any such proposal. Rather, you write ostensibly to propose a "compromise" that will "permit [plaintiffs] to adequately substantiate its copyright infringement claim." However, the simple truth is that Plaintiffs rebuffed Teachscape's prior efforts to assuage Laureate's (albeit unfounded) concerns that its copyrights were infringed. Instead, Laureate misled the Court and suggested that Teachscape outright refused to disclose or placed "unreasonable" demands on any exchange of information. As was apparent at the hearing on Teachscape's motion, the Court was troubled by Plaintiffs filing suit

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Daniel N. Kassabian
October 10, 2007
Page 2

without any, let alone an adequate, basis on which to assert a copyright claim. Filing suit and then hoping discovery may "substantiate" a copyright claim is inappropriate, indeed sanctionable.

With this in mind, your "compromise" that Teachscape *unilaterally* disclose to Plaintiffs its earliest available "draft" and "final" course materials is unacceptable. Your clients, despite our best efforts to resolve the current dispute without litigation, decided to initiate a federal action which Teachscape has no doubt is without merit. Having done so, you are now bound by the rules of this Court. Until such time as the Court rules on Teachscape's motion and authorizes discovery, Teachscape will not voluntarily agree to allow you to engage in the costly and burdensome fishing expedition in which you seek to engage. As you cannot seriously doubt, the judge was wholly unimpressed with Plaintiffs' purported need to review drafts of materials in order to assess whether there was any merit to Laureate's copyright infringement claim. While Teachscape has no doubt that a review of its material will prove to any reasonable observer that Plaintiffs' claims are completely without merit, past experience has shown that Plaintiffs are simply not reasonable when it comes to the present dispute.

Having said this, Teachscape will fully comply with its obligations under the applicable rules. Thus, if you would send to me at your earliest convenience your proposal for case management, we can discuss it with our client and be prepared to have an intelligent discussion with you about it. We will in kind forward to you a proposed protective order, provided you agree that by doing so, Teachscape is in no way waiving its right to object to any or all discovery.

As to your proposed stipulation on ADR, as I informed you, Teachscape is amenable to mediation. Again, however, court-ordered mediation seems premature when the Court's jurisdiction is in question. Consequently, we have revised your stipulation to recognize the agreement in principle to mediation, but noting that ordering mediation at this time is not warranted. A copy of our proposed stipulation is attached.

I believe I have addressed all of the substantive matters raised in your letter. If I have missed anything, or you would like to discuss the matter further, please feel free to call me.

Very truly yours,

SONNENSCHEIN NATH & ROSENTHAL LLP

Gayle M. Athanacio

Enclosure