1  ANNETTE L. HURST (State Bar No. 148738)
   DANIEL N. KASSABIAN (State Bar No. 215249)
2  ELENA M. DIMUZIO (State Bar No. 239953)
   HELLER EHRMAN LLP                              *E-FILED 2/5/08*
3  333 Bush Street
   San Francisco, California  94104-2878
4  Telephone:  +1.415.772.6000
   Facsimile:  +1.415.772.6268
5  E-mail:     Annette.Hurst@HellerEhrman.com
               Daniel.Kassabian@HellerEhrman.com
6              Elena.DiMuzio@HellerEhrman.com

7  Attorneys for Plaintiff
   LAUREATE EDUCATION, INC.
8

9  GAYLE M. ATHANACIO (State Bar No. 130068)
   SONNENSCHEIN NATH & ROSENTHAL LLP
10 525 Market Street, 26th Floor
   San Francisco, California  94105-2708
11 Telephone:  +1.415.882.5000
   Facsimile:  +1.415.882.0300
12 E-mail:     gathanacio@sonnenschein.com

13 Attorneys For Defendant
   TEACHSCAPE, INC.

14

15                         UNITED STATES DISTRICT COURT

16                        NORTHERN DISTRICT OF CALIFORNIA

17

18                                SAN JOSE DIVISION

19 LAUREATE EDUCATION, INC.,              | Case No. C 07-3225 RS

20                     Plaintiffs,        | **STIPULATED [AND PROPOSED]**
                                          | **PROTECTIVE ORDER**
21
       v.
22

23 TEACHSCAPE, INC.,

24                     Defendant.
                                          | Judge:  The Honorable Richard Seeborg
25

26

27

28

Heller Ehrman LLP

STIPULATED PROTECTIVE ORDER                                Case No. C 07-3225 RS

Pursuant to the Court's Order Re Discovery Disputes, entered on January 22, 2008, the parties submit the following:

WHEREAS, disclosure and discovery activity in above-captioned proceeding (the "Proceeding") are likely to involve production of confidential, proprietary, or private information within the meaning of Federal Rule of Civil Procedure 26(c)(7) for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted;

WHEREAS, the parties, through their respective counsel, have agreed that a Stipulated Protective Order preserving the confidentiality of certain documents and information is necessary, and seek entry of the same the United States District Court for the Northern District of California;

WHEREAS, the parties acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal and further acknowledge that Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal; and

WHEREAS, the parties have established good cause for entry of this Stipulated Protective Order;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, THAT:

**Definitions**

1.     For the purposes of this Order, the following definitions apply:

(a)     Party:  any party to this action, including all of its officers, directors, employees, and outside counsel (and their support staff);

(b)     "Confidential" information or items:  material or information that constitutes or is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(7);

Heller Ehrman LLP

1

STIPULATED PROTECTIVE ORDER                                                                              Case No. C 07-3225 RS

(c) "Highly Confidential" information or items: material or information that the possessor deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a trademark, copyright, or patent application dealing with such subject matter, or other information required by law or agreement to be kept confidential;

(d) "Protected" information: any information that is designated as "Confidential" or as "Highly Confidential" information;

(e) Designating Party: a Party or third-party that designates information or items in discovery disclosures, requests, responses, productions or depositions as "Confidential" or "Highly Confidential" information;

(f) Receiving Party: a Party that receives Protected information from a Designating Party;

(g) Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action;

(h) In-House Counsel: attorneys who are employees of a Party;

(i) Counsel (without qualifier): Outside Counsel and/or In-House Counsel (as well as their support staffs);

(j) Expert: a person with specialized knowledge or experience in a matter pertinent to the Proceeding who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this Proceeding;

(k) Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors; and

(l) Agreement: the "Agreement to Be Bound by Protective Order" in Exhibit A hereto.

## Scope

2. The protections conferred by this Order cover not only Protected information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected information. Protected information of the other Party or a third-party shall not be used by a Receiving Party for any research, development, manufacture, intellectual property—i.e., patent, copyright, or trademark—filing or prosecution, financial, commercial, marketing, business, regulatory, or other competitive purpose except as required by law.

## Duration

3. Even after the termination of this Proceeding, including any final judgment, appeal, or settlement, the confidentiality obligations imposed by this Order as to Protected information shall remain in effect until the Designating Party of that Protective information agrees otherwise in writing or a court order otherwise directs.

## Designation Procedure

4. Any document or thing that constitutes or contains Confidential Information shall be stamped with the legend "CONFIDENTIAL," or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," and any document or thing that constitutes or contains Highly Confidential Information shall be stamped with the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" as reasonably appropriate by the Designating Party producing it. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto. Each page of each document and each thing

produced pursuant to discovery in this action shall bear a unique identifying (Bates) number with a prefix identifying the Designating Party producing it.

5.      Any material provided for inspection in this Proceeding by a Designating Party is to be treated by the Receiving Party as Highly Confidential information pending the copying and delivery of any copies of the same by the Designating Party.  After production, the information in such documents or things will be treated consistent with any legend produced on each document or thing.  Inspection of documents or things by any Party shall be conducted only by Outside Counsel eligible under paragraph 9(a) herein.

6.      Any disclosure, written interrogatories, requests for admission, responses thereto, or any testimony adduced at a deposition upon written questions that constitutes or contains Confidential or Highly Confidential information shall be labeled or marked with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as appropriate by the Designating Party serving the disclosure, discovery request or response, or providing the testimony on the first page of that document near the caption.  Another label with the appropriate legend shall be set forth at the beginning of every disclosure section, discovery request or response, or testimony in response to a written question, that specifically contains Protected information, so that disclosures, discovery requests or responses, or testimony that do not contain Protected information are not subject to this Order.

7.      Transcripts of deposition testimony taken in connection with this Proceeding temporarily will be designated as Highly Confidential information for up to thirty (30) calendar days from both Parties' receipt of the deposition transcript, and the Parties agree to mark the first page of the deposition transcript with the legend "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accord with this temporary designation. Within thirty (30) calendar days of such receipt, any Designating Party must designate as Confidential or Highly Confidential specific testimony, by transcript line and page number, in writing and deliver the designations, if any, to the Parties, whereupon each Party shall attach a copy of such written designation to the face of the transcript and each

copy thereof in that Party's possession, custody, or control. Otherwise the Parties may treat the testimony as no longer subject to this Order. A deponent may review the transcript of his or her deposition at any time.

8. Documents and things produced without a legend designating the material as Protected shall not be subject to this Protective Order unless otherwise agreed by the Parties or ordered by the Court, or otherwise designated as Protected information in accordance with the provisions of paragraphs 27-28 herein.

### Access to Confidential Information

9. Highly Confidential information may be disclosed only to the following "Qualified Persons:"

    a. Outside Counsel, the paralegals, assistants, and employees of the respective law firms of such Outside Counsel to the extent such persons' duties and responsibilities require access to Highly Confidential information and have an express agreement with their respective law firms to maintain the confidentiality of their work;

    c. Any Expert of a Party that is assisting Outside Counsel in connection with this Proceeding and is in compliance with the requirements of paragraphs 12-13 herein;

    d. the Court and any members of its staff to whom it is necessary to disclose Highly Confidential information for the purpose of assisting the Court in this Proceeding and stenographic employees, court reporters, typists, interpreters, and translators for the sole purpose of recording, transcribing, translating or interpreting testimony, documents, or other information relating to this Proceeding;

    e. any person who prepared a particular document or thing, who is either listed on the document or otherwise identified in writing or electronically as a sender or recipient of the document, but the disclosure shall be limited to the specific Highly Confidential information disclosed in the particular document or thing;

    f. any present officer or director of the Designating Party;

    g. any person to whom the Designating Party agrees Highly Confidential information may be disclosed; and

    h. Professional Vendors with whom Outside Counsel work in connection with this Proceeding to the extent such persons have an express agreement with Outside Counsel to maintain the confidentiality of their work, and provided that such personnel are regularly engaged in the provision of such services, and are not engaged in the research, development, manufacture, marketing, or sale of master's degree and graduate course programs in the field of education.

 10. Confidential information may be disclosed only to the following "Qualified Persons:"

    a. any of the persons entitled to receive Highly Confidential information identified in paragraph 9 herein; and

    b. the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Proceeding and who have signed the Agreement;

 11. All Protected information and any copies or extracts thereof shall be retained by the Receiving Party, including Qualified Persons associated with the Receiving Party, in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such material.

 12. A Party desiring to disclose a Designating Party's Protected information to any Expert before any disclosure shall:

    a. provide to such person a copy of this Order, which he or she shall read and upon reading shall complete and sign the Agreement;

    b. obtain from such person a completed and signed copy of said Agreement, a resume (curriculum vitae), and the following information, (i) a list of companies for whom such person has consulted in any capacity within the last year, (ii) a list of any other cases in which such person has testified as an expert at trial or by

deposition within the preceding four (4) years; and a list of all publications authored by such person within the preceding ten (10) years;

   c. for every such person, serve (by hand delivery, courier, e-mail, or facsimile transmission) a copy of said Agreement, resume (curriculum vitae) and information described in paragraph 12(b) upon Counsel for the Designating Party.

  13. Upon receipt of an Agreement and resume (curriculum vitae) and information described in paragraph 12(b) of an Expert, the Designating Party shall then have ten (10) court days to serve (by hand delivery, same day courier, e-mail, or facsimile transmission) a written objection to the proposed disclosure of its Protected information, which shall state with specificity the reason(s) for such objection. If counsel for the Designating Party objects within ten (10) court days, there shall be no disclosure to such Expert except by further order of the Court pursuant to a motion brought by the Designating Party within seven (7) court days of the service of the objection. On any motion brought pursuant to this paragraph, the Designating Party shall bear the burden of showing why disclosure to that Expert should be precluded. Failure to timely object and to timely file a motion with the Court operates as a waiver of the objection by the Designating Party and the Expert will be a Qualified Person with access to the Designating Party's Protected information.

  14. If Outside Counsel wish to disclose Protected Material to the persons described in paragraphs 9(g)-(h) herein, Outside Counsel shall first obtain a completed and signed Agreement. Said Agreement shall be signed by the company, firm, or group, or solo practitioner retained by the Party, and a single Agreement by the company, firm, group, or solo practitioner shall be sufficient to cover all employees or other individuals paid by the company, firm, or group. Outside Counsel retaining the persons described in paragraphs 9(g)-(h) herein shall retain the original of each such signed Agreement. Service of the Agreement shall not be required.

  15. Only Qualified Persons, the deponent, and his or her attorney (if any), shall be allowed to attend any portion of a deposition in which Protected information is used or elicited from the deponent. Counsel for the Designating Party may also request that all

persons other than the witness, the court reporter, those individuals specified in paragraph 9 herein, and counsel for the witness (if a third-party witness) leave the deposition room during any portion of a deposition which inquires into matters deemed Highly Confidential by the Designating Party. Counsel for the Designating Party may also request that all persons other than the witness, the court reporter, those individuals specified in paragraphs 9-10 herein, and counsel for the witness (if a third-party witness) leave the deposition room during any portion of a deposition which inquires into matters deemed Confidential by the Designating Party. The failure of individuals other than those specified in the previous two sentences to leave the deposition room during any portion of the deposition which inquires into matters deemed Protected by a Designating Party, even after counsel has sought judicial intervention pursuant to Civil Local Rule 37-1(b), shall constitute justification for counsel to instruct the witness that he or she shall not answer the question(s) posed.

16. This Order shall not limit a Party's examination, at a deposition, hearing, or at trial, of persons who are not authorized to receive Protected information under the terms of this Order, so long as such examination concerns Protected information that the witness authored, received, or previously had access to or knowledge of, as demonstrated by the Protected information itself or by foundation testimony during a deposition, hearing or trial. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored, received, or previously had access to or knowledge of Protected information.

17. Nothing shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

18. Nothing contained in this Order shall preclude any Designating Party from using its own Protected information in any manner it sees fit, without prior consent of any Party or the Court.

19. Notwithstanding such designation, Protected information does not include information obtained independent of this Proceeding as to which no obligation of

confidentiality applies. Accordingly, nothing in this Order shall prevent any person, including a Qualified Person, from making use of any information that is designated Protected information if such information:

    a.    was lawfully in his or her possession prior to receipt under the provisions of this Order;

    b.    was or becomes available to the public through no fault of a Receiving Party; or

    c.    was or is obtained from a source not under an obligation of secrecy to the Designating Party.

20. Nothing in this Order shall restrict any Party's Outside Counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Highly Confidential information, provided that in rendering such advice, counsel shall not disclose any other Designating Party's Highly Confidential information other than in a manner provided for in this Order.

**Challenging Designation of Confidential Information**

21. A Party shall not be obligated to challenge the propriety of a designation of Protected information (or change in designation) at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

22. In the event that a Party disagrees at any time with a Protected information designation made by a Designating Party, the following procedure shall be used:

(a) A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge

process only if it has engaged in this meet and confer process first, or the Designating Party has failed to engage in this meet and confer process within ten (10) court days of the challenging Party's first attempt to begin the process.

(b) A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in paragraph 22(a) and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

(c) On any motions arising out of the designation of any material as Protected information under this Order, the burden of justifying the designation shall lie with the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

**Exercise of Restraint and Care in Designating Material for Protection**

23. Each Designating Party must take care to limit its designations to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

24. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

25. If it comes to a Designating Party's attention that information or items that it designated as Protected do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Parties that it is withdrawing the mistaken designation.

**Inadvertent Production/Use of Confidential Information and Changes in Designation**

26. Inadvertent production of any document or information without a designation as Protected information will not be deemed to waive a later claim as to its confidential nature or stop the Designating Party from designating said document or information as Protected information at a later date.

27. Any Designating Party may change a designation to Confidential or Highly Confidential information (or withdraw a designation) regarding any material that it has produced, provided, however, that such change in designation shall be effective only as of the date of such change. Such change in designation (or withdrawal) shall be accomplished by notifying each Party in writing of such change in designation (or withdrawal).

28. Upon receipt of any written change in designation per paragraph 27, a Party shall: (i) not make any further disclosure or communication of such newly designated Protected material except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any Protected material with the original designation of the effect of such a change in designation under this Order; and (iii) promptly retrieve all copies and transcriptions of such originally designated Protected material from any persons known to have possession of any such originally designated material who are not Qualified Persons under paragraphs 9-10 herein in light of the change of designation to the extent practicable. Properly marked documents shall be promptly provided by the Designating Party of any such newly designated Protected material.

29. Under no circumstances shall a Designating Party change or remove the designation of Protected information, or object to such change or removal, to vex or harass another Party.

30.     If Protected information is used during depositions in contravention of other provisions of this Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during and subsequent to such use.  If Protected information is disclosed to a deposition witness in contravention of other provisions of this Order, and the witness has testified concerning that information, the witness may be cross-examined with respect to the document(s) or information disclosed during that deposition.

31.     If Protected information is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure shall within five (5) court days of learning of such disclosure inform the Designating Party of all pertinent facts relating to such disclosure and shall use reasonable efforts to obtain the prompt return of any such Protected information and to bind each unauthorized person or third-party who received such information to the terms of this Order by providing a copy of this Order to such unauthorized person or third-party and requesting such unauthorized person or third-party to sign the Agreement.  The requirements set forth in this paragraph shall not prevent the Designating Party from applying to the Court for further or additional relief.

### **Inadvertent Production/Use of Privileged Information**

32.     If information subject to a claim of attorney-client privilege, attorney work product immunity or other legal privilege protecting information from discovery is inadvertently produced in any way, such production shall not prejudice or otherwise constitute a waiver (subject matter or otherwise) of, or estoppel as to, any claim of privilege, work product immunity, or other ground for withholding production to which the Party or other person otherwise would be entitled.  If a written claim of inadvertent production is made by a Party or third-party to a Receiving Party pursuant to this paragraph with respect to information or a document supplied to a Receiving Party, upon the Receiving Party's receipt of such written notification of the Party's or third-party's discovery of inadvertent production of such information or document, the Receiving Party shall:

(a) not make any further copies or other reproductions or transcriptions of the inadvertently disclosed information or document; and

(b) destroy or return to the Designating Party every original and every copy, reproduction, or transcription of all such inadvertently produced information or documents possessed by the receiving party and by those persons to whom the Receiving Party may have disclosed such information.

33. However, recognizing the need for the Parties to prepare for their cases based on the discovery that is produced, if any information, document, or tangible thing is used in a court hearing, deposition, as an exhibit to a motion, is referenced in an Expert's report or pretrial order, or is otherwise used openly in the case, any claim of inadvertent production must be made within ten (10) court days after such use.

**Party's Disclosure of Confidential Information of Nonparties or Pursuant To Subpoena**

34. A Party may temporarily withhold production of otherwise discoverable information sought in a discovery request (e.g., interrogatory, request for production, request for admission) if the Party reasonably believes it is under an obligation to a third-party not to disclose such information. In such an event, except for information subject to a protective order or confidentiality order by another court, such Party shall:

(a) timely serve a written objection to the production of the information in question on the basis of its obligation to a third-party not to disclose such information;

(b) promptly provide to the third-party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information in question, and (ii) a copy of this Order; or

(c) timely move the Court for an order to preclude production.

35. Nothing in paragraph 34 shall prevent a third-party from seeking an order specifically to preclude disclosure of its Protected information.

36. Any Party that is served with a subpoena or other notice compelling the production of any Protected information produced by the other Party or a third-party is

Heller Ehrman LLP

13

STIPULATED PROTECTIVE ORDER                                    Case No. C 07-3225 RS

obligated to give prompt telephonic and written notice (by hand delivery, courier or facsimile transmission) to that original producing party of such subpoena or other notice. In any event, such notice shall be given within five (5) court days of service of the subpoena or other notice. If the original Designating Party takes steps to oppose the subpoena, then the Party served with the subpoena shall not disclose the pertinent information until the Court has resolved the issue. Absent Court order, production or disclosure shall not be made before notice is given to the original Designating Party and the original Designating Party has had at least ten (10) court days to react after receiving such notice. Upon receiving such notice, the original Designating Party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

### Use of Confidential Information in Filings and in Open Court

37. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

38. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected information, including quotations or other parts thereof, of the Designating Party. A Designating Party may file in the public record any Protected information it has designated and such filing, unless inadvertent, will result in that information no longer being subject to this Order.

39. A Party that seeks to file under seal any Protected information must comply with Civil Local Rule 79-5. In addition, the Party should indicate the source and level of confidentiality on the first page of the pleading or other document to be filed under seal in the form "SUBMITTED UNDER SEAL – [HIGHLY] CONFIDENTIAL INFORMATION OF [DESIGNATING PARTY]" so as to enable the Receiving Parties to identify the appropriate Qualified Persons that may view the filing.

40. To the extent that a Receiving Party (or a witness called by a Receiving Party) contemplates using Protected information that was produced by another Designating Party, at trial or a hearing in open court in this Proceeding, the Receiving Party shall have the

obligation to provide notice (either in writing or in open court) to the Designating Party of its intent.  The Designating Party shall have an opportunity to respond to that notice before any of its Protected information may be used by any Party at trial or a hearing in open court.  In the event that any Protected information is used at trial or hearing in open court in this Proceeding because a request to conduct the trial or hearing in closed court or in camera was not granted, the Protected information shall remain subject to this Order.

### Disposition of Confidential Materials upon Conclusion of Proceeding

41.   Upon the conclusion of this Proceeding, at the written request and option of the Designating Party, all Protected information and any and all copies and transcriptions thereof, shall be destroyed or returned within ninety (90) calendar days to the Designating Party, provided, however, that Outside Counsel may retain all documents and things that contain or reflect their attorney work product (e.g., notes, memoranda, drafts of pleadings, deposition summaries, document review summaries, documents reviewed in preparation for depositions, hearings, or trial whether introduced or not), all correspondence, all pleadings, all deposition transcripts, all Expert reports, all deposition, hearing and trial exhibits, and all court filed documents even though they contain Protected information, but such retained work product and documents shall remain subject to the terms of this Order.  Accordingly, upon final termination of this action, no one other than Outside Counsel shall retain any Protected information obtained in the course of this Proceeding.  At the written request of the Designating Party, any person or entity having received recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing its Protected information shall deliver to the Designating Party a declaration confirming that reasonable efforts have been made to assure that all such Protected information and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding the Protected information (except for attorney work product and documents permitted to be retained by Outside Counsel as stated above), have been destroyed or delivered in accordance with the terms of this Order.

**Miscellaneous Provisions**

42. This Order shall be binding upon the parties to this Proceeding and signatories to the Agreement, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers and employees.

43. This Order shall apply to all information and material produced in this Proceeding, including all previously produced information and material prior to the execution of this Order by the Court.

44. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible as proof of a claim or defense in this Proceeding and in no way constitutes an admission by any Party that any information designated pursuant to this Order is or is not proprietary, confidential, and/or a trade secret.

45. By written agreement of the Parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.

46. Nothing in this Order shall prejudice the right of any Party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

47. In the event that a new Party is added, substituted, or brought in, this Order will be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from or modification of this Order.

48. The entry of this Order does not prevent any Party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c), and each Party reserves the right to seek modification of this Order in the future.

///
///
///
///
///

Heller
Ehrman LLP

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 4, 2008          HELLER EHRMAN LLP

                                 By    /s/ DANIEL N. KASSABIAN
                                 Attorneys for Plaintiff
                                 LAUREATE EDUCATION, INC.


Dated: February 4, 2008          SONNENSCHEIN NATH & ROSENTHAL LLP

                                 By    /s/ GAYLE M. ATHANACIO
                                 Attorneys for Defendant
                                 TEACHSCAPE, INC.


PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: 2/5/08

                                 _____
                                 The Honorable Richard Seeborg
                                 UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| LAUREATE EDUCATION, INC., | Case No. C 07-3225 RS |
|---|---|
| Plaintiff, | **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |
| v. | |
| TEACHSCAPE, INC., | |
| Defendant. | Judge:  The Honorable Richard Seeborg |

I, _____, of _____ declare under penalty of perjury of the laws of the United States that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Laureate Education, Inc. v. Teachscape, Inc.*, No. C 07-3225 RS.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any Protected information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order, and will use only for purposes of this action, any information, documents or things designated as containing Protected information, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items

which I receive in this action, except as allowed in accordance with this Order. I will take reasonable steps to restrict access to any Protected information to only those Qualified Persons authorized by the Stipulated Protective Order to have such access.

I will return all materials containing Protected information that come into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or from whom I received such material when requested to do so.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

_____