ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail:    Annette.Hurst@HellerEhrman.com
           Daniel.Kassabian@HellerEhrman.com
           Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiff
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREATE EDUCATION, INC., a Maryland corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>TEACHSCAPE, INC., a Delaware corporation<br><br>          Defendant. | Case No.: C 07-3225 RS<br><br>**PLAINTIFF LAUREATE EDUCATION, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DEFENDANT TEACHSCAPE, INC.'S COURSE MATERIALS;**<br><br>**MEMORANDUM OF AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: The Honorable Richard Seeborg<br>Ctrm.: 4 (5th floor)<br>Date: March 12, 2008<br>Time: 9:30 a.m. |

Heller Ehrman LLP

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT that on March 12, 2008, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of the above-entitled Court, Plaintiff Laureate Education, Inc. ("Laureate") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 37(a), to compel production by Defendant Teachscape, Inc. ("Teachscape") of its course materials that are responsive to Laureate's Request for Production Nos. 1-9, 11-19, and 21.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Daniel N. Kassabian, filed herewith, the files and records in this case, and such other and further information as may be presented prior to or at any hearing on this motion.

Pursuant to Rule 37(a), counsel for Laureate certify that they have met and conferred with counsel for Teachscape in an attempt to have Teachscape produce its course materials that are responsive to Laureate's Request for Production Nos. 1-9, 11-19, and 21, but Teachscape's counsel indicated that such a production would not be forthcoming absent an order by the Court.

Dated: February 6, 2008          Respectfully submitted,

                                  HELLER EHRMAN LLP


                                  By ____/s/ DANIEL N. KASSABIAN_____
                                  Attorneys for Plaintiff
                                  LAUREATE EDUCATION, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiff Laureate Education, Inc. ("Laureate") seeks an order compelling Defendant Teachscape, Inc. ("Teachscape") to produce the specific course materials that are the subject of Laureate's First Amended Complaint. This motion to compel is necessary because even now, with a stipulation for a protective order for the production of materials in place and the Court admonishing Teachscape for trying to avoid discovery while it seeks to have this action dismissed, Teachscape still refuses to produce any course materials. The relief should be granted so that this action can be resolved on the merits, and so that Teachscape is not rewarded for its procedural gamesmanship.

Teachscape's remaining tactic of avoiding discovery is contrary to Ninth Circuit law. When a party requests discovery, the other party must comply regardless of whether a motion to dismiss for lack of subject matter jurisdiction is pending or is even granted, because the action is still pending. *See Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on other grounds by Cunningham v. Hamilton County, Ohio,* 527 U.S. 198 (1999).

Moreover, Teachscape's objection that the production of responsive materials would be overly burdensome is nothing more than rhetoric, which falls far short of what is required by Rule 26(b)(2)(C). With respect to the final versions of the materials sought, these materials are presently in the hands of, or are ready to be shipped to, Marygrove College ("Marygrove") students and staff as that school implements Teachscape's degree programs. Thus, Teachscape is currently producing them to persons other than Laureate. As for any drafts of these materials, Laureate's requests are narrowly tailored to seek the most likely evidence of copyright infringement: the first available versions of these materials. In this regard, Teachscape has asserted that the requests are unduly burdensome because it fails to understand what exactly is sought, despite Laureate's clarifications.

The materials sought have been specified and the requests narrowed to only two

versions of each set of course materials for Teachscape's degree programs currently offered at Marygrove. A protective order has been agreed upon. There is no legitimate reason left to refuse production of these materials. Lacking any reasonable objection, the only reason now for continued refusal by Teachscape to produce these materials is that it knows they will provide solid evidence of its infringement. Teachscape is engaging in impermissible self-help in refusing to provide evidence. The motion to compel should be granted.

## PROCEDURAL BACKGROUND

On June 19, 2007, Laureate and its subsidiary, Canter & Associates, LLC ("Canter") filed the present action, including a claim by Laureate for copyright infringement by way of Teachscape's unauthorized use of Laureate's materials for distance-delivered master's degree and graduate course programs in the field of education. *See* Pls.' Compl. [Dkt. No. 1] ¶¶ 83-90. Teachscape moved to dismiss Laureate's copyright claim, and at the motion's hearing on September 26th, Teachscape's refusal to produce its course materials was discussed. *See generally* Decl. of Daniel N. Kassabian In Supp. Of Mot. To Compel ("Kassabian Decl."), filed herewith, Ex. A. At that hearing, Teachscape's counsel indicated that it was willing to "exchange" the parties final course materials but further claimed that producing anything more than that would be "extensive, very burdensome, very time-consuming, very distracting discovery." *Id*. Ex. A, at 5. In light of the hearing, Laureate thereafter attempted to address Teachscape's claim of being overly burdened without prejudice to Laureate's copyright infringement claim. Laureate sought a narrow set of Teachscape's materials—the final course materials for Teachscape's programs and the first drafts of those materials, and Teachscape refused. *See id*. Ex. B, at 2 & Ex. C, at 2.

Consequently, Laureate sought the production of Teachscape's materials by propounding specific requests for production on October 15th. Request No. 1 is exemplary of the requests for which Laureate now moves to compel responsive documents, and seeks:

> ***Final versions*** and the ***earliest available drafts*** of documents and things intended to be, actually sent to, or made available to students or teachers ***relating to Teachscape's "Teacher as Leader" course***, such as course websites, DVDs, videos, video media files, CDs, audio media files,

> syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, and grading keys.

*Id*. Ex. D, at 5 (emphasis added).  Request Nos. 2-9, 11-19, and 21 restate Request No. 1 and substitute in the name of each relevant Teachscape degree program currently offered at Marygrove, and every other Teachscape course that is part of these programs, as alleged in Laureate's First Amended Complaint.  *See id.* Ex. D, at 5-13, 15-24 & 26.

On November 14th, Teachscape served its objections and responses to these requests.  With only one exception,[1] Teachscape responded uniformly to each of Request Nos. 1-9, 11-19, and 21 by raising boilerplate objections that the requests were vague and ambiguous, were unduly burdensome, required production of confidential information, sought irrelevant / non-discoverable documents, sought documents not in Teachscape's possession, custody or control, and were duplicative of other requests, and then conditioned the production of documents, by stating:  "Should the Court deny Teachscape's Motion To Dismiss, Teachscape will produce responsive, non-privileged documents at a mutually convenient time and place . . . ." *Id.* Ex. D, at 5-24 & 26-27.

At around the same time that Teachscape responded to these Requests, Teachscape also refused to serve its Rule 26(a) Initial Disclosures, refused to meet and confer over a protective order for confidential documents produced in discovery, and generally refused to engage in case management discussions during the parties' Rule 26(f) conference.  *See generally* Pls.' Mot. to Compel Init. Disc. [Dkt. No. 26]; Pls.' Mot. for Entry of Prot. Order [Dkt. No. 29], Joint Case Mgmt. Statement [Dkt. No. 40].  In an attempt to overcome Teachscape's stonewalling, Laureate (and Canter at that time) moved to compel initial disclosures, sought entry of a protective order to enable the production of documents, and alerted the Court to Teachscape's tactics.  *See generally id*.

On December 21st, the Court dismissed Laureate's and Canter's federal claims with

---

[1] The one exception is that Teachscape did not object to Request No. 1 as being "overly broad, unduly burdensome and oppressive."  *See* Kassabian Decl. Ex. D, at 5.

leave to amend. *See* Order Granting Motion To Dismiss, With Leave To Amend [Dkt. No. 37]. Thereafter, on January 22, 2008, Laureate alone filed its First Amended Complaint, providing greater detail as to which particular materials are the subject of this copyright infringement action, and further allegations as to the basis for the belief that they are the product of infringement. *See* Pl.'s First Am. Compl. [Dkt. No. 57] ¶¶ 12-25.

Also on January 22nd, the Court ordered Teachscape to meet and confer in good faith for the purposes of reaching a stipulated protective order. *See* Order Re Disc. Disputes [Dkt No. 56], at 4. In the same Order, the Court admonished Teachscape for its refusal to comply with a pending discovery obligation, stating:

> In this instance, it is unlikely that the Court would have accepted an argument that initial disclosures could be delayed until federal jurisdiction is established. The pendency of a motion to dismiss almost never serves to excuse compliance with initial disclosure obligations.

*Id*. at 2 n.2. Thereafter, counsel for the parties met and conferred regarding the protective order and ultimately reached a stipulation for the same. *See* Stip. & Proposed Prot. Order [Dkt. No. 58].

At around the same time, however, Teachscape did not substantively respond to Laureate's attempts to resolve the objections to Laureate's requests for production. *See* Kassabian Decl. ¶¶ 7-10, Exs. E & F. When Laureate's counsel pinpointed the issue of <u>if</u> and <u>when</u> Teachscape would produce its course materials, Teachscape's counsel admitted that, consistent with its responses to these requests, Teachscape did not intend to produce these materials. When Laureate's counsel further inquired as to what burdens, if any, would result from Teachscape's production of responsive documents, Teachscape's counsel responded that, in Teachscape's view, this action was burdensome in that Laureate was pursuing it in bad faith and had not yet articulated a cognizable copyright infringement claim. *See id*. ¶ 10.[2]

---

[2] Afterward, Teachscape' counsel sent a letter with the misstatement that "Laureate did not want to engage in any detailed meet and confer over the document requests . . . ." Kassabian Decl. Ex. G, at 2. In reality, Laureate first asked whether Teachscape was in fact
*(Footnote Continued)*

# ARGUMENT

## I. TEACHSCAPE'S POSITION THAT ITS DISCOVERY OBLIGATIONS ARE ABROGATED BECAUSE OF ITS MOTION QUESTIONING THE COURT'S JURISDICTION IS CONTRARY TO NINTH CIRCUIT LAW.

With the parties having stipulated to a protective order, Teachscape is left to assert that its discovery obligations—including its production of course materials responsive to Laureate's Requests—are abrogated because the Court has granted Teachscape's motion to dismiss, and thus the Court's jurisdiction is still in question. Under Ninth Circuit law, this is not a proper ground to avoid discovery. In *Telluride,* at the time that plaintiffs' complaint was dismissed for lack of subject matter jurisdiction, a noticed deposition of the defendants' representative was pending. *Telluride*, 55 F.3d at 466. Neither defendants' representative nor their counsel appeared for the deposition and defendants argued, through appeal, that "after the dismissal of the complaint for lack of subject matter jurisdiction the action was dismissed and all discovery was abrogated." *Id*. at 466. The Ninth Circuit rejected this contention, stating:

> A dismissal of the complaint does not necessarily dismiss the action. Turning to the question of whether in this matter dismissal of the complaint for lack of subject matter jurisdiction served to dismiss the action, we conclude that it did not. . . . Because the district court granted the motion to dismiss with 30 days leave to amend, the action was still ongoing at the time scheduled for the deposition.
>
> Because we conclude the action was still pending at the time scheduled for the deposition, we also conclude that the parties were still subject to . . . appear[ing] at the deposition.

*Id*. at 466-67.

Like the defendants in *Telluride*, Teachscape in this case has taken the position that its discovery obligations are abrogated unless and until the Court affirms that it has subject

---

intending to produce documents, in addition to being prepared to discuss its objections that Laureate's requests were overly burdensome. After the letter's receipt, Laureate's counsel called Teachscape's counsel again and confirmed that Teachscape had (and still has) no such intention, and that the disputes raised in this motion could not be resolved without assistance of the Court. *See id.* ¶ 12.

matter jurisdiction over the case. This is the third motion by Laureate that was necessitated by Teachscape's refusal to abide by Ninth Circuit law. Warned by the Court once already, Teachscape should not be permitted to take this stance any further.

## II.  ANY OBJECTION BY TEACHSCAPE AS TO THE BURDENSOME NATURE OF THE REQUESTS IS UNSUBSTANTIATED RHETORIC

Teachscape has objected to Request Nos. 2-9, 11-19, and 21, but not Request No. 1, as "overly broad, unduly burdensome and oppressive," Kassabian Decl. Ex. D, at 5-24 & 26-27. However, Teachscape has failed to provide specific information as to how Laureate's requests are burdensome, despite that requirement being plainly laid out in governing authority. *See* Fed. R. Civ. P. 26(b)(2)(B)-(C) & *committee notes* (2006); *see, e.g.*, *Hagemeyer N. Am., Inc. v. Gateway Data Sci. Corp.*, 222 F.R.D. 594, 600 (E.D. Wis. 2004). Indeed, Laureate repeatedly sought this information from Teachscape so as to include an analysis of its arguments here, but to no avail. *See* Kassabian Decl. ¶¶ 7-12, Exs. E & F. Despite Teachscape's stonewalling tactics, Laureate demonstrates to the extent possible that proportionality and that the other requirements of Rule 26(b)(2)(B)-(C) require the production of Teachscape's course materials. *See* Civ. L.R. 37-2.

### A. Teachscape Has Failed To Specify Whether Any Of The Materials Sought Consist Of Electronically Stored Information That Is Not Reasonably Accessible Pursuant To Rule 26(b)(2)(B)

Teachscape has failed to meet its burden to show that it would be unduly burdensome or costly to produce electronic information responsive to Laureate's requests. *See* Fed. R. Civ. P. 26(b)(2)(B). Not only has Teachscape failed to articulate any burden in accessing its electronically stored information to date, it even has refused to discuss the form in which electronic information should be produced so as to minimize any such burden. *See, e.g.*, Joint Case Mgmt. Statement, at 9 ("Teachscape asserts that substantive discussions on electronic discovery should be deferred pending a ruling by this Court on its motion to dismiss."). In the parties latest meet and confer, counsel suggested that Teachscape may prefer to give usernames and passwords to enable access to its final course materials available online (subject to it being kept confidential), but then held more

generally that it was not willing to provide this so as to narrow the issues for this motion,[3] and it was not willing to produce electronic documents in the form requested by Laureate. *See* Kassabian Decl. ¶ 12. Teachscape's extreme positions as to electronic documents should not result in further delay of producing its course materials.

### B. The Factors Of Rule 26(b)(2)(C) Dictate That Production Of Teachscape's Course Materials Should Be Compelled

Teachscape's objections that Laureate's Requests are "overly broad, unduly burdensome and oppressive" standing alone do not pass muster. An analysis of each of the three factors of Rule 26(b)(2)(C), as to whether a discovery request is unduly burdensome, shows that they each weigh in favor of production.

#### 1. The materials sought are neither duplicative of other discovery, nor available from other sources, and Laureate has had no opportunity to obtain information by discovery in the action

Teachscape has not produced any documents to date and has provided only scant Rule 26(a) Initial Disclosures, which list some potential witnesses (of which Laureate was already aware) and vaguely set forth categories of documents. *See* Kassabian Decl. Ex. H. As such, these requests are not duplicative of any prior discovery.

Any objection that the requests are burdensome because the discovery can be obtained elsewhere, such as through publicly available sources, is inappropriate as applied to this case and as a general matter. First, as applied, Laureate's Requests were propounded because Laureate cannot obtain these materials from public sources. *See* Pl.'s First Am. Compl. ¶ 19-22; Kassabian Decl. ¶ 13. Second, this Court has already held as a more general matter that "Rule 34, however, does not excuse [a party] from providing documents in its possession or control, solely because the information is also publicly available." *Regal Elecs., Inc. v. Pulse Eng'g, Inc.*, No. 03-1296 JW (RS), 2005 WL 3078983, *3 (N.D. Cal. Nov. 16, 2005).

---

[3] Any argument that doing this much is burdensome is belied by the access to these same online course materials that Teaschape provides to Marygrove students simply upon their enrollment in a particular Teachscape course program. *See* Kassabian Decl. ¶ 13.

### 2. The burden or expense of producing the requested course materials does not outweigh its likely benefit

The course materials requested are at the heart of this action. They are exactly the course materials that Laureate has set forth in its First Amended Complaint. *Compare* Pl.'s Req. Nos. 1-9, 11-19, & 21 *with* Pl.'s First Am. Compl. ¶ 25.

With respect to Teachscape's final course materials, Teachscape is in the business of distributing these materials to persons at Marygrove. *See* Kassabian Decl. ¶ 13. Thus, it is inconceivable that production of these materials will result in any undue expense under Rule 26(b)(2)(C). With respect to the "first available drafts" of these materials also sought, Laureate has tailored its request to include the most likely evidence of infringement. Laureate alleges on information and belief (and Teachscape has not stated otherwise) that these materials first were created in or around a year prior to the Fall of 2006, when Teachscape was put on notice of its wrongdoing and thus had sufficient opportunity to modify these materials before distributed them to Marygrove students and staff in January 2007. *See* Pl.'s First Am. Compl. ¶¶ 12-18. Laureate should be allowed to obtain this narrow discovery based on these circumstances because, per Ninth Circuit law:

> *the fact that an allegedly infringing copy of a protected work may itself be only an inchoate representation of some final product to be marketed commercially does not in itself negate the possibility of infringement.* The question is not whether the [accused infringers] utilized the blueprints as merely a step in the manufacture of their [final product] but whether they unauthorizedly utilized [the copyrighted] work in the manufacture of their blueprints.

*Walker v. Univ. Books, Inc.*, 602 F.2d 859, 864 (9th Cir. 1979) (emphasis added). Thus, the likely benefit of obtaining these "first available drafts" far outweighs any cost because their production would help achieve a resolution of this case on its merits. The only specific "burden" Teachscape has identified with respect to these materials is that the Requests themselves are vague and ambiguous as to what exactly is being sought, even though

Laureate has repeatedly provided clarifications in writing and during meet and confer.[4] *See* Kassabian Decl. ¶ 12.

To the extent the Court decides to consider any specific burden or cost that Teachscape decides to set forth by way of a competent declaration, the Court should not deny this motion as a consequence. *See* Fed. R. Civ. P. 26 *committee notes* (2006) ("The conditions [for discovery] may also include payment by the requesting party of part or all of the reasonable costs of obtaining information from sources that are not reasonably accessible."). Laureate is willing to pay the costs or producing the requested materials should the Court find that Teachscape should recover some or all of its expense in complying with Laureate's discovery request. *See id*.

## III. TEACHSCAPE'S OTHER OBJECTIONS LACK MERIT

As demonstrated in Laureate's meet and confer letters, Teachscape's boilerplate objections are wholly without merit. *See* Kassabian Decl. Exs. E & F.

## CONCLUSION

The Court should order that Teachscape produce within 30 days all documents and things responsive to Laureate's Request for Production Nos. 1-9, 11-19, and 21.

Dated: February 6, 2008    Respectfully submitted,

HELLER EHRMAN LLP

By ____/s/ DANIEL N. KASSABIAN____
Attorneys for Plaintiff
LAUREATE EDUCATION, INC.

---

[4] Teachscape's objections parse these Requests to the point of absurdity in asserting that "earliest available," "drafts," "intended to be," and "made available" are vague and ambiguous. What these Requests seek is crystal clear. A "final version" of a degree or course material is one that has been or will be provided to students currently enrolled in Teachscape's degree programs offered through Marygrove or provided to teachers at Marygrove for those degrees. Consequently, the "earliest available drafts" of these degree and course materials comprises the document or thing first created that resulted in a responsive, final degree or course material, where "created" is defined under the Copyright Act, 17 U.S.C. § 101 given that Laureate's claim is for copyright infringement. Moreover, each request also includes a list of the types of documents that have been sought.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

PROCEDURAL BACKGROUND .......................................................................................2

ARGUMENT..........................................................................................................................5

I. TEACHSCAPE'S POSITION THAT ITS DISCOVERY OBLIGATIONS ARE ABROGATED BECAUSE OF ITS MOTION QUESTIONING THE COURT'S JURISDICTION IS CONTRARY TO NINTH CIRCUIT LAW. ..............................................................5

II. ANY OBJECTION BY TEACHSCAPE AS TO THE BURDENSOME NATURE OF THE REQUESTS IS UNSUBSTANTIATED RHETORIC......................................................................6

    A. Teachscape Has Failed To Specify Whether Any Of The Materials Sought Consist Of Electronically Stored Information That Is Not Reasonably Accessible Pursuant To Rule 26(b)(2)(B) ..............................................................................6

    B. The Factors Of Rule 26(b)(2)(C) Dictate That Production Of Teachscape's Course Materials Should Be Compelled................................7

        1. The materials sought are neither duplicative of other discovery, nor available from other sources, and Laureate has had no opportunity to obtain information by discovery in the action................................................................7

        2. The burden or expense of producing the requested course materials does not outweigh its likely benefit ........................8

III. TEACHSCAPE'S OTHER OBJECTIONS LACK MERIT ...................................9

CONCLUSION........................................................................................................................9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Cunningham v. Hamilton County, Ohio,*
  527 U.S. 198 (1999)...................................................................................................... 1

*Hagemeyer N. Am., Inc. v. Gateway Data Sci. Corp.*,
  222 F.R.D. 594 (E.D. Wis. 2004) ................................................................................. 6

*Regal Elecs., Inc. v. Pulse Eng'g, Inc.*,
  No. 03-1296 JW (RS), 2005 WL 3078983 (N.D. Cal. Nov. 16, 2005) ......................... 7

*Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*,
  55 F.3d 463 (9th Cir. 1995) ..................................................................................... 1, 5

*Walker v. Univ. Books, Inc.*,
  602 F.2d 859 (9th Cir. 1979) ........................................................................................ 8

**RULES**

Fed. R. Civ. P. 26(b)(2) ............................................................................................ 6, 7, 8

Fed. R. Civ. P. 26 *committee notes* 2006 ...................................................................... 9

Civ. L.R. 37-2 .................................................................................................................. 6