1  ANNETTE L. HURST (State Bar No. 148738)
2  DANIEL N. KASSABIAN (State Bar No. 215249)
   ELENA M. DIMUZIO (State Bar No. 239953)
3  HELLER EHRMAN LLP
   333 Bush Street
4  San Francisco, California  94104-2878
   Telephone:  +1.415.772.6000
5  Facsimile:  +1.415.772.6268
6  E-mail:      Annette.Hurst@HellerEhrman.com
                Daniel.Kassabian@HellerEhrman.com
7               Elena.DiMuzio@HellerEhrman.com

8  Attorneys for Plaintiff
9  LAUREATE EDUCATION, INC.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13

14  LAUREATE EDUCATION, INC.,          Case No.:  C 07-3225 RS
    a Maryland corporation,
15                                     **DECLARATION OF DANIEL N.**
                                       **KASSABIAN IN SUPPORT OF**
                          Plaintiff,   **PLAINTIFF LAUREATE**
16                                     **EDUCATION, INC.'S MOTION TO**
                                       **COMPEL PRODUCTION OF**
17       v.                            **DEFENDANT TEACHSCAPE, INC.'S**
                                       **COURSE MATERIALS**
18  TEACHSCAPE, INC., a Delaware corporation
19                                     Judge:  The Honorable Richard Seeborg
                          Defendant.   Ctrm.:  4 (5th floor)
20                                     Date:   March 12, 2008
                                       Time:   9:30 a.m.
21

22

23

24

25

26

27

28

Heller
Ehrman LLP

I, Daniel N. Kassabian, declare:

1.      I am an associate with the law firm of Heller Ehrman LLP ("Heller Ehrman"), counsel to Plaintiff Laureate Education, Inc. ("Laureate"). I make this declaration in support of Laureate's Motion To Compel Production Of Defendant Teachscape, Inc.'s ("Teachscape") Course Materials. Unless otherwise noted, the factual assertions herein are made on my personal knowledge and, if called upon to do so, I could and would testify competently thereto.

2.      On September 26, 2007, I attended and argued at the hearing for Teachscape's Motion to Dismiss. Attached hereto as Exhibit A is an unofficial transcript, prepared by Heller Ehrman LLP, of the Court's recording of that hearing, which is consistent with my recollection of what was stated by counsel and the Court during the hearing.

3.      Following the hearing, Laureate and then co-plaintiff Canter & Associates, LLC ("Canter") tried to address the concerns raised at the hearing by seeking a narrow subset of Teachscape's materials and the earliest available drafts thereof. A true and correct copy of my letter to Teachscape's counsel, Gayle Athanacio, dated October 7, 2007, which sets forth that request, is attached hereto is Exhibit B.

4.      A true and correct copy of the letter from Ms. Athanacio to me dated October 10, 2007, which responds to Canter's and Laureate's request, is attached hereto as Exhibit C.

5.      On October 15, 2007, Laureate and Canter served by hand delivery their First Set Of Requests For Production Of Documents And Things (Nos. 1-80).

6.      A true and correct copy of certain pages of Teachscape's Response to Plaintiffs' First Set of Requests for Production of Documents and Things (Nos. 1-80) served by mail on November 14, 2007 are attached hereto as Exhibit D.

7.      After Laureate filed its First Amended Complaint and the Court ordered that Teachscape meet and confer over a protective order in good faith on January 22, 2008, counsel for Laureate tried to initiate discussions regarding Laureate's outstanding requests for production in addition to the protective order. A true and correct copy of the letter from

Heller
Ehrman LLP

1

KASSABIAN DECL. IN SUPP. OF PL.'S MOT. TO COMPEL                    Case No. C 07-3225 RS

1  me to Ms. Athanacio dated January 23, 2008 in which Laureate addresses Teachscape's

2  boilerplate general and specific objections to Laureate's Request Nos. 1-9, 11-19, and 21 is

3  attached hereto as Exhibit E.

4      8.      On January 30, 2008, the counsel for the parties (Annette Hurst, Elena

5  DiMuzio, Ms. Athanacio, and myself) met and conferred by telephone.  During that

6  conference, various aspects of a stipulated protective order were discussed.  In addition,

7  counsel for Laureate inquired as to whether counsel for Teachscape was able to meet and

8  confer over Teachscape's objections to Laureate's requests for production.  Ms. Athanacio

9  indicated that she had not had an opportunity to review my letter dated January 23rd due to

10 its length.  In response, Ms. Hurst specifically asked whether Teachscape in fact would

11 produce documents responsive to Laureate's requests, and in what time-frame would such a

12 production occur.  Ms. Athanacio did not answer these questions, but instead engaged in

13 argument as to Laureate's reasons for bringing suit.  Ms. Hurst asked that Ms. Athanacio

14 provide a definitive answer to these questions at the parties' next meet and confer session,

15 which counsel scheduled for February 1, 2008.

16     9.      In the interim, I e-mailed another letter to Ms. Athanacio on January 31, 2008,

17 in which I streamlined and simplified the issues as to Laureate's Request Nos. 1-9, 11-19,

18 and 21, and sought what specific burdens Teachscape would face in producing course

19 materials responsive to those Requests, in accord with Federal Rule of Civil Procedure

20 26(b)(2).  A true and correct copy of my letter dated January 31, 2008, is attached hereto as

21 Exhibit F.

22     10.     On February 1, 2008, I again met and conferred with Ms. Athanacio by phone

23 regarding the protective order and Laureate's Requests.  During that call, Ms. Athanacio

24 indicated that Teachscape would not be producing anything in response to Laureate's

25 Request Nos. 1-9, 11-19, and 21, and instead would move for an order to stay discovery if

26 needed.  When I further inquired as to what specific burdens Teachscape would face in

27 producing responsive documents and things, Ms. Athanacio responded that in Teachscape's

28 view, this action was burdensome in that Laureate was pursuing it in bad faith and had not

Heller
Ehrman LLP

2

KASSABIAN DECL. IN SUPP. OF PL.'S MOT. TO COMPEL                    Case No. C 07-3225 RS

1  yet articulated a cognizable copyright infringement claim.  We then agreed that with respect

2  to the parties' Rule 37 obligations to meet and confer before presenting a discovery dispute

3  to the Court, those obligations had been met.  I also inquired whether Ms. Athanacio or

4  other counsel for Teachscape were available on the earliest hearing date—i.e., March 12,

5  2008—to be heard on a motion to compel.  Ms. Athanacio indicated that she was not sure

6  and would let me know.

7      11.     On February 4, 2008, Ms. Athanacio e-mailed me a letter that

8  mischaracterized our meet and confer regarding Laureate's Request Nos. 1-9, 11-19, and

9  21.  Regardless, that letter seemed to imply that Teachscape was willing to meet and confer

10  beyond what had been already discussed.  A true and correct copy of Ms. Athanacio's letter

11  dated February 4, 2008 is attached hereto as Exhibit G.

12      12.     In response to the letter, on February 6, 2008, I called Ms. Athanacio to seek

13  clarification.  During my call, I again confirmed that Teachscape is not willing to produce

14  its materials responsive to Request Nos. 1-9, 11-19.  With respect to electronic documents,

15  Ms. Athanacio objected to the form of production set forth by Laureate in the parties' Joint

16  Case Management Statement.  In particular, she suggested that instead of producing

17  physical copies of online materials, Teachscape would allow access to online materials by

18  providing a username and password under a confidentiality provision.  I responded that

19  Laureate was willing to accept this offer of production/inspection if made, so as to narrow

20  the pending dispute to other "final" course materials and "first available drafts" thereof.

21  Ms. Athanacio did not make such an offer, and instead indicated that Laureate would need

22  to be further willing to accept this access as a resolution of this discovery dispute, or would

23  need to compel production of any and all responsive documents.  We also discussed any

24  other burdens Teachscape would face, to which Ms. Athanacio responded that she did not

25  understand what exactly would be responsive to the request for "first available drafts."  I

26  provided an explanation that was consistent with my prior correspondence, which

27  demonstrated what would be and would not be responsive as a "first available draft," and

28  further indicated that this was sufficient to enable her and her client to make the

Heller
Ehrman LLP

KASSABIAN DECL. IN SUPP. OF PL.'S MOT. TO COMPEL                    Case No. C 07-3225 RS

1  determination given Teachscape's exclusive knowledge of how these course materials were

2  developed.  Ms. Athanacio indicated that this explanation was insufficient and thus in her

3  view the request was burdensome.  We then agreed that this dispute could only be resolved

4  with the assistance of the Court.  Ms. Athanacio also indicated that she was available for a

5  hearing on such a motion on March 12, 2008, although she would prefer to have it heard on

6  March 19th at the same time as the motion to dismiss that she planned to file.  I indicated

7  that any further delay in obtaining relief would prejudice Laureate and thus it was intending

8  to move and be heard as soon as possible.

9         13.    It is Laureate's understanding that Teachscape is currently distributing its

10 degree program and course related materials for its Master in the Art of Teaching degree

11 programs, as specified in Laureate's First Amended Complaint, to Marygrove College

12 ("Marygove") students and teachers/staff.  True and correct copies of web pages from

13 Marygrove's web site at www.marygrove.edu, attached hereto as Exhibit H (and which are

14 the same as those attached as Exhibit B to Laureate's First Amended Complaint), show that

15 the specific degree programs and courses, for which materials are sought, are currently

16 being offered by Marygove.  Consequently, Marygrove students and staff must have access

17 to or be receiving these materials, and/or Teachscape is prepared to give access or distribute

18 these materials as Marygrove students advance through these programs.  Thus, Teachscape

19 is in the business of distributing its final degree and course materials, and persons related to

20 Marygrove can obtain these materials upon registration or other affiliation with that school.

21 Consequently, the burden of producing these materials to Laureate does not rise to the level

22 of being reasonably inaccessible whether in electronic or in physical forms.  However, these

23 same materials are not available to the general public, including Laureate, because only

24 school teachers who meet certain qualifications (subject to verification by Marygrove

25 and/or Teachscape) or Marygrove staff are provided these physical materials and given

26

27

28

Heller
Ehrman LLP

4

KASSABIAN DECL. IN SUPP. OF PL.'S MOT. TO COMPEL                Case No. C 07-3225 RS

1 | access to online materials for these courses.  Laureate would have to engage in pretext to
2 | gain access to or receive these materials.
3 |     I declare under penalty of perjury pursuant to the laws of the United States that the
4 | foregoing is true and correct of my own knowledge and that this declaration is executed on
5 | February 6, 2008 in San Francisco, California.
6 |
7 |                                                    /s/ Daniel N. Kassabian
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Heller
Ehrman LLP

5