1   GAYLE M. ATHANACIO (SBN 130068)
    gathanacio@sonnenschein.com
2   CHRISTINE LEPERA (admitted *pro hac vice*)
    clepera@sonnenschein.com
3   SONNENSCHEIN NATH & ROSENTHAL LLP
    525 Market Street, 26th Floor
4   San Francisco, CA 94105-2708
    Telephone: (415) 882-5000
5   Facsimile: (415) 882-0300

6   Attorneys for Defendant
    TEACHSCAPE, INC.

7

8

9                      UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12

13  LAUREATE EDUCATION, INC.,

14              Plaintiff.                    Case No. C 07-3225 RS

15      v.                                    DEFENDANT TEACHSCAPE INC.'S
                                              NOTICE OF MOTION AND MOTION TO
16  TEACHSCAPE. INC.,                         DISMISS LAUREATE'S FIRST
                                              AMENDED COMPLAINT;
17              Defendant.                     MEMORANDUM OF POINTS AND
                                              AUTHORITIES IN SUPPORT THEREOF

18                                            CONCURRENTLY FILED HEREWITH:

19                                            REQUEST FOR JUDICIAL NOTICE AND
20                                            DECLARATION OF GAYLE M.
                                              ATHANACIO

21

22                                            Date: March 19, 2008
                                              Time: 9:30 a.m.
23                                            Courtroom: 4 (5th Floor)
                                              Honorable Richard Seeborg

24

25

26

27

28

─────────────────────────────────────────────────────
TEACHSCAPE, INC.'S NOTICE/MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 2

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ........................................ 2

II.   FACTS ........................................................................................................................ 4

    A.    Plaintiffs' Initial Defective Complaint ........................................................ 4

        1.    Background Allegations Related To The Parties ............................... 4

    B.    Plaintiffs' Original Claims ............................................................................ 5

    C.    The Court's Order Granting Teachscape's Motion to Dismiss ............ 6

    D.    Plaintiffs' Response to the Order: Drop Canter as a Plaintiff and Assert Only A Copyright Infringement Claim Based on the Same "Guess" ............ 7

II.   ARGUMENT ............................................................................................................. 9

    A.    Legal Standard ............................................................................................... 9

    B.    Laureate's Copyright Claim Fails to Comply with Rule 8 And This Court's Order and Should Be Dismissed. ............................................... 10

    C.    Laureate's Purported "Excuse" of Lack of Access Continues To Be Wholly Without Merit And Does Not Transform Its Guess Into A Valid Copyright Infringment Claim ..................................................................... 13

        1.    Laureate's Purported Ignorance is Of Its Own Doing. ................... 14

        2.    Laureate's Legal Arguments in its FAC Do Not Salvage Its Deficient Copyright Infringement Claim ............................................ 15

III.  CONCLUSION ........................................................................................................ 17

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

TEACHSCAPE, INC.'S NOTICE/MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. C07-03225 RS

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Arnstein v. Porter,*
 154 F.2d 464 (2d Cir. 1946) ................................................................11

*Bell Atlantic [Corp. v. Twombly,*
 127 S. Ct. 1955 (2007)]* ...........................................................6, 9, 17

*Blue Chip Stamps v. Manor Drug Stores,*
 421 U.S. 723 (1975).............................................................................9

*Brown v. Adidas Int.,*
 938 F. Supp. 628 (S.D. Cal. 1998)......................................................10

*Cavalier v. Random House, Inc.,*
 297 F.3d 815 (9th Cir. 2001) .............................................................12

*Epstein v. Washington Energy Co.,*
 83 F.3d 1136 (9th Cir. 1996) .......................................................6, 7, 9

*Facebook, Inc., v. ConnectULLC,*
 489 F. Supp. 2d 1087 (N.D. Cal. 2007) ..............................................9

*Hoffman LaRoche. Inc. v. Invamed Inc.,*
 213 F.3d 1359 (Fed. Cir 2000) .........................................................16

*Intamin v. Magnetar Tech. Corp.,*
 483 F.3d 1328 (Fed. Cir. 2007) ........................................................16

*Kirkland v. National Broad. Co.,*
 425 F. Supp. 1111 (E.D. Pa. 1976), *aff'd,* 565 F.2d 152 (3d Cir. 1977).....................11

*Newborn v. Yahoo! Inc.,*
 391 F. Supp. 2d 181 (D.D.C. 2005).....................................................10

*Rice v. Fox Broad. Co.,*
 330 F.3d 1170 (9th Cir. 2003) ...........................................................12

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.,*
 983 F. Supp. 1303 (N.D. Cal. 1997) ....................................................9

*Walker v. University Books, Inc.,*
 602 F.2d 859 (9th Cir. 1979) .................................................12, 15, 16

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

## STATE CASES

*Borden & Barton Entertainment, Inc. v. Warner Brothers Broad. Corp.,*
    222 P.2d 463 (Cal. Ct. App. 1950) ...................................................................10

*Cinebase Software, Inc. v. Media Guaranty Trust, Inc.,*
    No. C98-1100, 1998 WL 661465 (N.D. Cal. Sept. 22, 1998) ............................15, 16

*Interscope Records v. Rodriguez,*
    No. 06cv2485, 2007 WL. 2408484  *Adams v. Warner Brothers Pictures Network,*
    No. 0 2007 WL. 1959022 (E.D.N.Y. June 29, 2007) ........................................9

*Livnat v. Lavi,*
    1997 WL. 566097 (S.D.N.Y. 1997).................................................................10

*Marvel Enterprises, Inc. v. NCSoft Corporation,*
    No. 04-9253, 2005 WL. 878090 (C.D. Cal. March 9, 2005).....................................13

*Tom Kelley Studios Inc. v. International Collectors Society,*
    1997 WL. 598461 ( S.D.N.Y. 1997)...........................................................10, 15

## FEDERAL STATUTES

17 U.S.C. § 102(b)...........................................................................................12

Federal Rule of Civil Procedure 8(a)(2) .......................................................9, 10

Federal Rule of Civil Procedure 12(b)(6) ....................................................6, 9

## STATE STATUTES

California Business & Professions Code § 17200.......................................3, 5, 6

## MISCELLANEOUS

1 Nimmer on Copyright § 2.16 (2007) ...............................................................11

TEACHSCAPE, INC.'S NOTICE/MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. C07-03225 RS

1

## NOTICE OF MOTION AND MOTION

2      PLEASE TAKE NOTICE that on March 19, 2008 at 9:30 a.m., or as soon thereafter

3  as counsel may be heard, in Courtroom 4 of the United States District Court for the

4  Northern District of California, located at 280 S. 1st Street, San Jose, California, Defendant

5  Teachscape, Inc. ("Teachscape") will, and hereby does, move, pursuant to Federal Rule of

6  Civil Procedure 12(b)(6) to dismiss with prejudice Plaintiff Laureate Education, Inc.'s

7  ("Laureate" or "Plaintiff") First Amended Complaint ("FAC"). Specifically, Teachscape

8  moves for an Order dismissing with prejudice the Copyright Infringement Claim made

9  against Teachscape for failure to state a claim.

10      **TEACHSCAPE'S MOTION WILL BE AND IS BASED UPON THIS NOTICE, THE**
**MEMORANDUM OF POINTS AND AUTHORITIES AND THE REQUEST FOR**
11  **JUDICIAL NOTICE FILED HEREWITH, AND ALL PLEADINGS, RECORDS AND**
**DOCUMENTS ON FILE HEREIN, AND SUCH ADDITIONAL EVIDENCE AND**
12  **ARGUMENT AS MAY BE PROPERLY INTRODUCED IN SUPPORT OF THE**
**MOTION.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

TEACHSCAPE, INC.'S NOTICE/MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. C07-03225 RS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

On December 12, 2007, this Court issued its Order Granting Teachscape's Motion to Dismiss, With Leave to Amend ("Order", Exhibit A to The Declaration of Gayle Athanacio in Support of The Motion to Dismiss the Laureate's First Amended Complaint ("Athanacio Decl.").)  In its Order, this Court dismissed the complaint filed by plaintiffs Laureate and Canter (collectively referred to in the Order as "Canter") in its entirety.  Critically, the Court noted that the copyright claim alleged in the initial complaint was glaringly deficient:

> Here, **Canter's complaint effectively concedes that it does not possess any information as to whether or not it has a viable copyright infringement claim.** Although the complaint and Canter's briefing in opposition to this motion attempt to excuse that lack of knowledge based on the fact that it does not have access to defendants' course materials, that explanation **does not serve to transform what is essentially a guess into a cognizable claim. As pleaded, the complaint effectively says nothing more than, "all of my materials are copyrighted and I think you may have copied them." To state a copyright infringement claim, Canter must, at a minimum, do more than guess.**

Order at 3 (emphasis added).

In response to this Court's Order, Plaintiffs abandoned all claims, except for plaintiff Laureate which asserts a single claim of copyright infringement ("First Amended Complaint or "FAC", attached as Exhibit B to the Decl.).[1]  Yet Laureate's First Amended Complaint does nothing to cure the obvious deficiencies to the copyright claim dismissed by this Court.  Indeed, Laureate brazenly files the *same* speculative copyright claim asserting 40 alleged copyright violations by Teachscape in complete disregard of the requisite elements of a copyright claim and this Court's Order precluding Laureate from "guessing" about any infringement.  Laureate proceeds as if immune from the Order and entitled to some superior right to "infer" ("guess") 40

---

[1] Canter & Associates, LLC, a wholly owned subsidiary of Laureate, was a co-plaintiff in this action.  However, in response to this Court's Order, Canter abandoned its claims here and filed a separate action against Teachscape in state court, based upon the identical set of facts at issue in this case, and asserted the state law claims previously asserted in this action.  *See* Athanacio Decl., Ex. E.  For its part, Laureate has abandoned its Lanham Act claim originally asserted in this action.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   copyright violations despite its continuing admission that it has no knowledge of even *one* such

2   alleged violation.

3       However, as the Court already concluded with regard to Laureate's original Complaint

4   (("Cmplt.") attached as Exhibit C to the Decl.), Laureate's allegation that it is "reasonable to

5   infer…Teachscape invaded one or more" of Laureate's copyrights (Cmplt., ¶ 85) is deficient as

6   a matter of law. Virtually identical allegations form the basis of Laureate's present copyright

7   claim: "Laureate has a reasonable basis to infer that…Teachscape has invaded one or more" of

8   Laureate's copyrights. (FAC, ¶¶ 24-25.)

9       Laureate offers no new facts or allegations to (1) actually demonstrate the requisite

10  elements of a copyright claim—most notably copying (which includes a showing of both access

11  and substantial similarity between a particular work subject to copyright protection and a

12  particular work of allegedly infringing); or (2) provide Teachscape the appropriate notice

13  required under Federal Rule of Civil Procedure 8. Instead, Laureate merely reiterates or

14  rephrases the same allegations previously pled in an effort to suggest its suspicion ("guess") of

15  copyright infringement is sufficient to state a claim.

16      In its First Amended Complaint, Laureate concedes, as it must, that the offering by

17  Teachscape or any party of math and reading degree programs "is not subject matter of

18  copyright protection." (FAC, ¶ 17). This admission is not surprising as no one may monopolize

19  the teaching of these subjects. As Laureate tacitly concedes, there are obviously vast numbers of

20  teaching courses offered to the public, online and otherwise, in math and reading subjects, for

21  both teachers and students, on *topics* such as algebra, geometry, and literacy skills, which of

22  necessity and common sense, bear similar titles.

23      By filing its First Amended Complaint, Laureate attempts to avoid the unavoidable: A

24  copyright claim can only arise if protectible *content* of a particular work was copied. Here,

25  Laureate admits it did not and cannot allege that the *content* of any of Teachscape's courses

26  copies any of the *content* of Laureate's courses. Laureate's copyright claim is fatally defective

27  as a matter of law.

28      Nor does Laureate's continued efforts to try to blame Teachscape for Laureate's

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-3-

1    purported lack of knowledge serve to resurrect the claim.  As was shown in connection with its

2    motion to dismiss the initial complaint and again herein, Teachscape reasonably offered

3    Laureate (and Canter) the ability to engage in an "apples to apples" review of allegedly

4    infringing and infringed copyrighted final course material prior to the filing of this litigation.

5    Laureate rejected this offer and continued to reject the offer even after Teachscape's offer was

6    renewed after the litigation ensued.  (*See* Joint Case Management Statement ("JCMS") attached

7    as Exhibit D to the Athanacio Decl.)  Laureate's ignorance, such as it is, is by design, not by any

8    wrongdoing of Teachscape.

9         At its core, Laureate's First Amended Complaint reflects Laureate's fundamental

10   disagreement with this Court's ruling that Laureate cannot proceed with a viable copyright claim

11   regarding allegedly infringing degree course materials based upon an "inference" or a "guess."

12   This Court's prior ruling was correct and nothing in Laureate's amended complaint suggests a

13   contrary conclusion.  To the contrary, the FAC cements the conclusion that dismissal is

14   appropriate.

15        Laureate was given the opportunity to comply with this Court's Order and cure the

16   deficiencies in its complaint.  Having failed to do so, Laureate's amended complaint should be

17   dismissed with prejudice.  Accordingly, Teachscape respectfully requests that the First Amended

18   Complaint be dismissed with prejudice.

19   **II.    FACTS**

20        **A.    Plaintiffs' Initial Defective Complaint**

21             **1.    Background Allegations Related To The Parties**

22        Laureate and its subsidiaries allegedly were leaders in providing online degree programs

23   and graduate courses through partnerships with university and colleges, including Marygrove

24   College ("Marygrove").  Cmplt., ¶ 6.  According to the Complaint, Canter developed master's

25   degree programs with concentrations in Math and Reading ("Math and Reading degrees") and

26   Curriculum, Instruction and Assessment ("CIA").  *Id.,* ¶¶ 13-14.

27        According to the Complaint, in April 2004, Teachscape began hiring, or contracting with,

28   twelve former Canter employees. *Id.,* ¶ 7.  Some of these former employees were supposedly

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26ᵗʰ FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    long term key employees who helped develop Canter's education master's degree programs. *Id.*,
2    ¶ 8.

3        Canter alleged that in September 2006, it learned that Teachscape would be offering a CIA
4    program, and Math and Reading degrees, in partnership with Marygrove in 2007. *Id.*, ¶¶ 14-16.
5    Canter objected to an unspecified advertisement (or advertisements) that allegedly described the
6    Marygrove CIA program offered in partnership with Teachscape as "updated". *Id.*, ¶¶ 18-19.
7    Canter admits that after being apprised of Canter's claim that the CIA offering was contrary to
8    Marygrove's contract with Canter, Teachscape withdrew the Marygrove CIA program for 2007.
9    *Id.*, ¶ 21.

10       In April 2007, Plaintiffs obtained forty copyright registrations with the U.S. Copyright
11   Office. *Id.*, ¶ 24. Each of these registrations were for derivative works (newer editions of
12   previous works).

13       **B.    Plaintiffs' Original Claims**

14       In their initial Complaint, Plaintiffs alleged seven causes of action: (1) misappropriation of
15   trade secrets (violation of California Civil Code § 3426); (2) intentional interference with
16   prospective economic relationships; (3) intentional interference with the Canter/ Marygrove
17   contract; (4) misleading advertising, under California Business & Professions Code § 17500; (5)
18   Unfair Competition (Cal. Bus. & Prof. Code § 17200); (6) misleading advertisement under the
19   Lanham Act; and lastly (7) a copyright infringement claim. Jurisdiction over the matter was
20   predicated on the Copyright and Lanham Act claims.

21       As to the copyright claim, Laureate asserted on information and belief that "at least as of
22   January 2007, Teachscape has deliberately and willfully infringed" 40 copyrighted works
23   identified in the Complaint. *Id.*, ¶ 84. However, Laureate admitted it had no facts or evidence to
24   support or define the copyright claim. *Id.*, ¶¶ 26, 85. Indeed, Laureate made no reference to a
25   specific passage or portion of any of the 40 copyrights (all for derivative works) listed in the
26   Complaint, nor any reference to any specific Teachscape course material that was allegedly
27   infringing. Rather, Laureate asserted that Teachscape "refuse[d] to provide access to the
28   materials at issue despite demand" such that it is has a "reasonable basis" to "infer"

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-5-

1    Teachscape's deliberate and willful infringement. *Id.*, ¶ 85. Laureate, however, admitted an

2    exchange of materials was offered by Teachscape (and/or that the materials may be obtained

3    directly online from Marygrove), but suggested that Teachscape placed "unreasonable

4    conditions" on an exchange of materials. *Id.*, ¶¶ 26, 27, 85.

5        **C.    The Court's Order Granting Teachscape's Motion to Dismiss**

6           In response to Plaintiffs' complaint, Teachscape filed a motion to dismiss. Relevant

7    here, Teachscape noted that Laureate's copyright claim was based on speculation and failed to

8    both assert the requisite elements of a valid copyright claim or provide sufficient notice of the

9    claims as required under Federal Rule of Civil Procedure 8.[2]

10          For its part, Plaintiffs argued that they were entitled to proceed even though they

11   admittedly did not know whether there was in fact any specific infringing material. It was their

12   position that ample grounds existed to "infer such" infringement was taking place. Plaintiffs

13   further suggested that access to drafts of Teachscape's work was somehow critical to their claim

14   that Teachscape's course materials were infringing Laureate's copyrights. (*See generally*,

15   Plaintiffs' Opposition to Teachscape's Motion to Dismiss, [Dkt No. 9, pp. 8-11].)

16          After extensive briefing and a hearing, on December 12, 2007, this Court issued its Order

17   granting Teachscape's Motion to Dismiss with leave to amend. In its Order, the Court noted the

18   relevant standards under Fed. R. Civ. P. 12(b)(6) and 8. Notably, the Court observed that "Rule

19   8 does not permit a party to avoid pleading at least some facts to state a claim. Even prior to

20   *Bell Atlantic* [*Corp. v. Twombly*, 127 S. Ct. 1955 (2007)], it was the law that 'conclusory

21   allegations and unwarranted inferences are insufficient to defeat a motion to dismiss for failure

22   to state a claim.'" Order at 2: 28 - 3:3 (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136,

23   1140 (9th Cir. 1996)).

24          Applying these standards to the operative complaint, the Court observed in connection

25

26      [2] As to the Lanham Act claim, Teachscape asserted that the vague, unspecified use of the word
     "updated", with no context, could not support a Lanham Act claim. Teachscape additionally
27   attacked the sufficiency of Plaintiffs' state law claims but noted that since the federal claims
     forming the basis of the Court's jurisdiction was lacking, supplemental jurisdiction over these
28   state law claims was absent and the complaint should be dismissed in its entirety.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    with Laureate's copyright claim:

2            Here, **Canter's complaint effectively concedes that it does not
3            possess any information as to whether or not it has a viable
        copyright infringement claim.** Although the complaint and Canter's
4            briefing in opposition to this motion attempt to excuse that lack of
        knowledge based on the fact that it does not have access to defendants'
5            course materials, that explanation **does not serve to transform what is
        essentially a guess into a cognizable claim. As pleaded, the
6            complaint effectively says nothing more than, "all of my materials
        are copyrighted and I think you may have copied them." To state a
7            copyright infringement claim, Canter must, at a minimum, do
        more than guess.**

8    Order at 3 (emphasis added).

9            Having found not only Plaintiffs' copyright claim, but also its federal Lanham Act claim,

10   lacking[3], the Court concluded that "until and unless Canter can plead a viable claim under

11   federal law, there is no basis to exercise supplemental jurisdiction over [Plaintiffs] state law

12   claims." *Id.* Consequently, the Court granted Teachscape's motion and Plaintiffs were granted

13   leave to amend.

14       **D.**     **Plaintiffs' Response to the Order: Drop Canter as a Plaintiff and Assert
15               Only A Copyright Infringement Claim Based on the Same "Guess"**

16           In response to the Court's Order, Plaintiff Canter abandoned all of its state law claims in

17   federal court, and in what appears to be a flagrant example of forum shopping and "scorched

18   earth" litigation tactics, Canter filed the identical claims in state court. (*See* Athanacio Decl.,

19   Exh. E.) For its part, Laureate abandoned all claims except its claim for copyright infringement.

20   To support its copyright claim, Laureate reasserts the same predicate "facts" that were present in

21   its initial complaint: allegations regarding Laureate and Canter's stature in the post-secondary,

22   online education market; its relationship with Marygrove; Teachscape hiring of certain former

23   employees of Canter; and the subsequent partnership between Teachscape and Marygrove.

24           As before, Laureate lists twenty courses, each of which is allegedly comprised of two

25

26   [3] With regard to the Lanham Act claim, the Court held that Canter had not pleaded sufficient
facts to support a claim that the use of the word "updated" was false or misleading". Noting that
27   "much may depend on the context in which it was used", the Court informed Canter that in
order to state a claim, it must plead sufficient facts to show the term was misleading in the
28   context in which it appeared." Order at 3.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    separate copyrights, one for a video and the other for a written component, for a total of 40

2    copyrights purportedly at issue. FAC, ¶ 11. Laureate alleges that it developed these courses

3    from 2001-2004, but admittedly only registered them for the first time with the Copyright Office

4    in April, 2007 (well after this dispute arose). *Id.,* ¶¶ 10-11. Each of these copyright registrations

5    are for derivative works. *See* Exhibit A to the FAC.

6        Significantly, there is no allegation in the First Amended Complaint regarding the *actual*

7    *content* of any of the materials that comprise Laureate's allegedly infringed or Teachscape's

8    allegedly infringing course materials; Laureate simply lists the titles of "Teachscape" and

9    "Laureate" courses in a chart that is solely the creation of Laureate and of unknown origin.

10       Referencing "the other wrongful acts" that were "alleged in the initial Complaint….but not

11   asserted in this Court *at this time,*" just as it did before, Laureate asserts it has "a *reasonable*

12   *basis to infer*" that Teachscape has been infringing Laureate's registered copyrights in its

13   "AudioVisual and Online Course Materials" (*id.,* ¶ 24) and that Teachscape has invaded "*one or*

14   *more of the exclusive rights*" with respect to with respect to virtually every course description

15   and title found on the Marygrove College website. (*Compare* FAC, ¶ 25, with Exhibit B to

16   FAC.)  As was true before, Laureate makes no reference to any specific passage or portion of

17   any of the 40 copyrights listed in the FAC.

18       Critically, as it did in its original complaint, Laureate admits it does not really know what,

19   if any, of Teachscape's course materials actually infringed any of Laureate's 40 works, and

20   cannot state that there is any substantial similarity (and hence any potential copyright

21   infringement claim) with regard to any work of Teachscape.  Just as it did before, Laureate

22   claims that the Court should ignore this flagrant deficiency because Laureate asserts it did not

23   and could not view Teachscape's allegedly infringing material since it did not have reasonable

24   access to it.  As it asserted in its initial complaint, and argued at length in opposition to

25   Teachscape's motion to dismiss the initial complaint, Laureate again asserts that Laureate is

26   *excused* from actually stating a cognizable claims with all the elements properly pled (FAC, ¶¶

27   20-23) because Teachscape rejected Laureate's demand that Teachscape unilaterally disclose

28   both all final course material and all "first drafts" of the same.  As before, Laureate falsely

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    suggests that Teachscape refused Laureate access to final course materials. As before, Laureate

2    attempts to bolster an invalid claim by reciting legal arguments in its FAC. *See* FAC, ¶¶ 20, 23.

3         In sum, Laureate again claims that it has stated a viable claim for copyright infringement

4    and satisfied its obligations under the Federal Rules of Civil Procedure because it asserts it is

5    "reasonable to infer" some or all of Teachscape's course materials are infringing on some or all

6    of Laureate's course material.

7    **II.    ARGUMENT**

8         **A.    Legal Standard**

9         A complaint may be dismissed for failure to state a claim upon which relief can be

10   granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "the court need not accept

11   as true conclusory allegations or legal characterizations cast in the form of factual allegations."

12   *Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp. 1303, 1307 (N.D. Cal. 1997)

13   (citation omitted). "'[C]onclusory allegations of law and unwarranted inferences,' however, 'are

14   insufficient to defeat a motion to dismiss for failure to state a claim.'" *Facebook, Inc., v.*

15   *ConnectULLC*, 489 F. Supp. 2d 1087, 1090 (N.D. Cal. 2007) (quoting *Epstein*, 83 F.3d at 1140).

16        While Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claim

17   showing that the pleader is entitled to relief," a "plaintiff's obligation to provide the 'grounds' of

18   his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

19   of a cause of action's elements will not do. Factual allegations must be enough to raise a right to

20   relief above the speculative level...on the assumption that all of the complaint's allegations are

21   true." *Twombly*, 127 S. Ct. at 1964-1965. Critically, "something beyond the mere possibility of

22   loss causation must be alleged, lest a plaintiff with "'a largely groundless claim'" be allowed to

23   "'take up the time of a number of other people, with the right to do so representing an *in*

24   *terrorem* increment of the settlement value.'" *Id.* at 1966 (quoting *Blue Chip Stamps v. Manor*

25   *Drug Stores*, 421 U.S. 723, 741 (1975)). As the Supreme Court observed, "a district court must

26   retain the power to insist upon some specificity in pleading before allowing a potentially

27   massive factual controversy to proceed." *Id.* at 1967. *Twombly* applies to copyright cases. *See*

28   *Interscope Records v. Rodriguez*, No. 06cv2485, 2007 WL 2408484 (S.D. Cal. Aug. 17, 2007);

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-9-

1    *Adams v. Warner Brothers Pictures Network*, No. 05cv5211, 2007 WL 1959022 (E.D.N.Y. June

2    29, 2007).

3           With regard to a copyright infringement claim, it is well-settled that any pleading

4    asserting a copyright infringement claim must satisfy Fed. R. Civ. P. 8(a) and broad legal

5    conclusions do not sufficiently state a claim of copyright infringement. *See, e.g., Brown v.*

6    *Adidas Int.*, 938 F. Supp. 628, 635-36 (S.D. Cal. 1998) (motion to dismiss granted). Moreover,

7    a complaint must allege specific acts of infringement with respect to specific copyrights owned

8    by the plaintiff. *See Tom Kelley Studios Inc. v. International Collectors Society*, 1997 WL

9    598461, at *1( S.D.N.Y. 1997) (citations omitted) ("complaint fails to satisfy …minimum

10   pleading requirements…. there are no allegations of specific *acts* of infringement with respect to

11   *specific* copyrights owned by plaintiffs"). *See also Borden & Barton Entm't, Inc. v. Warner*

12   *Bros. Broad. Corp.*, 222 P.2d 463 (Cal. Ct. App. 1950) (plaintiff failed to state a claim as he did

13   not, *inter alia,* identify the exact similarity between plaintiff's and defendants' radio shows or

14   what portions of plaintiff's show were copied by defendants); *Livnat v. Lavi,* 1997 WL 566097 at

15   *2 (S.D.N.Y. 1997) ("In a copyright claim the plaintiff must, at minimum, allege by what

16   specific acts the defendant infringed the copyright….The allegedly infringing acts committed by

17   the [] Defendants must be set forth with sufficient specificity to permit an adequate opportunity

18   for defense"); *Newborn v. Yahoo! Inc.,* 391 F. Supp. 2d 181, 187, 189 (D.D.C. 2005)( "Although

19   Rule 8 requires only a short plain statement, this statement must be sufficient to provide the

20   defendants notice of the claims alleged against them.").

21   **B.    Laureate's Copyright Claim Fails to Comply with Rule 8 And This
            Court's Order and Should Be Dismissed.**

22

23          Consistent with the above authorities, in its Order, this Court observed that "it is clear

24   that liberal standard of 'notice' pleading under [Federal Rule of Civil Procedure] 8 does not

25   permit a party to avoid pleading at least some facts sufficient to state a claim" and that a "guess"

26   does not constitute a "cognizable claim." Order at 2-3. In this case, Laureate has failed

27   repeatedly to meet this pleading standard as the FAC is simply a repackaging of its prior

28   defective copyright claim.

-10-

TEACHSCAPE, INC.'S NOTICE/MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. C07-03225 RS

1    Indeed, a review of the original complaint, the First Amended Complaint, and the briefs

2    submitted in connection with Teachscape's motion to dismiss the initial complaint, discloses that

3    Laureate has simply reasserted the prior "facts" it pled in the initial Complaint, and reiterated its

4    argument that it should be entitled to proceed based on a "guess". Yet, Laureate's FAC is

5    inconsistent with this Court's directive as set forth in its Order and in no way plugs the gaping

6    hole left by Laureate's admission that it has no knowledge of any infringement and cannot

7    identify any substantial similarity between any particular work of Teachscape and Laureate.

8    Thus, while Laureate continues its "shotgun" allegations by copying the titles of courses

9    from Marygrove's website into its FAC, this new "fact" adds no clarity to what it claimed

10   before, and in all events, is irrelevant to the viability of its copyright claim. As was noted in

11   Teachscape's prior motion, indisputably, well-settled law holds that "[a] title cannot be

12   copyrighted." *Arnstein v. Porter*, 154 F.2d 464, 474 (2d Cir. 1946). *See also Kirkland v. Nat'l*

13   *Broad. Co.,* 425 F. Supp. 1111, 1114 (E.D. Pa. 1976), *aff'd*, 565 F.2d 152 (3d Cir. 1977) ("it has

14   been well-established that a copyright in literary material does not secure any right in the title

15   itself"); 1 NIMMER ON COPYRIGHT § 2.16 (2007); McCARTHY ON TRADEMARKS AND UNFAIR

16   COMPETITION, §10:34 (2007). In fact, Laureate is not asserting any claim, as it cannot, of

17   infringement of its titles.

18   Laureate instead claims that "Teachscape's Reading and Math Degree Programs have

19   program specializations, structure, and course subject matters that are very similar to those of

20   Laureate's Reading and Math Degree Programs…" FAC, ¶ 17. This allegation is nothing new

21   and represents Laureate, yet again, trying to suggest it is entitled to "guess" there is infringement

22   because of alleged similarities between the subject matter of "Laureate's" degree program and

23   course titles, and those offered by Marygrove in partnership with Teachscape. [4]  Laureate cannot

24   _____

25   [4] Laureate also creates a chart in which it lines up uncopyrightable course titles purportedly
     reflecting "Laureate's" vs. "Teachscape's" Masters Degree Programs (FAC, p. 10).  As
26   Plaintiffs previously admitted, and as Exhibit B to the FAC clearly reflects, the "Degree
     Programs" cannot truly be Laureate's or Teachscape's, but rather that of the accredited
27   university or college.  "Teachscape's" program presumably is referring to Marygrove College's
     program.  The source of "Laureate's" purported Degree Programs and course titles are unstated
28   and unknown.  In all events, Laureate's "chart" and Exhibit B to the FAC do not support a

-11-

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    legitimately claim such entitlement.

2        As Laureate has acknowledged (FAC ¶ 17), no one can claim copyright protection in the

3    *concept* of offering master degree courses to teachers in math and reading subjects, with courses

4    such as elementary algebra, geometry, or literacy.[5]  Copyright protection does not... "extend to

5    any idea, procedure, process, system, method of operation, concept, ... or discovery, regardless

6    of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C.

7    § 102(b). Laureate's allegations posit nothing more than a commonality in the idea or concept of

8    offering similar types of and titles to courses needed for a university degree program.  This is

9    not a copyright infringement claim.

10        In sum, none of the "facts" alleged by Laureate in the First Amended Complaint serve to

11    transform its alleged copyright claim into a cognizable claim.  As was true with its original

12    complaint, Laureate's claim is again predicated on a "guess" and wholly lacking in substance

13    and specificity.  Again, Laureate has failed to properly plead infringement of any content in any

14    of Laureate's 20 written works or 20 visual audiovisual works, or of substantial similarity of

15    protectible expression between any of those 40 works and any of Teachscape's works, as

16    required.  *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 174 (9th Cir. 2003); *Cavalier v. Random*

17    *House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2001) (same).  *See also Walker v. University Books,*

18    *Inc.*, 602 F.2d 859, 864 (9th Cir. 1979) ( *prima facie* case of copyright infringement requires that

19

20

21    copyright claim, as at most, they merely reflect the "titles" of certain courses/degree programs
22    on the same topic (which is not copyrightable) and even then, they indicate significant
      dissimiliarity in description.

23    [5] Not surprisingly, similar online courses with similar titles are abundant on the Internet.
24    Teachscape has located and proffers to the Court, (as it did in its motion to dismiss the original
      complaint), a small sample of readily available Internet information showing that masters
      courses or degree titles similar to those used by Laureate are also used by unrelated non-party
25    distance learning sources. *See* Exhibit A to Teachscape's Request for Judicial Notice, filed
      herewith. This information demonstrates the absurdity of the "inference" Laureate claims it is
26    entitled to make: because Laureate offers a course in elementary algebra in a degree program for
      elementary math, and some of its employees left to work at Teachscape, and the
27    Marygrove/Teachscape offering includes courses with similar titles,  Teachscape must have
      infringed Laureate's copyright in the content written product of course.
28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

-12-

1    a plaintiff demonstrate substantial similarity between it and the defendant's work).[6]

2        At bottom, Laureate's First Amended Complaint still says nothing more than "all of my

3    materials are copyrighted and I think you may have copied them."  Order at 3. As this Court has

4    already ruled, this is not enough, and the Court should reject again Laureate's attempt to state a

5    claim when none exists.  "[C]onclusory legal allegations cast in the form of factual allegations"

6    are not sufficient.  *Marvel Enterprises, Inc. v. NCSoft Corporation*, No. 04-9253, 2005 WL

7    878090, at *1 (C.D. Cal. March 9, 2005).

8
        **C.    Laureate's Purported "Excuse" of Lack of Access Continues To Be**
9              **Wholly Without Merit And Does Not Transform Its Guess Into A Valid**
              **Copyright Infringment Claim**
10

11   In its Order, this Court ruled:

12           Although the complaint and Canter's briefing in opposition to this
             motion attempt to excuse that lack of knowledge [because] it does not
13           have access to defendants' course materials, that explanation does not
             serve to transform what is essentially a guess into a cognizable claim.
14

15   Order at 3.  Laureate ignores this Court's holding, and thus again argues in its First Amended

16   Complaint that despite the obvious deficiencies in its copyright claim, Laureate has stated a

17   ────────────────────

18       [6] As set forth in Teachscape's initial motion to dismiss, Plaintiff's pleading is
     additionally vague for another reason.  In addition to failing to plead what content is allegedly
19   infringed in any of the 40 works, Plaintiff fails to reveal that each of Laureate's 40 works is a
     derivative work, based upon an underlying work identified as previously created but
20   unregistered.  There is still no mention in the First Amended Complaint of the original editions,
     including any allegation of ownership thereof. Despite the fact that this issue was raised by
21   Teachscape on its first motion to dismiss, Laureate still does not (a) identify its 40 works as
     derivative works; (b) give notice of or describe any underlying work ; (c) describe what was
22   newly added in or to the derivative works; (d) identify the owner of any underlying works; and
     (e) describe what materials in either the underlying or derivative works were allegedly infringed.
23   The registrations themselves, attached as Exhibit A to the First Amended Complaint, contain
     only the insufficient, conclusory phrase that "new information to text or video" was added to the
24   original material.  When one considers the complete lack of factual support for Laureate's
     copyright claim, its disingenuous attempt to suggest it could not review the suspected infringing
25   material, and its failure to identify the differences relative to its derivative works, it is clear that
     Laureate is not seeking to protect any intellectual property but instead is still attempting to force
26   Teachscape to suffer expense and unwarranted and burdensome litigation and attendant
     discovery.  This Court should reject Laureate's effort.
27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

viable claim because it lacked access to Teachscape's courses as a result of Teachscape's purported refusal to provide Laureate such access. As before, Laureate asserts it has stated a claim and conducted a "reasonable pre-filing inquiry." FAC, ¶ 23. Nothing could be further from the truth as a matter of law and indisputable fact.

### 1. Laureate's Purported Ignorance is Of Its Own Doing.

As was true with regard to the initial complaint, Laureate's claim that Teachscape denied Laureate access to its final course materials is patently false. Teachscape has repeatedly offered to engage in an "apples to apples" exchange of final materials. More recently, as documented in the parties' Joint Case Management Statement, Teachscape again proposed an "apples to apples" exchange of the parties' final course materials so that both parties (and if necessary, the Court) could see for their own eyes that no substantial similarity actually exists. *See* JCMS, at 5, ¶¶ 2; 8, ¶ 2, Exh. D to Athanacio Decl. Laureate rejected this offer, and insisted on the *unilateral* production by Teachscape not only of all its final course material, but also all "first drafts" of such work (whatever that means). *Id.* Laureate's refusal to the mutual exchange of allegedly infringed and infringed material was and is patently unreasonable and suggest that Laureate knows there is no substantial similarity in the final course work. As reflected in both the original complaint and FAC, the focus of Laureate's claim, such as it is, was the notion that the courses actually being offered at Marygrove somehow infringe on one or all of Laureate's 40 copyrights. What reasonable party would refuse the opportunity, prior to filing suit (and after), to actually look at the work to see what exactly it is? Teachscape respectfully submits no reasonable party, legitimately concerned that such final course materials were infringing on its copyrights, would reject as Laureate did, such an offer. Certainly, one need not review any "drafts" to see if a final course or audiotape in English appears to have been copied (*i.e.*, is substantially similar.)[7]

---

[7] Indeed, the fact that Plaintiffs filed only a copyright claim on behalf of Laureate, and abandoned all other claims in this case, but simultaneously had Canter refile the five state law claims in state court (*see* Exhibit F to the Decl.) strongly suggests that Laureate has no good faith belief that it properly pled a viable copyright claim; if it had, there would be no reason not to replead the state claims in this forum.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    Fundamentally, if Laureate does not possess the material it claims Teachscape is allegedly

2    infringing and exploiting for profit (the final materials— not drafts), it is as a matter of

3    Laureate's own choice.  It is clearly not difficult to imagine what Laureate could have done to

4    obtain final versions of the course materials.  It could simply have said yes to Teachscape's

5    offer.  Clearly, Laureate's second woefully deficient copyright claim must be viewed in light of

6    its choice to reject the proffered exchange.

7              **2.        Laureate's Legal Arguments in its FAC Do Not Salvage Its**
                          **Deficient Copyright Infringement Claim.**
8

9        No doubt recognizing its copyright infringement claim is facially defective, Laureate treats

10   its FAC as a legal brief and cites to a variety of cases to suggest it has stated a viable claim.

11   None of the citations are on point or detract from the conclusion that Laureate has failed to plead

12   a cognizable copyright cause of action.

13       For instance, in paragraph 20 of its FAC, Laureate quotes at length *Cinebase Software, Inc.*

14   *v. Media Guar. Trust, Inc.,* No. C98-1100, 1998 WL 661465 (N.D. Cal. Sept. 22, 1998) and

15   *Walker v. Univ. Books, Inc.,* 602 F.2d 859 (9th Cir. 1979), in connection with its lengthy

16   discussion regarding Teachscape's refusal to provide course material "drafts".  Presumably,

17   Laureate inserts these citations to suggest that Laureate's failure to be given drafts of

18   Teachscape's course materials somehow salvages Laureate's failure to properly plead its

19   copyright claims.  Nothing in either of these cases suggests Laureate's suggestion is correct.[8]

20       In *Cinebase Software,* a case dealing with a specific software coding program, not written

21   and audiovideo copyrighted materials in English, the court merely held that the absence of a

22   "completed marketable product" did not mean the plaintiff could maintain a copyright action for

23   that as of yet unmarketable product where there was "no ambiguity" as to, and all parties agreed,

24   what was the allegedly infringing product. 1998 WL 661465, at *5.  Likewise, *Walker* merely

25   stands for the unremarkable proposition that in certain circumstances, an intermediate copy (in

26

27   [8]  Laureate claims these cases stand for the proposition that "the absence of a final version that is
     substantially similar to a copyrighted work does not negate liability for copyright infringement
28   as evidenced in draft versions or other intermediate copying." FAC, ¶ 20.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

-15-

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26ᵗʰ FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    that case, a blueprint) can give rise to copyright liability.[9]

2    Neither cases cited by Laureate states, let alone suggests, that a plaintiff can plead a

3    copyright claim based on a "guess" and allege that virtually every product (here Marygrove

4    course materials) are infringing.  Unlike both *Walker* and *Cinebase Software,* the plaintiff here

5    has not, and admittedly cannot, identify the "product" of Teachscape that is allegedly infringing

6    or the product that is allegedly infringed.  To the contrary, Laureate simply "infers" that some or

7    all of some or all of Teachscape's course materials are infringing upon "one or more" of

8    Laureate's copyrighted materials.  As previously noted, nothing in the law nor logic support the

9    notion that simply because Marygrove's course offerings with Teachscape cover the same

10   subject matter as those offered by Laureate, a valid copyright claim has been stated.  To the

11   contrary, the law is clear: no cognizable claim exists.[10]

12   As this Court observed in its Order, Laureate has effectively conceded it does not possess

13   any information on which to state the factual predicate of a valid copyright claim.  That

14   concession is repeated in its First Amended Complaint.  Laureate does not know, and cannot

15   state, the requisite elements of a copyright claim, nor provide Teachscape the requisite notice

16   under Federal Rule of Civil Procedure 8.  Neither the alleged "excuse" for this failure nor the

17   legal authorities cited by Laureate in its FAC suggest Laureate has stated a viable claim.  Indeed,

---

19   [9]  Significantly, the *Walker* court confirmed that "in order to establish a prima facie case," a
20   plaintiff must demonstrate not only that the defendant had access to the protected work but also
     "that there exists substantial similarity between [defendant's]work  and her [plaintiff's] own.
21   602 F.2d at 864.

22   [10] Laureate repeats in its FAC the citations from its original complaint to *Hoffman LaRoche. Inc.
     v. Invamed Inc.,* 213 F.3d 1359 (Fed. Cir 2000), and *Intamin v. Magnetar Tech. Corp.,* 483 F.3d
23   1328 (Fed. Cir. 2007), to suggest that it has complied with its Rule 11 obligations to conduct a
     reasonable inquiry.  As noted in Teachscape's motion to dismiss the initial complaint, Laureate's
24   reliance on these two cases is entirely misplaced.  In *Hoffman,* the plaintiff did not have the
     manufacturing processes of a drug it knew the defendant was selling before it filed suit.  The
25   defendant had "refused to disclose the manufacturing process because of a confidentiality
     agreement it had with the manufacturer and the court observed it was "difficult to imagine what
26   else [the plaintiffs] could have done to obtain facts relating to [the defendant's] alleged
     infringement of their process patents."  *Hoffman,* 213 F.3d at 1363-1364.  Similarly, in *Intamin,*
27   483 F.3d at 1338, the technology of the patent "presented the patentee with unreasonable
     obstacles to any effort to obtain a sample…"  Neither of these obstacles to determining whether
28   Laureate had a valid copyright claim over education course materials exists here.

TEACHSCAPE, INC.'S NOTICE/MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. C07-03225 RS

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    as the *Bell Atlantic* case makes clear, a party should not be permitted to file suit and then engage

2    in a "fishing expedition" in order to find out if a viable claim exists.

3         In sum, there is no factual or legal basis on which to find that Laureate has stated a valid

4    copyright claim for Teachscape's alleged infringement of "one or more" of Laureate's

5    copyrighted materials because Laureate believes it has "reason to infer" some or all of

6    Teachscape's Marygrove course offerings are infringing "one or more" of Laureate's copyrights.

7    Teachscape's motion to dismiss should be granted.

8    ### III.    CONCLUSION

9         This Court properly held that the copyright allegations in Laureate and Canter's initial

10   complaint were insufficient as a matter of law.  Laureate's FAC represents nothing more than a

11   second "guess" that Marygrove's course offerings with Teachscape are infringing upon "one or

12   more" of Laureate's copyrighted materials.  Laureate has failed to plead the requisite elements

13   of a copyright infringement claim or comply with this Court's Order, Rule 8 (or 11).[11]  That

14   Laureate claims, as it did before, that it is has "reason to infer" every item of course material

15   Teachscape has done with Marygrove is infringing upon Laureate's recently registered

16   copyrights, and that Teachscape is somehow to blame for Laureate's lack of knowledge, does

17   nothing to further Laureate's cause. The First Amended Complaint should be dismissed on the

18   same basis as the initial complaint.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25

26

27   [11] Teachscape reserves the right to submit a motion under Section 505 following resolution of
     this motion.

28

-17-

1       Accordingly, Teachscape respectfully requests that the First Amended Complaint be

2  stricken in its entirety with prejudice.

3  Dated:  February 8, 2008          SONNENSCHEIN NATH & ROSENTHAL LLP

4

5

6                     By: _____/s/_____

7                         GAYLE M. ATHANACIO

8                   Attorneys for Defendant
TEACHSCAPE, INC.

9

10

11  27289763

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

TEACHSCAPE, INC.'S NOTICE/MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. C07-03225 RS