# EXHIBIT D

```
 1  ANNETTE L. HURST (State Bar No. 148738)
    DANIEL N. KASSABIAN (State Bar No. 215249)
 2  ELENA M. DIMUZIO (State Bar No. 239953)
    HELLER EHRMAN LLP
 3  333 Bush Street
    San Francisco, California 94104-2878
 4  Telephone: +1.415.772.6000
    Facsimile: +1.415.772.6268
 5  E-mail:    Annette.Hurst@HellerEhrman.com
               Daniel.Kassabian@HellerEhrman.com
 6             Elena.DiMuzio@HellerEhrman.com

 7  Attorneys for Plaintiffs
    CANTER & ASSOCIATES, LLC and
 8  LAUREATE EDUCATION, INC.

 9
    CHRISTINE LEPERA (admitted pro hac vice)
10  GAYLE M. ATHANACIO (State Bar No. 130068)
    SONNENSCHEIN NATH & ROSENTHAL LLP
11  525 Market Street, 26th Floor
    San Francisco, California 94105-2708
12  Telephone: +1.415.882.5000
    Facsimile: +1.415.882.0300
13  E-mail:    CLepera@Sonnenschein.com
               GAthanacio@Sonnenschein.com
14
    Attorneys for Defendant
15  TEACHSCAPE, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TEACHSCAPE, INC., <br><br> Defendant. | Case No. C 07-3225 RS <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br><br> Judge: The Honorable Richard Seeborg <br> Ctrm.: 4 (5th floor) <br> Date: December 19, 2007 <br> Time: 2:30 p.m. |

Heller Ehrman LLP

JOINT CASE MANAGEMENT STATEMENT                                          Case No. C 07-3225 RS

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the Order Setting Initial Case Management Conference and ADR Deadlines ("Initial Case Management Order") entered on June 19, 2007, and the Clerk's Notices entered on September 20 and October 30, 2007, the parties to the above-captioned action submit this Joint Case Management Statement and request that the Court enter an order in accord herewith.

## I.   JURISDICTION AND SERVICE

### A.   Subject Matter Jurisdiction

Plaintiffs Canter & Associates, LLC ("Canter") and Laureate Education, Inc. ("Laureate") (collectively, "Plaintiffs") assert that the Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, because Plaintiffs assert claims for false or misleading advertising under the Lanham Act and copyright infringement under the Copyright Act. Plaintiffs further assert that the Court has supplemental jurisdiction over the related state law claims in this action pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as the claims for violations of federal laws.

Defendant Teachscape, Inc. ("Teachscape" or "Defendant") has moved to dismiss Plaintiffs' complaint, including both Canter's claim under the Lanham Act and Laureate's claim under the Copyright Act for failure to state a claim, and thus asserts that subject matter jurisdiction is lacking. As of the date of this statement, Teachscape's motion to dismiss is under submission before the Court.

### B.   Venue

The parties agree that venue is proper pursuant to 28 U.S.C. § 1391(b), because the Northern District of California is a judicial district in which a substantial part of the events at issue in this action occurred, and because Teachscape has its principal place of business in this judicial district.

### C.   Personal Jurisdiction and Service

Teachscape does not object to personal jurisdiction over it and does not object to the

Heller
Ehrman LLP

method of service of the Summons and Complaint in this action.

D. **Miscellaneous**

This case is not a class action and there are no related cases or proceedings as defined in Civil Local Rule 3-12. The parties do not believe that this case is suitable for binding arbitration, a special master, or reference to the Judicial Panel on Multidistrict Litigation.

II. **DESCRIPTION OF THE CASE**

A. **Plaintiffs' Factual Allegations**

Canter, a wholly-owned subsidiary of Laureate, provides distance-delivered master's degree programs—e.g., Master in the Art of Teaching, Master in Education, and Master of Science in Education—and graduate courses in the field of education for teachers through partnerships with accredited universities, including Marygrove College ("Marygrove"). Plaintiffs allege that starting April 2004, a group of twelve employees left Canter and subsequently worked for Teachscape. These former employees had held various positions at Canter, from executive management to product development, and Plaintiffs assert they were instrumental in, among other things: (1) performing the market research summarized in Canter's highly confidential business plans and proposals; (2) cultivating relationships and negotiating confidential contractual terms with university partners like Marygrove; (4) marketing Canter's offerings to university partners and to potential students; and (5) developing the course materials for the graduate courses and master's degree programs offered by Canter.

After these former employees began to work for Teachscape, it started to offer distance-delivered master's degrees and graduate course programs in education. Plaintiffs claim that despite having no previous expertise in this field, Teachscape targeted Canter's most profitable accounts. Plaintiffs further assert that Teachscape also made use of Canter's most effective means of marketing these courses. Plaintiffs contend that both the client profitability and marketing means information is confidential and unknown to the public, but was known to the former Canter employees. With respect to one partner in particular,

Heller
Ehrman LLP

2

JOINT CASE MANAGEMENT STATEMENT                               Case No. C 07-3225 RS

Marygrove, Canter asserts that at least one master's degree program that was to be offered by Teachscape was advertised in a misleading way so as to cause confusion with Canter's offering of the same degree program. Furthermore, Plaintiffs allege that Teachscape improperly interfered with Canter's contractual relationship with Marygrove. Based on these and other facts alleged, Plaintiffs have asserted that Teachscape's actions in entering the market for distance-delivered master's degree programs and graduate courses in the field of education was by unlawful means and has harmed Plaintiffs.

B.  **Defendant's Factual Allegations**

Because Teachscape has moved to dismiss this action, it has not yet responded to the facts alleged in the Complaint by Plaintiffs. However, Teachscape unequivocally denies that it has engaged in any wrongdoing whatsoever and believes that Plaintiffs' present action is without merit and represents Plaintiffs' attempt to thwart legitimate competition and the rights of individuals to pursue employment of their choosing. Teachscape asserts that it was only years after Plaintiffs' former employees left Plaintiffs' employ that it entered into a relationship with Marygrove College ("Marygrove"). Teachscape further asserts that prior to 2004, when Plaintiffs' first "former employee" allegedly came to work for Teachscape, Teachscape had already partnered with numerous university and colleges to develop and deliver teacher education programs, including programs that awarded teachers specific credentials. Hence, Teachscape contends its partnering with colleges and universities in connection with their master's degree programs was a natural and legitimate extension of Teachscape's prior business.

Teachscape further alleges that Plaintiffs have publicly announced their intention to abandon all university partners for online degree programs, except for Plaintiffs' wholly owned university. Teachscape further alleges that Plaintiffs have conceded they have no evidence of any substantial similarity between their copyrighted works and any works of Teachscape—a fundamental element of any copyright claim—and further alleges that the allegedly misleading advertisements only stated that Marygrove's degree program was "updated".

Heller
Ehrman LLP

3

JOINT CASE MANAGEMENT STATEMENT                                Case No. C 07-3225 RS

### C. Legal Issues

Canter has asserted claims against Teachscape for misappropriation of Canter's trade secrets under California law, intentional interference with contract and prospective economic relationships under California law, and for false and misleading advertising under California and federal laws. Laureate has asserted a claim against Teachscape for copyright infringement based upon Teachscape's alleged copying and use of Laureate's copyrighted course materials. Plaintiffs have also asserted a claim against Teachscape for unfair competition under California law.

Teachscape has not answered these claims, and instead has moved to dismiss all of them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion is pending before the Court. Teachscape asserts that none of Plaintiffs' claims have any factual or legal basis.

### D. Relief Sought

Plaintiffs seek injunctive relief prohibiting Teachscape from using Canter's trade secrets, from wrongfully interfering with Canter's business relations with its university partners, and from infringing Laureate's copyrights. In addition, Plaintiffs seek damages and restitution from Teachscape of their actual damages / lost profits, and Teachscape's ill-gotten gains / profits resulting from Teachscape's unlawful actions. Plaintiffs also seek exemplary and punitive damages, attorneys' fees and costs associated with this action.

Teachscape asserts that Plaintiffs are entitled to no affirmative relief whatsoever. To the contrary, Teachscape asserts Plaintiffs are liable to Teachscape for the attorneys' fees it incurred in connection with Plaintiffs' copyright claim.

### E. Narrowing of Issues

At present, unfortunately, the parties do not foresee any narrowing of issues absent further assistance from the Court. The parties have set forth separate proposals regarding the issue of Plaintiffs' copyright infringement claim, which are set forth below.

#### 1. Plaintiffs' position

Since the Court's hearing on Teachscape's motion to dismiss, Plaintiffs proposed

that Teachscape produce the earliest available draft and final version—i.e., latest version, or published version if publication has occurred—of the course materials for the specialized Teachscape master's degree programs—e.g., Curriculum, Instruction & Assessment ("CIA"); Reading & Literacy, Grades K–6; and Mathematics, Grades K–5 and Grades 6–8—that are currently offered through Marygrove or were advertised by Teachscape as a master's degree program to be offered through Marygrove. Teachscape refused this offer.

### 2. Teachscape's position

Prior to the Plaintiffs' filing of their complaint, Teachscape offered to engage in a mutual "apples to apples" exchange of Marygrove final course materials in an effort to assuage Plaintiffs' concerns and avoid litigation. Plaintiffs rejected this offer and filed the present action. Subsequent to the hearing of Teachscape's motion to dismiss, Teachscape again offered this mutual exchange as a way to avoid further litigation, which Plaintiffs refused.

### III. MOTIONS

Presently pending is Teachscape's Motion To Dismiss And/Or Strike The Complaint, which is fully briefed and for which a hearing took place on September 26, 2007. Teachscape's motion is currently under submission before the Court. Also pending are Plaintiffs' Motion for Entry of Protective Order and their Motion to Compel Initial Disclosures. By the Court's order of December 12, 2007, Teachscape will serve oppositions to these motions, if any, on December 12, Plaintiffs will reply on December 19, and the motions will be heard on January 9, 2008.

Plaintiffs anticipate further dispositive motions and have included a deadline for such motions in their proposed schedule in Part VIII.1, *infra*.

Teachscape believes establishing any deadlines for such motions is premature and unwarranted in light of its pending motion to dismiss.

### IV. AMENDMENT OF PLEADINGS

Plaintiffs do not believe the motion to dismiss is well taken, however they may amend the Complaint in the event that any claims are dismissed. Plaintiffs also reserve the

Heller
Ehrman LLP

5

JOINT CASE MANAGEMENT STATEMENT                                Case No. C 07-3225 RS

right to later amend to add claims or join parties. Because it has filed a motion to dismiss, Teachscape has not filed an initial Answer at this time. Plaintiffs propose a deadline to amend the pleadings as part of its proposed schedule in Part VIII.1, *infra*.

Teachscape believes establishing any deadlines for amending pleadings is premature and unwarranted in light of its pending motion to dismiss.

### V. EVIDENCE PRESERVATION

Both parties assert that they have taken steps to preserve physical and electronic evidence relevant to the issues reasonably evident in this action. These steps include the distribution of an evidence preservation memorandum/communication to those individuals employed by the parties who are likely to possess such physical and electronic evidence, and the cessation of routine e-mail, electronic document, and archived physical document destruction programs.

### VI. INITIAL DISCLOSURES

There is a dispute between the parties as to their initial disclosure obligations, and the parties' positions are set forth below:

#### 1. Plaintiffs' position

Plaintiffs served their Rule 26(a) initial disclosures on September 26, 2007, pursuant to the deadline for the same in the Initial Case Management Order. Because Teachscape did not serve its initial disclosures on the same day, Plaintiffs have moved to compel them. The hearing for the motion to compel is January 9, 2008 at 9:30 a.m.

#### 2. Teachscape's position

Teachscape informed Plaintiffs of its objection to their assertion that Teachscape was required to make its initial disclosures on September 26th (which was prior to the parties' Rule 26 conference), in light of its motion to dismiss under submission with the Court, and as a result of the Court's continuance of the Court's Case Management Conference. Teachscape believes its initial disclosures are not overdue and believes the matter as to the timing of Teachscape's disclosure should be addressed, if at all, at the Case Management Conference. Nonetheless, Teachscape intends to serve its initial disclosures on December

Heller Ehrman LLP

---

6

JOINT CASE MANAGEMENT STATEMENT                                   Case No. C 07-3225 RS

12, 2007, absent an order by this Court, because this is the date set by this Court for the filing of this joint statement.

## VII. PROPOSED DISCOVERY PLAN

### A. Discovery Schedule

Plaintiffs propose phased discovery and further exchanges of disclosures, privilege logs, etc. as set forth in its proposed schedule in Part VIII.1, *infra*.

The parties have not been able to agree on a discovery schedule, due to Teachscape's refusal to discuss the substance of any of the dates or deadlines proposed by Plaintiffs. Plaintiffs believe Teachscape's position is improper because there is no order staying discovery in this case and the Federal Rules and Court's orders require the parties to meet and confer on this issue.

Teachscape believes waiting to set discovery cut-offs and trial deadlines until after the Court rules on its motion to dismiss, (at which time this Court may have determined the case or certain claims should be dismissed, and/or obtaining the Court's guidance on the parties' differences, in particular the parties' proposals for focused exchange of Marygrove course materials), was and is a reasonable approach and consistent with Teachscape's obligations under the Court's rule and Federal Rules.

### B. Discovery Limits

#### 1. Plaintiffs' position

Plaintiffs request that the default discovery limits set forth in Federal Rules of Civil Procedure 26-37 be modified for this action as follows:

(1) The number of depositions per side should be increased from 10 to 20 because (a) there are twelve former employees of Canter, some of whom are located outside of this district, that subsequently have worked for Teachscape and who may provide testimony relevant to the claims asserted, (b) there are additional party witnesses that Plaintiffs may wish to depose, (c) there are third-party witnesses at Marygrove and other university partners of Canter, who are located outside of this district, that have been approached by Teachscape, for whom depositions are needed to present their testimony at trial, and

Heller Ehrman LLP

(d) there are numerous claims and facts relevant to the asserted claims for which the above-noted potential witnesses may have non-duplicative testimony.

(2) The number of interrogatories that each side may propound should be changed from 25 per party to 40 per side because of the number of asserted claims and the numerous facts relevant to those claims.

Plaintiffs have propounded requests for production and noticed the deposition of Teachscape pursuant to Rule 30(b)(6), seeking discovery relating to their claims as set forth the complaint. With respect to their copyright claim, Plaintiffs' discovery requests are in accord with their proposal seeking first drafts and final versions of certain course materials as discussed in Part II.E.1, *supra*.

### 2. Teachscape's position

As noted in Part II.E.2, *supra*, Plaintiffs have rejected Teachscape's proposal for an "apples to apples" comparison of the allegedly infringing Marygrove course materials. In addition, Teachscape believes that modification of discovery limits is inappropriate and in all events, premature in light of its pending motion to dismiss. Teachscape also notes that Plaintiffs have propounded 80 requests for production and a notice of its deposition pursuant to Rule 30(b)(6) identifying 18 separate topics (which total over 80 areas of inquiry when the subdivisions to each topic are considered), which Teachscape has objected to on a number of grounds.

C. **Electronic Discovery and Document Production**

### 1. Plaintiffs' position

Plaintiffs propose that the parties produce electronic information and documents, such as e-mail, documents, spreadsheets, and presentation slides, in TIFF format with certain metadata – i.e., file location, author / sender, recipients (if applicable), creation or sent date, date last modified (if applicable), first page and last page, attachment cross-references (if applicable) – and that is text searchable to the extent the original was text searchable. Plaintiffs further propose that the parties permit inspection of electronic documents specifically identified by the requesting party, in order to ascertain metadata or

Heller
Ehrman LLP

other electronic information contained therein that was not accessible as part of the agreed-upon production format, to the extent that the inspection would not be unduly burdensome on the party that produced the document. In addition, Plaintiffs further propose that the parties each have the option of producing physical documents in scanned TIFF format with appropriate page breaks to differentiate documents, or in paper format. Irrespective of the production format, physical documents will be produced in an order that replicates how they were kept in the ordinary course of business, and will include associated file folder headings, post-it notes, etc.

### 2. Teachscape's position

Teachscape asserts that substantive discussions on electronic discovery should be deferred pending a ruling by this Court on its motion to dismiss. Teachscape believes this position is reasonable and consistent with its obligations under the Federal Rule and Court's orders.

### D. Limitation of Expert Discovery

#### 1. Plaintiffs' position

Plaintiffs propose that the production of draft expert reports and communications by experts with counsel for the parties is exempt from discovery.

#### 2. Teachscape's position

Teachscape believes that discussion of expert discovery limitations is premature and inappropriate at this time.

### E. Privilege Log

#### 1. Plaintiffs' position

Plaintiffs propose that entries for privilege logs produced shall contain a unique ID number, a production (Bates) number for redacted docs, a date (by which all log entries will be sorted), document type, Doc Type, identification of the sender, identification of the recipient and those copied (if any), a description of the subject such that the opposing party may ascertain the basis of the privilege asserted, and the type of privilege asserted. In addition, the parties agree that privileged documents or other privileged information created

Heller
Ehrman LLP

after the commencement of this action are exempt from being logged.

### 2. Teachscape's position

Teachscape believes that decisions regarding privilege logs are inappropriate and premature in light of its pending motion to dismiss.

## VIII. PROPOSED SCHEDULING

### 1. Plaintiffs' position

The parties have not been able to agree on a case management schedule, due to Teachscape's refusal to discuss the substance of any of the dates or deadlines proposed by Plaintiffs. Plaintiffs believe Teachscape's position is improper because there is no order staying discovery in this case and the Federal Rules and Court's orders require the parties to meet and confer on this issue.

Plaintiffs propose the following comprehensive schedule, which requests deadlines and dates for events in relation to the trial date set by the Court and sets forth approximate dates for deadlines and events based on a suggested trial date of November 2008.

| | |
|---|---|
| Deadline to amend pleadings / add parties: | 7 months before trial / March 2008 |
| Fact discovery deadlines: | |
| • Initial disclosures | September 26, 2007 |
| • Deadline for first exchange of privilege logs | 8 months before trial / February 2008 |
| • Deadline for production of documents and service of amended privilege logs: | 6 months before trial / April 2008 |
| • Fact discovery cutoff | 5 months before trial / May 2008 |
| Expert discovery deadlines: | |
| • Expert discovery commences and parties identify experts on issues for which party has burden of proof | 5 months before trial / June 2008 |
| • Opening expert reports | 5 months before trial / June 2008 |
| • Rebuttal expert reports | 4 months before trial / July 2008 |
| • Expert discovery cutoff | 3 months before trial / August 2008 |
| Dispositive motion practice deadline | 2 months before trial / September 2008 |
| Pretrial Conference and Trial | November 2008 |

### 2. Teachscape's position

Teachscape continues to believe that it is inappropriate and impractical to agree upon trial scheduling when the Court has its motion to dismiss under submission and without further guidance from the Court.

## IX. TRIAL

Plaintiffs have requested a trial by jury, and estimate that trial will be one to two weeks in length depending upon the Court's preferences for the length of trial days and the number of trial days per week. Teachscape believes that setting or estimating the length of trial is impractical at this time in light of its pending motion to dismiss.

## X. SETTLEMENT AND ADR

Pursuant to ADR Local Rule 3-5, the parties have agreed to court-sponsored mediation.

Plaintiffs assert that settlement will not be possible until meaningful discovery has taken place, including production by Teachscape of first drafts and final versions of its course materials, as discussed in Part II.E.1, *supra*. Thus, Plaintiffs request that court-sponsored mediation take place after Teachscape has produced such materials, or in the alternative, that the Court order a settlement conference in place of mediation at that time.

Teachscape disagrees with Plaintiffs' above assertions regarding the need for Plaintiffs' to review "first drafts" of Teachscape's course materials. While Teachscape believes that this case should be dismissed, it is not opposed to mediation if and when Plaintiffs are willing in good faith to engage in a meaningful settlement discussion.

## XI. CONSENT TO MAGISTRATE JUDGE

The parties have consented to Magistrate Judge Seeborg to conduct all further proceedings, including trial and entry of judgment.

## XII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs have included their "Certificate of Interested Entities or Persons" at the end of their Complaint. In light of recent stock transactions, however, Plaintiffs restate their

Heller Ehrman LLP

1  certification as follows: Canter is a wholly owned subsidiary of Laureate. Laureate is now
2  a privately held company, and thus is no longer a publicly traded company.
3      Teachscape has filed its Certificate of Interested Entities or Persons. Teachscape is a
4  privately held company. Sprout Group, Quad Partners, and WS Investments, each have an
5  interest of 10% or greater in Teachscape.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 12, 2007 | HELLER EHRMAN LLP |
|  | By _____/s/ DANIEL N. KASSABIAN_____<br>Attorneys for Plaintiffs<br>CANTER AND ASSOCIATES, LLC and<br>LAUREATE EDUCATION, INC. |
| Dated: December 12, 2007 | SONNENSCHEIN NATH & ROSENTHAL LLP |
|  | By _____/s/ GAYLE M. ATHANACIO_____<br>Attorneys for Defendant<br>TEACHSCAPE, INC. |

Heller Ehrman LLP