GAYLE M. ATHANACIO (SBN 130068)
gathanacio@sonnenschein.com
CHRISTINE LEPERA (admitted *pro hac vice*)
clepera@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
TEACHSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREATE EDUCATION, INC., <br><br> Plaintiff. <br><br> v. <br><br> TEACHSCAPE. INC., <br><br> Defendant. | Case No. C 07-3225 RS <br><br> DEFENDANT TEACHSCAPE INC.'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY PENDING MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> CONCURRENTLY FILED HEREWITH: <br><br> DECLARATION OF GAYLE M. ATHANACIO <br><br> Date: March 19, 2007 <br> Time: 9:30 a.m. <br> Dept: 4 (5th Floor) <br> Judge: Honorable Richard Seeborg |

**TEACHSCAPE, INC.'S NOTICE/MOTION TO FOR PROTECTIVE ORDER TO STAY DISCOVERY**

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 19, 2007 at 9:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 4 of the United States District Court for the Northern District of California, located at 280 S. 1st Street, San Jose, California, Defendant Teachscape, Inc. ("Teachscape") will, and hereby does, move, pursuant to Federal Rule of Civil Procedure 26(c) for a protective order to stay discovery pending the resolution of Teachscape's Motion to Dismiss Plaintiff's First Amended Complaint.

Teachscape's motion will be and is based upon this Notice and Motion, the Memorandum of Points and Authorities and Declaration of Gayle M. Athanacio filed herewith, and all pleadings, records and documents on file herein, and such additional evidence and argument as may be properly introduced in support of the motion.

Pursuant to Local Rule 37(a), counsel for Teachscape hereby certifies that the parties have engaged in "meet and confer" discussions in an attempt to resolve the present dispute. Laureate's counsel rejected Teachscape's request for a stay of any or all discovery pending resolution of Teachscape's motion to dismiss and instead, indicated Laureate's intent to file a motion to compel.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

By this motion, Defendant Teachscape seeks this Court's protection from the unduly burdensome and harassing discovery that Plaintiffs Laureate Education, Inc. ("Laureate") and Canter and Associates, Inc. ("Canter") (collectively "Plaintiffs"), served on Teachscape. As set forth more fully in Teachscape's Motion to Dismiss the First Amended Complaint ("FAC"), Teachscape believes the present action, which now is brought solely by Laureate on a claim for copyright infringement, was filed contrary to this Court's order granting Teachscape's prior motion to dismiss, and the Federal Rules of Civil Procedure. As such, Teachscape has moved for a dismissal of this action with prejudice. Plaintiffs have refused to agree to wait until the Court rules on Teachscape's motion to pursue their discovery, or indeed, withdraw any of their overbroad and unduly burdensome discovery, which notably was propounded when Canter was a plaintiff and six other claims were asserted in this action.

Simply stated, Laureate should not be permitted to annoy, oppress and unduly burden Teachscape with unnecessary discovery as part of Laureate's ongoing efforts to manufacture a viable claim when it had no valid basis on which to bring suit in the first instance. Plaintiffs have followed through on their express threat to engage in "scorched earth" litigation as evidenced by Laureate's refusal to withdraw or stay any discovery in this matter, and Canter's newly filed separate state court action on the same claims once before this Court.

Good cause exists to grant Teachscape's motion for a protective order to stay discovery. Teachscape's motion should be granted.

## II. FACTUAL BACKGROUND

From the outset of this action, and indeed, even before suit was filed, Teachscape has sought to work with Plaintiffs Laureate and its wholly owned subsidiary, Canter, to allow the dispute between the parties to be resolved without needless litigation and/or motion practice. Initially, Teachscape sought to avoid litigation by offering an "apples to apples" exchange of final master's degree and course materials that Plaintiffs apparently suspected (albeit without basis) infringed upon Laureate's purported copyrights. Plaintiffs response to this offer was to

-1-
**TEACHSCAPE, INC.'S NOTICE/MOTION TO FOR PROTECTIVE ORDER TO STAY DISCOVERY**

hastily register 40 copyrights and then file suit against Teachscape asserting causes of action for (1) misappropriation of trade secret (Cal. Civ. Code § 3426); (2) intentional interference with prospective economic relationships "with a number of educational institutions"; (3) intentional interference with the Canter/ Marygrove College contract; (4) misleading advertising (Cal. Bus. & Prof. Code § 17500); (5) Unfair Competition (Bus. & Prof. Code § 17200); (6) misleading advertisement under the Lanham Act; and lastly (7) a copyright infringement claim.[1]

Since Teachscape believed the complaint was deficient as a matter of law, Teachscape filed a motion to dismiss. On September 26, 2007, the hearing on Teachscape's motion was heard. At the hearing, the Court's inquiry focused to a great extent on Plaintiffs' rejection of Teachscape's pre-litigation offer of an "apples to apples" mutual exchange of Marygrove College ("Marygrove") final course material on which this action was predicated. Plaintiffs argued that they needed to view drafts of the allegedly infringing material in order to determine the viability of their claims. Teachscape felt that the Court was not persuaded by this argument: indeed, the Court mentioned that the more Plaintiffs argued about needing access to "drafts", the more it seemed that Plaintiffs were seeking to use discovery to find out if a claim existed, contrary to the U.S. Supreme Court's opinion in *Bell Atlantic v. Twombly*.[2]

After the conclusion of the hearing, Teachscape's counsel approached Plaintiffs' counsel to revisit the issue of a mutual exchange of final course material so that Plaintiffs could see for their own eyes the case against Teachscape lacked merit. (Declaration of Gayle M. Athanacio In Support of Motion for Protective Order ("Athanacio Dec."), ¶ 4.) Plaintiffs' counsel flatly rejected the offer. (*Id.*) When Teachscape's counsel reiterated its position that it made no sense to actively litigate this action while Teachscape's motion to dismiss was pending, Teachscape's

---

[1] The facts set forth herein are taken from Plaintiffs' Complaint in this action and the Declaration of Gayle M. Athanacio filed in support of Teachscape's Motion to Dismiss the Complaint. (*See* Athanacio Declaration In Support of Motion to Dismiss Complaint, [Docket No. 7], ¶¶ 2-6 and Exhibits A through E thereto.)

[2] *See* Declaration of Gayle M. Athanacio In Support of Motion for Protective Order, ¶ 4. *See also*, Exhibit A to Declaration of Daniel Kassabian in support of Laureate's Motion to Compel [Docket no. 62] (attaching an unofficial transcription of the hearing on Teachscape's motion to dismiss the complaint.)

-2-

**TEACHSCAPE, INC.'S NOTICE/MOTION TO FOR PROTECTIVE ORDER TO STAY DISCOVERY**

counsel responded that it was prepared to engage in "scorched earth" litigation. (*Id.*, ¶ 5.) *Those were Plaintiffs' counsel's exact words.* A week later, Plaintiffs proposed that Teachscape *unilaterally* produce all Marygrove final course material (which was defined as either final or latest versions), along with the "first available draft" of all of the same. (*Id.*, ¶ 6, Ex. A.) Teachscape rejected Plaintiffs' unilateral demand. (*Id.*, ¶ 7, Ex. B.)

On October 15, 2007, while Teachscape's motion to dismiss was under submission, Plaintiffs hand-served on Teachscape their first set of document requests ("1st Set of Document Requests") — which contained 80 separate categories of documents — as well as a notice of deposition under FRCP 30(b)(6), which ostensibly called for testimony on 60 topics/subtopics. (*Id.*, ¶ 8, Exs. C, D.) Teachscape timely served its responses and objections to Plaintiffs' discovery, setting forth its specific objections to each request and also noting that as a general matter, Teachscape believed discovery (and certainly the burdensome and overbroad discovery Plaintiffs propounded) should be deferred pending this Court's ruling on Teachscape's motion to dismiss. (*See id.* Exs. E, F.)

On December 12, 2007, this Court granted Teachscape's motion to dismiss with leave to amend. Relevant to the present motion, the Court observed:

> Here, Canter's complaint effectively concedes that it does not possess any information as to whether or not it has a viable copyright infringement claim. Although the complaint and Canter's briefing in opposition to this motion attempt to excuse that lack of knowledge based on the fact that it does not have access to defendants' course materials, that explanation does not serve to transform what is essentially a guess into a cognizable claim. **As pleaded, the complaint effectively says nothing more than, "all of my materials are copyrighted and I think you may have copied them." To state a copyright infringement claim, Canter must, at a minimum, do more than guess.**

(Order, p. 3; emphasis added.) Plaintiffs' response to the Court Order was to (1) file an amended complaint asserting a single cause of action for copyright infringement on behalf of Laureate alone based upon the same "guess"; (2) file a separate action on behalf of Canter asserting all of the state law claims previously asserted in this action; (3) send Teachscape a "meet and confer" letter (over two months after Teachscape's responses were served), demanding immediate discussions with regard to Plaintiffs' document requests; and (4) hand-

-3-

**TEACHSCAPE, INC.'S NOTICE/MOTION TO FOR PROTECTIVE ORDER TO STAY DISCOVERY**

serve on behalf of Canter extensive and overlapping discovery and document requests in the state court action. (*See* Athanacio Dec., ¶12, 13, 16, Exs.G, H, J.)

### A. "Meet and Confer" Discussions Over Plaintiffs Document Requests to Teachscape

Laureate's initiation of the "meet and confer" process over Plaintiffs' document requests was its counsel's January 23, 2008 letter. While Laureate emphasized in this letter (and a subsequent January 31 letter and discussions) its demand for immediate production of hard copies of Teachscape's "final versions and the earliest available drafts of documents and things intended to be, actually sent to, or made available to students or teachers relating to" various courses, Laureate made clear it was not revising, withdrawing or otherwise limiting any of its document requests, even though its operative complaint dropped all but one claim. Indeed, Laureate made clear it was in fact reserving its right to move to compel with regard to every document request served. (*See id*., ¶¶ 12, 14-17, Exs. H through J.)

During subsequent discussions, Teachscape reiterated its belief that Laureate's FAC was as equally defective as Plaintiffs' prior complaint, and was in fact, based upon the same speculative claim: Laureate's "guess" that Teachscape was in some unspecified fashion violating one or more of Laureate's copyrights, such that Laureate again asserted that some or all of Teachscape's course materials were infringing on "one or more" of Laureate's copyrights. Further, Teachscape noted that in light of Plaintiffs' litigation tactics in both this and the state court action, Teachscape believed Laureate was using litigation and discovery as a vehicle to conduct a fishing expedition and interfere with Teachscape's lawful business. Laureate's counsel was further informed that the requests for "first available" or "first drafts" (the term and definition used by Plaintiffs was not consistent) was vague, particularly when one considered that Laureate apparently claimed copyright protection to articles and/or books authored by third parties. (Athanacio Dec., ¶¶ 15-18, Ex. J.)

Laureate flatly rejected the notion that any sort of stay of discovery was appropriate pending Teachscape's motion to dismiss. Further, Laureate again rejected the offer of a mutual exchange of allegedly infringed and infringing course material and, instead, reiterated its belief that it could later pursue a motion or motions to compel all of the additional documents sought

-4-
**TEACHSCAPE, INC.'S NOTICE/MOTION TO FOR PROTECTIVE ORDER TO STAY DISCOVERY**

1 in Plaintiffs' 1st Set of Document Requests. (*Id*., ¶¶ 18.)

2 In light of the above, and Canter's filing of a state law complaint and hand-service of discovery in that state court action, Teachscape came to the inescapable conclusion that Laureate was not pursuing litigation or discovery in good faith. *Id.* Hence, the present motion for protective order.

## III.  ARGUMENT

### A.  Discovery Should Be Stayed Pending the Court's Resolution of Teachscape's Motion to Dismiss.

Federal Rule of Civil Procedure 26(c) provides that for good cause shown, a party may seek an order "which justice requires to protect a party from annoyance…oppression, or undue burden or expense." An order that discovery "not be had" is expressly provided. Fed. R. Civ. Proc. 26(c) (1). Indeed, as the United States Supreme Court has recently observed, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007). Hence, "[f]actual allegations must be enough to raise a right to relief above the *speculative* level... on the assumption that all of the complaint's allegations are true" and "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with "'a largely groundless claim'" be allowed to "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Id*. at 1964-1966 (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)).

Teachscape respectfully submits such is the case here.

Prior to this Court's Order granting Teachscape's motion to dismiss with leave to amend, Laureate and Canter served Teachscape with **80 document requests** and a deposition notice under Rule 30(b)(6) seeking discovery with regard to 60 topics/subtopics. A cursory review of the discovery propounded demonstrates that even then, the discovery was overly broad, vague, unduly burdensome and intended to be harassing. On November 14, 2007, Teachscape timely served its responses and objections. Thereafter, this Court issued its Order granting Teachscape's motion to dismiss.

On January 23, a day after Laureate alone filed an amended complaint which asserted

-5-
**TEACHSCAPE, INC.'S NOTICE/MOTION TO FOR PROTECTIVE ORDER TO STAY DISCOVERY**

only a copyright claim, Canter initiated a state court action asserting the state law claims that had been before this Court. That same day, Laureate's counsel sent Teachscape their "meet and confer" letter in which they unequivocally refused to withdraw any of the document requests previously propounded. (Athanacio Dec., ¶ 12, Ex. H.)

Shortly thereafter, Canter served discovery requests on Teachscape in its recently filed state court action. (*See* Canter's First Set of Special Interrogatories; Canter's First Request for the Production of Documents*,* attached as Exhibit J to Athanacio Dec.) There are ***81 document requests*** which encompass much of what Laureate has asked for in this forum. These duplicate discovery requests served in two forums demonstrate Laureate's and Canter's desire to unduly burden, annoy and harass Teachscape, and engage in "scorched earth" discovery and litigation, without regard for judicial resources or Teachscape's legitimate rights.[3]

Equally troubling, Laureate's FAC does nothing to cure the deficiencies in Plaintiffs' initial complaint; to the contrary, the FAC represents yet another attempt by Plaintiffs to "guess" about a copyright infringement claim and use litigation based on "speculation" to avail itself of the power of the Court to try to find one. Under no circumstances should Laureate be able to do so. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966, 1967 (2007). That Plaintiffs have repeatedly rejected Teachscape's efforts to reasonably assuage Plaintiffs' concerns by offering a mutual exchange of course materials so that the parties (and if necessary the Court), can see for their own eyes there is nothing to Laureate's claim, renders the conclusion that Plaintiffs are not pursuing litigation and discovery in good faith inescapable.

Not surprisingly, Plaintiffs have repeatedly asserted that under no circumstances is a stay of discovery appropriate, even if a motion to dismiss is pending. Plaintiffs are mistaken.

Courts have wide discretion to preclude discovery pending decisions on dispositive motions and have issued and upheld stays of discovery (and/or denials of requests to take discovery) in numerous cases. *See, e.g., Wood v. McEwen*, 644 F.2d 797, 801-802 (9th Cir.

---

[3] Teachscape will no doubt have to seek a stay of Canter's state court action in order that the issues in this case can be resolved, and to avoid two courts being simultaneously burdened with adjudicating issues regarding the same dispute.

1981) (9th Circuit affirming district court's decision to issue a protective order staying discovery, expressly noting that a court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.")

The 9th Circuit court's opinion in *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987), is particularly instructive. In *Rutman Wine Co.*, the plaintiff wine distributor sued a manufacture for its alleged violation of various antitrust laws. The plaintiff appealed the dismissal of the action pursuant to Federal Rule of Civil Procedure 12(b)(6), and in particular, argued that the district court erred in dismissing plaintiff's claims without allowing discovery to proceed. As the *Rutman Wine Co.* court observed, the plaintiff's argument "is unsupported and defies common sense":

> The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. *Greene v. Emersons Ltd.*, 86 F.R.D. 66, 73 (S.D.N.Y.1980), *aff'd,* 736 F.2d 29 (2d Cir.1984)… As observed in *Havoco of America, Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir.1980), "if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility." **It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.**

*Id.* (emphasis added).

Similarly, the Court in *APL Co. Pte. Ltd. v. UK Aerosols Ltd., Inc.*, 452 F.Supp.2d 939 (N.D. Cal. 2006), observed in response to the plaintiff's objection to the court's grant of a motion to dismiss when plaintiff claimed that discovery could lead it to state a viable claim: "The problem with this is that plaintiff is required to state a viable claim at the outset, not allege deficient claims and then seek discovery to cure the deficiencies." *Id.* at 945 (citing *Rutman Wine Co.*).

Here, Laureate is attempting to do that which it cannot: file suit asserting a defective claim and thereafter conduct discovery to try to "cure the deficiencies." This Court previously observed that Plaintiffs' complaint was based on a "guess" and fatally defective. The Court gave Plaintiffs the opportunity to state a viable claim. As set forth in Teachscape's motion to dismiss the FAC, Laureate has failed to state a cognizable claim for the simple reason that it

cannot do so. Under these circumstances, a stay of discovery is appropriate. *See B. R. S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1979).

In sum, the Federal Rules of Civil Procedure, case law and "common sense" demand that Teachscape be protected from Laureate's improper litigation tactics. A protective order staying discovery is warranted.

**IV.   CONCLUSION**

Despite the pendency of Teachscape's motion to dismiss, which if granted, will result in the dismissal of this action in this entirety, Laureate has refused Teachscape's reasonable request that discovery be stayed pending a ruling by this Court on Teachscape's motion. Tellingly, Laureate has refused to withdraw *any* of the discovery it has propounded despite the fact that Canter is no longer a plaintiff, and the present action is now limited to a copyright claim. Perhaps most indicative of their true motives, Plaintiffs refused Teachscape's reasonable offers for an exchange of allegedly infringing and infringed material which would lay to rest any legitimate suspicion that Teachscape is wrongfully exploiting Laureate's copyrights. Instead, Canter filed a separate state court action and propounded extensive discovery in that case.

Teachscape submits that a stay of discovery in this case is warranted until such time as this Court can rule on Teachscape's motion to dismiss. The federal rules, case law and common sense support issuance of such an order.

Accordingly, Teachscape respectfully requests that this Court issue a protective order to stay discovery in this case pending resolution of Teachscape's motion to dismiss.

Date:  February 13, 2008            SONNENSCHEIN NATH & ROSENTHAL LLP


By _____/S/_____
         GAYLE M. ATHANACIO

Attorneys for Defendant
TEACHSCAPE, INC.

27289772

**TEACHSCAPE, INC.'S NOTICE/MOTION TO FOR PROTECTIVE ORDER TO STAY DISCOVERY**