GAYLE M. ATHANACIO (State Bar No. 130068)
CHRISTINE LEPERA (admitted *pro hac vice*)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: gathanacio@sonnenschein.com
Email: clepera@sonnenschein.com

Attorneys for Defendant
TEACHSCAPE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREATE EDUCATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TEACHSCAPE, INC., <br><br> Defendant. | Case No. C 07 3225 RS <br><br> DECLARATION OF GAYLE M. ATHANACIO IN SUPPORT OF DEFENDANT TEACHSCAPE, INC.'S MOTION FOR PROTECTIVE ORDER <br><br> Date: March 19, 2008 <br> Time: 9:30 a.m. <br> Ctrm: 4 (5th Floor) <br> Judge: The Honorable Richard Seeborg |

I, Gayle M. Athanacio, declare as follows:

1. I am an attorney at law duly admitted to practice before this Court and a partner of the law firm of Sonnenschein Nath & Rosenthal LLP, counsel of record for Defendant Teachscape, Inc. ("Teachscape"). I make this declaration in support of Defendant Teachscape, Inc.'s Motion for Protective Order. I have personal knowledge of the matters set forth herein and could competently testify to them if called upon to do so.

2. The initial complaint in this action was filed by Plaintiffs Laureate Education, Inc. ("Laureate") and its wholly owned subsidiary, Canter & Associates, LLC ("Canter"). In their initial complaint, Plaintiffs asserted causes of action for (1) misappropriation of trade secret (Cal. Civ. Code § 3426); (2) intentional interference with prospective economic relationships "with a number of educational institutions"; (3) intentional interference with the Canter/ Marygrove College contract; (4) misleading advertising, (Cal. Bus. & Prof. Code § 17500; (5) Unfair Competition (Bus. & Prof. Code § 17200); (6) misleading advertisement under the Lanham Act; and lastly (7) a copyright infringement claim.

3. On August 3, 2007, Teachscape filed a motion to dismiss/strike, which asserted, inter alia, that Laureate had failed to state a cognizable copyright infringement claim.

4. On September 26, 2007, the hearing on Teachscape's motion was heard. I attended this hearing as counsel for Teachscape. At the hearing, the Court's inquiry focused to a great extent on Laureate's copyright claim, and, in particular, Plaintiffs' rejection of Teachscape's pre-litigation offer to an "apples to apples" mutual exchange of Marygrove College ("Marygrove") final course material on which this action was predicated. Plaintiffs argued that they needed to view drafts of the allegedly infringing material in order to determine the viability of their claim. It was my impression that the Court was unpersuaded by this argument, as the Court mentioned that the more Plaintiffs argued about the drafts, the more the case sounded like it would run afoul of U.S. Supreme Court's holding in *Bell Atlantic v. Twombly*. The Court took the matter under submission.

-1-

DECLARATION OF GAYLE M. ATHANACIO IN SUPPORT OF
DEFENDANT TEACHSCAPE, INC.'S MOTION FOR PROTECTIVE ORDER
CASE NO. C07-03225 RS

5.     Immediately following the hearing, I approached counsel for Plaintiffs, in particular, Annette Hurst, in the hope that Plaintiffs would reconsider their rejection of Teachscape's offer of a mutual exchange of final course material as the way to demonstrate that Plaintiffs' concerns and claims were unfounded.  Ms. Hurst expressly rejected Teachscape's offer and again asserted that Plaintiffs would demand drafts of all course materials.  Thereafter, Ms. Hurst noted that even if this case was dismissed, Plaintiffs could file in state court, adding that she believed Plaintiffs could get everything Plaintiffs wanted.  Ms. Hurst stated that she was prepared to engage in "scorched earth" litigation if Teachscape continued to object to further activity in this case because Teachscape's motion to dismiss was pending.  "Scorched earth" was the exact phrase Ms. Hurst used.  At that point, our discussions stopped.

6.     On October 7, I received a letter from Daniel Kassabian, counsel for Plaintiffs, in which Plaintiffs requested that Teachscape *unilaterally* produce all Marygrove final course material, and also all "earliest available" drafts and latest versions.  Attached hereto as Exhibit A is a true and correct copy of Mr. Kassabian's October 7, 2007 letter.

7.     On October 10, 2007, I responded to Mr. Kassabian's October 7 letter, informing Mr. Kassabian that Teachscape found Plaintiffs' proposal that Teachscape make a *unilateral* production of "first" and "final" Marygrove course material unacceptable and that Teachscape believed that setting a discovery plan was premature in light of the pending motion to dismiss.  Attached hereto as Exhibit B is a true and correct copy of this letter.

8.     On October 15, 2007, Plaintiffs hand served Teachscape with 80 document requests and a Rule 30(b)(6) Notice Of Deposition of Teachscape, requesting testimony on over 60 topics and subtopics.  The deposition was unilaterally noticed for December 10, 2007, without counsel for Teachscape being consulted.  Attached hereto as Exhibits C and D respectively are true and correct copies of Plaintiffs' First Set of Requests for Production of Documents and Notice of Deposition pursuant to FRCP 30(b)(6).

-2-

DECLARATION OF GAYLE M. ATHANACIO IN SUPPORT OF
DEFENDANT TEACHSCAPE, INC.'S MOTION FOR PROTECTIVE ORDER
CASE NO. C07-03225 RS

9. Teachscape timely served its objections to the document requests on November 14, 2007, and its objections to the Notice Of Deposition on December 7, 2007, true and correct copies of which are attached hereto as Exhibits E and F.

10. On December 12, 2007, this Court issued its Order Granting Motion to Dismiss, With Leave to Amend.

11. On January 22, 2008, a first amended complaint ("FAC") was filed in this action. In the FAC, Canter is dropped as a plaintiff and the sole claim alleged by plaintiff Laureate is for copyright infringement. As before, Laureate asserts it has reason to "infer" Teachscape is somehow infringing "one or more" of Laureate's copyrights.

12. On January 23, 2008, Daniel Kassabian emailed me a nine page, single spaced "meet and confer" letter regarding Teachscape's responses to Plaintiffs' 1st Set of Requests for Production. In the letter, despite acknowledging the change of claims and plaintiffs, Plaintiffs' counsel made clear that Laureate was not withdrawing or otherwise in anyway agreeing to limit Plaintiffs' document requests. Rather, Plaintiffs' counsel expressly reserved the right to seek production with regard to all documents requested. A true and correct copy of Daniel Kassabian's January 23, 2008 letter is attached hereto as Exhibit G.

13. On January 24, 2008, Teachscape was served with a complaint filed by Canter in state court, in which Canter asserts the state law claims it had previously asserted in this action. Among other documents served was also Canter's notice of related cases. In the notice of related cases, Canter acknowledges the present federal action and that the claims it was filing in state court "were alleged" in the federal action. Nonetheless, Canter asserts the state and federal actions "do not necessarily require the determination of the same or substantially identical questions of law or fact…do not involved claims against…or damages to the same property; and …are not likely for other reasons to require substantial duplication of judicial resources if heard simultaneously by the courts." As such, "Canter asserts that any relation of cases or other action by this [state] Court due to the existence of the federal action is unwarranted and unnecessary. Attached hereto as Exhibit H is a true and correct copy of Plaintiff Canter & Associates, LLC's

-3-

Complaint for Injunctive Relief, Restitution and Damages Arising From: (1) Misappropriation of Trade Secrets; (2) Intentional Interference with Prospective Economic Relationship; (3) Intentional Interference with Contract; (4) Untrue and Misleading Advertising; and (5) Unfair Competition, which was filed by Plaintiff in the Superior Court of the State of California, City and County of San Francisco on January 23, 2008; Demand for Jury Trial (filed January 24, 2008 in San Francisco County Superior Court), and Notice of Related Cases (filed January 24, 2008 in San Francisco County Superior Court).

14. On January 30, 2008, I participated in a conference call to discuss the proposed stipulated protective order in this case pursuant to this Court's directive as set forth in its January 22, 2008 Order Re Discovery. Elena DiMunzio, Daniel Kassabian and Annette Hurst participated on behalf of Plaintiff. Mid-way though our discussions of the protective order, Ms. Hurst interrupted the discussion and demanded that I immediately respond to their "meet and confer" letter and advise them whether Teachscape would agree to produce the first drafts and all final Marygrove course materials. I told counsel I could not respond at that time. The matter was left whereby the parties agreed to reconvene their discussions on February 1, 2008.

15. On January 31, 2008, Daniel Kassabian sent me a letter in which he reiterated Laureate's demand for the earliest available drafts, and he ostensibly sought to clarify Plaintiffs' request for "first available drafts". Attached hereto as Exhibit I is a true and correct copy of Mr. Kassabian's letter.

16. On February 4, 2008, Teachscape was hand-served with the following discovery in Canter's state court action: Canter's First Set of Special Interrogatories; Canter's First Request for the Production of Documents; and Canter's First Set of Form Interrogatories. True and correct copies of this discovery is attached hereto as Exhibit J.

17. On February 1, 2008, a further "meet and confer" teleconference with regard to Laureate's document requests took place. During this call, I requested that Laureate agree to a stay of discovery pending a ruling on Teachscape's motion to dismiss the FAC. In this call, Mr. Kassabian confirmed Laureate was not amenable to any sort of stay. Consequently, I informed

-4-

DECLARATION OF GAYLE M. ATHANACIO IN SUPPORT OF
DEFENDANT TEACHSCAPE, INC.'S MOTION FOR PROTECTIVE ORDER
CASE NO. C07-03225 RS

Mr. Kassabian that Teachscape would be moving for a protective order. In so doing, I noted that Teachscape still did not understand why Plaintiffs continued to refuse Teachscape's offer of an "apples to apples" exchange of allegedly infringing and infringed course material. I further informed Mr. Kassabian that based upon Plaintiffs' refusal to withdraw or limit any of the requested discovery, Canter's filing of a separate action and service of discovery in that action, Teachscape had concluded Plaintiffs' "discovery" was merely designed to unduly burden and harass Teachscape. Mr. Kassabian disagreed with my observations regarding Laureate's motives but confirmed he would be filing a motion to compel. I asked whether the scope of the motion to compel would be limited to the requests regarding "final" and "first draft" course offerings (which I noted remained unclear).

18. On February 4, 2008, I followed up my conversation with Mr. Kassabian by sending Mr. Kassabian a further letter. Attached hereto as Exhibit K is a true and correct copy of my February 4, 2008 letter. In response, on February 6, Mr. Kassabian called me. In this telephone conversation, Mr. Kassabian indicated Laureate intended to move on a limited number of document requests but he expressly stated that Laureate was reserving its right to file subsequent motions to compel with regard to the other discovery it had served. I again reiterated the offer of a mutual exchange of course materials, in particular, allowing Laureate access to the allegedly infringing online Marygrove course offerings. Mr. Kassabian, while suggesting he would accept Teachscape unilaterally providing Laureate with such access, stated that hard copies of the final course offerings would also be required, that Laureate would continue to demand "first available drafts," and that if Teachscape wanted Laureate's course materials, it would have to serve formal discovery on Laureate, or alternatively, seek copies from the Copyright Office. This discussion cemented Teachscape's belief that Plaintiffs were not pursuing litigation and/or discovery in good faith and I so informed Mr. Kassabian.

-5-

DECLARATION OF GAYLE M. ATHANACIO IN SUPPORT OF
DEFENDANT TEACHSCAPE, INC.'S MOTION FOR PROTECTIVE ORDER
CASE NO. C07-03225 RS

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 13th day of February, 2008, at San Francisco, California.

                                                /S/
                                GAYLE M. ATHANACIO

27290329

Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th Floor
San Francisco, California 94105-2708
(415) 882-5000

-6-

DECLARATION OF GAYLE M. ATHANACIO IN SUPPORT OF
DEFENDANT TEACHSCAPE, INC.'S MOTION FOR PROTECTIVE ORDER
CASE NO. C07-03225 RS