# EXHIBIT B


SONNENSCHEIN NATH & ROSENTHAL LLP

Gayle M. Athanacio
415.882.5077
gathanacio@sonnenschein.com

525 Market Street
26th Floor
San Francisco, CA 94105-2708
415.882.5000
415.882.0300 fax
www.sonnenschein.com

October 10, 2007

**VIA EMAIL AND U.S. MAIL**

Daniel Kassabian, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

Re:   *Canter & Associates, LLC and Laureate Education, Inc. v. Teachscape, Inc.*

Dear Dan:

I have received your recent correspondence regarding the above-referenced matter. At the outset, I must say I take issue with both the tone and substance of your letter. In your letter, you suggest that I have "deferred or outright rebuffed attempts to reach agreement on any case management-related issue." This simply is untrue. As you know, Teachscape filed a motion to dismiss which called into question the Court's jurisdiction. No doubt, as a consequence of the pending motion, the court on its own initiative continued the Case Management Conference to November 7th and the date for filing of a joint statement to October 31st. In light of this, and the simple fact that I was sick, I contacted you to cancel the "meet and confer" meeting we had previously scheduled. I have never stated, let alone suggested, I would not engage in a later meet and confer with you should the matter not be resolved by Teachscape's motion.

As to Teachscape's motion, as was clear at the hearing, the judge recognizes the Court's jurisdiction is legitimately in question. Consequently, Teachscape continues to believe it is premature to set dates or discovery plans. Nonetheless, as I advised you over a month ago, to the extent the Court has not ruled on Teachscape's motion or otherwise retained jurisdiction, the most productive manner in which to proceed would be for plaintiffs to make a proposal on case management so that any such proposal can be discussed with Teachscape prior to our meet and confer. To date, you have failed to provide us with any such proposal. Rather, you write ostensibly to propose a "compromise" that will "permit [plaintiffs] to adequately substantiate its copyright infringement claim." However, the simple truth is that Plaintiffs rebuffed Teachscape's prior efforts to assuage Laureate's (albeit unfounded) concerns that its copyrights were infringed. Instead, Laureate misled the Court and suggested that Teachscape outright refused to disclose or placed "unreasonable" demands on any exchange of information. As was apparent at the hearing on Teachscape's motion, the Court was troubled by Plaintiffs filing suit



Daniel N. Kassabian
October 10, 2007
Page 2

without any, let alone an adequate, basis on which to assert a copyright claim. Filing suit and then hoping discovery may "substantiate" a copyright claim is inappropriate, indeed sanctionable.

With this in mind, your "compromise" that Teachscape *unilaterally* disclose to Plaintiffs its earliest available "draft" and "final" course materials is unacceptable. Your clients, despite our best efforts to resolve the current dispute without litigation, decided to initiate a federal action which Teachscape has no doubt is without merit. Having done so, you are now bound by the rules of this Court. Until such time as the Court rules on Teachscape's motion and authorizes discovery, Teachscape will not voluntarily agree to allow you to engage in the costly and burdensome fishing expedition in which you seek to engage. As you cannot seriously doubt, the judge was wholly unimpressed with Plaintiffs' purported need to review drafts of materials in order to assess whether there was any merit to Laureate's copyright infringement claim. While Teachscape has no doubt that a review of its material will prove to any reasonable observer that Plaintiffs' claims are completely without merit, past experience has shown that Plaintiffs are simply not reasonable when it comes to the present dispute.

Having said this, Teachscape will fully comply with its obligations under the applicable rules. Thus, if you would send to me at your earliest convenience your proposal for case management, we can discuss it with our client and be prepared to have an intelligent discussion with you about it. We will in kind forward to you a proposed protective order, provided you agree that by doing so, Teachscape is in no way waiving its right to object to any or all discovery.

As to your proposed stipulation on ADR, as I informed you, Teachscape is amenable to mediation. Again, however, court-ordered mediation seems premature when the Court's jurisdiction is in question. Consequently, we have revised your stipulation to recognize the agreement in principle to mediation, but noting that ordering mediation at this time is not warranted. A copy of our proposed stipulation is attached.

I believe I have addressed all of the substantive matters raised in your letter. If I have missed anything, or you would like to discuss the matter further, please feel free to call me.

Very truly yours,

SONNENSCHEIN NATH & ROSENTHAL LLP

Gayle M. Athanacio

Enclosure