# EXHIBIT F

1    GAYLE M. ATHANACIO (SBN 130068)
     CHRISTINE LEPERA (admitted *pro hac vice*)
2    SONNENSCHEIN NATH & ROSENTHAL LLP
     525 Market Street, 26th Floor
3    San Francisco, CA 94105-2708
     Telephone: (415) 882-5000
4    Facsimile: (415) 882-0300
     E-mail:    gathanacio@sonnenschein.com
5               clepera@sonnenschein.com

6    Attorneys for Defendant
     TEACHSCAPE, INC.
7

8
                       UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                            SAN JOSE DIVISION
11

12
     CANTER & ASSOCIATES, LLC and          No. 07-3225 RS
13   LAUREATE EDUCATION, INC.,
                                           DEFENDANT TEACHSCAPE, INC.'S
14              Plaintiffs,                 OBJECTIONS TO PLAINTIFFS
                                           CANTER & ASSOCIATES, LLC AND
15        vs.                              LAUREATE EDUCATION, INC.'S
                                           NOTICE OF DEPOSITION PURSUANT
16   TEACHSCAPE, INC.,                     TO FED. R. CIV. P. 30(B)(6)

17              Defendant.

18

19        Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant

20   Teachscape, Inc. ("Teachscape") makes the following objections to Plaintiffs Canter &

21   Associates, LLC and Laureate Education's (collectively, "Plaintiffs") Notice of Deposition

22   ("Notice") and Schedules attached thereto (the "Topics") served on it in the above-captioned

23   matter:

24                      <u>GENERAL STATEMENT AND OBJECTIONS</u>

25        Teachscape's Motion To Dismiss, which, among other things, notes the vagueness of the

26   allegations in Plaintiffs' complaint, and calls into question this Court's jurisdiction, is presently

27   under submission with this Court.  Consequently, Teachscape asserts that this Notice and each of

28   the topics, are unduly burdensome, oppressive and harassing.  Moreover, Teachscape has not yet

                                            -1-
     TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION

1   completed its investigation of the facts pertaining to this action or begun its discovery.

2   Teachscape reserves its right to rely on any further, additional, or different facts, documents or

3   other evidence which may develop or come to its attention at a later time.  Teachscape's

4   objections as set forth herein are made without prejudice to Teachscape's right to assert any

5   additional objections.  By objecting, Teachscape does not concede that any responsive information

6   exists.

7          Teachscape makes the following general objections to Plaintiffs' Notice and Topics.  The

8   assertion of the same, similar, or additional objections as to any particular response herein waives

9   none of Teachscape's objections as set forth below:

10         1.      Teachscape objects to this Notice on the grounds that Plaintiffs failed to meet and confer

11  with Teachscape regarding the scheduling of this deposition, as required by Northern District of

12  California Local Rule 30-1.  Teachscape further objects to the date, time and location of the

13  deposition.

14         2.      Teachscape objects to the duration and time for the deposition set forth in the Notice.

15  Federal Rule of Civil Procedure 30(d)(2) limits a deposition to one day of seven hours unless

16  otherwise authorized by the court or stipulated by the parties.  However, Plaintiffs' Notice states that

17  the deposition "will continue from day to day until completed."  The Court has not authorized, nor

18  has Teachscape stipulated to, a deposition of greater duration than provided by FRCP 30.

19         3.      Teachscape objects to each Definition, each Instruction, and each Topic upon which

20  examination is requested to the extent it is unduly burdensome, vague, ambiguous, annoying,

21  harassing, oppressive and/or overly broad, seeking information neither relevant nor reasonably

22  calculated to lead to the discovery of admissible evidence, or exceeds the bounds of legitimate

23  discovery.  Additionally, Teachscape objects to each Definition, each Instruction and each Topic

24  upon which examination is requested to the extent it fails to comply with the applicable rules and

25  statutes governing the limits of discovery, including, but not limited to FRCP 26, 30, 33 and 34, as

26  well as any order of the Court in this case.

27         4.      Teachscape objects to each Topic to the extent it seeks information protected by any

28  applicable privilege or doctrine, whether attorney-client, work product, privacy, or otherwise.

1  Teachscape reserves the right to object to the introduction into evidence before the Court at any time

2  before or at trial of any information that is privileged under law and that has been revealed or

3  produced inadvertently.

4      5.    Teachscape objects to these Topics to the extent they seek information, the disclosure of

5  which would violate any constitutional, statutory or common law privacy interest of any current or

6  former employee or representative of Teachscape, or of any other person or entity.

7      6.    Teachscape objects to each Topic to the extent it seeks information not in the possession,

8  custody or control of Teachscape.  Teachscape further objects to each Topic to the extent it seeks

9  information in the possession, custody or control of Plaintiffs, their agents or attorneys, or of any

10  entity owned or controlled by Plaintiffs, their agents or attorneys, or that is equally available to

11  Plaintiffs, their agents or attorneys from third parties or other sources.

12      7.    Teachscape objects to the definition of "Teachscape," "you," "your," and "yourself" as

13  overbroad.

14      8.    Teachscape objects to the definition of "Teachscape's master's degree programs" as

15  overbroad and as lacking foundation.

16      9.    Teachscape objects to the definition of "Teachscape's graduate course programs" as

17  overbroad and as lacking foundation.

18      10.    Teachscape objects to the definition of "Canter's former employees" and to each and

19  every topic referring to "Canter's former employees" to the extent that Teachscape is unaware of

20  whether persons who are or were employed by or independent contractors of Teachscape, were also

21  employed by, or were independent contractors, of Canter or Laureate.

22      11.    Teachscape objects to the definition of "relating to" and each and every topic including

23  the phrase "relating to" to the extent it renders the topics vague, ambiguous and/or unintelligible

24  and/or overbroad.

25      12.    Teachscape objects to each and every topic as overbroad as to time and scope, in

26  particular, to the extent it seeks testimony unlimited by any time frame.

27      13.    Teachscape objects to these topics to the extent they seek disclosure of Teachscape's

28  trade secrets or confidential proprietary, business, or commercial information.  Teachscape will not

**TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION**

1  make such testimony available absent an appropriate protective order entered by the Court in the

2  above-captioned matter and absent a showing such disclosure is warranted.

3      14.    Teachscape objects to these topics to the extent they seek trade secrets or confidential

4  proprietary, business, or commercial information of any person or entity not a party to this action.

5      15.    Teachscape objects to each and every topic to the extent that they seek information that

6  goes beyond the permissible scope of discovery of trade secrets and other proprietary information,

7  and insofar as Plaintiffs have failed to described their purported trade secrets with reasonable

8  particularity.

9      16.    Teachscape objects to these topics on the ground that they are premature, as a Motion to

10  Dismiss the above-captioned matter is pending before this Court.

11      17.    Teachscape objects to each Topic to the extent each purports to require Teachscape to

12  search vast volumes of computer data, including, but not limited to, deleted data, archived or backup

13  data stored in multiple locations, or data which is otherwise not reasonably accessible.  Such searches

14  are overly broad and unduly burdensome and Plaintiffs have no substantial need for such information.

15      18.    Teachscape objects to these topics to the extent they seek to impose any burden or

16  obligation in excess of the requirements of Federal Rules of Civil Procedure 26 or 30.

17      The foregoing objections are incorporated by reference into each and every one of the

18  following responses:

19  ## OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

20  **TOPIC NO. 1:**

21      Teachscape's knowledge of each of the Canter former employee's duty of confidentiality

22  to Canter / Laureate, including:

23          (a)    Identifying the date when Teachscape first learned of each employee's duty;

24          (b)    How Teachscape first learned of each employee's duty; and

25          (c)    Identifying any communications relating to Teachscape first learning of

26  each employee's duty.

27  **OBJECTION TO TOPIC NO. 1:**

28      Teachscape objects to this topic on the grounds that it is generally vague and ambiguous

-4-

TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION

1    and specifically vague and ambiguous as to the words and phrases "knowledge," "duty," and

2    "confidentiality." Teachscape further objects to this topic on the grounds that it is overly broad,

3    unduly burdensome and oppressive to the extent that it seeks information neither relevant to the

4    subject matter of the pending action nor reasonably calculated to lead to the discovery of

5    admissible evidence. Teachscape further objects to this topic to the extent that it calls for

6    speculation and a legal conclusion. Teachscape further objects to this topic on the grounds that

7    it lacks foundation and assumes facts not in evidence. Teachscape further objects to this topic to

8    the extent it calls for the disclosure of information protected by the attorney-client privilege,

9    work product doctrine or other applicable privilege or protection.

10   **TOPIC NO. 2:**

11          Steps taken by Teachscape to ensure that Canter's former employees did not use Canter's

12   and/or Laureate's confidential and/or proprietary information, including:

13                (a)      Communications made to Canter's former employees relating to the use of

14   Canter's and/or Laureate's confidential and/or proprietary information;

15                (b)      Written acknowledgements or agreements relating to Canter's former

16   employees relating to the use of Canter's and/or Laureate's confidential and/or proprietary

17   information;

18                (c)      Electronic security or other measures taken to prevent Canter's former

19   employees from using Canter's and/or Laureate's confidential and/or proprietary information;

20   and

21                (d)      Employment of, or contracting with, Canter's former employees in

22   positions or for tasks in which the use of Canter's and/or Laureate's confidential and/or

23   proprietary information would not

24   **OBJECTION TO TOPIC NO. 2:**

25          Teachscape objects to this topic on the ground and to the extent that it is unintelligible.

26   Teachscape objects to this topic on the grounds that it is specifically vague and ambiguous as to

27   the words and phrases "confidential and/or proprietary information," "positions" and "tasks."

28   Teachscape further objects to this topic on the grounds that it is overly broad, unduly

**TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION**

1    burdensome and oppressive to the extent that it seeks information neither relevant to the subject

2    matter of the pending action nor reasonably calculated to lead to the discovery of admissible

3    evidence.  Teachscape further objects to this topic on the grounds that it calls for speculation and

4    a legal conclusion.  Teachscape further objects to this topic to the extent it calls for testimony

5    protected by the attorney-client privilege, work product doctrine or other applicable privilege or

6    protection.

7    **TOPIC NO. 3:**

8         Teachscape's knowledge, or lack thereof, of the information asserted as Canter's trade

9    secrets in Plaintiffs Canter & Associates, LLC's and Laureate Education, Inc.'s Identification Of

10   Trade Secrets, and any amendments thereto, including:

11        (a)     Identifying the persons, including any of Canter's former employees, who

12   had knowledge of the information;

13        (b)     Identifying documents or things relating to that information kept by

14   Teachscape or persons employed by or contracting with Teachscape;

15        (c)     Identifying the date when Teachscape first learned of the information;

16        (d)     Identifying the date when Teachscape first became aware that information

17   is comprised of Canter's trade secrets, and by what communication or other method did it learn

18   that it is comprised of Canter's trade secrets; and

19        (e)     What, if anything, did Teachscape with the information once it became

20   aware that the information is comprised of Canter's trade secrets.

21   **OBJECTION TO TOPIC NO. 3:**

22        Teachscape objects to this topic on the grounds that it is unintelligible in its entirety.

23   Teachscape objects to this topic on the grounds that it is specifically vague and ambiguous as to

24   the words and phrases "knowledge, or lack thereof," "information," "Trade Secrets, and any

25   amendments thereto," "kept," "learned," "became aware," "comprised," and "other method."

26   Teachscape further objects to this topic on the grounds that it is overly broad, unduly

27   burdensome and oppressive to the extent that it seeks information neither relevant to the subject

28   matter of the pending action nor reasonably calculated to lead to the discovery of admissible

**TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION**

1    evidence.  Teachscape further objects to this topic on the grounds that it calls for speculation and

2    a legal conclusion.  Teachscape further objects to this topic to the extent it calls for the

3    disclosure of information protected by the attorney-client privilege, work product doctrine or

4    other applicable privilege or protection.

5    **TOPIC NO. 4:**

6           Teachscape's use of or lack thereof, and any steps taken to avoid the use of, the

7    information asserted as Canter's trade secrets in Plaintiffs Canter & Associates, LLC's and

8    Laureate Education, Inc.'s Identification Of Trade Secrets, and any amendments thereto,

9    including:

10                  (a)     Identifying the persons, including any of Canter's former employees, who

11   used the information;

12                  (b)     The specific information used, the dates(s) when it was used, how it was

13   used, and by which persons it was used; and

14                  (c)     Identifying any communications or steps taken to prevent the use of the

15   information, and identifying the date when those communications were made or steps were

16   taken, why they were taken, and by which persons.

17   **OBJECTION TO TOPIC NO. 4:**

18          Teachscape objects to this topic on the grounds that it is unintelligible in its entirety.

19   Teachscape objects to this topic on the grounds that it is specifically vague and ambiguous as to

20   the words and phrases "use of or lack thereof," "avoid the use," "information," "Trade Secrets,

21   and any amendments thereto," and "used." Teachscape further objects to this topic on the

22   grounds that it is overly broad, unduly burdensome and oppressive to the extent that it seeks

23   information neither relevant to the subject matter of the pending action nor reasonably calculated

24   to lead to the discovery of admissible evidence.  Teachscape further objects to this topic on the

25   grounds that it calls for speculation and a legal conclusion.  Teachscape further objects to this

26   topic to the extent it calls for the disclosure of information protected by the attorney-client

27   privilege, work product doctrine or other applicable privilege or protection.

28   **TOPIC NO. 5:**

1   Teachscape's knowledge, or lack thereof, of the specifics and details of the relationship

2   and contractual dealings between Marygrove and Canter/Laureate for the provision of master's

3   degree and graduate course programs in the field of education, including:

4           (a)     Identifying the persons, including any of Canter's former employees, who

5   knew of the confidential terms of the relationship, when they first learned of those confidential

6   terms, how that knowledge was obtained, and what was done with that knowledge;

7           (b)     Identifying communications between Teachscape and Marygrove relating to

8   the terms of that relationship, including the persons who made and received those

9   communications.

10           (c)     Identifying the persons, including any of Canter's former employees, who

11   knew of the confidential terms of the contract between Marygrove and Canter/Laureate in effect

12   in 2006 and 2007, when they first learned of those confidential terms, how that knowledge was

13   obtained, and what was done with that knowledge;

14           (d)     Identifying communications between Teachscape and Marygrove relating to

15   the terms of the contract between Marygrove and Canter/Laureate in effect in 2006 and 2007,

16   including the persons who made and received those communications.

17   **OBJECTION TO TOPIC NO. 5:**

18   Teachscape objects to this topic on the grounds that is unintelligible in its entirety.

19   Teachscape further objects to this topic on the grounds that it is specifically vague and

20   ambiguous as to the words and phrases "knowledge, or lack thereof" "specifics and details,"

21   "relationship," "contractual dealings," and "confidential terms." Teachscape further objects to

22   this topic on the grounds that it is overly broad, unduly burdensome and oppressive to the extent

23   that it seeks information neither relevant to the subject matter of the pending action nor

24   reasonably calculated to lead to the discovery of admissible evidence. Teachscape further

25   objects to this topic to the extent that it calls for speculation, lacks foundation, assumes facts not

26   in evidence and/or calls for a legal conclusion. Teachscape further objects to this topic to the

27   extent it calls for the disclosure of information protected by the attorney-client privilege, work

28   product doctrine or other applicable privilege or protection. Teachscape further objects to this

**TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION**

1  topic to the extent it calls for confidential, proprietary and/or trade secret information of

2  Teachscape and/or Marygrove.

3  **TOPIC NO. 6:**

4       Teachscape's relationship and contractual dealings with Marygrove for the provision of

5  master's degree and graduate course programs in the field of education, including:

6            (a)     Identifying the persons, including Canter's former employees and persons

7  at Marygrove, involved in making contact with, and negotiating the terms of the contract(s)

8  between Teachscape and Marygrove;

9            (b)     Identifying the date when Teachscape's relationship and contractual

10  dealings with Marygrove began and how they began;

11            (c)     The contractual terms being negotiated between Teachscape and

12  Marygrove, including any proposals and counterproposals made during negotiations;

13            (d)     Any change in contractual terms or further negotiations after September

14  2006;

15            (e)     The terms of the executed contract(s) between Teachscape and Marygrove;

16            (f)     The reasons why Teachscape was going to offer a Master in the Art of

17  Teaching with a Focus on Curriculum, Instruction & Assessment;

18            (g)     The reasons why Teachscape did not offer and is not offering a Master in

19  the Art of Teaching with a Focus on Curriculum, Instruction & Assessment.

20  **OBJECTION TO TOPIC NO. 6:**

21       Teachscape objects to this topic on the grounds that it is generally vague and ambiguous

22  and specifically vague and ambiguous as to the words and phrases "relationship," "contractual

23  dealings," and "involved in making contact with and negotiating." Teachscape further objects to

24  this request to the extent it calls for a legal conclusion. Teachscape further objects to this topic

25  to the extent that it seeks information neither relevant to the subject matter of the pending action

26  nor reasonably calculated to lead to the discovery of admissible evidence. Teachscape further

27  objects to this topic to the extent it calls for testimony protected by the attorney-client privilege,

28  work product doctrine or other applicable privilege or protection. Teachscape further objects to

**TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION**

1  this topic to the extent it calls for confidential, proprietary and/or trade secret information of

2  Teachscape and/or Marygrove.

3  **TOPIC NO. 7:**

4      Teachscape's knowledge, or lack thereof, of the specifics and details of the relationships

5  and contractual dealings between Canter/Laureate and accredited universities, including

6  Andrews and Cardinal Stritch, for the provision of master's degree and graduate course

7  programs in the field of education, including:

8      (a)    Identifying the persons, including any of Canter's former employees, who

9  knew of the confidential terms of the relationship, when they first learned of those confidential

10  terms, how that knowledge was obtained, and what was done with that knowledge;

11      (b)    Identifying communications between Teachscape and the accredited

12  university relating to the terms of that relationship, including the persons who made and

13  received those communications.

14      (c)    Identifying the persons, including any of Canter's former employees, who

15  knew of the confidential terms of the contract(s) between the accredited university and

16  Canter/Laureate, when they first learned of those confidential terms, how that knowledge was

17  obtained, and what was done with that knowledge; and

18      (d)    Identifying communications between Teachscape and the accredited

19  university relating to the terms of the contract between the accredited university and

20  Canter/Laureate, including the persons who made and received those communications.

21  **OBJECTION TO TOPIC NO. 7:**

22      Teachscape objects to this topic on the grounds that is unintelligible in its entirety.

23  Teachscape further objects to this topic on the grounds that it is specifically vague and

24  ambiguous as to the words and phrases "knowledge, or lack thereof," "specifics and details,"

25  "relationships," "contractual dealings," and "confidential terms." Teachscape further objects to

26  this topic on the grounds that it is overly broad, unduly burdensome and oppressive to the extent

27  that it seeks information neither relevant to the subject matter of the pending action nor

28  reasonably calculated to lead to the discovery of admissible evidence. Teachscape further

**TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION**

1   objects to this topic to the extent that it calls for speculation, lacks foundation, assumes facts not

2   in evidence and/or calls for a legal conclusion.  Teachscape further objects to this topic to the

3   extent it calls for the disclosure of information protected by the attorney-client privilege, work

4   product doctrine or other applicable privilege or protection.  Teachscape further objects to this

5   topic to the extent it calls for confidential, proprietary and/or trade secret information of

6   Teachscape and/or third parties.

7   **TOPIC NO. 8:**

8          Teachscape's relationship and contractual dealings with accredited universities,

9   including Andrews and Cardinal Stritch, for the provision of master's degree and graduate

10  course programs in the field of education, including:

11         (a)     Identifying the persons, including Canter's former employees and persons

12  at the accredited university, involved in making contact with, and negotiating the terms of the

13  contract(s) between the accredited university;

14         (b)     Identifying the date when Teachscape's relationship and contractual

15  dealings with the accredited university began and how they began;

16         (c)     The contractual terms being negotiated between Teachscape and the

17  accredited university, including any proposals and counterproposals made during negotiations;

18         (d)     Any change in contractual terms or further negotiations after September

19  2006; and

20         (e)     The terms of the executed contract(s) between Teachscape and the

21  accredited university.

22  **OBJECTION TO TOPIC NO. 8:**

23         Teachscape objects to this topic on the grounds that it is generally vague and ambiguous

24  and specifically vague and ambiguous as to the words and phrases "relationship," "contractual

25  dealings," and "involved in making contact with and negotiating."  Teachscape further objects to

26  this request to the extent it calls for a legal conclusion.  Teachscape further objects to this topic

27  on the grounds that it is overly broad, unduly burdensome and oppressive to the extent that it

28  seeks information neither relevant to the subject matter of the pending action nor reasonably

TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION

1    calculated to lead to the discovery of admissible evidence. Teachscape further objects to this

2    topic to the extent it calls for the disclosure of information protected by the attorney-client

3    privilege, work product doctrine or other applicable privilege or protection. Teachscape further

4    objects to this topic to the extent it calls for confidential, proprietary and/or trade secret

5    information of Teachscape and/or third parties.

6    **TOPIC NO. 9:**

7         Teachscape's advertising from 2006 to the present of Teachscape's master's degree

8    programs and Teachscape's graduate course programs offered through Marygrove, including:

9             (a)    Identifying the persons, including any of Canter's former employees, who

10    created, revised, edited, or approved the advertising materials for the advertisement, promotion,

11    or marketing of these programs and courses;

12             (b)    Identifying the date(s) when the advertising materials were created, revised,

13    edited, and approved;

14             (c)    The process by which the specific advertising materials were chosen,

15    including any advertising, promotional, or marketing techniques or market information used in

16    arriving at those choices;

17             (d)    The costs and resources expended for the advertising, including the cost of

18    creating, making copies of, and distributing, the advertising materials; and

19             (e)    Identifying the target persons or groups of persons to whom the advertising

20    was directed, including any advertising, promotional, or marketing techniques such as market

21    segmentation, or market information, used in arriving at the target persons or groups of persons.

22    **OBJECTION TO TOPIC NO. 9:**

23         Teachscape objects to this topic on the grounds that it is generally vague and ambiguous

24    and specifically vague and ambiguous as to the words and phrases "advertising,"

25    "advertisement," "promotion/al/," "market/ing/," "materials," "process," "techniques," "target,"

26    costs and resources" and "market information." Teachscape further objects to this topic on the

27    grounds that it is overly broad, unduly burdensome and oppressive to the extent that it seeks

28    information neither relevant to the subject matter of the pending action nor reasonably calculated

**TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION**

1  to lead to the discovery of admissible evidence. Teachscape also objects to the extent this topic

2  calls for a legal conclusion and lacks foundation. Teachscape further objects to this topic to the

3  extent it calls for testimony protected by the attorney-client privilege, work product doctrine or

4  other applicable privilege or protection. Teachscape further objects to this topic to the extent it

5  calls for confidential, proprietary and/or trade secret information of Teachscape and/or third

6  parties.

7  **TOPIC NO. 10:**

8      Teachscape's advertising from 2006 to the present of Teachscape's "Master in the Art of

9  Teaching with a Focus on Curriculum, Instruction & Assessment" degree program to be offered

10  through Marygrove as "updated", including:

11      (a)    Identifying the persons, including any of Canter's former employees, who

12  created, revised, edited, or approved the advertising materials that described Teachscape's

13  "Master in the Art of Teaching with a Focus on Curriculum, Instruction & Assessment" degree

14  program as "updated";

15      (b)    Identifying the date(s) when the advertising materials were created, revised,

16  edited, and approved;

17      (c)    The process by which the specific advertising materials were chosen,

18  including any advertising, promotional, or marketing techniques or market information used in

19  arriving at those choices;

20      (d)    The costs and resources expended for the advertising, including the cost of

21  creating, making copies of, and distributing, the advertising materials; and

22      (e)    Identifying the target persons or groups of persons to whom the advertising

23  was directed, including any advertising, promotional, or marketing techniques such as market

24  segmentation, or market information, used in arriving at the target persons or groups of persons.

25  **OBJECTION TO TOPIC NO. 10:**

26      Teachscape objects to this topic on the grounds that it is generally vague and ambiguous

27  and specifically vague and ambiguous as to the words and phrases "advertising," "promotional,"

28  "marketing" "materials," "market information," "techniques," "costs and resources" and

1    "target." Teachscape further objects to this topic on the grounds that it is overly broad, unduly

2    burdensome and oppressive to the extent that it seeks information neither relevant to the subject

3    matter of the pending action nor reasonably calculated to lead to the discovery of admissible

4    evidence.  Teachscape also objects to the extent this topic calls for a legal conclusion and lacks

5    foundation.  Teachscape further objects to this topic to the extent it calls for the disclosure of

6    information protected by the attorney-client privilege, work product doctrine or other applicable

7    privilege or protection.  Teachscape further objects to this topic to the extent it calls for

8    confidential, proprietary and/or trade secret information of Teachscape and/or third parties.

9    **TOPIC NO. 11:**

10         Teachscape's development from 2004 to the present of its course materials relating to

11   Teachscape's master's degree programs, including:

12         (a)     Identifying the persons, including any of Canter's former employees, who

13   produced the first versions of the course materials, the date(s) when those first versions were

14   produced, the form in which the first versions were kept, where the first versions were made and

15   kept, and what source materials (if any) were used in producing the first versions;

16         (b)     Identifying the persons, including any of Canter's former employees, who

17   revised and/or edited the course materials, the date(s) when they were revised and/or edited, the

18   form in which the revisions and/or edits were made and kept, where the revisions and/or edits

19   were made and kept, and what source materials (if any), beyond those used for the first versions

20   of these course materials, were used in making these revisions and/or edits;

21         (c)     The costs and resources expended in producing the first versions of the

22   course materials and in revising and/or editing the course materials;

23         (d)     Software, electronic tools, and other technology used in developing the

24   course materials; and

25         (e)     Identifying the persons other than employees of Teachscape who provided

26   written and/or visual content for the course materials, what that written and/or visual content is,

27   why that person was chosen to provide the written and/or visual content, the persons at

28   Teachscape who were involved in choosing the persons to provide the written and/or visual

**TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION**

1  content, and the terms of the contract, license, or other business relationship into which

2  Teachscape entered with the persons to provide the written and/or visual content.

3  **OBJECTION TO TOPIC NO. 11**:

4       Teachscape objects to this topic on the grounds that it is generally vague and ambiguous

5  and specifically vague and ambiguous as to the words and phrases "produced/producing," "first

6  versions," "form," "kept," "made," "source materials," "costs and resources," "electronic tools,"

7  "other technology" and "business relationship." Teachscape further objects to this topic on the

8  grounds that it calls for a legal conclusion. Teachscape further objects to this topic on the

9  grounds that it is overly broad, unduly burdensome and oppressive to the extent that it seeks

10  information neither relevant to the subject matter of the pending action nor reasonably calculated

11  to lead to the discovery of admissible evidence. Teachscape further objects to this topic to the

12  extent it calls for confidential, proprietary and/or trade secret information of Teachscape and/or

13  persons or entities not parties to this action.

14  **TOPIC NO. 12:**

15       Teachscape's development from 2004 to the present of its course materials relating to

16  Teachscape's graduate course programs, including:

17       (a)    Identifying the persons, including any of Canter's former employees, who

18  produced the first versions of the course materials, the date(s) when those first versions were

19  produced, the form in which the first versions were kept, where the first versions were made and

20  kept, and what source materials (if any) were used in producing the first versions;

21       (b)    Identifying the persons, including any of Canter's former employees, who

22  revised and/or edited the course materials, the date(s) when they were revised and/or edited, the

23  form in which the revisions and/or edits were made and kept, where these revisions and/or edits

24  were made and kept, and what source materials (if any), beyond those used for the first versions

25  of these course materials, were used in making these revisions and/or edits;

26       (c)    The costs and resources expended in producing the first versions of the

27  course materials and in revising and/or editing the course materials;

28

1         (d)     Software, electronic tools, and other technology used in developing the

2 course materials; and

3         (e)     Identifying the persons other than employees of Teachscape who provided

4 written and/or visual content for the course materials, what that written and/or visual content is,

5 why that person was chosen to provide the written and/or visual content, the persons at

6 Teachscape who were involved in choosing the persons to provide the written and/or visual

7 content, and the terms of the contract, license, or other business relationship into which

8 Teachscape entered with the persons to provide the written and/or visual content.

9 **OBJECTION TO TOPIC NO. 12**:

10     Teachscape objects to this topic on the grounds that it is generally vague and ambiguous

11 and specifically vague and ambiguous as to the words and phrases "produced/producing," "first

12 versions," "form," "kept," "made," "source materials," "costs and resources," "electronic tools,"

13 "other technology" and "business relationship." Teachscape further objects to this topic on the

14 grounds that it calls for a legal conclusion. Teachscape further objects to this topic on the

15 grounds that it is overly broad, unduly burdensome and oppressive to the extent that it seeks

16 information neither relevant to the subject matter of the pending action nor reasonably calculated

17 to lead to the discovery of admissible evidence. Teachscape further objects to this topic to the

18 extent it calls for confidential, proprietary and/or trade secret information of Teachscape and/or

19 persons or entities not parties to this action.

20 **TOPIC NO. 13:**

21     Teachscape's access to or lack thereof, use of or lack thereof, and any steps taken to

22 avoid the use of, Laureate's, Canter's, and/or Walden's course materials in developing

23 Teachscape's course materials, including:

24         (a)     Identifying the persons, including any of Canter's former employees, who

25 developed, edited, or revised Teachscape's course materials and who had seen, developed,

26 edited, or revised Laureate's, Canter's, and/or Walden's course materials previously;

27

28

1          (b)     The specific Teachscape course materials developed, edited, or revised by

2    the persons who had seen, developed, edited, or revised Laureate's, Canter's, and/or Walden's

3    course materials previously; and

4          (c)     Identifying communications or steps taken to ensure that Teachscape's

5    course materials are similar to, or not similar to, Laureate's, Canter's, and/or Walden's course

6    materials, including any communications or steps taken since September 2006 and in response

7    to communications from Laureate.

8    **OBJECTION TO TOPIC NO. 13**:

9         Teachscape objects to this topic on the grounds that it is unintelligible in its entirety.

10   Teachscape objects to this topic on the grounds that it is specifically vague and ambiguous as to

11   the words and phrases "access to or lack thereof," "use of or lack thereof," "steps taken,"

12   "avoid," "developing," "developed," "similar," and "in response to." Teachscape further objects

13   to this topic on the grounds that it is overly broad, unduly burdensome and oppressive to the

14   extent that it seeks information neither relevant to the subject matter of the pending action nor

15   reasonably calculated to lead to the discovery of admissible evidence. Teachscape further

16   objects to this topic to the extent it calls for speculation and a legal conclusion. Teachscape

17   further objects to this topic to the extent it calls for confidential, proprietary and/or trade secret

18   information of Teachscape and/or third parties. Teachscape further objects to this topic to the

19   extent it calls for the disclosure of information protected by the attorney-client privilege, work

20   product doctrine or other applicable privilege or protection.

21   **TOPIC NO. 14:**

22        Teachscape's revenues, costs, and profits relating to Teachscape's master's degree

23   programs offered through Marygrove, including:

24         (a)     Past, present, and expected future revenues, costs, and profits on a monthly

25   and annual basis;

26         (b)     Expected trend in profitability for Teachscape in providing the programs;

27         (c)     Startup costs associated with setting up the programs;

28         (d)     Revenue, cost, and profit per student enrolled in the programs; and

1           (e)     Expenses relating to the administration and provision of the programs.

2      **OBJECTION TO TOPIC NO. 14:**

3           Teachscape objects to this topic on the ground it calls for confidential, proprietary and/or

4      trade secret information of Teachscape. Teachscape further objects to this topic on the grounds

5      that it is overly broad, unduly burdensome and oppressive to the extent that it seeks information

6      neither relevant to the subject matter of the pending action nor reasonably calculated to lead to

7      the discovery of admissible evidence. Teachscape further objects to this topic on the grounds

8      that it is generally vague and ambiguous and specifically vague and ambiguous as to the words

9      and phrases "revenues," "costs," "profits," "past," "present," "expected," "trend," "providing,"

10     "associated with," "setting up," "programs," "expenses," "administration" and "provision."

11     Teachscape further objects to this topic to the extent that it calls for a legal conclusion and/or is

12     the subject of expert testimony.

13     **TOPIC NO. 15:**

14          Teachscape's revenues, costs, and profits relating to Teachscape's graduate course

15     programs offered through Marygrove, including:

16          (a)     Past, present, and expected future revenues, costs, and profits on a monthly

17     and annual basis;

18          (b)     Expected trend in profitability for Teachscape in providing the programs;

19          (c)     Startup costs associated with setting up the programs;

20          (d)     Revenue, cost, and profit per student enrolled in the programs; and

21          (e)     Expenses relating to the administration and provision of the programs.

22     **OBJECTION TO TOPIC NO. 15:**

23          Teachscape objects to this topic on the ground it calls for confidential, proprietary and/or

24     trade secret information of Teachscape and/or Marygrove. Teachscape further objects to this

25     topic on the grounds that it is overly broad, unduly burdensome and oppressive to the extent that

26     it seeks information neither relevant to the subject matter of the pending action nor reasonably

27     calculated to lead to the discovery of admissible evidence. Teachscape further objects to this

28     topic on the grounds that it is generally vague and ambiguous and specifically vague and

-18-
**TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION**

1    ambiguous as to the words and phrases "revenues," "costs," "profits," "past," "present,"

2    "expected," "trend," "providing," "associated with," "setting up," "programs," "expenses,"

3    "administration" and "provision." Teachscape further objects to this topic to the extent that it

4    calls for a legal conclusion and/or is the subject of expert testimony.

5    **TOPIC NO. 16:**

6         Teachscape's revenues, costs, and profits relating to Teachscape's graduate course

7    programs offered through Andrews and Cardinal Stritch, including:

8              (a)    Past, present, and expected future revenues, costs, and profits on a monthly

9    and annual basis;

10             (b)    Expected trend in profitability for Teachscape in providing the programs;

11             (c)    Startup costs associated with setting up the programs;

12             (d)    Revenue, cost, and profit per student enrolled in the programs; and

13             (e)    Expenses relating to the administration and provision of the programs.

14   **OBJECTION TO TOPIC NO. 16:**

15        Teachscape objects to this topic on the ground it calls for confidential, proprietary and/or

16   trade secret information of Teachscape and/or Andrews and Cardinal Stritch. Teachscape

17   further objects to this topic on the grounds that it is overly broad, unduly burdensome and

18   oppressive to the extent that it seeks information neither relevant to the subject matter of the

19   pending action nor reasonably calculated to lead to the discovery of admissible evidence.

20   Teachscape further objects to this topic on the grounds that it is generally vague and ambiguous

21   and specifically vague and ambiguous as to the words and phrases "revenues," "costs,"

22   "profits," "past," "present," "expected," "trend," "providing," "associated with," "setting up,"

23   "programs," "expenses," "administration" and "provision." Teachscape further objects to this

24   topic to the extent that it calls for a legal conclusion and/or is the subject of expert testimony.

25   **TOPIC NO. 17:**

26        Teachscape's organizational structure, including:

27             (a)    All current and former affiliates, parents, subsidiaries, joint ventures, or

28   divisions that relate to Teachscape's master's degree programs and graduate course programs.

1    (b)    The positions held by Canter's former employees and dates during which

2    they were employed or performed work for Teachscape; and

3    (c)    Identifying all persons who participated in Teachscape's master's degree

4    programs and graduate course programs, such as development, marketing, and delivery of those

5    programs.

6    **OBJECTION TO TOPIC NO. 17**:

7    Teachscape objects to this topic on the grounds that it is overly broad, unduly burdensome

8    and oppressive to the extent that it seeks information neither relevant to the subject matter of the

9    pending action nor reasonably calculated to lead to the discovery of admissible evidence.

10    Teachscape further objects to this topic as to the word "participated." Teachscape further

11    objects to this topic to the extent it calls for confidential, proprietary and/or trade secret

12    information of Teachscape and/or third parties.

13    **TOPIC NO. 18**:

14    Teachscape's procedures for collecting and maintaining documents and/or things in their

15    central files, archival or storage locations, and/or kept by individual employees, including:

16    (a)    How the documents or electronic documents are organized in central files,

17    archival or storage locations, and/or electronic systems, servers and electronic media;

18    (b)    How the documents or electronic documents are organized in individual

19    employee's files, archival or storage locations, electronic systems, personal computers, laptops,

20    and electronic media;

21    (c)    Policies regarding centralized document retention and destruction;

22    (d)    Policies regarding individual employees' document retention and

23    destruction;

24    (e)    The criteria for whose documents should be or were collected in response to

25    Requests for Production propounded by Canter and Laureate in this action; and

26    (f)    What measures are or were taken to ensure that all relevant documents are

27    or were collected in response to Requests for Production propounded by Canter and Laureate in

28    this action.

**TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION**

1 | **OBJECTION TO TOPIC NO. 18**:

2 Teachscape objects to this topic on the grounds that it is overly broad, unduly burdensome

3 and oppressive to the extent that it seeks information neither relevant to the subject matter of the

4 pending action nor reasonably calculated to lead to the discovery of admissible evidence.

5 Teachscape further objects to this topic on the grounds that it vague and ambiguous as to the

6 words "procedures," "collecting, "maintaining" and "things." Teachscape further objects to this

7 topic to the extent it calls for the disclosure of information protected by the attorney-client

8 privilege, work product doctrine or other applicable privilege or protection. Teachscape further

9 objects to this topic to the extent it calls for confidential, proprietary and/or trade secret

10 information of Teachscape.

11

12 Dated: December 7, 2007                    SONNENSCHEIN NATH & ROSENTHAL LLP

13

14

15 By _____

16 GAYLE M. ATHANACIO

17 Attorneys for Defendant
TEACHSCAPE, INC.,

18

27283183

19

20

21

22

23

24

25

26

27

28

**TEACHSCAPE'S OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION**

1

<u>PROOF OF SERVICE</u>

2    I, Patricia Cranmer, hereby declare that I am employed in the City and County of San

3   Francisco, California in the office of a member of the bar of this court at whose direction the

4   following service was made. I am over the age of eighteen years and not a party to the within

5   action. My business address is Sonnenschein Nath & Rosenthal LLP, 525 Market Street, 26th

6   Floor, San Francisco, California 94105.

7    On December 7, 2007, I caused to be served on the interested parties in this action the

8   following document(s): **DEFENDANT TEACHSCAPE, INC.'S OBJECTIONS TO
     PLAINTIFFS CANTER & ASSOCIATES, LLC AND LAUREATE EDUCATION, INC.'S**

9   **NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)** by placing a true
     copy(ies) thereof, on the above date, enclosed in a sealed envelope, following the ordinary

10  business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

11  Annette Hurst, Esq.
     Daniel N. Kassabian, Esq.

12  Elena M. DiMuzio, Esq.
     Heller Ehrman LLP

13  333 Bush Street
     San Francisco, CA  94104

14  Telephone: (415) 772-6131/6098

15  Fax: (415) 772-6268

16  ☐    VIA U.S. MAIL:  I am personally and readily familiar with the business practice of
     Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for

17  mailing with the United States Postal Service, pursuant to which mail placed for collection at
     designated stations in the ordinary course of business is deposited the same day, proper postage

18  prepaid, with the United States Postal Service.

19  ☐    FEDERAL EXPRESS:   I served the within document in a sealed Federal Express
          envelope with delivery fees provided for and deposited in a facility regularly maintained

20        by Federal Express.

     ☐    ELECTRONIC MAIL:  I served the within document in Adobe Acrobat "PDF" format
21        via electronic mail delivery to the "e-mail" address as given above.

22  ☒    HAND DELIVERY:  I caused such document to be served by hand delivery by
     Specialized Legal Services.

23  ☐    FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile
     transmission at the above-listed fax number for the party.

24
25    I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct, and that this declaration was executed on December 7, 2007, at San

26  Francisco, California.

27                                                            _Patricia Cranmer_
                                                               Patricia Cranmer
28

-1-

Proof of Service