# EXHIBIT G

# HellerEhrman LLP

January 23, 2008

Daniel N. Kassabian
Daniel.Kassabian@hellerehrman.com
Direct +1 (415) 772-6098
Direct Fax +1 (415) 772-1796
Main +1 (415) 772-6000
Fax +1 (415) 772-6268

*Via E-mail and U.S. Mail*

26930.0004

Gayle M. Athanacio, Esq.
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708

Re:   *Laureate Education, Inc. v. Teachscape, Inc.*, No. 07-3225 RS (N.D. Cal.)

Dear Gayle:

Pursuant to Local Rule 37-1(a), I write to find a time for us to meet and confer on Teachscape's objections to Plaintiffs' (now only Laureate's) first set of requests for production. I note at the outset that, per the Court's Order re Discovery Disputes, entered on January 22, 2007, it is improper for Teachscape to take the position that it need not comply with its discovery obligations because it contests the Court's jurisdiction over this case. Indeed, under Ninth Circuit law, it is improper to take the position that discovery obligations are abrogated while a motion to dismiss has been filed and/or even when a motion to dismiss the complaint has been granted, and taking such a position may warrant sanctions. *See Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995).

I suggest we meet and confer by phone or in-person next week at a mutually convenient time. Set forth below are Laureate's positions regarding Teachscape's objections so as to promote an efficient discussion of those objections when we meet and confer.

### A.   Teachscape's General Statement and Objections

General Objection No. 1:

Teachscape's objection to Laureate's definitions and instructions "to the extent they seek to expand or enlarge" requirements by the Federal Rules is vague. It is Laureate's position that these instructions and definitions are in accord with the Federal Rules, and absent any specific showing otherwise, we consider this objection as being customary boilerplate without true effect. If Teachscape intends to withhold documents on the basis of this objection, please clarify which instruction or definition it takes issue with, the basis for Teachscape's objection, and what types of documents are being withheld on that basis.

Heller Ehrman LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

**HellerEhrman**LLP

Gayle M. Athanacio, Esq.
January 23, 2008
Page 2

General Objection No. 2:

Teachscape's objection to the production of privileged documents is mooted by Laureate's instruction no. 6 indicating that, if Teachscape wishes to withhold documents on that basis, then it may do so by providing a privilege log providing a description of those documents, in accord with Rule 26(b)(5). Laureate has already proposed the format of such a log. Please inform us if Teachscape will comply with Rule 26(b)(5) and provide a log in the format proposed by Laureate.

General Objection Nos. 3 and 10-11:

Teachscape's objections to the disclosure of information subject to a privacy interest, Teachscape's own confidential information, or confidential information of third-parties will be addressed pursuant to the Court's Order re Discovery Disputes. Please be prepared to meet and confer next week about the specifics of the Proposed Protective Order that was filed as part of Plaintiffs' motion to entry of the same, so that we can meet the Court's deadline to submit a joint proposal or separate proposals.

General Objection No. 4:

Teachscape's objection regarding the production of documents outside of its possession, custody, and control is misplaced in view of Laureate's instruction no. 1 that indicates these requests are only directed to those within Teachscape's possession, custody and control as these terms are defined under the law. Moreover, Teachscape's objection to the production of documents that are available as public records previously has been rejected by the Court. *See Regal Elecs., Inc. v. Pulse Eng'g, Inc.*, No. 03-1296 JW (RS), 2005 WL 3078983, *3 (N.D. Cal. Nov. 16, 2005) ("Rule 34, however, does not excuse [a party] from providing documents in its possession or control, solely because the information is also publicly available."). Thus, absent an agreement between the parties to mutually exclude certain documents or categories of publicly available documents from production, Teachscape should confirm that it is not withholding any documents on these bases.

General Objection Nos. 5-8:

Teachscape's objections regarding specific definitions of terms are vague and ambiguous in that they do not indicate how Teachscape intends to limit or alter the definitions, or if Teachscape intends to withhold documents on these bases. One example is Teachscape's indication that it objects to the definition of "Canter's former employees" to the extent Teachscape is unaware of the prior employment of its employees and independent contractors. Surely, Teachscape is at least aware of its employees' prior employment as part of Teachscape's recruitment and human resources functions. Teachscape should similarly be aware of its independent contractors' prior employment so as to not interfere or violate any

HellerEhrman LLP

Gayle M. Athanacio, Esq.
January 23, 2008
Page 3

contractor's continuing obligations with respect to the same. If Teachscape is truly unsure of the prior employment of certain individuals, then it can provide a list of those individuals' names so that Laureate can quickly and easily determine whether they were previously employed by Laureate and/or Canter. Accordingly, please confirm whether Teachscape is withholding any documents on the basis of these objections to Laureate's definitions, or otherwise needs clarification with respect to them in order to comply with Laureate's requests.

General Objection Nos. 9 and 14-16:

Teachscape's objection to the time-frame that should apply to these requests, and to various aspects of the production of electronic information, raise issues that Laureate attempted to resolve during the parties' Rule 26(f) conference without any success because Teachscape indicated substantive discussions about these types of issues was premature. Despite this, we remain open to discussing these specifics with you, in an effort to come to mutually agreeable parameters. Furthermore, we believe the Court agrees with our view, and has rejected your basis for refusing to meet and confer on these matters. Otherwise, Laureate demands production in the format set forth by Plaintiffs in the Joint Case Management Statement.

General Objection No. 12:

Teachscape's objection based on an assertion that Plaintiffs have failed to describe their purported trade secrets with particularity is mooted by the fact that there is no longer a claim for trade secret misappropriation asserted in this action. Thus, putting aside the question of whether this objection had merit if that claim remained, Teachscape at present cannot withhold documents or otherwise delay their production on this basis.

General Objection Nos. 13:

As noted above, it is legally untenable for Teachscape to object to discovery based on the filing of a motion to dismiss for failure to state a claim, even if the motion is granted. *See* 1/22/08 Order re Discovery Disputes, at 2 n.2; *Telluride*, 55 F.3d at 466. Thus, any delay of the production of documents premised on the outcome of Teachscape's motion to dismiss is improper. If Teachscape refuses to produce documents based on this objection or similar qualifications in its responses, then Laureate will seek fees in connection with a motion to compel their production pursuant to Rule 37.

B.  **Teachscape's Objections to Specific Requests for Production**

Laureate's positions with respect to Teachscape's general objections equally apply to any of the same objections—e.g., production of confidential information; production of

HellerEhrman LLP

Gayle M. Athanacio, Esq.
January 23, 2008
Page 4

documents not in Teachscape's possession custody, and control; production of publicly available documents—that are restated as objections to specific requests. Thus, they will not be addressed again below unless Teachscape's objection further specifies the basis for the objection in the instance it re-appears. Laureate addresses any further objections to specific requests for production, by request number, below:

Objections to Request Nos. 1-9, 11-19, and 21:

Teachscape objects to Request Nos. 1-9, 11-19 and 21 on the grounds that the words and phrases "earliest available," "drafts," "intended to be," and "made available" are vague and ambiguous. The objection is without merit because the terms are sufficiently particular to enable Teachscape to locate and produce the categories of documents requested. The terms "intended to be" and "made available" are part of a sequence of descriptive terms indicating that the documents requested are those that, in final version, are provided to students currently enrolled in Teachscape's courses in connection with its Master in the Art of Teaching ("MAT") degree programs offered through Marygrove College ("Marygrove") or provided to teachers—i.e., course instructors/graders—at Marygrove who teach those courses. Teachscape can differentiate between responsive and non-responsive documents on this basis. As for the term "earliest available drafts," this term captures the document or thing first "created" that resulted in a final course material provided to students or teachers of the specified course, where "created" is defined under the Copyright Act, 17 U.S.C. § 101. Please let us know if Teachscape needs further clarification as to these terms.

For all of these requests except Request No. 1, Teachscape objects that the requests are "overly broad, unduly burdensome and oppressive." In order to not produce documents based on such an objection pursuant to Rule 26(b)(2)(B) and (C), Teachscape must make a specific showing of burden and corresponding costs. *See* Fed. R. Civ. P. 26 *committee notes* (2006); *see, e.g., Hagemeyer N. Am., Inc. v. Gateway Data Sci. Corp.*, 222 F.R.D. 594, 600 (E.D. Wis. 2004). Because final course materials have been or will be distributed to students and teachers at Marygrove, Laureate does not see any burden with respect to the collection and production of those materials. For the earliest available drafts, we look forward to discussing what specific difficulties, if any, Teachscape will encounter in collecting and producing those documents, after you have had an opportunity to obtain that information from your client so as to allow for a meaningful discussion on that point.

Teachscape's objection that these requests may call for production of documents that are "neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence" is spurious. The courses at issue in these requests also have been specifically set forth in Laureate's First Amended Complaint as the subject of its copyright infringement claim, and thus fall within the scope of discovery pursuant to Rule 26(b)(1).

HellerEhrman LLP

Gayle M. Athanacio, Esq.
January 23, 2008
Page 5

Finally, Teachscape's objection that this request may be "duplicative of other requests contained herein" is a nonstarter. Pursuant to Rule 34, Teachscape has the option of producing documents and things as kept in the ordinary course of business, thereby avoiding duplication to the extent the same document is called for by multiple requests.

Objections to Request Nos. 10, 20, and 22:

Request Nos. 10, 20, and 22 essentially seek the same course materials as request nos. 1-9, 11-19 and 21, but specify them by the program names advertised by Teachscape in or around September 2006—i.e., Master in Education ("M.Ed.") degree programs instead of MAT degree programs for the same specializations. With respect to Teachscape's vagueness objection as to "advertised" and its objection that each of these requests "calls for speculation and lacks foundation," we refer you to Stacey McNally, who is employed by Teachscape and who we believe took part in creating and/or distributing the advertisements of the M.Ed. degree programs, to confirm that such an advertisement exists and the specifics of the degree programs in that advertisement. If there is no difference between the materials of the M.Ed. degree programs advertised in 2006 and the MAT degree programs currently offered at Marygrove, then we would appreciate confirmation of the same, so we can focus our discussion on other requests. If there are substantive differences in the materials, the above clarifications, should provide Teachscape with sufficient information to locate and produce the documents sought.

Teachscape's other specific objections to Request Nos. 10, 20, and 22 are duplicative of its objections already addressed above, and need not be addressed again to further their resolution when we meet and confer.

Objections to Request Nos. 23-30:

Teachscape's objections to Request Nos. 23-30 are essentially the same as the objections already addressed above. Again, there is nothing vague about these requests because they refer to specific Teachscape M.Ed. and MAT degree programs, and Teachscape is well aware of these programs that it is either currently offering or that it advertised in and around September 2006. Regardless, Laureate will not compel the production of documents responsive to these requests at this time. Laureate reserves the right to seek their production at a later date, at which time I will write further in that regard. In the meantime, documents responsive to these requests should be retained and not destroyed during the pendency of this action.

Objections to Request No. 31:

Teachscape objects to Request No. 31 on the grounds that the words and phrases "draft," "course planning," "anticipated demand," "course administration" and "course

HellerEhrman LLP

Gayle M. Athanacio, Esq.
January 23, 2008
Page 6

evaluations" are vague and ambiguous. The objection is without merit because the terms are sufficiently particular to enable Teachscape to locate and produce the category of documents requested. Put in another way, the request simply seeks communications with Marygrove about the development and offering of the courses that are part of Teachscape's MAT degree programs currently offered through Marygrove. In particular, "draft course materials" are draft versions communicated/sent between Teachscape and Marygrove where the final resulting version is provided to Marygrove students and/or teachers in connection with Teachscape's MAT degree programs. Similarly, "course planning," "documents relating to anticipated demand for the course," "communications regarding course administration," and "communications regarding course evaluations" are all examples of types of communications that would be expected between Teachscape and Marygrove in their collaboration over Teachscape MAT degree programs offered through Marygrove. Please let us know more specifically how these terms are vague such that Teachscape would not be able to determine whether or not a document evidences a communication with Marygrove, which would be responsive to the request.

Teachscape also objects to this request on the grounds of confidentiality, noting specifically that production would be "subject to Marygrove's consent." Please be prepared to elaborate during our call as to the specific reason(s) why Marygrove's consent is necessary, and what efforts Teachscape has undertaken to obtain such consent.

As with the above requests, Teachscape's objection that Request No. 31 is "overly broad, unduly burdensome and oppressive" requires a specific showing by Teachscape of burden and corresponding costs. *See* Fed. R. Civ. P. 26 *committee notes* (2006); *Hagemeyer*, 222 F.R.D. at 600. We look forward to discussing what specific difficulties, if any, Teachscape will encounter in collecting and producing its communications with Marygrove, after you have had an opportunity to obtain that information from your client so as to allow for a meaningful discussion on that point.

Teachscape's objection as to relevance and discoverability of the communications with Marygrove is a nonstarter. As specified in Laureate's First Amended Complaint, the allegedly infringing materials are distributed through Marygrove, and thus communications regarding those materials, including drafts shared with Marygrove, are relevant to Laureate's copyright claim or likely to lead to discoverable evidence regarding that claim.

Objections to Request Nos. 32-47:

Teachscape's objections to Request Nos. 32-47 are essentially the same as the objections already addressed above. Again, there is nothing vague about these requests because they refer to different types of communications between Teachscape and certain educational institutions, or seek documents with respect to graduate course programs offered

HellerEhrman LLP

by Teachscape. Regardless, Laureate will not compel the production of documents responsive to these requests at this time. Laureate reserves the right to seek their production at a later date, at which time I will write further in that regard. In the meantime, documents responsive to these requests should be retained and not destroyed during the pendency of this action.

Objections to Request Nos. 48-50 and 55:

Teachscape objects to Request Nos. 48-50 and 55 on the grounds that the phrases "relating to master's degree programs authored or offered by Laureate, Canter, and/or Walden," "created, authored, or edited" by Laureate, Canter, or Walden, and "relating to Laureate, Canter, and Walden" are vague and ambiguous. The objection is without merit because the terms are sufficiently particular to enable Teachscape to locate and produce the category of documents requested. Specifically, many of the materials sought will say on their face or elsewhere that they are the product of Laureate, Canter, or Walden or refer to these entities per the definition of "relating to" provided in paragraph 20 in the Definition section of Plaintiffs' requests. Moreover, it is our understanding that Teachscape is currently employing and/or you represent Canter's former employees, including Melissa Jaivin, Barbara DeHart, and Brenda Pope-Ostrow, who are extremely familiar with Laureate, Canter, and Walden materials such that they can help you and Teachscape locate documents responsive to these requests.

As with the above requests, Teachscape's objection that Request Nos. 48-50 are "overly broad, unduly burdensome and oppressive" requires a specific showing by Teachscape of burden and corresponding costs. *See* Fed. R. Civ. P. 26 *committee notes* (2006); *Hagemeyer*, 222 F.R.D. at 600. We look forward to discussing what specific difficulties, if any, Teachscape will encounter in identifying, collecting, and producing Laureate, Canter, and Walden materials, after you have had an opportunity to obtain that information from your client so as to allow for a meaningful discussion on that point.

Teachscape's objection as to relevance and discoverability of Laureate, Canter, and Walden materials in Teachscape's possession, custody, or control is a nonstarter. Teachscape's access to these materials is relevant to Laureate's copyright claim.

Objections to Request Nos. 51-54 and 56-77:

Teachscape's objections to Request Nos. 51-54 and 56-77 are essentially the same as the objections already addressed above. Again, there is nothing vague about these requests and Teachscape would be required to show how the production of documents responsive to them would result in specific burdens and costs. Regardless, Laureate will not compel the production of documents responsive to these requests at this time. Laureate reserves the right to seek their production at a later date, at which time I will write further in that regard. In the

HellerEhrman LLP

Gayle M. Athanacio, Esq.
January 23, 2008
Page 8

meantime, documents responsive to these requests should be retained and not destroyed during the pendency of this action.

Objections to Request No. 78:

Teachscape objects to Request No. 78 on the ground that the term "projected or completed timelines or schedules for development" is vague and ambiguous. The objection is without merit because the term is sufficiently particular to enable Teachscape to locate and produce the category of documents requested. Please be prepared to explain how this term is subject to interpretation such that Teachscape could not determine whether or not a document is responsive to it.

As with the above requests, Teachscape's objection that Request No. 78 is "overly broad, unduly burdensome and oppressive" requires a specific showing by Teachscape of burden and corresponding costs. *See* Fed. R. Civ. P. 26 *committee notes* (2006); *Hagemeyer*, 222 F.R.D. at 600. We look forward to discussing what specific difficulties, if any, Teachscape will encounter in identifying, collecting, and producing its product development timelines or schedules with respect to its degree programs and graduate courses that comprise those programs, after you have had an opportunity to obtain that information from your client so as to allow for a meaningful discussion on that point.

Teachscape's objection as to relevance and discoverability of these timelines or schedules is a nonstarter. The projected and actual time taken for Teachscape to develop its course materials is circumstantial evidence of whether copying of Laureate's materials occurred.

Objections to Request No. 79:

Teachscape objects to Request No. 79 on the grounds that the words and phrases "relationships," "developed, marketed or were involved in decisions" are vague and ambiguous. The objection is without merit because the terms are sufficiently particular to enable Teachscape to locate and produce the category of documents requested. Put in another way, this request seeks organizational charts that show Teachscape's organizational structure with respect to, and personnel working on, Teachscape's master's degree programs. Please be prepared to explain how these terms are vague such that Teachscape could not determine whether or not an organizational chart is responsive to it.

As with the above requests, Teachscape's objection that Request No. 78 is "overly broad, unduly burdensome and oppressive" requires a specific showing by Teachscape of burden and corresponding costs. *See* Fed. R. Civ. P. 26 *committee notes* (2006); *Hagemeyer*, 222 F.R.D. at 600. We look forward to discussing what specific difficulties, if any, Teachscape will encounter in identifying, collecting, and producing its organizational charts

HellerEhrman LLP

that show which personnel work on Teachscape's master's degree programs, after you have had an opportunity to obtain that information from your client so as to allow for a meaningful discussion on that point.

Teachscape's objection as to relevance and discoverability of these organizational charts is a nonstarter. Such materials are clearly discoverable. *See* Fed. R. Civ. P. 26 *committee notes* (2000); *see, e.g., Held v. National R.R. Passenger Corp.*, 101 F.R.D. 420, 425-26 (D.D.C. 1984).

Objections to Request No. 80:

Teachscape objects to Request No. 80 on the ground that the term "document retention or destruction policies" is vague and ambiguous. The objection is without merit. Please be prepared to explain how this term is vague such that Teachscape could not determine whether or not it has document retention or destruction policies.

Finally, Teachscape's objection as to the relevance and discoverability of these policies is a nonstarter. Courts routinely order the production of document retention policies and procedures, especially if the producing party contends documents no longer exist or cannot be located. *See, e.g., Sykes v. Target Stores*, No. 00-5112, 2002 WL 554505, *6 (N.D. Ill. Apr. 15, 2002); *Nike, Inc. v. Brandmania.com, Inc.*, No. 00-5148, 2002 WL 32348549, *11-12 (E.D. Pa. Oct. 7, 2002).

We look forward to your prompt response with your availability the week of January 28th to meet and confer.

Best regards,

Daniel N. Kassabian

cc:   Annette L. Hurst, Esq. (*via e-mail only*)
      Elena M. DiMuzio, Esq. (*via e-mail only*)
      Christine Lepera, Esq. (*via e-mail only*)