GAYLE M. ATHANACIO (SBN 130068)
gathanacio@sonnenschein.com
CHRISTINE LEPERA (admitted *pro hac vice*)
clepera@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
TEACHSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREATE EDUCATION, INC.,<br><br>　　　　Plaintiff.<br><br>　v.<br><br>TEACHSCAPE. INC.,<br><br>　　　　Defendant. | Case No. C 07-3225 RS<br><br>DEFENDANT TEACHSCAPE, INC.'S OPPOSITION TO PLAINTIFF LAUREATE EDUCATION, INC.'S MOTION TO COMPEL PRODUCTION OF DEFENDANT TEACHSCAPE, INC.'S "COURSE MATERIALS"<br><br>CONCURRENTLY FILED HEREWITH:<br><br>DECLARATION OF GAYLE M. ATHANACIO<br><br>Date:　　March 19, 2007<br>Time:　　9:30 a.m.<br>Dept:　　4 (5th Floor)<br>Judge:　Honorable Richard Seeborg |

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................ 3

    A. "Meet and Confer" Discussions Over Plaintiffs' Document Requests To Teachscape ................................................................................ 6

III. ARGUMENT .......................................................................................................... 8

    A. Laureate's Motion to Compel Lacks Factual Or Legal Basis............................... 8

        **1.** Teachscape Has Complied with Its Discovery Obligations. ................... 8

        **2.** Laureate's Request For "Drafts" Is Unwarranted.................................. 11

IV. CONCLUSION..................................................................................................... 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

PAGE

*Bell Atlantic Corp. v. Twombly*,
  127 S. Ct. 1955 (2007)..................................................................................................10

*Hagenmeyer N.America, Inc. v Gateway Data Sci Corp*,
  222 F.R.D. 594 (E.D.Wis 2004) ....................................................................................10

*Ricotta v. Allstate Insurance Co.*,
  211 F.R.D. 622 (S.D. Cal. 2002) .....................................................................................2

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) .........................................................................................10

*Telluride Mgt. Solutions, Inc. v. Telluride Investment Group*,
  55 F.3d 463 (9th Cir. 1995) .........................................................................................1, 9

*Walker v. University Books, Inc.*,
  602 F.2d 859 (9th Cir. 1979) ...................................................................................... 1-2

## STATE CASES

*Glass v. Beer*,
  2007 WL. 913876 (E.D. Cal. March 23, 2007) ..............................................................9

*Regal Elecs. v. Pulse Eng'g Inc.*,
  No 03  2005 WL. 3078983 (N.D. Cal. Nov. 16 2005) .................................................10

## I. INTRODUCTION

Plaintiff Laureate Education, Inc.'s ("Laureate" or "Plaintiff") motion to compel production of "course materials" represents yet another unfortunate example of Plaintiff's bad faith in bringing and pursuing litigation against Defendant Teachscape, Inc. ("Teachscape" or "Defendant"). As this Court already concluded, Laureate's "sue first—find out if there really is a claim later" modus operandi was inappropriate. Hence, this Court granted Teachscape's motion to dismiss, giving Plaintiffs Laureate and Canter & Associates, LLC ("Canter") (collectively "Plaintiffs") leave to amend to try to show that their claim was based on something more than a "guess".

In response, Laureate has filed its amended complaint making exactly the same claim this Court said it could not: *"all of my materials are copyrighted and I think you may have copied them."*[1] (December 12, 2007 order granting motion to dismiss, with leave to amend "Order", p. 3.) To add insult to injury, Laureate has now filed a motion to compel responses to its document requests seeking from Teachscape "earliest available drafts," and "final" and "latest" versions of documents and things "intended to be, actually sent to, or made available to" Marygrove College students and/or teachers.

In making its motion, Laureate continues to discount or entirely ignore the undisputed facts in this case and the well-settled law with regard to discovery and copyright infringement claims. Laureate is simply wrong when it claims that Teachscape "must comply" with Plaintiffs' discovery requests and has violated the court's holding in *Telluride Mgt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463 (9th Cir. 1995). Teachscape has violated no order of this Court regarding discovery as was the case in *Telluride*. Rather, Teachscape did what it was obligated to do under the Federal Rules of Civil Procedure: it timely served its responses and objections to Plaintiffs' discovery, sought to resolve the dispute through meet and confer

---

[1] Canter has dropped out of this lawsuit but filed in state court identical state law claims once before this Court. (Athanacio Declaration in Support of Opposition to Motion to Compel Teachscape's "Course Materials", ¶¶ 11, 13.)

-1-
TEACHSCAPE'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF "COURSE MATERIALS"
CASE NO. C07-03225 RS

1   discussions, and when all else failed, filed a motion for protective order. As reflected in
2   Teachscape's motion for protective order, ample case law supports a stay of discovery in this
3   case pending this Court's ruling on Teachscape's motion to dismiss Laureate's first amended
4   complaint ("FAC").[2]

5   Similarly, Laureate's present motion ignores or attempts to misstate fundamental tenets of
6   copyright law. Unquestionably, in order to state a claim for copyright infringement, the plaintiff
7   must show that the allegedly infringing work and infringed upon work are substantially similar.
8   That a different, "earlier" work may, if shown to be substantially similar, give rise to a *distinct*
9   copyright infringement claim *for that earlier work* (which is the holding of *Walker v. University
10  Books, Inc*., 602 F.2d 859, 864 (9th Cir. 1979)), is of no significance as to whether the later,
11  different work is infringing: if that later work is *not* substantially similar to the copyrighted
12  work, it is not infringing as a matter of law.

13  This distinction is critical when one considers the fact that Plaintiffs have rejected
14  Teachscape's repeated pre-and post-litigation offers to engage in the mutual exchange of final
15  course material, (indeed, to provide Laureate with direct access to the allegedly infringing online
16  Marygrove courses), so that the parties (and if necessary the Court) could understand what is the
17  allegedly infringing and infringed materials, and Plaintiffs could see for their own that no
18  substantial similarity exists between the works (and hence Plaintiffs' suspicions of Teachscape's
19  wrongdoing were unfounded).

20  In sum, Laureate has presented no valid basis on which to ask this Court to force
21  Teachscape to undertake the entirely unnecessary burden and expense of trying to divine and
22  produce in hard copy what Laureate believes are "earliest available" and "latest" drafts, and final
23  versions, of course material. Laureate has failed to state a valid claim and rejected Teachscape's
24  offer of a mutual exchange of materials. Laureate's motion to compel should be denied.

---

[2] Teachscape's motion for protective order and motion to dismiss the FAC are set for hearing at the same time as Laureate's present motion.

-2-
TEACHSCAPE'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF "COURSE MATERIALS"
CASE NO. C07-03225 RS

## II. FACTUAL BACKGROUND

From the outset of this action, and indeed, even before suit was filed, Teachscape has sought to work with Plaintiffs Laureate and its wholly owned subsidiary, Canter, to allow the dispute between the parties to be resolved without needless litigation and/or motion practice. Initially, Teachscape sought to avoid litigation by offering an "apples to apples" exchange of final master's degree course materials that Plaintiffs apparently suspected (albeit without basis) infringed upon Laureate's purported copyrights. Plaintiffs' response to this offer was to hastily register 40 copyrights and then file suit against Teachscape asserting causes of action for (1) misappropriation of trade secret (Cal. Civ. Code § 3426); (2) intentional interference with prospective economic relationships "with a number of educational institutions"; (3) intentional interference with the Canter/ Marygrove College contract; (4) misleading advertising (Cal. Bus. & Prof. Code § 17500); (5) Unfair Competition (Bus. & Prof. Code § 17200); (6) misleading advertisement under the Lanham Act; and lastly (7) a copyright infringement claim.[3]

Since Teachscape believed the complaint was deficient as a matter of law, Teachscape filed a motion to dismiss. On September 26, 2007, the hearing on Teachscape's motion was heard. At the hearing, the Court's inquiry focused to a great extent on Plaintiffs' rejection of Teachscape's pre-litigation offer of an "apples to apples" mutual exchange of Marygrove College ("Marygrove") final course material on which this action was predicated. Plaintiffs argued that they needed to view drafts of the allegedly infringing material in order to determine the viability of their claims. Teachscape felt that the Court was not persuaded by this argument: indeed, the Court mentioned that the more Plaintiffs argued about needing access to "drafts", the more it seemed that Plaintiffs were seeking to use discovery to find out if a claim existed, contrary to the U.S. Supreme Court's opinion in *Bell Atlantic v. Twombly*.[4]

---

[3] The facts set forth herein are taken from Plaintiffs' Complaint in this action and the Declaration of Gayle M. Athanacio filed in support of Teachscape's Motion to Dismiss the Complaint. (*See* Athanacio Declaration In Support of Motion to Dismiss Complaint, [Docket No. 7], ¶¶ 2-6 and Exhibits A through E thereto.)

[4] *See also*, Exhibit A to Declaration of Daniel Kassabian in support of Laureate's Motion to

-3-

After the conclusion of the hearing, Teachscape's counsel approached Plaintiffs' counsel to revisit the issue of a mutual exchange of final course material so that Plaintiffs could see for their own eyes the case against Teachscape lacked merit. (Declaration of Gayle M. Athanacio In Support of Opposition to Plaintiff's Motion to Compel "Course Materials" ("Athanacio Dec."), ¶ 5.) Plaintiffs' counsel flatly rejected the offer. (*Id.*)[5] When Teachscape's counsel reiterated its position that it made no sense to actively litigate this action while Teachscape's motion to dismiss was pending, Plaintiffs' counsel responded that they were prepared to engage in "scorched earth" litigation. (*Id.*) *Those were Plaintiffs' counsel's exact words*. A week later, Plaintiffs proposed that Teachscape unilaterally produce all Marygrove final course material (which was defined as either final or latest versions), along with the "first available draft" of all of the same. (*Id.*, ¶ 6, Ex. A.) Teachscape rejected Plaintiffs' demand. (*Id.*, ¶ 7, Ex. B.)

On October 15, 2007, while Teachscape's motion to dismiss was under submission, Plaintiffs hand-served on Teachscape their first set of document requests ("1st Set of Document Requests") — which contained 80 separate categories of documents — as well as a notice of deposition under FRCP 30(b)(6), which ostensibly called for testimony on 60 topics/subtopics. (*Id.*, ¶ 8, Exs. C, D.) Relevant to the present motion to compel, Laureate and Canter sought "Final versions and the earliest available drafts of documents and things intended to be, actually sent to, or made available to students or teachers" purportedly "relating to Teachscape's" courses and degree programs:

- "Teacher as Leader" course
- "Understanding Teaching and Learning" course
- "Instructional Design; Effective Assessment" course
- "Teacher as Researcher" course

---

Compel [Docket no. 62] (attaching an unofficial transcription of the hearing on Teachscape's motion to dismiss the complaint.)

[5] The exhibits to the Athanacio Declaration in Support of Teachscape's Motion to Compel are also attached to the Athanacio Declaration submitted in support of Teachscape's Motion for Protective Order.

-4-
TEACHSCAPE'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF "COURSE MATERIALS"
CASE NO. C07-03225 RS

- "Meeting the Needs of All Students" course
- "Foundations of Reading and Literacy" course
- "Assessment & Intervention for Struggling Readers"
- "Reading in the Content Areas" course
- Teachscape's "Master in Art of Teaching with a Focus on Elementary Reading & Literacy K-6" degree program
- "Problem Solving and Number & Operations, Grades K-5" course
- "Problem Solving and Number & Operations, Grades 6-8" course
- "Measurement and Geometry, Grades K-5" course
- Measurement and Geometry, Grades 6-8" course
- "Algebra, Grades K-5" course
- "Algebra, Grades 6-8" course
- "Data Analysis and Probability, Grades K-5" course
- "Data Analysis and Probability, Grades 6-8" course
- "Master in Art of Teaching with a Focus on Elementary Mathematics, Grades K-5" degree program
- "Master in Art of Teaching with a Focus on Mathematics, Grades 6-8" degree program[6]

Plaintiffs' requests stated that course material included "course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, and grading keys."

Teachscape timely served its responses and objections to Plaintiffs' discovery, setting forth its specific objections to each request. (*Id.* Exs. E, F.) Relevant to the present motion, Teachscape noted that as a general matter, Teachscape believed discovery (and certainly the burdensome and overbroad discovery Plaintiffs propounded) should be deferred pending this

---

[6] Plaintiffs defined "relating to" to mean "referring to, describing, concerning, evidencing, constituting, summarizing, addressing the subject matter of, supporting, negating, or rebutting."

-5-

TEACHSCAPE'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF "COURSE MATERIALS"
CASE NO. C07-03225 RS

Court's ruling on Teachscape's motion to dismiss. Teachscape further noted that the terms used in what Laureate now describes as "course material" and "drafts" were vague and ambiguous. (*See id.*)[7]

On December 12, 2007, this Court granted Teachscape's motion to dismiss with leave to amend. Relevant to the present motion, the Court observed:

> Here, Canter's complaint effectively concedes that it does not possess any information as to whether or not it has a viable copyright infringement claim. Although the complaint and Canter's briefing in opposition to this motion attempt to excuse that lack of knowledge based on the fact that it does not have access to defendants' course materials, that explanation does not serve to transform what is essentially a guess into a cognizable claim. **As pleaded, the complaint effectively says nothing more than, "all of my materials are copyrighted and I think you may have copied them." To state a copyright infringement claim, Canter must, at a minimum, do more than guess.**

(Order, p. 3; emphasis added.) Plaintiffs' response to the Court Order was to (1) file an amended complaint asserting a single cause of action for copyright infringement on behalf of Laureate alone based upon the same "guess"; (2) file a separate action on behalf of Canter asserting all of the state law claims previously asserted in this action; (3) send Teachscape a "meet and confer" letter (over two months after Teachscape's responses were served), demanding immediate discussions with regard to Plaintiffs' document requests; and (4) hand-serve on behalf of Canter extensive and overlapping discovery and document requests in the state court action. (*See* Athanacio Dec., ¶¶ 11, 12, 13, 16, 17; Exs. G, H, I.)

### A. "Meet and Confer" Discussions Over Plaintiffs' Document Requests to Teachscape

Laureate's initiation of the "meet and confer" process over Plaintiffs' document requests was its counsel's January 23, 2008 letter. Laureate emphasized in this letter (and a subsequent January 31 letter and discussions) its demand for immediate production of hard copies of

---

[7] Relatedly, Teachscape objected to Plaintiffs repeated use the term "Teachscape's" degree programs. As was noted at the hearing, and as Plaintiffs' counsel conceded (as they must), Teachscape never was and never has been an accredited university authorized to issue any degree. Rather, any "degree program" was that of the university or college.

-6-

Teachscape's "final versions and the earliest available drafts of documents and things intended to be, actually sent to, or made available to students or teachers relating to" various courses. (*See id*., ¶¶ 12, 16, 18, 19; Exs. G, H, J.)

During subsequent discussions, Laureate's counsel demanded that Teachscape immediately state whether it would produce the "first available draft" and "final" course materials Plaintiffs requested. In these discussions, Plaintiffs continued to reject Teachscape's reasonable offer of an "apples to apples" exchange of allegedly infringing final course material and flatly stated that even if Teachscape provided Plaintiffs with direct access to all the Marygrove online course materials (by providing them with a log on/password), it would not be sufficient. (*Id.*, ¶¶ 18-19.) Tellingly, Teachscape was told that if it wanted to see Laureate's allegedly infringed materials, Teachscape would have to propound formal discovery on Laureate or else seek the copyrighted materials directly from the Copyright Office.[8] (*Id.* ¶ 18.) Efforts to have Plaintiffs explain what they intended "course materials" to be and why they supposedly needed all "first available drafts" and hard copies (with metadata) of everything were similarly rebuffed.[9]

Ultimately, Teachscape concluded that Plaintiffs were not pursuing litigation or discovery in good faith. This conclusion was cemented when in the "meet and confer" discussions over Plaintiffs' "course material" requests, it became clear that even if Teachscape acquiesced to Plaintiffs' demands (assuming for the sake of discussions there was a meeting of the minds on what Plaintiffs really wanted), and Plaintiffs (not Teachscape) could see for their own eyes there was *no substantial similarity* between any of Teachscape's and Laureate's works, litigation

---

[8] Plaintiffs' counsel suggestion that Teachscape obtain copies of Laureate's material from the Copyright Office is particularly disingenuous. Teachscape should not have to go to the time and expense to try to figure out what exactly are Laureate's claims. And even if it did undertake such effort, it would be to no avail: Laureate apparently encrypted the audiovisual material (20 copyrights) such that no copies can be obtained from the Copyright Office.

[9] Plaintiffs seek Teachscape's production of articles and texts authored by third parties but would not explain how Teachscape was expected to produce "first available drafts" or "latest versions" of such works. (*Id.*, ¶¶ 14, 17-18.)

-7-
TEACHSCAPE'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF "COURSE MATERIALS"
CASE NO. C07-03225 RS

would continue. (*Id.*, ¶¶ 15, 18.) When asked, Laureate could not (would not) say what it would do if it got everything Plaintiffs said they wanted from Teachscape and it was shown *to Plaintiffs' satisfaction* that no substantial similarity between Laureate's and Teachscape's materials existed. Rather, Teachscape was told to produce all the documents and then, Plaintiffs would discuss how they would proceed. [10]

Thus, in the end, Teachscape reiterated its belief that Laureate's FAC was as equally defective as Plaintiffs' prior complaint, and based on this and in light of Plaintiffs' litigation tactics in both this and the state court action, Teachscape believed Laureate was using litigation and discovery as a vehicle to conduct a fishing expedition and interfere with Teachscape's lawful business. Laureate disagreed with Teachscape. Laureate's present motion to compel and Teachscape's motion for protective order followed.

## III.  ARGUMENT

### A.  Laureate's Motion to Compel Lacks Factual or Legal Basis.

Laureate's motion to compel "course materials" is predicated on two arguments: (1) Teachscape "must comply" with Laureate's discovery requests; and (2) discovery of "drafts" in this copyright case is appropriate. Laureate is mistaken on both counts.

#### 1.  Teachscape Has Complied with Its Discovery Obligations.

In the first instance, neither case law nor common sense support Laureate's contention that Teachscape "must comply" with Laureate's discovery requests even though Teachscape has filed a motion to dismiss the FAC. (Plaintiff's Motion, p. 1:13-14.) Indeed, even a cursory review of *Telluride*, the case Laureate cites to in support of its argument, shows Laureate's argument is without merit.

In *Telluride*, the court had *specifically ordered* that the deposition of the defendant's principal take place. The defendant's principal failed to appear at the deposition *despite the court order*. Defendant was sanctioned for violating the court order. In defense, the defendant

---

[10] The initial response by Plaintiffs' counsel was that the question was an "incomplete hypothetical". (*Id.*, ¶ 15.)

1   argued he need not appear since defendant's motion to dismiss was granted, albeit with leave to

2   amend.  Not surprisingly, the *Telluride* court found the award of sanctions was appropriate since

3   the defendant had *violated the court's order.*  55 F.3d at 466-467.  The *Telluride* court did not

4   hold that a party "must comply" with another parties' discovery, particularly not inappropriate

5   discovery as that at issue here.

6   No doubt recognizing that *Telluride* does not support its argument that Teachscape "must

7   comply" with Laureate's discovery, Laureate quotes to this Court's order issued in connection

8   with Laureate's motion to compel *initial disclosures* to suggest that Teachscape has failed to

9   comply with "a pending discovery obligation."  Again, Laureate's accusation against

10  Teachscape is unfounded.

11  As noted in the order upon which Laureate relies, the Court was expressly discussing

12  Teachscape's "initial disclosure obligations."  The issue of Teachscape's "obligation" to accede

13  to Laureate's demand for production of documents was simply not before the Court.  More to

14  the point, Teachscape has in fact fully complied with its discovery obligations.  Teachscape

15  properly responded to the discovery at issue, and having been unable to resolve the parties'

16  differences, moved for a protective order to stay discovery.  As the *Telluride* court suggests,

17  filing such a motion for protective order is precisely the proper course to take.  *See* 55 F.3d at

18  467, n.3.

19  Most fatal to Plaintiff's motion to compel is that Laureate completely ignores that well-

20  settled case law holds that Laureate cannot do what it has done (again) here: file suit without

21  proper basis or inquiry and then use discovery to try to make a claim.  As shown in

22  Teachscape's motion to dismiss, Laureate's first amended complaint is based upon the exact

23  same "guess" and claim as was Plaintiffs' original complaint: *"all of my materials are*

24  *copyrighted and I think you may have copied them."*  That Laureate's claim is still based on its

25  unfounded "guess" is its own fault, not the result of anything Teachscape did (or did not) do.

26  Hence, any discovery by Laureate is by definition, an unnecessary, unwarranted and undue

27  burden to which Teachscape was well within its right to object.  *See Glass v. Beer*, 2007 WL

28

-9-

TEACHSCAPE'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF "COURSE MATERIALS"
CASE NO. C07-03225 RS

913876, *1, *7 (E.D. Cal. March 23, 2007) (denying plaintiff's motion to compel on grounds that the plaintiff had made no specific showing with respect to relevancy and that "[p]laintiff may not use discovery as a fishing expedition"). *See also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).[11]

Nor should this Court be persuaded by Laureate's suggestion that Teachscape did not substantively respond to Laureate's attempt to resolve the objections to Laureate's requests for production. It is simply untrue. When Teachscape observed that the requests for "first available drafts" made no sense in the context of online interactive course materials, which according to Laureate's own requests included materials (articles and texts) authored by third parties, Laureate refused to explain what it really meant in the context of its own request and instead referred Teachscape to generic definitions found in the Copyright Act. (Athanacio Dec., ¶¶ 14, 16, 19; Exs. H, J.) Similarly, Laureate was plainly told that *any* discovery was unduly burdensome when its case was based on a "guess" and that trying to articulate further the precise burden was not feasible since Laureate had not clarified what it wanted, and why access to the Marygrove online course materials would not meet it supposed needs. (*Id.,* ¶¶ 15, 18-19.) Thus, Teachscape responded to Laureate's supposed "attempts"to resolve the objections. Laureate simply did not like Teachscape's responses.

Teachscape has fully complied with its discovery obligations in this case and sought to resolve its differences in good faith with Laureate. The problem lies in the fundamental fact that Laureate has deliberately, by design, kept itself, Teachscape and this Court in the dark and sought to use discovery to unduly burden and harass Teachscape. Laureate's present motion to compel is unfounded and should be rejected.

---

[11] Laureate's reliance on *Hagenmeyer N.Am., Inc. v Gateway Data Sci Corp,*, 222 FRD 594, 600 (E.D.Wis 2004) and *Regal Elecs. v. Pulse Eng'g Inc*., No 03 1296 JW (RS), 2005 WL 3078983* 3 (N.D. Cal. Nov. 16 2005) is misplaced. Teachscape did not assert that Plaintiffs' requests were unduly burdensome "solely" because they are public records. Nor has Teachscape failed to articulate the burden to the extent it can based on the vague requests.

-10-
TEACHSCAPE'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF "COURSE MATERIALS"
CASE NO. C07-03225 RS

### 2. Laureate's Request For "Drafts" Is Unwarranted.

As this Court observed at the hearing on Teachscape's motion to dismiss Plaintiffs' initial complaint, the more Plaintiffs sought discovery with regard to "draft" course material, the more Plaintiffs ran afoul of the Supreme Court's holding in *Bell Atlantic*. In its present motion to compel, Laureate distorts the holding of *Walker*, 602 F.2d at 864, to suggest that "first available drafts" of materials "distribut[ed] to persons at Marygrove" will result in the "most likely evidence of infringement." However, *Walker* had nothing to do with the issues presented in this case or Laureate's motion to compel.

To the contrary, in *Walker*, the plaintiff had *specifically* identified the particular works that allegedly infringed upon her specific copyrights. These works included "blueprints" of "I Ching" cards, as well as the final versions of cards that were actually marketed and sold. In *Walker*, the question before the court was whether the blueprints of the cards could be copies that could give rise to a *separate* claim of copyright infringement. (Due to the failure to affix the marketed cards with copyright notices, the plaintiff could not maintain any claim of infringement of the final works.) The Court in *Walker* merely observed, as Laureate notes, that "the fact that an allegedly infringing copy of a protected work may itself be only a inchoate representation of some final product to be marketed commercially does not in itself negate the possibility of infringement." Unquestionably, the *Walker* court was referring to the blueprints. 602 F.2d at 864.

Here, Laureate is apparently claiming that every document and thing published in connection with every course in the Marygrove Math and Reading degree programs are infringing some or all of Laureate's copyrights. (*See* Laureate Motion to Compel, P. 2:23-3:6; p. 8:2-4, FAC, ¶ 25.) Thus, the fundamental question in this case is whether *these final materials*, not any drafts, are substantially similar to Laureate's copyrighted works. Either the final works are substantially similar or not. If they are not, as a matter of law, a copyright claim that the final works are infringing fails as a matter of law. This holding is entirely consistent with well established copyright law and *Walker*. *See Walker*, 602 F.2d at 864 (court noting that to state a

-11-
TEACHSCAPE'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF "COURSE MATERIALS"
CASE NO. C07-03225 RS

1  claim a plaintiff must demonstrate not only that the defendant had access to the protected work
2  but also "that there exists substantial similarity between [defendant's]work and her [plaintiff's]
3  own").

4  Laureate had the opportunity to see for itself prior to filing suit that the allegedly
5  infringing materials are not substantially similar.  That Laureate has repeatedly refused to
6  undertake to determine whether its "guess" has any basis in reality cannot conceivably justify
7  the discovery it seeks or force Teachscape to identify, locate and produce "drafts" of such
8  material.[12]  Laureate's absurd and unfounded accusation that Teachscape may have "modif[ied]
9  these materials before distributed [sic] them to Marygrove students and staff in January 2007"
10 (Motion, p. 8:9-15)  provides absolutely no basis on which to compel Teachscape's production.
11 Certainly, *Walker* in no way authorizes such a "fishing expedition."  *See also Ricotta v. Allstate
12 Ins. Co.*, 211 F.R.D. 622, 624 (S.D. Cal. 2002) (denying motion to compel where sought after
13 discovery *might* produce relevant evidence but plaintiff had provided no factual support for
14 claim and the "allegation constitutes mere speculation").

## IV.   CONCLUSION

While Laureate's copyright claim remains a mystery to Teachscape, as a matter of law, if the "final" course materials are not substantially similar, they are not infringing.  Laureate's repeated rejection of the reasonable pre-litigation offer (reiterated post-litigation) to review the allegedly infringing final course materials proves beyond doubt that Laureate does not have a viable copyright claim and that Laureate must know that; otherwise, there is simply no legitimate basis for Laureate to refuse Teachscape's offer.  Not a single case cited by Plaintiff in its motion to compel suggests a contrary conclusion.

Indeed, Laureate's conduct in propounding the discovery, refusing Teachscape's repeated offer for a mutual exchange of allegedly infringed and infringing course materials, and service

---

[12] To the extent Laureate attempts to shift gears again and claim the drafts in and of themselves are infringing copies, Teachscape respectfully submits such a claim violates both the Federal Rules (FRCP 8 and 11) and this Court's admonition in its Order that a claim based on a "guess" is improper.

-12-
TEACHSCAPE'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF "COURSE MATERIALS"
CASE NO. C07-03225 RS

of duplicative discovery in state court, demonstrates that Laureate is not seeking to unearth "the most likely evidence of copyright infringement" (which in and of itself represents Plaintiff's glaring admission that it continues to "guess" there is some infringement), but rather to unduly burden, annoy and harass Teachscape, and use litigation to interfere with Teachscape's legitimate business. Laureate's motion to compel should be denied.

Date: February 20, 2008         SONNENSCHEIN NATH & ROSENTHAL LLP

By _____/S/_____
    GAYLE M. ATHANACIO

Attorneys for Defendant
TEACHSCAPE, INC.

27290544