# EXHIBIT H

# HellerEhrman LLP

January 31, 2008

Daniel N. Kassabian
Daniel.Kassabian@hellerehrman.com
Direct +1 (415) 772-6098
Direct Fax +1 (415) 772-1796
Main +1 (415) 772-6000
Fax +1 (415) 772-6268

*Via E-mail and U.S. Mail*

26930.0004

Gayle M. Athanacio, Esq.
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708

Re:   *Laureate Education, Inc. v. Teachscape, Inc.*, No. 07-3225 RS (N.D. Cal.)

Dear Gayle:

Pursuant to our conference call yesterday, please find attached a revised draft of the Stipulated Protective Order that incorporates many of your edits, including changes to reflect definitions and paragraphs from the Northern District of California's exemplar protective order, and a redline comparing this revised draft to the version you sent yesterday. We would appreciate any further edits you may have in advance of our call scheduled for tomorrow at 1 p.m. Also, as noted during our call yesterday and as indicated in the latest draft, Laureate reserves the right to seek modification of the Order at a later date if necessary.

I further write to simplify the issues on which we need to meet and confer regarding Laureate's Request Nos. 1-9, 11-19, and 21 in its first set of requests for production. To allow for an expeditious resolution of any disputes regarding the production of the degree and course materials sought in those requests, I will restate Laureate's response to Teachscape's objections to those requests as succinctly as possible. These specific requests seek the materials for the degrees and courses set forth in paragraph 25 of Laureate's First Amended Complaint. Accordingly, these materials are plainly relevant to Laureate's copyright infringement claim.

Teachscape objections to these requests or terms therein as being vague and ambiguous are without merit. The language of these requests is sufficiently particular to enable Teachscape to locate and produce the degree and course materials sought. A "final version" of a degree or course material is one that has been or will be provided to students currently enrolled in Teachscape's Master in the Art of Teaching ("MAT") degree programs offered through Marygrove or provided to teachers—i.e., instructors / graders—at Marygrove for those degrees and courses. The "earliest available drafts" of these degree and course materials comprises the document or thing first "created" that resulted in a responsive, final

Heller Ehrman LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Silicon Valley   Singapore   Washington, D.C.

HellerEhrman LLP

Gayle M. Athanacio, Esq.
January 31, 2008
Page 2

degree or course material, where "created" is defined under the Copyright Act, 17 U.S.C. § 101. Each request also includes a list of the types of documents that have been sought. In light of the above, please let us know if Teachscape still needs clarification as to what these requests cover and do not cover.

For all of these requests except Request No. 1, Teachscape objects that the requests are "overly broad, unduly burdensome and oppressive." Pursuant to Rule 26(b)(2)(B)-(C), Teachscape must make a specific showing of burden and corresponding costs in standing on such an objection. *See* Fed. R. Civ. P. 26 *committee notes* (2006); *see, e.g., Hagemeyer N. Am., Inc. v. Gateway Data Sci. Corp.*, 222 F.R.D. 594, 600 (E.D. Wis. 2004). Because final degree and course materials have been or will be distributed to students and teachers at Marygrove, Teachscape can readily produce a copy of these materials to Laureate. For the earliest available drafts, we obviously are unfamiliar with Teachscape's document and electronic information retention protocols and procedures because Teachscape refused to discuss them at our Rule 26(f) conference. Regardless, we look forward to discussing what specific difficulties, if any, Teachscape will encounter in collecting and producing those documents.

Finally, we do not see how any of Teachscape's general objections raise valid, outstanding issues with respect to Request Nos. 1-9, 11-19, and 21. In any case, we remain open to discussing any general objection to the extent necessary to obtain documents and things responsive to these requests.

In light of the above, at our next meet and confer call we would appreciate it if you confirmed that Teachscape will produce documents responsive to Request Nos. 1-9, 11-19, and 21 upon entry of a protective order in this case. We further would appreciate it if you also provided a time-frame in which Teachscape expects to begin and complete this production.

Best regards,

Daniel N. Kassabian

Attachments

cc: Annette L. Hurst, Esq. (*via e-mail only*)
Elena M. DiMuzio, Esq. (*via e-mail only*)
Christine Lepera, Esq. (*via e-mail only*)