# EXHIBIT I

1  ANNETTE L. HURST (State Bar No. 148738)
2  DANIEL N. KASSABIAN (State Bar No. 215249)
   ELENA M. DIMUZIO (State Bar No. 239953)
3  HELLER EHRMAN LLP
   333 Bush Street
4  San Francisco, California 94104-2878
5  Telephone: +1.415.772.6000
   Facsimile:  +1.415.772.6268
6  E-mail:    Annette.Hurst@HellerEhrman.com
              Daniel.Kassabian@HellerEhrman.com
7             Elena.DiMuzio@HellerEhrman.com
8
   Attorneys for Plaintiff
9  CANTER & ASSOCIATES, LLC

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              CITY AND COUNTY OF SAN FRANCISCO

12                      (Unlimited Civil Case)

13

14  CANTER & ASSOCIATES, LLC,                Case No.: CGC 08-471311
    a Delaware limited liability company,

15                                           **PLAINTIFF'S FIRST SET OF**
                                             **SPECIAL INTERROGATORIES**
16                          Plaintiff,

17        v.

18  TEACHSCAPE, INC., a Delaware corporation,
    and DOES 1-15, inclusive,
19

20                          Defendants.

21

22  PROPOUNDING PARTY:        Canter & Associates, LLC

23  RESPONDING PARTY:         Teachscape, Inc.

24  SET NUMBER:               One (1)

25

26

27

28

Heller
Ehrman LLP

COPY

Pursuant to California Code of Civil Procedure §§ 2030.010 *et seq.*, Plaintiff Canter & Associates, LLC hereby requests that Defendant Teachscape, Inc. answer each specially prepared interrogatory contained herein.

**INSTRUCTIONS (pursuant to Cal. Civ. Proc. Code §§ 2030.060 & 2033.710)**

1.     An answer or other appropriate response must be given to each interrogatory.

2.     Within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure §§ 2030.260-2030.270 for details.

3.     Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

4.     If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

5.     Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

6.     Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

7.     If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

8.     Your answers to these interrogatories must be verified, dated, and signed.

Heller
Ehrman LLP

1

# SPECIAL INTERROGATORIES

**Special Interrogatory No. 1:**

IDENTIFY TEACHSCAPE's past and current relationships with each of CANTER'S FORMER EMPLOYEES, including when the relationship began and ended, the contracts and agreements that form part of that relationship, TEACHSCAPE's purpose in forming that relationship, and the steps taken to ensure that CANTER's confidential information was not utilized during that relationship. (For purposes of these interrogatories: "IDENTIFY", as to any information relied upon and/or referred to in your interrogatory response, means to state (1) the details of each and every fact supporting the same (2) the nature of all communications relating to the same, including the dates thereof and persons involved (3) the names, addresses, and telephone numbers for all persons having knowledge related to such information and (4) a complete description by title, type, date, author, addressee, recipient, and Bates number if any, of all documents related to such information; "TEACHSCAPE" means Defendant Teachscape, Inc., and any related companies, divisions, or subsidiaries, past or present, and the directors, officers, employees, contractors, agents, or attorneys thereof, including but not limited to foreign subsidiaries and divisions; "CANTER" means Plaintiff Canter & Associates, LLC and any related companies, divisions, or subsidiaries, past or present, and the directors, officers, employees, contractors, agents, or attorneys thereof, including but not limited to foreign subsidiaries and divisions, of which TEACHSCAPE is aware; and "CANTER'S FORMER EMPLOYEES" means any person who both (1) was employed by, or was an independent contractor for Canter or Laureate and (2) was / is employed, or was / is an independent contractor of Teachscape, and includes without limitation Valerie Cameron, Anna Crupi, Barbara DeHart, Suddie Gossett, Melissa Jaivin, Hae Young Kim, Stacey McNalley, Romario Pineda, Brenda Pope-Ostrow, Mike Soules, Chip Swalley, and Simone Vilandre.)

**Special Interrogatory No. 2:**

IDENTIFY TEACHSCAPE's past and current relationships with each and every EDUCATIONAL INSTITUTION that began after January 1, 2004, including when the relationship began and ended, the contracts and agreements that form part of that relationship, the natural persons on both sides that established that relationship, TEACHSCAPE's purpose in forming that relationship, and the steps taken to ensure that CANTER's confidential information was not utilized during that relationship. (Additionally, for purposes of these interrogatories: "EDUCATIONAL INSTITUTION" means Andrews University, Cardinal Stritch University, City University of Seattle, Indiana Wesleyan University, Marygrove College, New York State United Teachers' Education and Learning Trust, Olivet Nazarene University, Seattle Pacific University, University of New England, and any other organization with regional (NCA) and/or national (NCATE) accreditation, graduate level in the field of education, that offers graduate degrees or graduate level credits in the field of education.)

**Special Interrogatory No. 3:**

IDENTIFY all factual and legal bases that support TEACHSCAPE's denial of any and all of the allegations of the COMPLAINT, including the natural persons with knowledge of those factual bases and the documents and things that support those factual bases. ("COMPLAINT" means the complaint filed on January 23, 2008 by CANTER in the above-captioned action, and any amendments thereto.)

Dated: February 4, 2008

HELLER EHRMAN LLP

By _____
DANIEL N. KASSABIAN
Attorneys for Plaintiff
CANTER AND ASSOCIATES, LLC

Heller
Ehrman LLP

3

1  ANNETTE L. HURST (State Bar No. 148738)
2  DANIEL N. KASSABIAN (State Bar No. 215249)
   ELENA M. DIMUZIO (State Bar No. 239953)
3  HELLER EHRMAN LLP
   333 Bush Street
4  San Francisco, California 94104-2878
   Telephone: +1.415.772.6000
5  Facsimile:  +1.415.772.6268
6  E-mail:     Annette.Hurst@HellerEhrman.com
               Daniel.Kassabian@HellerEhrman.com
7              Elena.DiMuzio@HellerEhrman.com
8
   Attorneys for Plaintiff
9  CANTER & ASSOCIATES, LLC

10             SUPERIOR COURT OF THE STATE OF CALIFORNIA

11             CITY AND COUNTY OF SAN FRANCISCO

12                      (Unlimited Civil Case)

13
14  CANTER & ASSOCIATES, LLC,                 Case No.: CGC 08-471311
    a Delaware limited liability company,
15                                            **PLAINTIFF'S FIRST SET OF**
                                              **REQUESTS FOR PRODUCTION OF**
16                             Plaintiff,     **DOCUMENTS AND THINGS**

17       v.

18  TEACHSCAPE, INC., a Delaware corporation,
    and DOES 1-15, inclusive,
19
20                             Defendants.

21

22  PROPOUNDING PARTY:        Canter & Associates, LLC

23  RESPONDING PARTY:         Teachscape, Inc.

24  SET NUMBER:               One (1)

25
26
27
28

Heller
Ehrman LLP

COPY

1    DEMAND IS HEREBY MADE pursuant to California Code of Civil Procedure

2  §§ 2031.010 *et seq.* that Defendant Teachscape, Inc. produce and permit the inspection and

3  copying of the documents and/or tangible things described below by Plaintiff Canter &

4  Associates, LLC.  The place of inspection shall be the offices of Heller Ehrman LLP, 333

5  Bush Street, 30th Floor, San Francisco, California 94104.  The date and time for such

6  inspection shall be 10:00 a.m. on Wednesday, March 5, 2008 and continuing from day to

7  day thereafter as reasonably required.

8    Within 30 days after service of this inspection demand, defendant shall serve the

9  original of its written response to the demand on plaintiff.  Pursuant to Code of Civil

10  Procedure § 2031.300(a), failure to serve a timely response to this inspection demand

11  waives any objection to the demand, including one based on privilege or work-product

12  protection.

13    **DEFINITIONS**

14    When used in the following requests for production, the following definitions apply:

15    1.    The terms "Teachscape," "you," "your," or "yourself," means Defendant

16  Teachscape, Inc., and any related companies, divisions, or subsidiaries, past or present, and

17  the directors, officers, employees, contractors, agents, or attorneys thereof, including but not

18  limited to foreign subsidiaries and divisions.

19    2.    The term "Canter" means Plaintiff Canter & Associates, LLC and any related

20  companies, divisions, or subsidiaries, past or present, and the directors, officers, employees,

21  contractors, agents, or attorneys thereof, including but not limited to foreign subsidiaries

22  and divisions, of which Teachscape is aware.

23    3.    The term "Laureate" means Laureate Education, Inc. and any related

24  companies, divisions, or subsidiaries, past or present, and the directors, officers, employees,

25  contractors, agents, or attorneys thereof, including but not limited to foreign subsidiaries

26  and divisions, of which Teachscape is aware.

27

28

Heller
Ehrman LLP

1

4.     The term "Andrews" means Andrews University located in Berrien Springs, Michigan, and any of its employees, directors, trustees, officers, contractors, agents, or attorneys, past or present, of which Teachscape is aware.

5.     The term "Cardinal Stritch" means Cardinal Stritch University located in Milwaukee, Wisconsin, and any of its employees, directors, trustees, officers, contractors, agents, or attorneys, past or present, of which Teachscape is aware.

6.     The term "City University" means City University of Seattle located in Seattle, Washington, and any of its employees, directors, trustees, officers, contractors, agents, or attorneys, past or present, of which Teachscape is aware.

7.     The term "Indiana Wesleyan" means Indiana Wesleyan University based in Marion, Indiana, and any of its employees, directors, trustees, officers, contractors, agents, or attorneys, past or present, of which Teachscape is aware.

8.     The term "Marygrove" means Marygrove College located in Detroit, Michigan, and any of its employees, directors, trustees, officers, contractors, agents, or attorneys, past or present, of which Teachscape is aware.

9.     The term "NYSUT ELT" means the New York State United Teachers' Education and Learning Trust located in Latham, New York and/or available online at https://eltweb.nysut.org, and any of its employees, directors, trustees, officers, contractors, agents, or attorneys, past or present, of which Teachscape is aware.

10.     The term "Olivet" means Olivet Nazarene University located in Boubonais, Illinois, and any of its employees, directors, trustees, officers, contractors, agents, or attorneys, past or present, of which Teachscape is aware.

11.     The term "Seattle Pacific" means Seattle Pacific University located in Seattle Washington, and any of its employees, directors, trustees, officers, contractors, agents, or attorneys, past or present, of which Teachscape is aware.

12.     The term "Walden" means Walden University available online at www.waldenu.edu, and any of its employees, directors, trustees, officers, contractors, agents, or attorneys, past or present, of which Teachscape is aware.

Heller
Ehrman LLP

2

13.    The term "UNE" means University of New England located in Biddeford and Portland, Maine, and any of its employees, directors, trustees, officers, contractors, agents, or attorneys, past or present, of which Teachscape is aware.

14.    The term "educational institution" means separately and collectively, Andrews, Cardinal Stritch, City University, Indiana Wesleyan, Marygrove, NYSUT ELT, Olivet, Seattle Pacific, UNE, and any other organization with regional (NCA) and/or national (NCATE) accreditation, graduate level in the field of education, that offers graduate degrees or graduate level credits in the field of education.

15.    The term "Canter's former employees" means any person who both (1) was employed by, or was an independent contractor for Canter or Laureate and (2) was / is employed, or was / is an independent contractor of Teachscape. The term "Canter's former employees" also includes, but is not limited to, Valerie Cameron, Anna Crupi, Barbara DeHart, Suddie Gossett, Melissa Jaivin, Hae Young Kim, Stacey McNalley, Romario Pineda, Brenda Pope-Ostrow, Mike Soules, Chip Swalley, and Simone Vilandre.

16.    The term "master's degree program" means a distance-learning and/or online degree program, including all courses and curriculum in connection with the program, where upon its successful completion the program participant receives a master's degree in the field of education, including Master in the Art of Teaching, Master in Education, and Master of Science in Education from an educational institution.

17.    The term "graduate course program" means a distance-learning and/or online course program for graduate credit from an educational institution.

18.    The term "Complaint" means the complaint filed on January 23, 2008 by Canter in the above-captioned action, and any amendments thereto.

19.    The term "Canter's Identification Of Trade Secrets" means Plaintiff Canter & Associates, LLC's Identification Of Trade Secrets served on February 4, 2008 by Canter in the above-captioned action, and any amendments thereto.

20.    As used herein, the conjunctions "and," "or," and "including" shall be interpreted conjunctively and shall not be interpreted to exclude any information otherwise within the scope of the request.

21.    As used herein, the terms "all" and "any" shall be interpreted inclusively so as to mean both "all" and "any" whenever either term is used.

22.    The terms "document" and "documents" are used in their broadest possible sense in accord with Code of Civil Procedure § 2016.020(c) and refer, without limitation, to any writings, recordings, photographs or electronic information defined in Evidence Code § 250, including all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrences or events. This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, checks, check registers, financial statements, journals, ledgers, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, e-mails, telegrams, telexes, facsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained. The terms shall include all preliminary versions, drafts or revisions of the foregoing, and all copies of a document shall be produced to the extent that the copies differ from the document produced due to notations, additions, insertions, comments, enclosures, attachments or markings of any kind.

23.    The term "things" means any tangible item, including without limitation, models, prototypes and samples of any device or apparatus or product.

Heller
Ehrman LLP

4

24.   The term "date" means the exact day, month and year if so ascertainable or, if not, the best approximation (including relationship to other events).

25.   The term "person" means any natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

26.   The term "relating to" means referring to, describing, concerning, evidencing, constituting, summarizing, addressing the subject matter of, supporting, negating, or rebutting.

27.   The term "share" means to send via electronic mail, to send a physical copy, distribute, exchange, or otherwise provide a copy.

28.   The terms "communication" or "communications" mean all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, telegraphs, advertisements, computer mail, e-mail, instant messages, voicemail and all other verbal or nonverbal interactions between or among persons.

29.   The term "identify" shall mean:

(a)   in connection with natural persons, to specify their full name, title and job description, and their present or last known business address and residence;

(b)   in connection with firms, partnerships, corporations, proprietorships, associations or other entities, to specify their name, and their present or last known addresses of the principal place of business (designating which);

(c)   in connection with documents as defined above, to describe the document, setting forth its date, title, author or over whose name it issued, the addressee, parties thereto, the substance and the present custodian thereof, with such reasonable particularity as would be sufficient to permit the document to be identified among documents already produced pursuant requests for production, or to be sought by requests for production or subpoena *duces tecum*;

1   (d)   in connection with oral statements and communications: to specify

2   (i) when and where they were made; (ii) each of the participants and witnesses thereto, and

3   all others present; (iii) the medium of communication; and (iv) their substance.

4   **INSTRUCTIONS**

5   1.   Each request below extends to any documents in the possession, custody or

6   control of Teachscape. The document is deemed to be in Teachscape's possession, custody

7   or control, if it is in Teachscape's physical custody, or if it is in the physical custody of any

8   other person and TEACHSCAPE (a) owns such documents in whole or in part; (b) has a

9   right by contract, statute or otherwise to use, inspect, examine or copy such documents on

10  any terms; (c) has an understanding, express or implied, that Teachscape may use, inspect,

11  examine or copy such documents on any terms; or (d) has, as a practical matter, been able to

12  use, inspect, examine or copy such documents when the defendant has sought to do so.

13  Such documents shall include, without limitation, documents that are in the custody of

14  Teachscape's attorneys or other agents.

15  2.   Unless otherwise stated, the time period covered by this notice is up to and

16  including the date on which the documents are produced.

17  3.   Pursuant to Code of Civil Procedure §§ 2031.210-2031.250, in responding to

18  these requests, you must make a diligent search of your records, papers, materials, and

19  electronically stored information in your possession or available to you or your

20  representatives, including electronically stored information from sources that are reasonably

21  accessible. After exercising due diligence, you shall state with particularity the extent to

22  which you will comply with the request. For each request with which you are unable to

23  comply in full, in a written response under oath you shall affirm that a diligent search and

24  reasonable inquiry to comply with that request, and you shall further state whether the

25  documents and items requested never existed, have been destroyed, have been lost,

26  misplaced, or have never been in your possession, custody or control, and shall identify the

27  person known or believed to have possession, custody or control of those documents or

28  items.

Heller
Ehrman LLP

6

4.    If any request is unclear or ambiguous to you, you are requested to contact undersigned counsel as soon as possible so that the request can be clarified to avoid unnecessary delays in discovery.

5.    Pursuant to Code of Civil Procedure § 2031.040(b), if you object to producing documents or items called for by a request, in writing you shall identify with particularity the item(s) and/or document(s) responsive to the request that is being withheld and shall set forth clearly the extent of, and the specific grounds for, the objection.

6.    Pursuant to Code of Civil Procedure § 2031.040(b)(2), for any documents responsive to a request that is being withheld on the grounds of privilege, immunity, or any other grounds, you shall provide a written response and/or log with the following information:

(a)    A description of the document sufficiently particular to identify it for purposes of a court order;

(b)    The date of the document;

(c)    The nature of the protection claimed;

(d)    A list of all persons who participated in the preparation of the document;

(e)    A list of all persons who have received or reviewed copies of the document; and

(f)    A list of all persons with whom the document shared and communicated.

## CATEGORIES OF DOCUMENTS AND THINGS

The following is the designation of the documents and/or tangible things to be produced for inspection and copying:

Heller
Ehrman LLP

7

**Request No. 1:**

All documents and things relating to any of Teachscape's master's degree programs, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

**Request No. 2:**

All documents and things relating to Teachscape's "Master in the Art of Teaching with a Focus on Curriculum, Instruction & Assessment" degree program advertised in or around September 2006, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

**Request No. 3:**

All documents and things relating to Teachscape's "Master in the Art of Teaching with a Focus on Curriculum, Instruction & Assessment" degree program advertised in or around January 2008, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

Heller
Ehrman LLP

**Request No. 4:**

    All documents and things relating to Teachscape's "Master in Education in Reading & Literacy, K-6" degree program advertised in or around September 2006, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

**Request No. 5:**

    All documents and things relating to Teachscape's "Master in Art of Teaching with a Focus on Elementary Reading & Literacy K-6" degree program offered through Marygrove, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

**Request No. 6:**

    All documents and things relating to Teachscape's "Master in Education in Mathematics, Grades K-5" degree program advertised in or around September 2006, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans,

Heller
Ehrman LLP

9

1  marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts,

2  and any drafts thereof.

3

4  **Request No. 7:**

5    All documents and things relating to Teachscape's "Master in Art of Teaching with a

6  Focus on Elementary Mathematics, Grades K-5" degree program offered through

7  Marygrove, such as course websites, DVDs, videos, video media files, CDs, audio media

8  files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests,

9  course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video

10  advertisements, audio advertisements, click-through advertisements, web site links, web

11  sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to

12  inquiries, promotional scripts, and any drafts thereof.

13

14  **Request No. 8:**

15    All documents and things relating to Teachscape's "Master in Education in

16  Mathematics, Grades 6-8" degree program advertised in or around September 2006, such as

17  course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course

18  packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines,

19  grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio

20  advertisements, click-through advertisements, web site links, web sites, marketing plans,

21  marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts,

22  and any drafts thereof.

23

24  **Request No. 9:**

25    All documents and things relating to Teachscape's "Master in Art of Teaching with a

26  Focus on Mathematics, Grades 6-8" degree program offered through Marygrove, such as

27  course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course

28  packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines,

grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

**Request No. 10:**

All documents and things relating to Teachscape's "Teacher as Leader" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 11:**

All documents and things relating to Teachscape's "Understanding Teaching and Learning" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 12:**

All documents and things relating to Teachscape's "Instructional Design; Effective Assessment" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 13:**

All documents and things relating to Teachscape's "Teacher as Researcher" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

Heller
Ehrman LLP

11

**Request No. 14:**

All documents and things relating to Teachscape's "Meeting the Needs of All Students" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 15:**

All documents and things relating to Teachscape's "Research-Based Instructional Strategies" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 16:**

All documents and things relating to Teachscape's "Aligning Curriculum, Instruction, and Assessment" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 17:**

All documents and things relating to Teachscape's "Effective Classroom Management" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 18:**

All documents and things relating to Teachscape's "Planning an Integrated Curriculum" course, such as course websites, DVDs, videos, video media files, CDs, audio

Heller
Ehrman LLP

PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

1  media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes,
2  tests, course outlines, grading keys, and any drafts thereof.
3
4  **Request No. 19:**
5      All documents and things relating to Teachscape's "Self-Directed Learning &
6  Student Engagement" course, such as course websites, DVDs, videos, video media files,
7  CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-
8  ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.
9
10  **Request No. 20:**
11      All documents and things relating to Teachscape's "Motivational and Inspirational
12  Teaching" course, such as course websites, DVDs, videos, video media files, CDs, audio
13  media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes,
14  tests, course outlines, grading keys, and any drafts thereof.
15
16  **Request No. 21:**
17      All documents and things relating to Teachscape's "Foundations of Reading and
18  Literacy" course, such as course websites, DVDs, videos, video media files, CDs, audio
19  media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes,
20  tests, course outlines, grading keys, and any drafts thereof.
21
22  **Request No. 22:**
23      All documents and things relating to Teachscape's "Assessment & Intervention for
24  Struggling Readers" course, such as course websites, DVDs, videos, video media files,
25  CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-
26  ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.
27
28

**Request No. 23:**

All documents and things relating to Teachscape's "Reading in the Content Areas" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 24:**

All documents and things relating to Teachscape's "Problem Solving and Number & Operations, Grades K–5" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 25:**

All documents and things relating to Teachscape's "Problem Solving and Number & Operations, Grades 6–8" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 26:**

All documents and things relating to Teachscape's "Measurement and Geometry, Grades K–5" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 27:**

All documents and things relating to Teachscape's "Measurement and Geometry, Grades 6–8" course, such as course websites, DVDs, videos, video media files, CDs, audio

Heller
Ehrman LLP

14

media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 28:**

All documents and things relating to Teachscape's "Algebra, Grades K–5" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 29:**

All documents and things relating to Teachscape's "Algebra, Grades 6–8" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 30:**

All documents and things relating to Teachscape's "Data Analysis and Probability, Grades K–5" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

**Request No. 31:**

All documents and things relating to Teachscape's "Data Analysis and Probability, Grades 6–8" course, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, and any drafts thereof.

Heller
Ehrman LLP

PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

**Request No. 32:**

All documents and things relating to any of Teachscape's graduate course programs, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

**Request No. 33:**

All documents and things relating to Teachscape's "Teacher as Leader, K-12" graduate course program, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

**Request No. 34:**

All documents and things relating to Teachscape's "Instructional Design, K-12" graduate course program, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

Heller
Ehrman LLP

**Request No. 35:**

All documents and things relating to Teachscape's "Research-Based Strategies for Improving Reading Success" graduate course program, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

**Request No. 36:**

All documents and things relating to Teachscape's "Fundamentals of Mathematics: Teaching for Conceptual Understanding" and/or Teachscape's "Fundamentals of Mathematics: Teaching for Conceptual Understanding, grades 2-6" graduate course program, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

**Request No. 37:**

All documents and things relating to Teachscape's "Instructional Strategies to Improve Student Achievement" and/or Teachscape's "Research-Based Instructional Strategies to Improve Student Achievement, K-12" graduate course program, such as course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio advertisements, click-through advertisements, web site links, web sites, marketing plans,

1  marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts,
2  and any drafts thereof.

3

4  **Request No. 38:**

5    All documents and things relating to Teachscape's "Research-Based Instructional
6  Strategies with a Mathematics Focus, K-12" graduate course program, such as course
7  websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course packets,
8  study resources, articles, texts, course log-ins, quizzes, tests, course outlines, grading keys,
9  flyers, pamphlets, circulars, newsletters, posters, video advertisements, audio
10 advertisements, click-through advertisements, web site links, web sites, marketing plans,
11 marketing budgets, mailing lists, e-mailing lists, responses to inquiries, promotional scripts,
12 and any drafts thereof.

13

14 **Request No. 39:**

15   All documents and things relating to Teachscape's "Proportional Reasoning in the
16 Middle Grades, grades 6-8" graduate course program, such as course websites, DVDs,
17 videos, video media files, CDs, audio media files, syllabi, course packets, study resources,
18 articles, texts, course log-ins, quizzes, tests, course outlines, grading keys, flyers, pamphlets,
19 circulars, newsletters, posters, video advertisements, audio advertisements, click-through
20 advertisements, web site links, web sites, marketing plans, marketing budgets, mailing lists,
21 e-mailing lists, responses to inquiries, promotional scripts, and any drafts thereof.

22

23 **Request No. 40:**

24   All communications between Teachscape and Andrews relating to either
25 Teachscape's or Canter's master's degree programs or graduate course programs, such as
26 draft course materials, communications regarding course planning, documents relating to
27 anticipated demand for the course, communications regarding course administration,
28 communications regarding course evaluations, and communications promoting, advertising,

Heller
Ehrman LLP

18

PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

1   evaluating, critiquing or otherwise describing either Teachscape's or Canter's master's

2   degree programs or graduate course programs.

3

4   **Request No. 41:**

5       All communications between Teachscape and Cardinal Stritch relating to either

6   Teachscape's or Canter's master's degree programs or graduate course programs, such as

7   draft course materials, communications regarding course planning, documents relating to

8   anticipated demand for the course, communications regarding course administration,

9   communications regarding course evaluations, and communications promoting, advertising,

10  evaluating, critiquing or otherwise describing either Teachscape's or Canter's master's

11  degree programs or graduate course programs.

12

13  **Request No. 42:**

14      All communications between Teachscape and City University relating to either

15  Teachscape's or Canter's master's degree programs or graduate course programs, such as

16  draft course materials, communications regarding course planning, documents relating to

17  anticipated demand for the course, communications regarding course administration,

18  communications regarding course evaluations, and communications promoting, advertising,

19  evaluating, critiquing or otherwise describing either Teachscape's or Canter's master's

20  degree programs or graduate course programs.

21

22  **Request No. 43:**

23      All communications between Teachscape and Indiana Wesleyan relating to either

24  Teachscape's or Canter's master's degree programs or graduate course programs, such as

25  draft course materials, communications regarding course planning, documents relating to

26  anticipated demand for the course, communications regarding course administration,

27  communications regarding course evaluations, and communications promoting, advertising,

28

Heller
Ehrman LLP

PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

1  evaluating, critiquing or otherwise describing either Teachscape's or Canter's master's

2  degree programs or graduate course programs.

3

4  **Request No. 44:**

5      All communications between Teachscape and Marygrove relating to either

6  Teachscape's or Canter's master's degree programs or graduate course programs, such as

7  draft course materials, communications regarding course planning, documents relating to

8  anticipated demand for the course, communications regarding course administration,

9  communications regarding course evaluations, and communications promoting, advertising,

10  evaluating, critiquing or otherwise describing either Teachscape's or Canter's master's

11  degree programs or graduate course programs.

12

13  **Request No. 45:**

14      All communications between Teachscape and NYSUT ELT relating to either

15  Teachscape's or Canter's master's degree programs or graduate course programs, such as

16  draft course materials, communications regarding course planning, documents relating to

17  anticipated demand for the course, communications regarding course administration,

18  communications regarding course evaluations, and communications promoting, advertising,

19  evaluating, critiquing or otherwise describing either Teachscape's or Canter's master's

20  degree programs or graduate course programs.

21

22  **Request No. 46:**

23      All communications between Teachscape and Olivet relating to either Teachscape's

24  or Canter's master's degree programs or graduate course programs, such as draft course

25  materials, communications regarding course planning, documents relating to anticipated

26  demand for the course, communications regarding course administration, communications

27  regarding course evaluations, and communications promoting, advertising, evaluating,

28

Heller
Ehrman LLP

PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

1  critiquing or otherwise describing either Teachscape's or Canter's master's degree programs

2  or graduate course programs.

4  **Request No. 47:**

5      All communications between Teachscape and Seattle Pacific relating to either

6  Teachscape's or Canter's master's degree programs or graduate course programs, such as

7  draft course materials, communications regarding course planning, documents relating to

8  anticipated demand for the course, communications regarding course administration,

9  communications regarding course evaluations, and communications promoting, advertising,

10  evaluating, critiquing or otherwise describing either Teachscape's or Canter's master's

11  degree programs or graduate course programs.

13  **Request No. 48:**

14      All communications between Teachscape and UNE relating to either Teachscape's or

15  Canter's master's degree programs or graduate course programs, such as draft course

16  materials, communications regarding course planning, documents relating to anticipated

17  demand for the course, communications regarding course administration, communications

18  regarding course evaluations, and communications promoting, advertising, evaluating,

19  critiquing or otherwise describing either Teachscape's or Canter's master's degree programs

20  or graduate course programs.

22  **Request No. 49:**

23      All documents and things relating to either any master's degree program or any

24  graduate course program authored or offered by Laureate, Canter, and/or Walden, such as

25  course websites, DVDs, videos, video media files, CDs, audio media files, syllabi, course

26  packets, study resources, articles, texts, course log-ins, quizzes, tests, course outlines,

27  grading keys.

28

Heller
Ehrman LLP

PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

**Request No. 50:**

All documents and things created, authored, or edited by Laureate, Canter, or Walden, and in the possession of Canter's former employees.

**Request No. 51:**

All documents and things relating to employment agreements between Teachscape and any of Canter's former employees.

**Request No. 52:**

All documents and things relating to agreements for confidentiality or secrecy between Teachscape and any of Canter's former employees.

**Request No. 53:**

All documents and things evidencing policies relating to confidentiality or secrecy communicated between Teachscape and any of Canter's former employees.

**Request No. 54:**

All documents and things evidencing communications relating to the use of prior employer's information between Teachscape and any of Canter's former employees.

**Request No. 55:**

All documents and things relating to Laureate, Canter, and/or Walden.

**Request No. 56:**

All communications with customers or potential customers, including elementary and high school teachers, relating to Laureate, Canter, and/or Walden.

Heller
Ehrman LLP

PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

**Request No. 57:**

All communications between Teachscape and any of Canter's former employees relating to Laureate, Canter, and/or Walden.

**Request No. 58:**

All communications between two or more of Canter's former employees relating to Laureate, Canter, and/or Walden.

**Request No. 59:**

All communications relating to Laureate, Canter, and/or Walden between any of Canter's former employees, Andrews, Cardinal Stritch, City University, Indiana Wesleyan, Marygrove, NYSUT ELT, Olivet, Seattle Pacific, UNE, or any other educational institution.

**Request No. 60:**

All documents and things relating to Canter's 3-year strategic plans.

**Request No. 61:**

All documents and things relating to Canter's Corporate Investment Proposals.

**Request No. 62:**

All documents and things relating to Canter's profitability and other financial information as they pertain to Canter's development, marketing, procurement, and delivery of its graduate course programs and master's degree programs.

**Request No. 63:**

All documents and things relating to Canter's Onyx® customer relationship management (CRM) database.

Heller
Ehrman LLP

PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

**Request No. 64:**

All lists relating to potential customers for graduate course programs or master's degree programs, including elementary and high school teachers.

**Request No. 65:**

All lists relating to models and strategies for segmentation and targeting of potential customers for graduate course programs or master's degree programs.

**Request No. 66:**

All documents and things relating to Teachscape's marketing strategy, marketing methods, market research, analyses of potential demand, marketing proposals, marketing studies, survey proposals and survey results for its graduate course programs and/or master's degree programs.

**Request No. 67:**

All documents and things relating to methods for creating graduate course programs and master's degree programs, including the selection of presenters for video presentations, the structuring of the program generally, and the structuring of the course curriculums and materials for these programs.

**Request No. 68:**

All documents and things relating to methods for the production, manufacturing, procurement, and distribution of graduate course program and degree program materials including the vendors and cost structures associated with these functions.

Heller
Ehrman LLP

**Request No. 69:**

All documents and things relating to Teachscape's knowledge of Laureate's or Canter's relationship and/or contracts with Andrews, Cardinal Stritch, City University, Indiana Wesleyan, Marygrove, Olivet, UNE, or any other educational institution.

**Request No. 70:**

All documents and things relating to any of Canter's, Laureate's, and/or Walden's proprietary information, including but not limited to the trade secrets identified in Canter's Identification Of Trade Secrets.

**Request No. 71:**

Documents sufficient to show Teachscape's actual costs of developing Teachscape's graduate course programs and master's degree programs, including payments to employees and independent contractors for such development from the beginning of their development to the present.

**Request No. 72:**

Documents sufficient to show Teachscape's actual gross revenues, net revenues, and profits or losses relating to its master's degree programs and graduate course programs on a monthly, quarterly, and/or annualized basis from the beginning of their development to the present.

**Request No. 73:**

Documents sufficient to show Teachscape's projected future gross revenues, net revenues, and profits or losses relating to its master's degree programs and graduate course programs on a monthly, quarterly, and/or annualized basis.

Heller
Ehrman LLP

**Request No. 74:**

Documents sufficient to show Teachscape's actual variable, fixed, and overhead costs relating to its master's degree programs and graduate course programs on a monthly, quarterly, and/or annualized basis from the beginning of their development to the present.

**Request No. 75:**

Documents sufficient to show Teachscape's projected future variable, fixed, and overhead costs relating to its master's degree programs and graduate course programs on a monthly, quarterly, and/or annualized basis.

**Request No. 76:**

Documents sufficient to show Teachscape's actual per-customer revenue and per-course revenue relating to its master's degree programs and graduate course programs from the beginning of their development to the present.

**Request No. 77:**

Documents sufficient to show Teachscape's actual incremental/marginal cost per-customer and incremental/marginal cost per-course relating to its master's degree programs and graduate course programs from the beginning of their development to the present.

**Request No. 78:**

Documents sufficient to show Teachscape's actual average cost per-customer and average cost per-course relating to its master's degree programs and graduate course programs from the beginning of their development to the present.

Heller
Ehrman LLP

**Request No. 79:**

    All documents and things relating to projected or completed timelines or schedules for development of Teachscape's graduate course programs and graduate degree programs.

**Request No. 80:**

    Organizational charts sufficient to show titles and supervisor/subordinate relationships of Teachscape's personnel that developed, marketed, or were involved in decisions relating to Teachscape's graduate course programs and graduate degree programs, and all different versions, past and present, of any such organizational charts.

**Request No. 81:**

    All documents and things relating to Teachscape's document retention or destruction policies from 2002 to the present.

Dated: February 4, 2008          HELLER EHRMAN LLP

                              By _____
                                 DANIEL N. KASSABIAN
                           Attorneys for Plaintiff
                           CANTER AND ASSOCIATES, LLC

Heller
Ehrman LLP

PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

DISC-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number, and address):* |
| --- |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
DANIEL N. KASSABIAN (State Bar No. 215249)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
TELEPHONE NO.: +1.415.772.6000
FAX NO. *(Optional)*: +1.415.772.6268
E-MAIL ADDRESS *(Optional)*: Daniel.Kassabian@HellerEhrman.com
ATTORNEY FOR *(Name):* PLAINTIFF CANTER & ASSOCIATES, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO (Unlimited Civil Case)**

SHORT TITLE OF CASE:
CANTER & ASSOCIATES, LLC v. TEACHSCAPE, INC. & DOES 1-15

COPY

| **FORM INTERROGATORIES—GENERAL** | CASE NUMBER: |
| --- | --- |
| Asking Party: Plaintiff Canter & Associates, LLC | CGC 08-471311 |
| Answering Party: Defendant Teachscape, Inc. | |
| Set No.: One (1) | |

**Sec. 1. Instructions to All Parties**

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010-2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of INCIDENT in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions-Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a)  An answer or other appropriate response must be given to each interrogatory by the answering party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260-2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____          _____
(DATE)                                     (SIGNATURE)

**Sec. 4. Definitions**

Words in BOLDFACE CAPITALS in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☐  (1)  INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
www.courtinfo.ca.gov

DISC-001

☐ (2)  **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

**(b)  YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c)  PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d)  DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e)  HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f)  ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5.  Interrogatories**
The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
   Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☒  1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0 General Background Information—Individual**

☐  2.1 State:
(a)  your name;
(b)  every name you have used in the past; and
(c)  the dates you used each name.

☐  2.2 State the date and place of your birth.

☐  2.3 At the time of the **INCIDENT**, did you have a driver's license? If so state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☐  2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:

(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☐  2.5 State:
(a)  your present residence **ADDRESS**;
(b)  your residence **ADDRESSES** for the past five years; and
(c)  the dates you lived at each **ADDRESS.**

☐  2.6 State:
(a)  the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b)  the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☐  2.7 State:
(a)  the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b)  the dates you attended;
(c)  the highest grade level you have completed; and
(d)  the degrees received.

☐  2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a)  the city and state where you were convicted;
(b)  the date of conviction;
(c)  the offense; and
(d)  the court and case number.

☐  2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐  2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

American LegalNet, Inc.
www.FormsWorkflow.com

DISC-001

☐ 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON**? If so, state:
   (a) the name, **ADDRESS**, and telephone number of that **PERSON**: and
   .(b) a description of your duties.

☐ 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT**? If so, for each person state:
   (a) the name, **ADDRESS**, and telephone number;
   (b) the nature of the disability or condition; and
   (c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT**.

☐ 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
   (a) the name, **ADDRESS**, and telephone number;
   (b) the nature or description of each substance;
   (c) the quantity of each substance used or taken;
   (d) the date and time of day when each substance was used or taken;
   (e) the **ADDRESS** where each substance was used or taken;
   (f) the name, **ADDRESS**, and telephone number of each person who was present when each substance was used or taken; and
   (g) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0 General Background Information—Business Entity**

☒ 3.1 Are you a corporation? If so, state:
   (a) the name stated in the current articles of incorporation;
   (b) all other names used by the corporation during the past 10 years and the dates each was used;
   (c) the date and place of incorporation;
   (d) the **ADDRESS** of the principal place of business; and
   (e) whether you are qualified to do business in California.

☒ 3.2 Are you a partnership? If so, state:
   (a) the current partnership name;
   (b) all other names used by the partnership during the past 10 years and the dates each was used;·
   (c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
   (d) the name and ADDRESS of each general partner; and
   (e) the **ADDRESS** of the principal place of business.

☒ 3.3 Are you a limited liability company? If so, state:
   (a) the name stated in the current articles of organization;
   (b) all other names used by the company during the past 10 years and the date each was used;
   (c) the date and place of filing of the articles of organization;
   (d) the **ADDRESS** of the principal place of business; and
   ·(e) whether you are qualified to do business in California.

☒ 3.4 Are you a joint venture? If so, state:
   (a) the current joint venture name;
   (b) all other names used by the joint venture during the past 10 years and the dates each was used;
   (c) the name and **ADDRESS** of each joint venturer; and
   (d) the **ADDRESS** of the principal place of business.

☒ 3.5 Are you an unincorporated association? If so, state:
   (a) the current unincorporated association name;
   (b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
   (c) the **ADDRESS** of the principal place of business.

☒ 3.6. Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
   (a) the name;
   (b) the dates each was used;
   (c) the state and county of each fictitious name filing; and
   (d) the **ADDRESS** of the principal place of business.

☒ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
   (a) identify the license or registration;
   (b) state the name of the public entity; and
   (c) state the dates of issuance and expiration.

**4.0 Insurance**

☐ 4.1 At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, for each policy state:
   (a) the kind of coverage;
   (b) the name and **ADDRESS** of the insurance company;
   (c) the name, **ADDRESS**, and telephone number of each named insured;
   (d) the policy number;
   (e) the limits of coverage for each type of coverage contained in the policy;
   (f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
   (g) the name, **ADDRESS**, and telephone number of the custodian of the policy.

☐ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**? If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

☐ 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

☐ 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

American LegalNet, Inc.
www.FormsWorkflow.com

DISC-001

6.3 Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

6.4 Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS,** and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

6.6 Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS,** and telephone number of each provider.

6.7 Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

**7.0 Property Damage**

7.1 Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT?** If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale, and the sale price.

7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

**8.0 Loss of Income or Earning Capacity**

8.1 Do you attribute any loss of income or earning capacity to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

8.2 State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT;** and
(c) the date your employment began.

8.3 State the last date before the **INCIDENT** that you worked for compensation.

8.4 State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

8.5 State the date you returned to work at each place of employment following the **INCIDENT.**

8.6 State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

8.7 State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

8.8 Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

American LegalNet, Inc.
www.FormsWorkflow.com

DISC-001

**9.0 Other Damages**

☐ 9.1 Are there any other damages that you attribute to the **INCIDENT**? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** to whom an obligation was incurred.

☐ 9.2 Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**10.0 Medical History**

☐ 10.1 At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT**? If so, for each state:

(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☐ 10.2 List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT**. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3 At any time after the **INCIDENT**, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a) the date and the place it occurred;
(b) the name, **ADDRESS**, and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

☐ 11.1 Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b) the name, **ADDRESS**, and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS**, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☐ 11.2 In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS**, and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS**, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

☐ 12.1 State the name, **ADDRESS**, and telephone number of each individual:
(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;
(b) who made any statement at the scene of the **INCIDENT**;
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☐ 12.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**? If so, for each individual state:
(a) the name, **ADDRESS**, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

☐ 12.3 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**? If so, for each statement state:

(a) the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS**, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

**FORM INTERROGATORIES—GENERAL**

American LegalNet, Inc.
www.FormsWorkflow.com

DISC-001

☐ 12.4 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☐ 12.5 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT**? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

☐ 12.6 Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS**, and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of the report.

☐ 12.7 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:

(a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

**13.0 Investigation—Surveillance**

☐ 13.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS**, and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS**, and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

☐ 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS**, and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

☐ 14.1 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS**, and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☐ 14.2 Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

(a) the name, **ADDRESS**, and telephone number of the **PERSON**;

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

☐ 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**16.0 Defendant's Contentions—Personal Injury**

☐ 16.1 Do you contend that any **PERSON**, other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:

(a) state the name, **ADDRESS**, and telephone number of the **PERSON**;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2 Do you contend that plaintiff was not injured in the **INCIDENT**? If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**FORM INTERROGATORIES—GENERAL**

American LegalNet, Inc.
www.FormsWorkflow.com

DISC-001

16.3 Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.4 Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.5 Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.6 Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.7 Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the INCIDENT? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.8 Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.9 Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

16.10 Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**17.0 Responses to Request for Admissions**

17.1 Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

20.1 State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

20.2 For each vehicle involved in the INCIDENT, state:

(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

American LegalNet, Inc.
www.FormsWorkflow.com

DISC-001

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ **20.3** State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ **20.4** Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ **20.5** State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ **20.6** Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ **20.7** Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ **20.8** State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT**;
(b) at the time of the **INCIDENT**; and (c) just after the **INCIDENT**.

☐ **20.9** Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ **20.10** Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ **20.11** State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☐ **50.1** For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☐ **50.2** Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ **50.3** Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ **50.4** Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☐ **50.5** Is any agreement alleged in the pleadings unenforce-able? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ **50.6** Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

*[signature]* D. Nuushin

*[date]* Feb 4, 2008

**60.0** *[Reserved]*

American LegalNet, Inc.
www.FormsWorkflow.com