# EXHIBIT J


**SONNENSCHEIN NATH & ROSENTHAL LLP**

*Gayle M. Athanacio*
415.882.5077
gathanacio@sonnenschein.com

525 Market Street
26th Floor
San Francisco, CA 94105-2708
415.882.5000
415.882.0300 fax
www.sonnenschein.com

February 4, 2008

**VIA EMAIL AND U.S. MAIL**

Daniel Kassabian, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

Re:  *Laureate Education, Inc. v. Teachscape, Inc.*

Dear Dan:

This letter will serve to close the loop on our recent "meet and confer" efforts in connection with the above-referenced matter and to memorialize Teachscape's position regarding same.

As you know, before their federal complaint was dismissed in its entirety, Canter and Laureate served on Teachscape requests for production of documents (as well as a notice of deposition under FRCP 30(b)(6)) that set forth 80 separate requests for production ("1st Set of Document Requests"). On November 14, 2007, Teachscape timely served its objections.

In response to the Court's Order dismissing Plaintiffs' complaint with leave to amend, on January 22, 2008, your clients chose to file an amended complaint in federal court naming Laureate alone as plaintiff and asserting a single cause of action for copyright infringement. The next day, Canter alone filed a *second* action against Teachscape in state court based on the same set of operative facts, and asserted the state law claims dismissed in the federal action.

Against this backdrop, on January 23, 2008, the same day Canter's state court action was filed, you emailed me your "meet and confer" correspondence regarding Plaintiffs' 1st Set of Document Requests. In your January 23rd, nine page, single spaced letter, you took issue with a variety of Teachscape's objections, yet you wholly ignored that Teachscape had maintained that discovery would be appropriate only if the Court denied Teachscape's motion to dismiss, and that the Court *granted* Teachscape's motion. While your subsequent January 31st letter ostensibly suggests your focus is now on certain aspects of the Marygrove course offerings, your letters (and our subsequent discussions) make clear that Laureate is not, and will not, withdraw those document requests that are not specifically focused upon the claim set forth in the operative complaint, that is, a single count for copyright infringement.


SONNENSCHEIN NATH & ROSENTHAL LLP

Daniel N. Kassabian
February 4, 2008
Page 2

As I informed you last week, I was willing to discuss the substance and detail of your issues with regard to Teachscape's objections. However, due to the simple fact that Teachscape simultaneously was working with you to resolve our differences over a federal court protective order, and preparing responses to both the federal action and newly filed state court action, I was simply not in a position to do so in the timeframe you demanded (a handful of business days). As I told you, I believe your demands to dictate how and when meet and confer discussions occur was unwarranted, particularly in light of the fact that you had Teachscape's responses to the 1st Set of Document Requests for well over two months.

During our meet and confer teleconference to discuss the protective order in the federal action, I was informed that Laureate did not want to engage in any detailed meet and confer over the document requests; rather, you wanted to know immediately whether Teachscape would agree to produce not only final course material but also "first draft" copies of all of the same. As was made clear in our responses to Plaintiffs' requests, and consistent with this Court's observations at the hearing on Teachscape's motion to dismiss, we believe Laureate (and Canter) filed suit without justification or an appropriate pre-filing inquiry, and that Laureate is engaging in a "fishing expedition" contrary to the U.S. Supreme Court's directive in *Bell Atlantic*. Further, as you were informed, Teachscape firmly believes Laureate has not complied with the Court's order granting Teachscape's motion to dismiss and, instead, has filed an equally defective amended copyright claim.

Having reviewed Plaintiffs' most recent filings, and considering the tone and substance of Plaintiffs' communications (through your offices) with us, Teachscape has concluded that Plaintiffs' present litigations and their discovery requests represent nothing more than an attempt by much larger companies to use litigation to quash a legitimate competitor. The amended complaint filed in federal court by Laureate, which falsely suggests Teachscape refused to provide Laureate with final course materials so that the parties could engage in an "apples to apples" comparison, is wholly consistent with Teachscape's conclusion regarding your clients' motivations.

Consequently, I informed you that Teachscape would be moving for a protective order to seek a stay of all discovery, pending a ruling on the motion to dismiss it will be filing. We will file that motion such that it can conveniently be heard on the same day as Teachscape's motion to dismiss, March 19th. For your part, you informed me Laureate would be moving to compel at least the production of documents set forth in requests, nos. 1-9 and 11-19, and 21, (and possibly that you would move on other requests as well.) I reiterated that I still was willing to discuss Teachscape's other concerns/objections with regard to these requests, but noted that, fundamentally, we felt the requests were designed to be harassing and inappropriate since Laureate had no basis on which to file the copyright action in the first instance.



Daniel N. Kassabian
February 4, 2008
Page 3


    Please let me know as soon as possible the scope of your anticipated motion to compel and to confirm that you agree that for the convenience of the parties and the Court, it makes sense to hear all the motions on the same day. Of course, if you have any questions, or would like to discuss the matter further, please feel free to call.

                        Very truly yours,

                        SONNENSCHEIN NATH & ROSENTHAL LLP

                        Gayle M. Athanacio

272289480