ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail:    Annette.Hurst@HellerEhrman.com
           Daniel.Kassabian@HellerEhrman.com
           Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiff
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREATE EDUCATION, INC., a Maryland corporation,<br><br>Plaintiff,<br><br>v.<br><br>TEACHSCAPE, INC., a Delaware corporation<br><br>Defendant. | Case No.:  C 07-3225 RS<br><br>**PLAINTIFF LAUREATE EDUCATION, INC.'S OBJECTIONS TO EVIDENCE PROFFERED BY DEFENDANT TEACHSCAPE BY REQUEST FOR JUDICIAL NOTICE**<br><br>Judge: The Honorable Richard Seeborg<br>Ctrm.: 4 (5th floor)<br>Date: March 19, 2008<br>Time: 9:30 a.m. |

1  Pursuant to Federal Rule of Civil Procedure 12(b) and Federal Rule of Evidence
2  201(e), Plaintiff Laureate Education, Inc. ("Laureate") objects to the introduction of
3  Exhibit A in the Request for Judicial Notice in Support of Motion to Dismiss First
4  Amended Complaint ("RJN") by Teachscape, Inc. ("Teachscape").  The Court should reject
5  Teachscape's improper attempt to bring in evidence on a motion to dismiss that is
6  completely outside the pleadings.
7  New Rule 12(d) states that:
8  If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one
9  for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.
10
11 In support of its motion to dismiss for failure to state a claim, Teachscape has offered RJN
12 Exhibit A, which consists of web sites (with counsel's handwritten notes on them) that are
13 not referenced in Laureate's First Amended Complaint ("FAC").  Instead, they have been
14 introduced as evidence to support Teachscape's arguments that the FAC's allegations are
15 not true or should be discounted.  *See* Def.'s Mot. to Dismiss FAC, at 12 n.5.  Thus,
16 Teachscape has filed a motion to dismiss for failure to state a claim, and has sought to
17 present matters outside of the pleading.  Unless the Court excludes this evidence, it must
18 convert Teachscape's motion to one for summary judgment and allow Laureate discovery to
19 present evidence in response, pursuant to Rules 12(d) and 56(f).
20  Furthermore, while courts may take judicial notice of indisputable facts outside those
21 alleged in a pleading in adjudicating a Rule 12(b)(6) motion to dismiss (and Laureate
22 requests such notice of the Court's own records in another action), the Court should reject
23 Teachscape's attempt to present the contents of websites as undisputable facts by way of
24 judicial notice.  *See* Fed. R. Evid. 201(b).  RJN Exhibit A does not even constitute
25 admissible evidence, let alone indisputable facts.  It consists of third-party web sites that are
26 hearsay to which no exception applies.  *See* Fed. R. Evid. 802.  Teachscape's assertion that
27 these web sites' contents are beyond dispute because they are available to the general public
28 through their posting on the Internet also should be rejected.  Under Teachscape's faulty

Heller
Ehrman LLP

1

PL.'S OBJ. TO DEF.'S REQ. FOR JUDICIAL NOTICE                                        Case No. C 07-3225 RS

logic, the Court could take judicial notice of *anything* outside a complaint that is presented on a motion to dismiss for failure to state a claim, as long as *someone* posted it on a web site. Just because something is posted on the Internet and is publicly available, however, does not mean it is an indisputable fact of which a court should take judicial notice. *See In re Astea Int'l Inc. Sec. Litig.*, No. 06-1467, 2007 WL 2306586, *8 (E.D. Pa. Aug. 9, 2007) ("While the parties do not dispute the authenticity of the documents and while they may have some relevance to defendants' case, plaintiffs' claims are not based on the documents, nor do they expressly rely on or allege the contents of the documents. Additionally, defendants confuse 'publicly available' with 'public record.' . . . [C]ompany web sites . . . are not 'matters of public record.'") (citation omitted). The Court should reject Teachscape's attempt to use the vehicle of judicial notice as a way make a categorical exception for the contents of web sites to the exclusion of matters outside of the pleading in adjudicating a Rule 12(b)(6) motion to dismiss.

   The cases cited in Teachscape's RJN to admit these web sites are inapposite as none of them deal with the consideration of web sites on a Rule 12(b)(6) motion to dismiss. *See Quan v. Gonzales*, 428 F.3d 883 (9th Cir. 2005) (in reviewing a Board of Immigration Appeals' decision affirming an immigration judge's denial of application for asylum, noting that web sites are in accord with the admitted evidence showing that banks in China are open on Sundays); *Helen of Troy, L.P. v. Zotos Corp.*, 235 F.R.D. 634, 639 (W.D. Tx. 2006) (on a motion for summary judgment, taking judicial notice of an undisputed scientific fact "that urea was an acid having a very low pH", which also was posted on a website); *SemMaterials, L.P. v. Alliance Asphalt, Inc.*, No. 05-320, 2007 WL 269081, at *1 n.2 (D. Id. Jan. 25, 2007) (in considering application for attorneys fees, taking judicial notice of attorney's experience posted on web site). Indeed, in none of these cases did a court take judicial notice of facts so as to contradict allegations in a complaint on a Rule 12(b)(6) motion to dismiss, because that would be wholly improper. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) ("all the [factual] allegations in the complaint are true (even if doubtful in fact)").

Heller Ehrman LLP

2

PL.'S OBJ. TO DEF.'S REQ. FOR JUDICIAL NOTICE                  Case No. C 07-3225 RS

1  Dated: February 27, 2008              Respectfully submitted,

2                                        HELLER EHRMAN LLP

3

4                                        By ____/s/ DANIEL N. KASSABIAN_____
                                         Attorneys for Plaintiff
5                                        LAUREATE EDUCATION, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28