ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California  94104-2878
Telephone:  +1.415.772.6000
Facsimile:   +1.415.772.6268
E-mail:       Annette.Hurst@HellerEhrman.com
               Daniel.Kassabian@HellerEhrman.com
               Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiff
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREATE EDUCATION, INC.,<br>a Maryland corporation,<br><br>                              Plaintiff,<br><br>     v.<br><br>TEACHSCAPE, INC., a Delaware corporation<br><br>                              Defendant. | Case No.:  C 07-3225 RS<br><br>**PLAINTIFF LAUREATE EDUCATION, INC.'S MEMORANDUM:**<br>**(1)  WITH REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DEFENDANT TEACHSCAPE, INC.'S COURSE MATERIALS; AND**<br>**(2)  IN OPPOSITION TO DEFENDANT TEACHSCAPE, INC.'S MOTION TO STAY DISCOVERY;**<br><br>**SUPPLEMENTAL DECLARATION OF DANIEL N. KASSABIAN**<br><br>Judge:   The Honorable Richard Seeborg<br>Ctrm.:   4 (5th floor)<br>Date:    March 19, 2008<br>Time:    9:30 a.m. |

Heller
Ehrman LLP

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS          Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................1

BACKGROUND ....................................................................................................2

ARGUMENT .........................................................................................................4

I.   TEACHSCAPE'S ATTEMPT TO JUSTIFY ITS REFUSAL TO
     PRODUCE ITS MATERIALS AFTER THE FACT SHOULD BE
     REJECTED ..................................................................................................4

     A.   Teachscape Has Not Met Its Discovery Obligations In Response
          To The Requests That Laureate Moves to Compel...............................4

     B.   Teachscape's Misstates The Ninth Circuit's Clear Holding In
          *Telluride.* ...........................................................................................5

     C.   "First Available Drafts" Is Unambiguous And Reasonable..............7

     D.   Teachscape Still Fails To Articulate A Factual Basis Why
          Producing Its Materials Is Unduly Burdensome. ..............................9

II.  A STAY OF ALL DISCOVERY IS NOT APPROPRIATE IN THIS
     CASE..........................................................................................................9

     A.   Teachscape's Motion Should Be Denied As Untimely. ....................9

     B.   Teachscape Has Not Demonstrated Good Cause For Its
          Requested Protective Order...............................................................11

     C.   Even If Teachscape Has Made Its Required Threshold Showing
          Of Good Cause, Laureate Demonstrates That The Court Should
          Nonetheless Exercise Its Discretion To Allow The Requested
          Limited Discovery..............................................................................13

          1.   The discovery sought by Laureate is narrowly focused to
               allow for resolution of this case on its merits. ......................13

          2.   Teachscape's effort to avoid its discovery obligations in
               the state court action further demonstrates that it is
               simply trying to avoid liability on meritorious claims
               through endless procedural maneuvering. ............................14

CONCLUSION .....................................................................................................15

Heller
Ehrman LLP

i

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS          Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

# TABLE OF AUTHORITIES

**Page**

### Federal Cases

*Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240 (3rd Cir. 1983) ...................................................................................................... 14

*Autoskill, Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476 (10th Cir.1993) ................ 14

*Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir. 1975) ................................................. 11

*Cunningham v. Hamilton County, Ohio*, 527 U.S. 198 (1999) ................................................ 5

*Deutsch v. Flannery*, 823 F.2d 1361 (9th Cir. 1987) ........................................................... 13

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) ............................. 11

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988) ......................... 13

*Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257 (9th Cir. 1964)......................... 10

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987)............ 6, 11, 12, 13

*Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463 (9th Cir. 1995)....................................................................................... 5, 6, 8, 13

*Walker v. University Books, Inc.*, 602 F.2d 859 (9th Cir. 1979) ............................................ 8

*Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003) ............................................. 12

### State Cases

*APL Co. v. UK Aerosols Ltd.*, 452 F. Supp. 2d 939 (N.D. Cal. 2006) ................................. 11

*Ayers v. Continental Cas. Co.*, 240 F.R.D. 216 (N.D. W.Va. 2007)....................................... 9

*Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007)....................................................... 6, 11, 12

*Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408 (M.D.N.C. 1991) ....................................... 10

*Control Data Sys. v. Infoware, Inc.*, 903 F. Supp. 1316 (D. Minn. 1995) ........................... 14

Glass v. Beer, No. 04-5466, 2007 WL 913876 (E.D. Cal. Mar. 23, 2007)............................. 6

*Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 129 F.R.D. 483 (D.N.J. 1990) .................... 10

*U.S. v. Am. Optical Co.*, 39 F.R.D. 580 (N.D. Cal. 1966) ................................................... 11

ii

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

Case No. C 07-3225 RS

*United States v. IBM Corp.*, 70 F.R.D. 700 (S.D.N.Y. 1976) .............................................. 10

**Federal Statutes**

17 U.S.C. § 101 ............................................................................................................ 7

**Federal Rules**

Federal Rules of Civil Procedure 26 ............................................................................. 1, 8

Federal Rules of Civil Procedure 26(b) ....................................................................... 2, 9

Federal Rules of Civil Procedure 26(b)(2)(B)-(C) ........................................................... 9

Federal Rules of Civil Procedure 26(c) ................................................................. passim

Federal Rules of Civil Procedure 26(f) ........................................................................ 1, 12

Federal Rules of Civil Procedure 34 ................................................................................ 5

Federal Rules of Civil Procedure 37(a) ....................................................................... 5, 10

Federal Rules of Civil Procedure 37(a)(3)(iv) .................................................................. 5

Federal Rules of Civil Procedures 30(b) ....................................................................... 10

Federal Rules of Civil Procedures 9(b) .................................................................. 12, 13

**Other Authorities**

Schwarzer *et al.*, <u>Cal. Practice Guide: Fed. Civ. Proc. Before Trial</u> ¶ 9:294.5
        (Rutter: 2007) ......................................................................................................... 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS                Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Teachscape's Opposition to Laureate's Motion to Compel Production of Teachscape's Course Materials (hereinafter, "Opposition to the Motion to Compel") [Dkt. No. 73] is nothing more than a rehash of Teachscape's Motion for a Protective Order to Stay Discovery (hereinafter, "Motion to Stay Discovery") [Dkt. No. 69] filed a week earlier. Both are the product of Teachscape's continuing effort, from the outset of the parties' dispute, to prevent the production of the materials that are now identified by degree program and course in Laureate's First Amended Complaint ("FAC"). Teachscape has engaged in a legally inappropriate program of self-help by ignoring its initial disclosure obligations under Rule 26, refusing to engage in meaningful case management discussions under Rule 26(f), refusing to meet and confer on a protective order until ordered to do so by the Court, serving specious objections to discovery, and then simply refusing to produce documents requested in response to that written discovery. At no time did Teachscape come to this Court with a motion to stay or for protective order asking the Court to bless its wholesale refusal to follow the Federal Rules of Civil Procedure. Only after its repeated flagrant violations of the Rules, and being expressly ordered by the Court to cooperate, does Teachscape now come and seek an order retrospectively blessing this inappropriate course of conduct. But, pursuant to Rule 26(c), it is now too late. Laureate respectfully submits that the Court's institutional interest in its own rules and requirements is ill-served by allowing Teachscape to get away with this. The Court simply should not countenance this type of behavior.

Both Teachscape's Opposition to the Motion to Compel and its Motion to Stay Discovery are unsupported by applicable law. Teachscape argues that the Court should deny the motion to compel because its program materials are sought to amend a defective complaint. But the FAC plainly meets muster. And even if it didn't, the documents should be produced. The discovery sought here was propounded long before the initial complaint was dismissed, and Teachscape refused to produce it based on an objection—the pendency

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS                    Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

1    of its motion to dismiss—that is invalid under Ninth Circuit precedent.  That it now moves

2    for a protective order barring such discovery based on that objection is of no consequence

3    because the motion is untimely.  Moreover, Teachscape cites no case where, as here, the

4    information sought is solely within the defendant's control.  Contrary to Teachscape's

5    position, courts faced with like circumstances allow discovery on the information within

6    defendant's control.

7         Teachscape's position also is unsupported by facts—it fails to provide a competent

8    declaration explaining why the production of its course materials would be unduly

9    burdensome pursuant to Rule 26(b), or why there is good cause to issue a protective order

10    pursuant to Rule 26(c) to prevent that discovery in this case.  In lieu of such facts, it submits

11    empty rhetoric and inapposite legal dicta.  Laureate's Motion to Compel should be granted

12    and Teachscape's Motion to Stay Discovery denied.

### BACKGROUND

14         Laureate will not respond to Teachscape's attempt to play "he said she said" by way

15    of Teachscape's two briefs with duplicative Factual Backgrounds that are laden with

16    mischaracterizations of meet and confer efforts.  Precisely to avoid such disputes, Laureate

17    proposed that the parties make an audio recording of their meet and confer sessions, but

18    Teachscape refused.  *See* Suppl. Decl. of Daniel N. Kassabian ("Kassabian Suppl. Decl."),

19    attached hereto, ¶ 2.  So, Laureate has sought to make a clear written record of its proposals.

20    Actions speak louder than words, and as set out below Laureate has repeatedly made

21    reasonable proposals, in writing, to resolve this impasse.  It has been met with nothing but

22    obfuscation and delay.

23         Teachscape's first discovery obligation—its Rule 26(a) initial disclosures—were due

24    on September 26, 2007.  *See* Order Setting Initial Case Mgmt. Conf. & ADR Deadlines

25    [Dkt. No. 3].  Teachscape did not seek any relief or clarification from the Court as to this

26    deadline, *even though the parties appeared before the Court on that day*.  Instead, it simply

27    did not serve its disclosures because, per Teachscape, it objected to the Court's jurisdiction.

28    Teachscape finally served its disclosures on December 12th, *after* Laureate moved to

Heller
Ehrman LLP

2
REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS        Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

1  compel them.  *See* Reply in Supp. of Pls.' Mot. to Compel Init. Disc. [Dkt. No. 47], at 3.

2  The Court subsequently found that "it is unlikely that the Court would have accepted an

3  argument that initial disclosures could be delayed until federal jurisdiction is established.

4  The pendency of a motion to dismiss almost never serves to excuse compliance with initial

5  disclosure obligations."  Order Re Disc. Disputes [Dkt. No. 56], at 2 n.2.

6      On October 15th, the parties held their Rule 26(f) conference.  As shown in the Joint

7  Case Management Statement [Dkt. No. 40], at that conference Teachscape refused to

8  substantively discuss any case management issues, including discovery issues and the

9  format of electronic document production, because it objected to the Court's jurisdiction.

10     Plaintiffs' First Set of Requests for Production were served on October 15th.  *See*

11  Decl. of Daniel N. Kassabian in Supp. of Pl.'s Mot. to Compel Def.'s Prod. of Def.'s

12  Course Materials [Dkt. No. 62] ("Kassabian Decl.") ¶ 5.  Teachscape served its response to

13  these requests on November 14th, in which it objected to the production of any responsive

14  documents unless and until "the Court den[ies] Teachscape's Motion To Dismiss [and]

15  upon entry of an appropriate protective order."  *Id*. Ex. D, at 5-6.  It nevertheless refused to

16  discuss the terms of a protective order because it objected to the Court's jurisdiction.

17  Consequently, Plaintiffs filed their Motion for Entry of a Protective Order [Dkt. No. 29] on

18  November 28th because of Teachscape's refusal to produce any documents absent the entry

19  of such an order.  On January 22, 2008, the Court ordered that "[t]he parties . . . meet and

20  confer to attempt to reach a stipulated form of protective order . . . ."  Order Re Disc.

21  Disputes, at 4.  Thereafter, the parties submitted a Stipulated and Proposed Protective Order

22  [Dkt. No. 58] on February 4th.  Obviously, had Teachscape been willing to meet and confer

23  earlier as it was required to do, the Stipulated Protective Order could have been entered

24  much earlier, and it would have removed any legitimacy to Teachscape's confidentiality

25  objection to producing its course materials and drafts thereof.

26     Once the Court ordered the parties to confer over a protective order, Laureate sought

27  to meet and confer regarding Teachscape's other objection for refusing to produce its

28  documents.  Kassabian Decl. Ex. E.  In doing so, Laureate *expressly in writing limited its*

Heller
Ehrman LLP

3

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS     Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

*requests*, seeking only the documents responsive to Request for Production Nos. 1-9, 11-19, and 21, which sought the final versions and first available drafts of Teachscape's degree and course materials specified in Laureate's FAC filed on January 22nd. *Id*. Ex. F. Teachscape refused, confirming that it would not produce these materials absent an order by this Court, thereby necessitating Laureate's filing of its Motion to Compel Production of Teachscape's Course Materials ("Plaintiff's Motion to Compel") [Dkt. No. 61].

Teachscape thereafter filed its Motion to Dismiss Laureate's First Amended Complaint [Dkt. No. 66] on February 8th, and in it argued that Laureate's inability to review Teachscape's degree / course materials precluded Laureate's ability to bring a copyright infringement action. Teachscape then finally filed a Motion to Stay Discovery on February 13th, *three months after* its formal responses to Laureate's Requests and only when forced to do so as a cross-motion to Laureate's Motion to Compel.

Still, in a further reasonable effort to resolve the current impasse between the parties, on February 19th Laureate offered *expressly in writing* to pay copying costs and Teachscape's reasonable expenses of up to $5000 to produce the materials subject to Laureate's Motion to Compel, and Laureate further offered to produce its copyrighted materials at its own cost. *See* Supp. Kassabian Decl. Ex. 1. Teachscape rejected this offer. *See id.* Ex. 2. Laureate's *conduct* demonstrates that it is willing to take reasonable measures to respond to Teachscape's concerns, while at the same time pursuing its lawful right to protect its intellectual property. Teachscape's *conduct* demonstrates that it will do anything to suppress and conceal the drafts of its course materials.

## ARGUMENT

**I.    TEACHSCAPE'S ATTEMPT TO JUSTIFY ITS REFUSAL TO PRODUCE ITS MATERIALS AFTER THE FACT SHOULD BE REJECTED**

### A.    Teachscape Has Not Met Its Discovery Obligations In Response To The Requests That Laureate Moves to Compel.

In its Opposition to the Motion to Compel, Teachscape argues that it has complied with its discovery obligations because, on November 14, 2007, it served a response to the Requests for Production. Def.'s Opp'n to Mot. to Compel, at 8-10. If that proposition were

Heller
Ehrman LLP

4

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS     Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

true, any defendant could delay their obligation to produce or permit inspection under Rule 34 indefinitely by lodging an objection for any reason—*even if that reason lacked a proper legal basis*—and then require an order to compel production or inspection. This is contrary to Rule 34, which was revised over 25 years ago "to have it operate extrajudically, rather than by court order . . . ." Fed. R. Civ. P. 34 *committee notes* (1970).[1] Thus, the question is not, as Teachscape contends, whether Teachscape served a response, but per Laureate's Motion to Compel, whether Teachscape served an adequate response; that is, whether it had a legitimate objection when it stated in on November 14, 2007 that it would produce document only if the Court denied Teachscape's motion to dismiss. *See* Kassabian Decl. Ex. D, at 5-24 & 26-27.

Teachscape did not have a legitimate objection. A discovery obligation—such as a responsive production of documents—is not excused because a motion to dismiss for failure to state a claim is filed or has even been granted. *See Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on other grounds by Cunningham v. Hamilton County, Ohio*, 527 U.S. 198 (1999).

## B.    Teachscape's Misstates The Ninth Circuit's Clear Holding In *Telluride.*

Teachscape's attempt to distinguish *Telluride* by claiming it stands for a different proposition—i.e., a party must comply with a court order, and not a "bare" discovery request—is a sham argument. *See* Def.'s Opp'n to Mot. to Compel, at 9. The Ninth Circuit in *Telluride* summarized its holding at the outset by stating that: "We find the action was still pending after the dismissal of the complaint and therefore conclude that *the imposition of discovery sanctions for failure to appear at a deposition* was not an abuse of discretion." *Id*. at 465 (emphasis added). Consistent with this, it upheld a discovery sanction under Rule 37(a)—not a finding of contempt for the failure to comply with a court order. Indeed, a court's order was not directly at issue on appeal. Although the district court had previously

---

[1] If Teachscape's written response alone was sufficient to comply with Rule 34, then Laureate would have no basis by which to compel. Per the Federal Rules, it does. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

Heller Ehrman LLP

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS    Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

ordered the deposition in question "on February 11 and 12, 1993 in Telluride, Colorado," "the attorneys agreed to continue the deposition until March. [Plaintiff] filed a notice of deposition for [defendant's officers] to appear on March 1, 2 and 3 in Snowmass, Colorado," but then the district court dismissed the complaint on February 22nd, which was before the noticed deposition dates. *Id*. Thus, a deposition notice—not a court order—was violated when the defendants and their attorneys failed to appear. Accordingly, the argument rejected by the Ninth Circuit was not that defendants' non-compliance with a court order was justified, but that "after the dismissal of the complaint for lack of subject matter jurisdiction the action was dismissed *and all discovery was abrogated*." *Id*. at 466 (emphasis added).[2]

Teachscape's other cases cited in support of its refusal to produce documents are inapposite. *See* Glass v. Beer, No. 04-5466, 2007 WL 913876, *7 (E.D. Cal. Mar. 23, 2007) (denying *pro se* prisoner's motion to compel "access to the entire confidential section of his central file" without articulating any relevancy to claim); *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1967 (2007) (stating that "antitrust discovery can be expensive" such that a court may "insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (finding that, in an antitrust case, "because the costs of discovery in such actions are prohibitive," a defendant should not be subject to discovery until there is a "reasonable likelihood that plaintiffs can construct a claim").

---

[2] Indeed, lead commentators also state that, per *Telluride*, such an objection is improper::

> **Dismissal of complaint vs. dismissal of action:** Dismissal of a complaint with leave to amend is not a dismissal of the lawsuit. The action remains pending even if plaintiff has not yet filed an amended complaint. Thus, parties are still obligated to participate in discovery and to respond to court orders. [*Telluride Management Solutions, Inc. v. Telluride Investment Group* (9th Cir. 1995) 55 F3d 463, 466—fact complaint had been dismissed with leave to amend did not excuse D's failure to appear for deposition]

Schwarzer *et al.*, Cal. Practice Guide: Fed. Civ. Proc. Before Trial ¶ 9:294.5 (Rutter: 2007)

Heller
Ehrman LLP

6

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS    Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

### C.     "First Available Drafts" Is Unambiguous And Reasonable.

Teachscape also argues that "'first available drafts' ma[kes] no sense in the context of online interactive materials" and takes issue with Laureate's definition based on the Copyright Act as "generic." Def.'s Opp'n to Mot. to Compel, at 10. Teachscape's feigned ignorance should not serve as a basis to deny Laureate's Motion to Compel. Unless Teachscape publishes and distributes unedited, first versions of all its materials, there must necessarily be earlier iterations / work product of these materials.

The "earliest available drafts" of Teachscape's materials comprise the document or thing first created that resulted in a responsive, final degree or course material,[3] where "created" is defined under the Copyright Act as:

> when it is fixed in a copy . . . for the first time; where a work is prepared over a period of time, the portion of it that has been fixed at any particular time constitutes the work as of that time, and where the work has been prepared in different versions, each version constitutes a separate work.

17 U.S.C. § 101. The application of this definition to "online interactive materials" is straightforward because these online materials did not appear out of thin air. There must be some document that is itself "fixed"—i.e., static—such that the first version of such a document would be responsive. Similarly, for audiovisual materials, there must be a script of some sort showing what Teachscape intended its audiovisual material to be before creating the final product, because that final product could not exist without any planning. As for more traditional materials, like quizzes, assignments, etc., these documents must

---

[3] Teachscape attempts to create a distinction without a difference with respect to "Plaintiffs [sic] repeated use the term 'Teachscape's' degree programs . . . [because] Teachscape never was and never has been an accredited university authorized to issue any degree." Opp'n to Mot. to Compel, at 6 n.7. Laureate's reference is to the programs by Teachscape for the purposes of obtaining a degree by an accredited university. Teachscape cannot dispute that it developed and advertised such degree *programs*. *See* Suppl. Kassabian Decl. ¶ 5 & Ex. 3 ("Teachscape has partnered with Marygrove College to offer online master's degrees"). Thus, there can be no argument—and Teachscape raises no real dispute—as to what constitutes *Teachscape's* final degree and course *program* materials, because these are the materials that Teachscape provides to Marygrove students and staff. *See* Pl.'s Mot. to Compel, at 1.

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS     Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

Heller
Ehrman LLP

1  have some revision process such that there are earlier iterations.  To the extent Teachscape's

2  course materials comprise articles and texts authored by third parties, there must be some

3  kind of an initial draft submitted to Teachscape for its approval, and there is nothing vague

4  or burdensome about producing it.

5      The objection that the term "first draft" cannot be understood is specious.

6  Teachscape knows what it has.  All discovery requires counsel and client to make

7  reasonable judgments about what documents are responsive and must be produced.  Once

8  produced, if there is a problem it can be discussed.  If Teachscape is truly concerned that it

9  is not producing the right document, then it can tell Laureate (and the Court) what versions

10  it does have and let Laureate choose.  Teachscape simply wants to suppress the documents.

11      Moreover, like its misreading of *Telluride*, Teachscape misstates the significance of

12  the Ninth Circuit's holding in *Walker v. University Books, Inc.*, 602 F.2d 859 (9th Cir.

13  1979).  The plaintiff in *Walker* identified the blueprints of the final cards as infringing

14  because the defendants' attorney produced them in response to a charge of infringement

15  based on defendants' promotional materials.  *See id*. at 861.  Thus, the facts of *Walker* do

16  not support Teachscape's position that its drafts are irrelevant and should not be produced

17  because Laureate cannot specify them as infringing.  To the contrary, *Walker* demonstrates

18  that Teachscape's improper refusal to produce drafts may result in its successful (and

19  entirely inappropriate) avoidance of liability for hidden copyright infringement, which is

20  Teachscape's ultimate goal.  Teachscape's liability for intermediate copying is set out in

21  detail in Laureate's Opposition to the Motion to Dismiss the FAC, and is not repeated here.

22  Suffice to say that the drafts themselves are also the basis for the claims, and even if they

23  weren't, they would be plainly relevant under Rule 26 because they go directly to the

24  elements of access and factual copying in the final versions.

25      In sum, Teachscape's attempt to curtail its potential liability by attempting to limit

26  discovery to only its final materials should be rejected.

27

28

Heller
Ehrman LLP

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS                    Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

**D.    Teachscape Still Fails To Articulate A Factual Basis Why Producing Its Materials Is Unduly Burdensome.**

Laureate's Motion to Compel notes that Teachscape has failed to provide specific information as to how Laureate's requests are burdensome, despite that requirement being set forth in the Federal Rules. *See* Fed. R. Civ. P. 26(b)(2)(B)-(C) & *committee notes* (2006). Teachscape still fails to meet this burden in opposition; it does not even cite to Rule 26(b), let alone address the factors therein. Instead, Teachscape confirms its reason for refusal is that "any discovery" is unduly burdensome. Def.'s Opp'n to Mot. to Compel, at 10. This all-or-nothing approach is an improper basis to limit discovery because it is contrary to Rule 26(b). Indeed, Teachscape's refusal to produce its course materials, when Laureate offered to pay for the production and simultaneously offered to produce its own materials at its own cost, demonstrates that Teachscape lacks any real burden as required by Rule 26(b) to curtail discovery. *See* Suppl. Kassabian Decl. Exs. 2 & 3.

## II.    A STAY OF ALL DISCOVERY IS NOT APPROPRIATE IN THIS CASE

Because Teachscape's Motion to Stay Discovery is for a protective order pursuant to Rule 26(c), the burden is on Teachscape to demonstrate good cause for a stay, and the Court has broad discretion to refuse it. *See* Def.'s Mot. to Stay Disc., at 5-6. What Teachscape seeks here is a protective order *denying all discovery in the case*. To obtain such an order, Teachscape was obliged to meet and confer and make such a motion on a timely basis. By waiting until Laureate's Motion to Compel had already been filed, Teachscape has failed to meet this fundamental procedural requirement. Moreover, even if timely, the Motion to Stay Discovery should be denied because Teachscape has failed to meet the good cause standard, or because Laureate has rebutted Teachscape's showing of good cause.

**A.    Teachscape's Motion Should Be Denied As Untimely.**

Teachscape's decision to simply wait to seek a protective order until Laureate moved to compel renders its Motion to Stay Discovery untimely. As stated most recently in *Ayers v. Continental Casualty Co.*, 240 F.R.D. 216 (N.D. W.Va. 2007):

Heller
Ehrman LLP

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS    Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

Federal Rule of Civil Procedure 26(c) does not contain any explicit time limit for filing a motion for a protective order. There are, however, implicit limitations providing a motion must be timely. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991). ***Motions for a protective order must be made before or on the date the discovery is due***. *United States v. IBM Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976). A party's untimeliness may be excused if "there is no opportunity to move for a protective order." *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 129 F.R.D. 483, 487 (D.N.J. 1990).

*Id.* at 221-22 (emphasis added); *see also United States v. IBM Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976) ("Such motions under Rule 26(c) must be served before the date set for production."). The Ninth Circuit rule is at least as strict, if not more so. In *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257 (9th Cir. 1964), the Ninth Circuit affirmed Rule 37(a) sanctions against a defendant for failing to comply with a notice of his deposition, even though the defendant had filed a motion to quash the deposition notice pursuant to Rule 30(b)—now Rule 26(c)—and did not appear on that basis. In so holding, it stated that "it is for the court, not the deponent or his counsel, to relieve [the defendant] of the duty to appear." *Id.* at 269.

Teachscape not only had no order excusing production on November 14, 2007, it did had not even bothered to file a motion. Teachscape's Motion to Stay Discovery filed three months later on February 13, 2008 and only in response to Laureate's Motion to Compel, plainly is untimely. When Teachscape used the same tactic of not complying with other discovery—its initial disclosures—until faced with a motion, the Court warned Teachscape that "the more appropriate course of action for Teachscape to take would have been either to adhere to the original deadline or to seek relief from the Court . . . ." Order Re Disc. Disputes [Dkt. No. 56], at 4. Teachscape has not heeded the Court's admonition at all, and has dismissed the import of that order because "the Court was expressly discussing Teachscape's 'initial disclosures obligations.'" Opp'n to Mot. to Compel, at 9. The Court should deny Teachscape's Motion to Stay Discovery because, under these circumstances, granting such a motion would simply condone behavior by defendants like Teachscape to halt the case whenever they feel like it.

Heller
Ehrman LLP

10

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY                    Case No. C 07-3225 RS

**B.      Teachscape Has Not Demonstrated Good Cause For Its Requested Protective Order.**

Teachscape has a "heavy burden" to show good cause for the issuance of a protective order to stay discovery.  *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  Teachscape cites *dicta* regarding the burdens of discovery from *Bell Atlantic*, *supra*, in support of Teachscape's reason why there is good cause in this case.  *See* Def.'s Mot. to Stay Disc., at 5.  That *dicta*, however, is not a substitute for what Teachscape is required to show under Rule 26(c).  "A party asserting good cause bears the burden . . . of showing that specific prejudice or harm will result if no protective order is granted."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).  Moreover, "the fact that the production of documents may involve inconvenience and expense is not alone a sufficient reason for refusing discovery which is otherwise appropriate."  *U.S. v. Am. Optical Co.*, 39 F.R.D. 580, 586 (N.D. Cal. 1966) (denying motion to quash subpoena *duces tecum* as "unduly oppressive and burdensome because it would necessitate the examination of large quantities of documents.").

Teachscape's Motion to Stay Discovery, like its Opposition to the Motion to Compel, is notable for what it lacks in support:  a competent declaration showing exactly what "undue burden or expense" Teachscape faces.  *See* Part 0, *supra*.  Instead, Teachscape relies on inapposite legal authority and *dicta*.  Specifically, Teachscape relies on *Rutman Wine*, *supra* and *APL Co. v. UK Aerosols Ltd.*, 452 F. Supp. 2d 939, 945 (N.D. Cal. 2006) for the proposition that courts may disallow discovery for the purpose of amending a complaint in order to state a claim.  *See* Def.'s Mot. to Stay Disc., at 7.  In *Rutman Wine*, however, the court upheld the denial of discovery by finding that "the costs of discovery in antitrust actions are prohibitive.  . . .  It is sounder practice to determine whether there is *any reasonable likelihood that plaintiffs can construct a claim* before forcing the parties to undergo the expense of discovery."  *Rutman Wine*, 829 F.2d at 738 (emphasis added).  In this case, Laureate has amply demonstrated a reasonable likelihood that is can construct a claim regardless of Teachscape's Motion to Dismiss the FAC, and thus Teachscape's

Heller
Ehrman LLP

11

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS          Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

1 reliance on *Rutman Wine* and its progeny is misplaced.[4]

2    Moreover, in *Rutman Wine* and the cases citing to it in denying discovery, the courts

3 were not faced with a situation where the defendant had exclusive control of the

4 information. Instead, they were presented with very broad and burdensome discovery

5 prospects, such as relevant market definition and injury to competition.[5] *See id.* at 732.

6 Such issues are historically known to be the subject of years of expensive, endless, and

7 burdensome discovery. Other cases, however, have distinguished the situation where, as

8 here, the facts are relatively limited and are exclusively within defendant's control. For

9 example, in *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003), the court upheld

10 the refusal to amend without discovery only after finding that "nowhere in [the plaintiff's]

11 briefs to this court does he state that [the defendant's] control is exclusive." *Id.* at 566.

12 Jurisprudence as to a defendant's motion to dismiss for failure to state a claim, premised on

13 plaintiff's inability to plead specific facts required under Rule 9(b), also is instructive:

> 14    Courts have held that the rule may be relaxed where information is only
> within the opposing party's knowledge. [Citations omitted] Especially in a
> 15    case in which there has been no discovery, courts have been reluctant to
> dismiss the action where the facts underlying the claims are within the
> 16    defendant's control. . . . It is a principle of basic fairness that a plaintiff
> should have an opportunity to flesh out her claim through evidence unturned
> 17    in discovery.

18

19

---

20 [4] The Court should also ignore Teachscape's argument that Laureate filed this motion *in
response to* the Court's dismissing of the original complaint. *See* Def.'s Mot. to Stay Disc.,

21 at 3:26-28. It is simply not true. Laureate spent months diligently dealing with all of the
roadblocks thrown up by Teachscape with respect to the Rule 26(f) conference, initial

22 disclosures, a protective order, and taking seriously the meet and confer requirement (which

23 Teachscape plainly did not) before Laureate could even get to the point of making a motion
to compel. All of this time Teachscape kept adding to the delay by refusing to make clear

24 statements one way or another as to its position. Finally, Laureate moved to compel at the

25 earliest reasonable opportunity.

26 [5] Similarly, the *dicta* in *Bell Atlantic* regarding "potentially massive fact discovery" results
from a class action for antitrust violations against four incumbent local exchange carriers

27 that provide telephone service to consumers nationwide. *See Bell Atlantic*, 127 S. Ct. at
1962. For reasons explained above, that dicta is inapplicable here.

28

Heller
Ehrman LLP

12

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS          Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988); *see also Deutsch v. Flannery*, 823 F.2d 1361, 1366 (9th Cir. 1987) ("'Rule 9(b) does not… require plaintiffs . . . to set forth facts which, because no discovery has yet occurred, are in the exclusive possession of the defendants.'") (citation omitted).

Thus, *Rutman Wine* is distinguishable from the present case on multiple grounds. *Rutman Wine* on its face proposed a standard of plausibly constructing a claim which is met here. Moreover, this is not an antitrust case; the discovery sought here is limited, and Laureate offered to pay for it. This does not provide a basis for meeting the heavy burden to stay discovery entirely.

C. **Even If Teachscape Has Made Its Required Threshold Showing Of Good Cause, Laureate Demonstrates That The Court Should Nonetheless Exercise Its Discretion To Allow The Limited Discovery Requested.**

1. **The discovery sought by Laureate is narrowly focused to allow for resolution of this case on its merits.**

Laureate has moved to compel narrowly focused discovery—i.e., the production of the degree / course materials that are the subject of its FAC. *See generally* Pl.'s Mot. to Compel Prod. In its Motion to Stay Discovery, Teachscape tries to turn the Court's focus away from this narrow discovery by pointing to an attorney declaration containing empty rhetoric about meet and confer efforts and also pointing to the number / volume of all of Laureate's discovery. *See* Mot. to Stay Disc., at 4; Decl. of Gayle M. Athanacio in Supp. of Def.'s Mot. to Stay Disc. [Dkt. No. 70]. That discussion about discovery not at issue,[6] is not a substitute for good cause required pursuant to Rule 26(c) to prevent production of the materials sought in Laureate's Motion to Compel. The Court should ignore Teachscape's

---

[6] Teachscape's attempt to characterize all the discovery propounded as unwieldy disregards the fact that Laureate propounded its discovery in a comprehensive fashion at the outset of this suit so that Teachscape could conduct the majority of its information and document collection efforts efficiently in the first instance. So, in reality, discovery was propounded in a way to minimize Teachscape's overall burden—assuming that Teachscape would participate in the discovery process as required by the Federal Rules and the ruling of the Ninth Circuit in *Telluride*.

Heller
Ehrman LLP

13

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS          Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

1  bluster and focus on the discovery sought to resolve the parties' current impasse.

2      In so doing, the Court should find that Teachscape any showing toward good cause is

3  rebutted with respect to the discovery sought by Laureate's Motion to Compel, in view of

4  the goal of the Federal Rules to resolve disputes on their merits, and the furtherance of the

5  public interest in preventing the misappropriation of the skills, creative energies, and

6  resources which are invested in copyrighted works. *See Apple Computer, Inc. v. Franklin*

7  *Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983); *Autoskill, Inc. v. Nat'l Educ. Support*

8  *Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir.1993); *Control Data Sys. v. Infoware, Inc.*, 903 F.

9  Supp. 1316, 1326 (D. Minn. 1995).

10  
11  
12      **2.    Teachscape's effort to avoid its discovery obligations in the state court action further demonstrates that it is simply trying to avoid liability on meritorious claims through endless procedural maneuvering.**

13      Teachscape also now is undertaking efforts to avoid discovery in the state court case

14  by Laureate's former co-plaintiff and subsidiary, Canter & Associates, LLC ("Canter"). *See*

15  Mot. to Stay Disc., at 6 n.3. Teachscape has no interest in expending this much effort to

16  hide these course materials other than trying to avoid liability. These are not the crown

17  jewels. They are not even trade secrets. Some of them have been and eventually all will be

18  published to quite a few people. But Laureate to date has been unable to pursue lawful

19  means, other than court process, of obtaining the course materials—draft or final. That

20  Teachscape will seek a stay of state court proceedings while at the same time seeking a stay

21  of discovery here evinces that Teachscape is not interested in efficiently litigating its

22  disputes with either Laureate or Canter, but that Teachscape's true motive is the delay

23  and/or prevention of resolving any claim on its merits.[7] While there is little to no cost in

24  _____

25  [7] In view of its latest actions, that Teachscape is engaging in delay tactics, and not the efficient resolution of the parties' dispute on the merits can no longer be debated.

26  Moreover, it has been over a year and a half since Teachscape's entry into the marketplace though its wrongful conduct. The passage of time only benefits Teachscape by allowing it

27  to cement a place in the market that it entered into on an accelerated basis by improperly leveraging Laureate's and Canter's intellectual property.

28

Heller
Ehrman LLP

14
REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS          Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

Teachscape producing its materials and designating the production for both federal and state actions (for which Laureate has offered to pay Teachscape), Teachscape prefers to expend its resources to evade discovery in both. The Court should put an end to Teachscape's gamesmanship, which will apparently extend to two courts if not stopped, so that efficiency truly can be achieved.

Accordingly, the Court also should reject out of hand Teachscape's argument that the decision by Canter to pursue its state law claims in state court, and propounding discovery related to those claims, somehow demonstrates a "desire to unduly burden, annoy and harass Teachscape, and engage in 'scorched earth' discovery and litigation, without regard for judicial resources or Teachscape's legitimate rights." *Id*. at 6. Teachscape fails to appreciate that Canter's suit is in accord with Teachscape's wish that Canter's "state claims [] be brought in San Francisco County, where Teachscape is located . . . ." Def.'s Mot. to Dismiss and/or Strike Compl. [Dkt. No. 6], at 15. Teachscape should not be complaining about Canter seeking discovery in Teachscape's preferred venue—especially when this Court has noted that those claims have been sufficiently pled. *See* Kassabian Decl. Ex. A, at 2.

## CONCLUSION

Laureate's Motion to Compel should be granted, and Teachscape's Motion to Stay Discovery should be denied.

Dated: February 27, 2008                    Respectfully submitted,

HELLER EHRMAN LLP


By _____/s/ DANIEL N. KASSABIAN_____
Attorneys for Plaintiff
LAUREATE EDUCATION, INC.

Heller
Ehrman LLP

15

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS                    Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

## SUPPLEMENTAL DECLARATION OF DANIEL N. KASSABIAN

I, Daniel N. Kassabian, declare:

1.      I am an associate with the law firm of Heller Ehrman LLP ("Heller Ehrman"), counsel to Plaintiff Laureate Education, Inc. ("Laureate").  The factual assertions herein are made on my personal knowledge and, if called upon to do so, I could and would testify competently thereto.

2.      On January 30, 2008, counsel for the parties met and conferred by telephone regarding a stipulated protective order, as required by the Court's Order re Discovery Disputes, and with the intent by Laureate to meet and confer about Teachscape's objections to Laureate's Requests for Production.  During that call, counsel for Teachscape, Gayle Athanacio, became obstinate with respect to terms of the stipulation and made excuses as to why Teachscape could not discuss Laureate's Requests for Production at that time, despite having been sent letter setting forth Laureate's position on January 23rd.  In response, counsel for Laureate, Annette Hurst, asked Ms. Athanacio if the conference call could be recorded from that point forward.  Ms. Athanacio refused this request.

3.      Attached hereto as Exhibit 1 is a true and correct copy of a letter e-mailed and mailed by me to Ms. Athanacio on February 19, 2008.

4.      Attached hereto as Exhibit 2 is a true and correct copy of a letter e-mailed to me from Ms. Athanacio on February 21, 2008.

5.       Attached hereto as Exhibit 3 is a true and correct printout from Teachscape's web site (http://www.teachscape.com/html/ts/nps/online_masters_degree_programs.html) on today's date.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct of my own knowledge and that this declaration is executed on February 27, 2008 in San Francisco, California.

                                                      /s/ Daniel N. Kassabian

Heller
Ehrman LLP

REPLY FOR MOT. TO COMPEL PROD. OF DEF.'S COURSE MATERIALS                    Case No. C 07-3225 RS
& OPP'N TO DEF'S MOTION TO STAY DISCOVERY

# EXHIBIT 1

# HellerEhrman LLP

February 19, 2008

Daniel N. Kassabian
Daniel.Kassabian@hellerehrman.com
Direct +1 (415) 772-6098
Direct Fax +1 (415) 772-1796
Main +1 (415) 772-6000
Fax +1 (415) 772-6268

26930.0004

*Via E-mail and U.S. Mail*

Gayle M. Athanacio, Esq.
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th Floor
San Francisco, CA  94105-2708

**Re:**    ***Laureate Education, Inc. v. Teachscape, Inc.***, **No. 07-3225 RS (N.D. Cal.)**

Dear Gayle:

I write to resolve the impasse between the parties with the following offer by Laureate:

- Laureate will pay Teachscape's reasonable costs, including collection, copying, and production costs of up to $5,000 for the production of the degree / course materials (or providing access to online materials) that are now the subject of Laureate's motion to compel;

- Teachscape will produce its final degree / course materials on or by February 27th, and will produce its first available drafts of these same materials on or by March 5th;

- Laureate will produce its materials set forth in the First Amended Complaint, as registered with the Copyright Office, on or before February 27th at its own expense;

- Laureate will withdraw its pending motion to compel the production of these materials as moot;

- Laureate will agree not to seek further discovery in this action unless and until the Court rules on Teachscape's pending motion to dismiss or that motion is withdrawn;

- Teachscape will withdraw its motion for protective order to stay discovery as moot;

- The parties will stipulate and ask the Court to postpone the hearing on Teachscape's motion to dismiss to April 2nd, so that the parties are given sufficient opportunity to review each other's productions and evaluate their respective positions; and

- The parties' stipulation to postpone the hearing will also contain all the other terms of this agreement if accepted so that the Court may enforce its terms if needed.

We believe that $5,000 is a fair estimate of the most Teachscape would incur in reasonable costs to produce these documents.  That estimate is based on the following:

HellerEhrman<sub>LLP</sub>

(1) there is no cost to allowing access of final online materials because it would only entail giving us a username/password; (2) the cost of producing all final physical materials cannot be greater than $1350, which is the sum of the $75 per course "Materials Fee" charged by Marygrove for each of the 16 courses that comprise Teachscape's degree programs at Marygrove; and (3) the cost of producing copies of the first available drafts of these materials will not be greater than the remainder of the $5000.  For example, around 35 hours of time by a paralegal or Teachscape employee, at a reasonable charge of $100 per hour, could be used to collect, copy, and produce these earliest available drafts.  With respect to what is meant by a final and earliest available draft of a Teachscape degree / course material, I refer you to my letter dated January 31, 2008, which addresses that subject.  Finally, the parties' productions will be subject to the Federal Rules pertaining to discovery, and may be produced subject to the Stipulated Protective Order to the extent appropriate.

We look forward to your prompt response to this offer no later than tomorrow.

Best regards,

Daniel N. Kassabian

cc:     Annette L. Hurst, Esq. (*via e-mail only*)
        Elena M. DiMuzio, Esq. (*via e-mail only*)
        Christine Lepera, Esq. (*via e-mail only*)

# EXHIBIT 2



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

525 Market Street
26th Floor
San Francisco, CA 94105-2708
415.882.5000
415.882.0300 fax
www.sonnenschein.com

**Gayle M. Athanacio**
415.882.5077
gathanacio@sonnenschein.com

February 21, 2008

**VIA EMAIL AND U.S. MAIL**

Daniel Kassabian, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

Re:   *Laureate v. Teachscape; Canter & Associates LLC v. Teachscape:*

Dear Dan:

I have received your February 19, 2008 correspondence in which you discuss a possible resolution to the longstanding dispute over the mutual exchange of allegedly infringing and infringed materials that are at the center of Plaintiffs' claims against Teachscape. At the outset, I must say that it is extremely frustrating to Teachscape that you make a proposal only after Teachscape was forced to file its motion for protective order and the day before its response to Laureate's motion to compel is due. It is equally frustrating that your proposal makes no mention of the parallel state court action that your clients filed in which they essentially "split" the federal action into two suits. While Teachscape had no choice but to file its opposition to the motion to compel (not having sufficient time to consider your proposal before then), Teachscape would like nothing more than to move this dispute onto a different track for resolution. Unfortunately, your proposal will not work. Our reasoning is set forth below, as is what we believe is an appropriate manner in which to put the matter to rest.

As reflected in Teachscape's motion for protective order and motion to dismiss Laureate's first amended complaint, Teachscape believes Plaintiffs have not brought suit (now suits) against Teachscape in good faith and with a proper inquiry. Formal discovery to allow Laureate to "fish" for evidence of supposed wrongdoing is inappropriate. We appreciate you disagree with Teachscape's contention; however, to date, nothing in your communications or the motions which you have filed have led Teachscape to conclude its position is incorrect. That you continue to reject Teachscape's offer for an "apples to apples" exchange of final course material, and in your February 19th correspondence apparently condition any such exchange on Teachscape's agreement to produce in two weeks "first available drafts," only serves to reinforce Teachscape's genuine concern that Plaintiffs are not proceeding in good faith.

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Daniel N. Kassabian
February 21, 2008
Page 2

Further, your proposal presupposes that Teachscape is not being candid when it says it really does not understand what you want in "first available drafts" and why Plaintiffs claim to need them in order to see if they have a case. Further, your presumptions regarding the burden of trying to gather the materials/information is incorrect. There are other issues we could raise but at this juncture and due to obvious time constraints, we cannot raise them here.

Having said this, as was evident in our correspondence to you almost a year ago, Teachscape genuinely desires to put to rest Plaintiffs' concerns and avoid further litigation between the parties. As such, Teachscape offers the following proposal:

- Teachscape will provide Plaintiffs with full online access to the allegedly offending Marygrove course offerings and Plaintiffs will provide Teachscape will full copies of all copyrighted materials (including audiovisual materials). This exchange will take place on or before March 3rd (as you know, I am tied up in depositions in New York next week.)

- Within one week of the exchange of final course materials, the parties will sit down to discuss in light to the above exchange what "drafts" Plaintiffs want. At that time, the parties will agree upon what are the sought after "drafts," a date for production of those documents, and the appropriate cost shifting.

- The parties will agree to stipulate to an immediate stay of both the *Laureate v Teachscape* and *Canter v. Teachscape* actions. (Alternatively, Canter can dismiss without prejudice its state court action and Teachscape will agree to not assert any defense or make any claim based upon that dismissal.) To the extent necessary, Teachscape and Laureate will withdraw their respective discovery motions and continue the hearing on Teachscape's motion to dismiss.

- If after the production of the above materials, Laureate agrees there is no substantial similarity between the allegedly infringed and infringing materials, Laureate will agree to immediately dismiss with prejudice the federal action.

- As soon as possible, but in no event more than one month after the exchange of the materials, the parties agree to either resolve their dispute themselves or conduct a mediation before an agreed-upon third party with the goal to settle the entire dispute between all the parties. Should the mediation prove unsuccessful, the parties agree to jointly stipulate that the stays be lifted.

# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Daniel N. Kassabian
February 21, 2008
Page 3

As the above suggests, this proposal will only work if the parties jointly proceed in good faith and believing that the other parties will do the same. Despite its concerns, Teachscape is willing to make this commitment. We hope that Plaintiffs are as well and that you agree that the above proposal represents the most practical and expedient way to resolve our differences and avoid unnecessary further litigation.

We look forward to your response to Teachscape's proposal and would welcome the opportunity to discuss the matter further.

Very truly yours,

SONNENSCHEIN NATH & ROSENTHAL LLP

Gayle M. Athanacio

Gayle M. Athanacio

27290829

# EXHIBIT 3



Login Name [                    ]

Password [                    ]

Login problem?

LOG-IN

Subscribe to E-Newsletter

## Our Graduate Programs

**Online Master's Degree Programs**

    **Curriculum**

    **Tuition**

        **Payment Options**

        **Financial Aid**

    **Admissions**

    **Frequently Asked Questions**

**Online Graduate Courses**

    **University Partners**

    **Online Graduate Course Catalogue**

    **Interactive Tour**



Home  >  Our Graduate Programs  >  Online Master's Degree Programs  >

# Online Master's Degree Programs

## An Online Master's. Growing Your Future.

Teachscape has partnered with Marygrove College to offer online master's degrees to support teachers in their career advancement and professional development. To become an excellent educator, ongoing personal and professional learning are critical to your success. These exceptional graduate study programs advance your career and your professionalism by keeping you on top of the latest research in education, helping you apply what you learn to become more effective in your classroom situation.



### A History of Excellence

Known for excellence in teacher education since 1914, Marygrove College, located in Detroit, Michigan, has been a pioneer in offering convenient and practical master's degree programs in a variety of distance-learning formats. With more than 20,000 graduates, Marygrove College has an excellent reputation among

**teachscape** Quick For

Complete this Quick Form to receive mor
information about Teachscape's services
Someone will be in touch with you soon

Name

District/School

Title

Street Address

City, State, Zip

Phone Number

Email Address

Type comments or requests here

Home        Our Methodology        Our Services        Our Technology Tools

Our Graduate Programs        About Us        Contact Us

**Teachscape | Copyright © 2008 | All Rights Reserved**

> Web Design by C3i3 Interactive <