GAYLE M. ATHANACIO (SBN 130068)
gathanacio@sonnenschein.com
CHRISTINE LEPERA (admitted *pro hac vice*)
clepera@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
TEACHSCAPE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC and LAUREATE EDUCATION, INC., <br><br> Plaintiff. <br><br> v. <br><br> TEACHSCAPE. INC., <br><br> Defendant. | Case No. C 07-3225 RS <br><br> DEFENDANT TEACHSCAPE INC.'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY PENDING MOTION TO DISMISS <br><br> Date:  April 2, 2008 <br> Time:  9:30 a.m. <br> Dept:  4 (5th Floor) <br> Judge: Honorable Richard Seeborg |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................... 1

II. FACTUAL BACKGROUND REVISITED ................................................................. 2

III. ARGUMENT ..................................................................................................................... 5

    A. Good Cause Exists To Stay Discovery Pending Resolution Of Teachscape's Motion To Dismiss. ................................................................. 5

    B. A Stay of All Discovery Is Warranted. ................................................................. 8

    C. Teachscape's Motion Is Timely. ......................................................................... 10

IV. CONCLUSION................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*APL Co. Pte. Ltd. v. UK Aerosols Ltd., Inc.*,
 452 F. Supp. 2d 939 (N.D. Cal. 2006) ............................................................................... 7

*Apple Computer, Inc. v. Franklin Computer Corp.*,
 714 F.2d 1240 (3rd Cir. 1983) ........................................................................................... 9

*Autoskill, Inc. v. National Education Support System, Inc.*,
 994 F.2d 1476 (10th Cir. 1993) ......................................................................................... 9

*Ayers v. Continental Casualty Co.*,
 240 F.R.D. 216 (N.D. W.Va. 2007) ................................................................................ 11

*Bell Atlantic v. Twombley*,
 127 S. Ct. 1955 (2007) ........................................................................................... 2, 5, 10

*Blue Chip Stamps v. Manor Drug Stores*,
 421 U.S. 723 (1975) ...................................................................................................... 2, 5

*Control Data System v. Infoware, Inc.*,
 903 F. Supp. 1316 (D. Minn. 1995) ................................................................................... 9

*Deutsch v. Flannery*,
 823 F.2d 1361 (9th Cir. 1987) ....................................................................................... 7, 8

*Foltz v. State Farm Mutual Automobile Insurance Co.*,
 331 F.3d 1122 (9th Cir. 2003) ........................................................................................... 6

*Michaels Building Co. v. Ameritrust Co.*,
 848 F.2d 674 (6th Cir. 1988) ......................................................................................... 7, 8

*Ricotta v. Allstate Insurance Co.*,
 211 F.R.D. 622 (S.D. Cal. 2002) ....................................................................................... 9

*Rutman Wine Co. v. E & J Gallo Winery*,
 829 F.2d 729 (9th Cir. 1987) .................................................................................... 5, 7, 8

*Telluride Mgt. Solutions, Inc. v. Telluride Investment Group*,
 55 F.3d 463 (9th Cir. 1995) ............................................................................................... 9

*U.S. v. America Optical Co.*,
 39 F.R.D. 580 (N.D. Cal. 1966) ........................................................................................ 6

Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th Floor
San Francisco, California 94105-2708
(415) 882-5000

*Walker v. University Books, Inc.*,
   602 F.2d 859 (9th Cir. 1979) ...............................................................................9, 10

*Wood v. McEwen*,
   644 F.2d 797 (9th Cir. 1981) ...........................................................................................5

*Yuhasz v. Brush Wellman, Inc.*,
   341 F.3d 559 (6th Cir. 2003) .......................................................................................7, 8

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-iii-

**TEACHSCAPE, INC.'S NOTICE/MOTION TO FOR PROTECTIVE ORDER TO STAY DISCOVERY**

## I. INTRODUCTION

In its opposition to Teachscape, Inc.'s ("Teachscape") Motion for Protective Order (and joint reply in support of its Motion to Compel), Laureate Education, Inc. ("Laureate") argues that Teachscape's Motion to stay discovery pending a ruling by this Court on Teachscape's Motion to Dismiss should be denied because Teachscape has failed to show good cause and its motion was untimely. Nothing could be further from the truth.

In this case, Laureate has for the second time asserted a copyright infringement claim that is based on a "guess". As such, Teachscape has filed a Motion to Dismiss the first amended complaint ("FAC"). Nonetheless, Laureate seeks to burden Teachscape with needless discovery in the hope that it might find some scintilla of a claim. No amount of discovery will disclose any evidence of a viable copyright (or other) claim. That Laureate has rejected, and continues to reject, Teachscape's offer to voluntarily exchange allegedly infringing final Marygrove course materials, and will not commit to dismissing this action even if the discovery it presently seeks discloses it has no claim, demonstrates that Laureate is using litigation, and related discovery and motion practice, to harass Teachscape and interfere with its legitimate business. This conclusion is cemented when one considers that Laureate's wholly owed subsidiary, Canter, and former co-plaintiff in this action, has now filed a parallel state court action asserting claims Canter previously brought here and is seeking duplicative and burdensome discovery in that action. Under these circumstances, it is clear Teachscape has shown good cause exists for a stay of discovery.

As to Laureate's claim that Teachscape's motion for protective order was untimely, and was only precipitated by the filing of Laureate's motion to compel, it is simply and demonstrably untrue. As reflected in virtually every declaration submitted in connection with Teachscape's motion for protective order and Laureate's motion to compel, Teachscape notified Laureate of its intent to move for a protective order promptly after the parties' formal meet and confer efforts failed. It would have been manifestly inappropriate and in violation of this Court's explicit rules to file a motion before the parties engaged in meaningful meet and confer discussions. That those formal discussions began two months after Teachscape served its responses was of Laureate's doing, and the delay reasonably led

-1-
TEACHSCAPE'S REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER TO STAY DISCOVERY
CASE NO. C07-3225 RS

1   Teachscape to believe that Laureate agreed that another round of motions, if necessary, should wait
2   until a ruling by this Court on Teachscape's Motion to Dismiss the initial complaint. Apparently,
3   Laureate changed its mind when this Court granted Teachscape's Motion to Dismiss. Laureate's shift
4   in strategy cannot render Teachscape's motion untimely.

Further, as the parties' correspondence and declarations reflect, it was only *after* Teachscape told Laureate of its intent to file a motion for protective order (and discussed a date for hearing that motion) that Laureate informed Teachscape it would file its own motion to compel. As Laureate's declaration in support of its motion to compel confirms, Laureate refused to set the hearing on its motion to compel for the same day as Teachscape's motions and raced to this Court to get its motion set earlier. This is the reason Laureate's motion was filed first.

Well-settled case law, and the Supreme Court's recent pronouncement in *Bell Atlantic v. Twombly*, demonstrate that this is precisely the type of case where the Court should exercise its power "lest a plaintiff with 'a largely groundless claim'" be allowed to "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" 127 S. Ct. 1955, 1964-1966 (2007) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)). This Court unquestionably has the power to stay discovery pending a ruling on Teachscape's Motion to Dismiss the FAC. Under the circumstances present in this case, Teachscape respectfully submits this Court should exercise that power and issue a protective order staying all discovery.

## II.    FACTUAL BACKGROUND REVISITED

Plaintiffs repeatedly refused to engage in an "apples to apples" exchange of final Marygrove master's degree and Laureate copyrighted course materials which Teachscape offered to Plaintiffs both pre-litigation and immediately prior to Laureate's filing of a motion to compel. Critically, during the parties' meet and confer discussions regarding the present discovery dispute, Plaintiffs' counsel made clear that even if Teachscape acceded to Laureate's demands (admittedly assuming Laureate could actually articulate what it wanted), and it was shown to Laureate's satisfaction that no substantial similarity existed between any works (hence, that Laureate's copyright claim failed as a

-2-

TEACHSCAPE'S REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER TO STAY DISCOVERY
CASE NO. C07-3225 RS

matter of law), Laureate would not agree this case should end. Further demonstrating its unreasonableness, Laureate told Teachscape that if it wanted to see what Laureate works were being sued upon, it would either have to propound formal discovery or go to the Copyright Office (which in actuality would not disclose half of the materials at issue since Laureate had apparently encrypted all audiovisual materials). *See* Declaration of Gayle M. Athanacio In Support of Motion for Protective Order ("Athanacio Decl."), ¶ 18. Not surprisingly, the result of these discussions led Teachscape to file a Motion for Protective Order and Laureate a Motion to Compel Teachscape's Production of "Course Materials."

No doubt recognizing that its course of conduct was inappropriate, a day before Teachscape's opposition to Laureate's motion to compel "course materials" was due, Laureate sent to Teachscape its purported proposal for resolving the discovery dispute. *See* Supplemental Declaration of Daniel Kassabian In Support Of Opposition To Motion To Stay Discovery ("Supp. Kassabian Decl."), Ex. 1 [Docket No. 81]. Laureate's "proposal", however, was nothing more than a reiteration of its demand that Teachscape produce all "first drafts" of course materials with an accompanying offer to accept Teachscape's prior offer for an apples to apples exchange.[1] Tellingly, Laureate made no mention of the parallel state court action and overlapping discovery propounded in that case by Canter, even though the document requests currently at issue in this case had been propounded by Canter and Laureate collectively. Laureate's proposal further made no commitment to dismiss, even if it was shown *to Laureate's satisfaction* that Teachscape's works provided no basis on which to support its claim.

Despite the obvious concerns raised by Laureate's eleventh hour and incomplete proposal, Teachscape made a counter-proposal that sought to get this matter on a track for complete resolution without further recourse to the courts, and which was consistent with Plaintiffs' position prior to their splitting this dispute into two actions: The parties would agree to stay the litigations between them and would immediately engage in the mutual exchange of Marygrove final course material and

---

[1] Laureate additionally offered $5,000 to cover what Laureate concluded was the reasonable cost of complying with Laureate's demand. Supp. Kassabian Decl., Ex. 1.

-3-
TEACHSCAPE'S REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER TO STAY DISCOVERY
CASE NO. C07-3225 RS

allegedly infringed Laureate materials so that the parties could understand what Plaintiffs claimed Teachscape was wrongfully exploiting. *Id.*, Ex. 2, p. 2. After this exchange, Teachscape proposed that the parties would promptly sit down to discuss, with the benefit of the exchanged materials, what Laureate truly wanted and was concerned about insofar as "drafts" were concerned. *Id.* Teachscape proposed that it would voluntarily produce the agreed-upon drafts if Laureate would agree to dismiss this action if it was shown *to Laureate's satisfaction* that there was no substantial similarities between the works and hence no conceivable copyright claim. *Id.* The parties would in all events proceed to mediation (or direct settlement discussions). *Id. Plaintiffs failed to respond in anyway to Teachscape's proposal.* Rather, Laureate submitted a memorandum to this Court suggesting that Teachscape unreasonably rejected Laureate's proposal. [*See* Docket No. 81.] Significantly, while Laureate had no choice but to attach to its counsel's supplemental declaration Teachscape's response to Laureate's proposal, its memorandum makes no mention of the substance of Teachscape's response.[2]

Proving its on-going desire to unduly burden and harass Teachscape, Laureate has now filed a Motion For Leave To File a Supplemental First Amended Complaint in this action, apparently to further expand the scope of its copyright claim, even though Teachscape's Motion to Dismiss the FAC is pending.[3] Further, as previously noted, Canter has now burdened Teachscape and two courts with this dispute, having filed a separate state court action on the identical claims previously asserted here, and having served duplicative, burdensome discovery in that state court action. *See* Athanacio Decl. In Support Of Teachscape's Motion for Protective Order [Exs. G, J, Docket No. 70].[4]

---

[2] Teachscape will not dignify with a response the suggestion in Laureate's counsel's supplemental declaration that Teachscape's counsel was "obstinate" or their suggestion that her refusal to allow Laureate to unilaterally begin taping a telephone conversation mid-way through discussions was unwarranted.

[3] As it unfortunately has done before, Laureate violated this Court's Local Rules by failing to meet and confer over either the substance of its motion to file a supplemental complaint and/or to set a mutually convenient hearing date.

[4] As Teachscape predicted, it was forced to file a motion to stay Canter's state court action so that this Court would have time to rule on Teachscape's Motion to Dismiss.

-4-
TEACHSCAPE'S REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER TO STAY DISCOVERY
CASE NO. C07-3225 RS

### III. ARGUMENT

#### A. Good Cause Exists To Stay Discovery Pending Resolution Of Teachscape's Motion To Dismiss.

Laureate does not dispute (as it cannot) that Federal Rule of Civil Procedure 26(c) provides that for good cause shown, a party may seek an order "which justice requires to protect a party from annoyance…oppression, or undue burden or expense" and that an order that discovery "not be had" is expressly provided. Fed. R. Civ. Proc. 26(c) (1). Nor does Laureate genuinely dispute that the Supreme Court has noted that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atlantic*, 127 S. Ct. at 1967. Indeed, the Supreme Court expressly recognized that a district court should be on guard "lest a plaintiff with 'a largely groundless claim'" be allowed to "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Id.* at 1964-1966 (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)).

Nor can Laureate dispute that consistent with this power, a court may preclude discovery pending decisions on dispositive motions such as a motion to dismiss. *See Wood v. McEwen,* 644 F. 2d 797, 801-02 (9th Cir. 1981) (a court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief"). This, where allegations in a complaint fail to establish the requisite elements of the cause of action, a court should not require a defendant to engage in what court's recognize is "costly and time consuming discovery." *Rutman Wine Co. v. E & J Gallo Winery,* 829 F. 2d 729, 738 (9th Cir. 1987). Yet, Laureate argues no stay is appropriate. Laureate's argument is without merit.

As demonstrated by the Court's Order Granting Teachscape's Motion to Dismiss, as well as Teachscape's Motion to Dismiss Laureate's First Amended Complaint, Laureate has failed to demonstrate that it has or can state a cognizable copyright infringement claim. Specifically, Laureate was given the opportunity to amend its complaint to try to state a claim, and its amended complaint is as deficient as its first. Teachscape should not be forced to engage in the costly and time-consuming task of discovery where Laureate has failed to plead a cognizable claim. Hence, Teachscape has

established that prejudice and/or harm will result if no protective order is granted. *See Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F. 3d 1122, 1120 (9th Cir. 2003).[5]

Moreover, Teachscape should not be forced to respond to burdensome and expansive discovery on two fronts–one here and another in Canter's state court action. That Teachscape has been forced to seek to stay the state court action is not indicative of any delay tactics by Teachscape, but rather a function of Plaintiffs' unwillingness to allow this dispute to be resolved in an orderly fashion in a single court. That Plaintiffs are out to bury Teachscape and undertake a fishing expedition is confirmed by the fact that Plaintiffs refused Teachscape's offer, made prior to the filing this Motion, to provide them with access to the allegedly infringing materials, on the ground that they were entitled to "first available drafts" of Teachscape's course materials. Athanacio Decl., ¶ 18. Plaintiffs' refusal to even respond to Teachscape's February 21, 2008 offer to provide Plaintiffs with full access to the allegedly infringing Marygrove final course materials and work with Plaintiffs to come to an agreement with respect to the "draft" course materials Plaintiffs apparently seek, further demonstrates Plaintiffs' intention is to use this litigation, and the state court litigation, as a means to burden and harass Teachscape, and indeed, as a method to gain access to Teachscape's confidential information. *See* Supp. Kassabian Decl., Ex. 2. Left with no choice, Teachscape has thus moved to stay discovery in this action and moved to stay the state court action so as to allow this Court the opportunity to conclude whether this case should proceed.

Further demonstrating the need for a protective order in this case is the fact that, even though Canter is no longer a plaintiff in this action, and the sole claim at issue is one for copyright

---

[5] Laureate cites to *U.S. v. Am. Optical Co.,* 39 F.R.D. 580, 586 (N.D. Cal. 1966) in support of the notion that the inconvenience and expense of discovery does not support a refusal to produce documents. Opposition to Teachscape's Motion to Stay Discovery ("Opp."), p. 11:10-15. However, *Am. Optical* does not suggest that a stay would be inappropriate where, as here, the plaintiff has failed to state a cognizable claim. In *Am. Optical*, a third party moved to quash a subpoena *duces tecum*, asserting that the subpoena was "unduly oppressive and burdensome because it would necessitate the examination of large quantities of documents." 39 F.R.D. at 586-87. While the court denied the motion to quash, a motion to stay discovery was not an issue, and unlike here, in *Am. Optical*, there was no concern as to whether the plaintiff had asserted a cognizable claim in its complaint prior to engaging in discovery. In fact, the subpoena at issue was issued *by the defendant*. *Id.* at 583. *Am. Optical* is therefore inapposite.

1  infringement, Laureate continues to seek discovery that was propounded when both Laureate and
2  Canter were parties to this action and when six additional claims were asserted by Plaintiffs.
3  Athanacio Decl., ¶ 12, Ex. G.  Indeed, Laureate has expressly indicated that it may seek production of
4  all the documents both it and Canter requested.  *Id.*  Canter has effectively propounded the same
5  discovery in the state court action.  *Id.*, ¶ 16, Ex. J.  Plainly, Laureate and Canter will continue to
6  prejudice, harass and unduly burden Teachscape, in any forum, in order to try to manufacture *some*
7  claim of wrongdoing against Teachscape.  This is improper.  *See Rutman Wine Co.,* 829 F.2d at 738.
8  Significantly, Laureate fails to address *APL Co. Pte. Ltd. v. UK Aerosols Ltd., Inc.,* 452 F.Supp.2d
9  939, 945 (N.D. Cal. 2006), cited by Teachscape.  Yet, in that case, the court observed in response to
10  the plaintiff's objection to the court's grant of a motion to dismiss when plaintiff claimed that
11  discovery could lead it to state a viable claim:  "The problem with this is that plaintiff is required to
12  state a viable claim at the outset, not allege deficient claims and then seek discovery to cure the
13  deficiencies."  *Id.* at 945 (citing *Rutman Wine Co.*).
14  Nonetheless, Laureate urges that because Teachscape supposedly has "exclusive control" of
15  the information sought in discovery, a motion to stay discovery would be inappropriate.  Opp., 12:7-
16  11.  *Yuhasz v. Brush Wellman, Inc.,* 341 F. 3d 559 (6th Cir. 2003), and the other cases cited by
17  Laureate in support of this proposition, are inapposite, and if anything, actually support issuance of a
18  stay of discovery in this action.
19  First, in the cases Laureate cites, the issue was whether a claim was properly pled so as to
20  defeat a motion to dismiss, not whether a stay in discovery was appropriate.  *Yuhasz,* 341 F. 3d at
21  566; *Michaels Bldg. Co. v. Ameritrust Co.,* 848 F. 2d 674, 680 (6th Cir. 1988); *Deutsch v. Flannery*,
22  823 F. 2d 1361, 1362 (9th Cir. 1987).  Here, as set forth in Teachscape's Motion to Dismiss the FAC,
23  ample case law support dismissal of Laureate's FAC.
24  Moreover, Laureate's cases concerned claims subject to the higher pleading requirement of
25  Rule 9(b), as each plaintiff was required to plead fraud with specificity.  *Yuhasz*, 341 F. 3d at 566
26  *Michaels,* 848 F. 2d at 679-80; *Deutsch,* 823 F. 2d at 1362.  Thus, the courts in these cases concluded
27  that the Rule 9(b) pleading standard would be relaxed where the information needed by the plaintiff
28

-7-
TEACHSCAPE'S REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER TO STAY DISCOVERY
CASE NO. C07-3225 RS

to properly plead its claim was in the exclusive control of the defendant. *Yuhasz*, 341 F. 3d at 566; *Michaels,* 848 F. 2d at 680; *Deutsch,* 823 F. 2d at 1366. As Laureate makes clear in its Opposition to the Motion to Dismiss and as Teachscape has never disputed, Rule 8, and not Rule 9, govern the pleading requirements in copyright infringement cases. *See* Opp. To Motion To Dismiss, 7:7-19. Thus, *Yuhasz, Michaels* and *Deutsch* do not support that a stay would be inappropriate here.

Notably, in *Yuhasz*, the court found that the defendant *did not* possess exclusive control over information concerning the specific contracts at issue, and as such, the court dismissed the claim despite the plaintiff's assertion that he could not obtain the information demanded by the court absent discovery. 341 F.3d at 566. Similar to *Yuhasz*, Teachscape does not possess "exclusive" knowledge of the Marygrove course offerings. To the contrary, Laureate has deliberately kept itself in the dark regarding the Marygrove course material identified in its FAC. Thus, if anything, *Yuhasz* establishes that where, as here, a motion to dismiss is pending and the plaintiff could have obtained the information it needed to determine if it had cognizable but did not, dismissal (and a stay of discovery) is appropriate.

### B. A Stay of All Discovery Is Warranted.

Laureate urges that even if Teachscape has shown good cause (which it has), the Court should still order Teachscape's production of "course materials" that are the subject of its Motion to Compel. Opp., 13:10-14:9. As demonstrated above, and as set forth in Teachscape's Opposition to Laureate's Motion to Compel "Course Materials" ("Opp. to Mot. to Compel"), [Dkt. No. 73], no discovery in this case should proceed because Laureate's ever-expanding copyright infringement claim is based on a "guess." *See Rutman Wine Co.,* 829 F.2d at 738. Moreover, Laureate's characterization of the discovery that is the subject of its Motion to Compel as "narrow," is disingenuous—Laureate has moved to compel all of Teachscape's "course materials," including what it calls "first available drafts" of those materials. Laureate has failed to define what it means by such a demand and its belated discussion of what are "drafts" demonstrates that the term is subject to vastly different interpretations and that Laureate's interpretation makes no sense in the context of the Marygrove course materials at issue. *See* Opp. to Mot. to Compel, 7:12-15, n. 9. [Dkt. No. 73.] Further, as

-8-

TEACHSCAPE'S REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER TO STAY DISCOVERY
CASE NO. C07-3225 RS

1  demonstrated in Teachscape's Opposition to Plaintiff's Motion to Compel, Laureate has failed to
2  articulate anything other than a "guess" that such "draft" "course materials" are relevant to its
3  infringement claims. *See Ricotta v. Allstate Ins. Co.,* 211 F.R.D. 622, 624 (S.D. Cal. 2002).

4        Laureate's argument that Teachscape's showing of good cause should be "rebutted" in view
5  of furthering the public interest in preventing the misappropriation of copyrighted works is without
6  merit. The cases upon which Laureate relies for this proposition all discuss promoting such a "public
7  interest" in the context of determining whether a preliminary injunction should be granted to prevent
8  the furtherance of any infringement. *Apple Computer, Inc. v. Franklin Computer Corp.,* 714 F.2d
9  1240, 1255 (3rd Cir. 1983); *Autoskill, Inc. v. Nat'l Educ. Support Sys., Inc.,* 994 F.2d 1476, 1499
10 (10th Cir. 1993); *Control Data Sys. v. Infoware, Inc.,* 903 F. Supp. 1316, 1326 (D. Minn. 1995). A
11 stay of discovery, particularly in an action where the plaintiff's allegations of copyright infringement
12 are based on speculation, cannot be equated to a denial of a preliminary injunction, which would
13 otherwise prevent a likely infringer from continuing the misappropriation. Accordingly, none of
14 these cases by Laureate detracts from the conclusion that discovery should be stayed pending the
15 Court's determination as to whether Laureate has stated a cognizable claim of copyright
16 infringement.

17       So, too, is Laureate's continued reliance on *Telluride Mgt. Solutions, Inc. v. Telluride Inv.*
18 *Group*, 55 F.3d 463 (9th Cir. 1995) and *Walker v. University Books, Inc*., 602 F.2d 859, 864 (9th Cir.
19 1979) misplaced. Despite its lengthy discussion of the case, it is beyond comprehension that
20 Laureate continues to suggest that *Telluride*, a case in which a party failed to appear for a *court*
21 ordered deposition, has any bearing on a case where as here, (1) no court order was implicated; (2) at
22 issue are document demands for which the defendant timely provided its responses; (3) local court
23 rules mandate a meet and confer process prior to filing any motion; and (4) the defendant moved for a
24 protective order promptly after the attempts at resolution of the dispute failed. Critically, Laureate's
25 lengthy discussion of *Telluride* fails even to acknowledge, let alone address, the fact that the
26 *Telluride* court observed the proper course for the party to take when objecting to discovery ordered
27 by the court was to seek relief from the court. *See* 55 F.3d at 467, n.3 (court noting that if the

-9-

1  plaintiff believed the notice of deposition was improper, "he could have sought relief from the
2  court"). *This is precisely what Teachscape has done in this action.*

3  Regarding *Walker*, Laureate simply fails to recognize that *Walker* had absolutely nothing to
4  do with whether a stay of discovery was appropriate when the viability of the plaintiff's claim was in
5  serious doubt. Indeed, *Walker* had nothing to do with discovery at all but rather whether summary
6  judgment was appropriately granted in that case. Certainly, as a case decided in 1979, the *Walker*
7  court necessarily fails to take into consideration the Supreme Court's admonition in *Bell* Atlantic that
8  courts not allow a party to bring a suit based on "speculation" in the hope that subsequent discovery
9  may lead to a viable claim.

### C. Teachscape's Motion Is Timely.

Despite Laureate's suggestion to the contrary, Teachscape's Motion for a Protective Order to Stay Discovery is timely. Unlike the cases cited by Laureate in support of its assertion that Teachscape's motion is untimely *(Ayers v. Continental Cas. Co., United States v. IBM* and *Pioche Mines Consolidated, Inc. v. Dolman*), Teachscape did not unduly delay the filing of its motion.

Here, Teachscape promptly moved to dismiss the action *and* informed plaintiffs that it believed that setting a discovery plan was premature in light of the pending Motion to Dismiss *prior* to any discovery ever being served. Athanacio Decl., ¶ 7, Ex. B. Significantly, Teachscape timely served its responses and objections when Plaintiffs' served their discovery. Laureate waited two months after Teachscape served its discovery responses to initiate the meet and confer process with respect to such discovery. (*Id.,* ¶ 12, Ex. G). Laureate's delay, which Teachscape reasonably concluded reflected Plaintiffs' agreement that this Court should first rule on Teachscape's Motion to Dismiss, does not render Teachscape's motion untimely. The delay in filing the Motion for Protective Order was justified. Indeed, unlike the cases cited by Laureate, during the period between Teachscape's serving responses to Plaintiffs' discovery and the filing of the present motion, the Court dismissed Plaintiffs' complaint, with leave to amend. Laureate filed a FAC which dramatically altered the landscape of this case. Thereafter, Teachscape filed its Motion to Dismiss. Teachscape then promptly made its motion for protective order after meeting and conferring with Laureate over

-10-
TEACHSCAPE'S REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER TO STAY DISCOVERY
CASE NO. C07-3225 RS

1 the discovery with the benefit of Laureate's FAC before the parties. Teachscape notified Laureate of its intent to file a motion for protective order *prior to* Laureate's filing of its motion to compel (*id.*, ¶ 17) and only after it became clear through the meet and confer process that the parties were at an impasse. *See id.,* ¶ 18. Under these circumstances, Laureate's claim that Teachscape's Motion was untimely is unwarranted.

Even assuming that Teachscape's motion was not timely, which it plainly was,"[a] party's untimeliness may be excused if there is no opportunity to move for a protective order." *Ayers v. Continental Cas. Co.,* 240 F.R.D. 216, 221 (N.D. W.Va. 2007). Here, after Plaintiffs served their discovery on October 15, 2007, Teachscape was dealing with Plaintiffs with respect to various case management issues and motions filed by Plaintiffs. Teachscape was genuinely concerned that seeking any additional affirmative relief would be seen by Laureate and possibly this Court, as inconsistent with Teachscape's position that this action should be dismissed in its entirety. After the motion to dismiss was granted on December 12, 2007, Laureate did not amend its complaint until January 22, 2008. Teachscape filed the instant Motion within weeks after the first amended complaint was filed, and only days after it was required to respond to Laureate's First Amended Complaint. [*See* Dkt. No. 57, 66.] As even Laureate concedes in its Opposition (Opp., p. 12 n. 4), the parties have been engaging in extensive meetings of counsel and motion practice. Just as Laureate asserts that it moved to compel at the "earliest opportunity," so, too, has Teachscape filed its Motion for a Protective Order at the earliest appropriate opportunity. Accordingly, the extensive activity in this case (as well as Canter's filings of its California state court action), fully explains and justifies the timing of Teachscape's motion for protective order.

## IV.   CONCLUSION

Without question, Laureate is on a "fishing expedition" and is seeking to use discovery to try to manufacture a copyright infringement claim when it has none. That Plaintiffs intend to harass and unduly burden Teachscape is equally beyond question when one considers their tactics in this action, and later actions in splitting their case into two. Plaintiffs had every opportunity to discern whether they had any viable claim against Teachscape before filing suit, but refused to avail themselves of

-11-
TEACHSCAPE'S REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER TO STAY DISCOVERY
CASE NO. C07-3225 RS

1 that opportunity. This Court should not reward Laureate nor punish Teachscape for Plaintiffs'
2 gamesmanship.
3     Plaintiffs have manifested their intent to unduly burden and harass Teachscape. A stay of
4 discovery pending this Court's adjudication of Teachscape's Motion to Dismiss the FAC is
5 warranted. Consequently, this Court should issue a protective order to stay discovery in this case
6 pending resolution of Teachscape's Motion to Dismiss.

Date: March 5, 2008                         SONNENSCHEIN NATH & ROSENTHAL LLP

By      /S/
      GAYLE M. ATHANACIO

Attorneys for Defendant
TEACHSCAPE, INC.

27291833

-12-
TEACHSCAPE'S REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER TO STAY DISCOVERY
CASE NO. C07-3225 RS