GAYLE M. ATHANACIO (State Bar No. 130068)
gathanacio@sonnenschein.com
CHRISTINE LEPERA (admitted *pro hac vice*)
clepera@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
TEACHSCAPE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC, and LAUREATE EDUCATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TEACHSCAPE, INC., <br><br> Defendants. | No. C 07-03225 RS <br><br> DEFENDANT TEACHSCAPE, INC.'S OBJECTIONS TO LAUREATE EDUCATION, INC.'S REQUEST FOR JUDICIAL NOTICE <br><br> Date:  April 2, 2008 <br> Time:  9:30 a.m. <br> Ctrm:  4 (5th Floor) <br> Honorable Richard Seeborg |

TEACHSCAPE'S OBJECTIONS TO LAUREATE'S REQUEST FOR JUDICIAL NOTICE
CASE NO. C07-3225 RS

Defendant Teachscape, Inc. ("Teachscape") hereby objects to Plaintiff Laureate Education Inc.'s ("Laureate") Request for Judicial Notice in Support of Opposition to Teachscape's Motion to Dismiss First Amended Complain ("RFJN").

In its RFJN, Laureate has requested that this Court take judicial notice of certain pleadings and the transcript of a hearing in the case of *Cinebase Software, Inc. v. Media Guar. Trust, Inc.*, No. C 98-1100 FMS, 1998 WL 661465 (N.D. Cal. September 22, 1998). Specifically, Laureate seeks to have this Court take judicial notice of the complaint, briefing on the motion to dismiss, the court order on the motion to dismiss, and a transcript of the hearing in the *Cinebase* matter. All, in particular the transcript, are irrelevant and are improperly proffered by Laureate.

Federal courts may take judicial notice of proceedings in other courts but only "proceedings [that] have a direct relation to the matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992). *See also City and County of San Francisco v. Tutor-Saliba Corp.,* No. C02-5286 CW, 2005 WL 645389, at *3 (N.D. Cal. March 17, 2005) (denying request for judicial notice, stating that the "defendants wish to incorporate many lengthy prior pleadings but do not indicate how these pleadings are relevant to this motion"); *Western States Wholesale, Inc. v. Synthetic Industries, Inc.*, 206 F.R.D. 271, 273 n. 1 (C.D. Cal. 2002) ("The court denies the request for judicial notice because these pleadings and orders are not relevant to Western State's motion for class certification"); *Roskind v. Morgan Stanley Dean Witter & Co.,* 165 F.Supp.2d 1059, 1061 n. 1 (N.D. Cal. 2001) ("The Court declines to take judicial notice as the NASD proceeding are not relevant to the jurisdictional issues raised in Plaintiff's motion for remand").

Here, the entirety of the pleadings and transcript in *Cinebase* are irrelevant to the present motion. As discussed in connection with Teachscape's Motion to Dismiss the First Amended Complaint, in *Cinebase*, the parties expressly agreed as to what was the allegedly infringing and infringed product. As the court in that case noted, there was "no ambiguity" as to the product at issue. Here, in stark contrast, no such agreement or lack of ambiguity exists. Further, *Cinebase* dealt with a computer program that was not yet marketed. Here, Plaintiff has sued—based upon a "guess"—that final published written and audiovisual educational degree materials in English are

1  infringing.  The wholly different issues relating to access to the published work and the type of
2  work at issue in this case and *Cinebase* render the *Cinebase* case inapposite.  Indeed, the
3  *Cinebase* complaint contained detailed allegations of stolen information, in sharp contrast to the
4  First Amended Complaint.  The complaint in *Cinebase* is simply not relevant to this case, and
5  neither are the briefs relative to the motion to dismiss.

6      Additionally, the transcript proffered by Laureate as Exhibit F is wholly irrelevant to the
7  copyright claim at issue here.  In fact, the transcript appears to discuss the issue of the
8  appropriateness of a preliminary injunction in that case and seems to focus on the trade secret
9  aspect of that case.  Further, much of the transcript is missing as it is under seal, making it
10  impossible to determine the full extent and topic(s) of the discussion.  Judicial notice of the
11  hearing transcript is thus inappropriate as it is does not appear to address the issues presented by
12  Teachscape's motion to dismiss the First Amended Complaint.

13      Further, this Court should not take judicial notice of "facts" in another proceeding.  While
14  documents that are part of the public record may be judicially noticed to show, for example, that a
15  judicial proceeding occurred or that a document was filed in another court case, "a court may not
16  take judicial notice of findings of facts from another case."  *Walker v. Woodford*, 454 F.Supp.2d
17  1007 (S.D. Cal. 2006), *citing Wyatt v. Terhune,* 315 F.3d 1108, 1114  n. 5 (9th Cir. 2003)*; Lee v.
18  City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001).  *See also M/V Am. Queen v. San Diego
19  Marine Constr. Corp.,* 708 F.2d 1483, 1491 (9th Cir.1983) ( "a court may not take judicial notice
20  of proceedings or records in another cause so as to supply, without formal introduction in
21  evidence, facts essential to support a contention in a cause then before it").   To the extent that
22  Laureate is seeking to have this Court take judicial notice of the "fact" that the defendant offered
23  the plaintiff post-litigation access to its information (which was merely the argument of counsel),
24  that request is improper and should be denied.
25  ///
26  ///
27  ///
28

-2-
TEACHSCAPE'S OBJECTIONS TO LAUREATE'S REQUEST FOR JUDICIAL NOTICE
CASE NO. C07-3225 RS

For the foregoing reasons, Laureate's RFJN should be denied.

Date: March 5, 2008        SONNENSCHEIN NATH & ROSENTHAL LLP

By   /S/
       GAYLE M. ATHANACIO

Attorneys for Defendant
TEACHSCAPE, INC.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-3-
TEACHSCAPE'S OBJECTIONS TO LAUREATE'S REQUEST FOR JUDICIAL NOTICE
CASE NO. C07-3225 RS