GAYLE M. ATHANACIO (State Bar No. 130068)
gathanacio@sonnenschein.com
CHRISTINE LEPERA (admitted *pro hac vice*)
clepera@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
TEACHSCAPE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CANTER & ASSOCIATES, LLC, and LAUREATE EDUCATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TEACHSCAPE, INC., <br><br> Defendants. | No. C 07-03225 RS <br><br> DEFENDANT TEACHSCAPE, INC.'S RESPONSE TO LAUREATE EDUCATION, INC.'S OBJECTIONS TO TEACHSCAPE'S REQUEST FOR JUDICIAL NOTICE <br><br> Date: April 2, 2008 <br> Time: 9:30 a.m. <br> Ctrm: 4 (5th Floor) <br> Honorable Richard Seeborg |

1   Defendant Teachscape, Inc. ("Teachscape") hereby responds to Plaintiff Laureate
2   Education, Inc.'s ("Laureate") Objections to Teachscape's Request for Judicial Notice
3   ("Objections").

4   In its Objections, Laureate takes issue with Teachscape's submission of third-party
5   websites which reveal educational institution's degree course offerings with similar titles to those
6   referenced by Laureate in its First Amended Complaint ("FAC"). Interestingly, Laureate does
7   not dispute the fact that these websites show that other universities offer similar course titles and
8   degree programs than those referenced in the FAC; rather, Laureate suggests that by offering
9   them, Teachscape somehow seeks to make a "categorical" allowance for the contents of websites
10  to be considered in connection with a motion to dismiss. Laureate is mistaken. These websites,
11  the accuracy of which is not reasonably disputed, are the proper subject of judicial notice.

12  Indeed, Laureate ignores the purpose of judicial notice in its Objection. Federal Rule of
13  Civil Procedure 201 was "intended to obviate the need for formal fact-finding as to certain facts
14  that are undisputed and easily verified." *Walker v. Woodford,* 454 F. Supp. 2d 1007, 1022 (S.D.
15  Cal. 2006) (considering motion to dismiss). The fact of which judicial notice is to be taken "must
16  be one that only an unreasonable person would insist on disputing.'" *Id., quoting United States v.*
17  *Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994).

18  Laureate distorts this standard, and Teachscape's Request, by stating that "just because
19  something is posted on the Internet does not make it an indisputable fact of which a court should
20  take judicial notice." Laureate cites *In re Astea Int'l Inc. Sec. Litig.,* No. 06-1467, 2007 WL
21  2306586, *8 (E.D. Pa. Aug. 9, 2007) in support of this proposition. Yet, Teachscape is not
22  suggesting that anything someone posts on a website is properly the subject of judicial notice.
23  Instead, Teachscape is submitting documents readily available on the internet to show that a
24  myriad of educational institutions offer reading and math master's degree programs with subject
25  matters and titles like those referenced in Laureate's FAC. *Astea* does not support the conclusion
26  that judicial notice of the websites would be improper here.

27  In *Astea*, a securities litigation class action, plaintiffs alleged that defendants made
28  materially false and misleading statements concerning Astea. 2007 WL 2306586 at *3.

-1-
TEACHSCAPE'S RESPONSE TO LAUREATE'S OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE
CASE NO. C07-3225 RS

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1  Defendants in that case sought judicial notice of several types of documents in support of their
2  motion to dismiss, asserting that these documents put into context defendants' "accounting errors"
3  and a subsequent restatement: articles published in an accounting journal and law review journal,
4  a transcript of a conference call, and an Astea newsletter accessible from the company's website.
5  *Id.* at *8. In denying judicial notice of these documents, the court noted that plaintiffs' claims
6  were not based on the documents, nor did the plaintiffs expressly rely on or allege the contents of
7  the documents. *Id.* Further, because the defendants proferred the documents to explain their
8  accounting mistakes, which plaintiffs implicitly challenged, the court found that the contents
9  were plainly "subject to reasonable dispute." *Id.*

10  Here, Laureate's claims are expressly based on the allegation that "the similarity of the
11  course titles and program curricula supports a … general inference … that Teachscape's materials
12  resulted from infringement of Laureate's copyrighted materials." Opposition to Motion to
13  Dismiss, p. 11 n. 2; FAC, ¶ 17 (listing course titles and suggesting significance to the alleged
14  similarity "in program specializations, structures, and course subject matters" with Laureate's
15  copyrighted works). Judicial notice of the websites Teachscape proffers is not requested in order
16  to put Laureate's claims into "context" as they were in *Astea*, but rather to show that as a matter of
17  law and indisputable fact, Laureate's allegation that the alleged similarity in course titles and/or
18  programs supports a reasonable inference of substantial similarity, and/or would justify filing the
19  present claim of copyright infringement claim, is unwarranted. Laureate's reliance on *Astea* is
20  misplaced, and Laureate cannot reasonably contest the contents of these websites showing the
21  titles and description of other educational institution's courses.

22  Courts can, and have, taken judicial notice of information contained on websites when
23  considering motions to dismiss. "[A]s a general matter, websites and their contents may be proper
24  subjects for judicial notice." *Caldwell v. Caldwell*, 2006 WL 618511 (N.D.Cal. 2006) (denying
25  request for judicial notice of a website on a motion to dismiss only because there were no hard
26  copies of the website provided). *See also Pollstar v. Gigmania, Ltd.* 170 F.Supp.2d 974
27  (E.D.Cal. 2000) (court took judicial notice of plaintiff's printed website in motion to dismiss);
28  *Wible v. Aetna Life Ins. Co.,* 375 F.Supp.2d at 965 (C.D. Cal. 2005) (taking judicial notice of

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1  website from American Academy of Immunology in ERISA action); *SemMaterials, L.P. v. Alliance Asphalt, Inc.*, 2007 WL 269081, *1 n.2 (D. Idaho Jan. 25, 2007) (court took judicial notice of website of law firm and information contained therein); *Helen of Troy, L.P. v. Zotos Corp.,* 235 F.R.D. 634, 640 (W.D. Tex. 2006) (court took judicial notice of website which noted that urea is an acid having a low pH).

Teachscape proffers these websites to show the indisputable fact that many online education degree program providers offer courses similar to those Laureate describes in the FAC—a fact of which this Court can take judicial notice.

This Court can and should take judicial notice of the identified websites attached to Teachscape's Request For Judicial Notice. Laureate's objection is without merit.

Date: March 5, 2008                    SONNENSCHEIN NATH & ROSENTHAL LLP


By        /S/
         GAYLE M. ATHANACIO

         Attorneys for Defendant
         TEACHSCAPE, INC.

27291970

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000