1  GAYLE M. ATHANACIO (State Bar No. 130068)
   gathanacio@sonnenschein.com
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
3  San Francisco, CA 94105-2708
   Telephone: (415) 882-5000
4  Facsimile: (415) 882-0300

5  Attorneys for Defendant
   TEACHSCAPE, INC.
6

7

8                 IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  CANTER & ASSOCIATES, LLC, and        No. C 07-03225 RS
    LAUREATE EDUCATION, INC.,
13                                        DEFENDANT TEACHSCAPE, INC.'S
              Plaintiffs,                 OPPOSITION TO LAUREATE
14                                        EDUCATION, INC.'S MOTION FOR
         vs.                              LEAVE TO FILE SUPPLEMENTAL FIRST
15                                        AMENDED COMPLAINT
    TEACHSCAPE, INC.,
16
              Defendants.                 Date:   April 2, 2008
17                                        Time:   9:30 a.m.
                                          Ctrm:   4 (5th Floor)
18                                        Honorable Richard Seeborg

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

---

TEACHSCAPE'S OPP. TO LAUREATE'S MOTION FOR LEAVE TO FILE SUPP. FAC
CASE NO. C07-3225 RS

## I.     INTRODUCTION

Despite the fact that there is currently pending a motion to dismiss the operative First Amended Complaint ("FAC"), Plaintiff Laureate Education, Inc. ("Laureate") seeks leave to file a supplemental complaint that does nothing more than add another layer of "guess"-work to Laureate's defective copyright claim. Because the Proposed Supplemental FAC is equally, if not more, defective than the FAC, Teachscape, Inc. ("Teachscape") respectfully submits Laureate's motion to file a supplemental first amended complaint should be denied.

## II.     FACTUAL BACKGROUND

On June 19, 2007, Plaintiff Laureate and its wholly-owned subsidiary, Canter & Associates, LLC ("Canter") (collectively, "Plaintiffs"), initiated the present action. Relevant here, Laureate brought a claim alleging that some or all of Teachscape's Marygrove College course offerings and degree programs infringed upon some or all of Laureate's hastily registered copyrights over 40 works (written and audiovisual educational materials.) As the copyright claim failed to state a claim as a matter of law, Teachscape moved to dismiss the copyright claim (and all other claims.)

On December 12, 2007, this Court agreed that Laureate had failed to properly plead a cognizable copyright claim. Specifically, in its Order, the Court observed:

> Here, **Canter's complaint effectively concedes that it does not possess any information as to whether or not it has a viable copyright infringement claim.** Although the complaint and Canter's briefing in opposition to this motion attempt to excuse that lack of knowledge based on the fact that it does not have access to defendants' course materials, that explanation **does not serve to transform what is essentially a guess into a cognizable claim. As pleaded, the complaint effectively says nothing more than, "all of my materials are copyrighted and I think you may have copied them." To state a copyright infringement claim, Canter must, at a minimum, do more than guess.**

Order, p. 3. This Court gave Plaintiffs the opportunity to amend their complaint to cure the defect. In response, Laureate filed its FAC in which it made the same admitted "guess:" According to Laureate, it had "reason to infer" that the Marygrove Course offerings in partnership with Teachscape were infringing upon "some or all" Laureate's copyrights.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    Since Laureate's FAC wholly failed to address the issues raised by this Court's Order,

2    comply with the law of copyright, or Federal Rule of Civil Procedure 8 (or 11), Teachscape

3    filed a motion to dismiss the FAC which was noticed for hearing (after consulting with

4    Laureate's counsel) on March 19, 2008.  On February 27, 2008, Laureate filed its motion to

5    file a supplemental FAC with a hearing date it unilaterally set of April 2, 2008.

6    As conceded by Laureate, all the proposed supplemental FAC does is to add to

7    Laureate's existing copyright right claim two additional copyrights which it registered in

8    February, 2008.  The only other "change" to the Supplemental FAC is that Laureate attaches

9    the correspondence regarding Laureate's post-filing "offer" to resolve the current "discovery

10   dispute" between the parties.  However, this correspondence is already before this Court in

11   connection with the other pending motions now all set for hearing on April 2, 2008.  Indeed,

12   as noted in Teachscape's papers submitted in connection with its motion to dismiss the FAC

13   and for protective order, this additional correspondence only serves to cement the conclusion

14   that Laureate filed and is pursuing the present litigation in bad faith, without a reasonable

15   investigation, and that dismissal of the action is appropriate.

16   **III.    ARGUMENT**

17   While Federal Rule of Civil Procedure 15(d) gives courts the discretion to grant or deny

18   requests to supplement pleadings, *see Keith v. Volpe*, 858 F. 2d 467, 473 (1988), a motion to

19   supplement a complaint should be denied where it fails to provide "any new information that

20   would remedy the deficiencies in the original complaint."  *Beezley v. Fremont Indem. Co.,* 804

21   F.2d 530, 531 (9th Cir. 1986); *see also Sisseton-Wahpeton Sioux Tribe v. U.S.,* 90 F.3d 351, 356

22   (1996) (district court did not err in denying leave to amend where proposed claim "adds nothing

23   to the claims already at issue" and would be "redundant and futile"). Here, Laureate seeks to

24   supplement its FAC with two new "allegations:" (1) the registration of its copyright in its

25   "Designing Curriculum, Instruction, and Assessment for Students With Special Needs" program

26   ("CIA Program"); and (2) post-litigation correspondence between Teachscape and Laureate,

27   which Laureate purports shows that Teachscape "refused to produce its specific master's degree

28   and course program materials that are the subject of Laureate's First Amended Complaint."

1    Laureate's Motion For Leave To File Supp. FAC, 1:8-18.  Laureate's motion should be denied

2    for two independent reasons.  First, the correspondence, as mischaracterized by Laureate, does

3    not and cannot justify the filing of Laureate's copyright infringement claim.  Second, nothing in

4    the "new" allegations as a matter of law and undisputable fact, remedies the deficiencies in

5    Laureate's FAC.  To the contrary, a reading of the correspondence between Laureate and

6    Teachscape—both separately and in the context of the parties' prior dealings—and Laureate's

7    current efforts to further expand its baseless copyright infringement claim, demonstrate that

8    Laureate seeks nothing other than to unduly harass and burden Teachscape.  Laureate's motion

9    to file a supplemental FAC should be denied and this action should be dismissed.

10        **A.    The Correspondence Between The Parties Supports Dismissal.**

11        In its Motion, Laureate again tries to mischaracterize and distort Teachscape's

12    correspondence into a "refusal" to produce the Marygrove master's degree and course program

13    materials which would somehow justify Laureate's filing of a copyright claim based upon a

14    "guess".  However, the correspondence and the parties' course of dealings, which  speak for

15    themselves, prove Laureate's argument is without merit.

16        Indisputably, Laureate and Canter rejected Teachscape's numerous pre-litigation offers

17    for a mutual, "apples to apples" exchange of course materials.  Thereafter, as reflected in the

18    declarations which Teachscape submitted in connection with its Motion to Dismiss the FAC,

19    Laureate's Motion to Compel and Teachscape's Motion for Protective Order, Laureate made

20    clear that nothing Teachscape could do or show Laureate would dissuade Plaintiffs from the

21    "scorched earth" litigation they threatened.

22        Indeed, it was only *after* Teachscape submitted a declaration outlining Laureate's bad

23    faith[1] that Laureate wrote to Teachscape to "offer" to resolve the parties' post-litigation

24    _____

25    [1]  As reflected in the Declaration of Gayle M. Athanacio in Support of Opposition To Motion To
     Compel "Course Materials", in the parties' meet and confer discussions over the proposed
26    stipulated protective order in this case and Plaintiffs' document requests, Laureate's counsel:  (1)
     told Teachscape that if it wanted to know what the works were that Laureate was suing over,
27    Teachscape would have to go the Copyright Office (which as Laureate knows would not reveal
     the content of half of the works) or propound formal discovery; (2) refused to provide any
28    meaningful guidance as to what Laureate intended a "first draft" to be; and (3) most

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

-3-

discovery dispute.  In its "offer", Laureate said it would provide Teachscape with the works which Laureate claimed were being infringed, *but only if* Teachscape turned over not only its final Marygrove College course materials but also all "first available drafts" of the same.  More to the point, Laureate assumed, without any basis in fact, logic or law, that Teachscape could and should turn over to Laureate "first available drafts" (which it continued to refuse to define) of all the work Teachscape has done with Marygrove College.  Tellingly, Laureate made no mention of the parallel state court action that former co-Plaintiff Canter was vigorously prosecuting simultaneously and in which Canter propounded duplicative discovery.  Most telling of its intent in bringing and maintaining this action against Teachscape, Laureate's "offer"  made no commitment that it would dismiss this action if Laureate's review of the materials disclosed it had no claim.  Rather, Laureate merely proposed that Teachscape's motion to dismiss be continued and the discovery motions withdrawn as moot.  Proposed Supplemental FAC, Ex. D.

Despite Laureate's suggestion to contrary, Teachscape's response cannot reasonably be characterized as a "refusal' of Laureate's offer (such as it was) or a basis on which to allow this case to proceed.  Rather, as the correspondence from Teachscape reflects, Teachscape continued its repeated, on-going and unwavering efforts to assuage Laureate's unfounded concerns regarding Teachscape and to end litigation that Plaintiffs should never have been instituted.  Thus, despite its obvious concerns regarding Plaintiffs' true motivations, Teachscape responded in a way to facilitate resolution.  *Id*.  Specifically, Teachscape proposed that Plaintiffs and Teachscape would agree to stay the federal and state litigations between them and would immediately engage in the mutual exchange of Marygrove final course materials and allegedly infringed Laureate materials so that the parties could understand what Plaintiffs claimed Teachscape was wrongfully exploiting and Teachscape could understand about what Plaintiffs complained.  *Id.*  Providing for the parties' prompt review of these materials, Teachscape

significantly, confirmed that even if Teachscape could accede to Laureate's demands, and Laureate learned it had no copyright infringement claim as a matter of law, Plaintiffs would not agree this litigation should end.  Declaration of Gayle M. Athanacio In Support of Opposition To Motion To Compel "Course Materials", ¶¶ 14-16, 18, 19, Exs. H, J.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

TEACHSCAPE'S OPP. TO LAUREATE'S MOTION FOR LEAVE TO FILE SUPP. FAC
CASE NO. C07-3225 RS

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1  proposed the parties thereafter sit down to discuss in the context of the actual material

2  supposedly at issue, what Laureate truly wanted and was concerned about insofar as "drafts"

3  were concerned.  *Id.*  Presuming good faith by all, Teachscape agreed it would voluntarily

4  produce the agree upon "drafts" if Laureate would simply agree that if *Plaintiffs'* review of the

5  materials disclosed no substantial similarity, Laureate would dismiss its copyright claim since

6  the claim failed as a matter of law.  *Id.*  Consistent with Plaintiffs' statement in the Joint Case

7  Management Statement, Teachscape proposed the parties thereafter move to mediation.  *Id.*

8  Laureate's never responded to Teachscape's offer other than to continue filing briefs and

9  motions in both state and federal court.

10      Laureate's claim that Teachscape "refused" to produce materials at issue in this litigation

11  is not only disingenuous, but when explained in context, demonstrates the non-existence of

12  Laureate's claim of copyright infringement.  When this course of conduct is considered, it

13  becomes even more evident that Laureate's action is based upon a "guess" by design, and that

14  dismissal is appropriate.

15      **B.    The "New" Allegations In Laureate's Supplemental FAC Do Not Turn
           Laureate's Suspicions of Copyright Infringement Into A Cognizable
16           Claim.**

17      Regardless of whether the Court accepts for the purposes of this motion Laureate's

18  distortion of the correspondence between the parties (which it should not since the documents do

19  speak for themselves), neither the registration of the CIA program, nor the February 19 and 21,

20  2008 correspondence between the parties remedy Laureate's defective FAC.  As explained in

21  detail in Teachscape's Motion to Dismiss the FAC and Reply, Laureate's claim of copyright

22  infringement fails because Laureate has at most pled nothing more than a "suspicion" that

23  Teachscape has somehow infringed on some or all of Laureate's unidentified copyrighted

24  work(s).  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  In particular,

25  Laureate admittedly does not, and cannot, allege in good faith that *any* work of Teachscape is

26  substantially similar to *any* work of Laureate's, a fundamental element of a viable copyright

27  claim.  *See Walker v. University Books, Inc.,* 602 F.2d 859, 864 (9th Cir. 1979).  Indeed,

28  Laureate's new assertion in its Opposition to Teachscape's Motion to Dismiss that its copyright

claim extends not only to final Marygrove course materials, but also to all "drafts" of the same, further demonstrates that Laureate's copyright claim is a "guess" in search of a cognizable claim. The registration of two new copyrights does not, and cannot, detract from this conclusion.

## IV. CONCLUSION

Laureate's Supplemental FAC is as deficient as its FAC and Plaintiffs' original complaint in this action. Neither the addition of the CIA Program copyright registrations, nor the correspondence between the parties (which was already before this Court in connection with the other pending motions in this matter), cures the defects in Laureate's FAC. "Because the proposed claim would be redundant and futile, th[is] district could [would] not err in denying leave to amend. It is time for this litigation to end." *Sisseton-Wahpeton Sioux Tribe*, 90 F. 3d at 356. Consequently, Laureate's Motion should be denied.

Date: March 12, 2008                    SONNENSCHEIN NATH & ROSENTHAL LLP


                                        By_____/S/_____
                                             GAYLE M. ATHANACIO

                                        Attorneys for Defendant
                                        TEACHSCAPE, INC.

27292221

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000