ANNETTE L. HURST (State Bar No. 148738)
DANIEL N. KASSABIAN (State Bar No. 215249)
ELENA M. DIMUZIO (State Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-mail:    Annette.Hurst@HellerEhrman.com
           Daniel.Kassabian@HellerEhrman.com
           Elena.DiMuzio@HellerEhrman.com

Attorneys for Plaintiff
LAUREATE EDUCATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREATE EDUCATION, INC., a Maryland corporation,<br><br>                              Plaintiff,<br><br>     v.<br><br>TEACHSCAPE, INC., a Delaware corporation<br><br>                              Defendant. | Case No.:  C 07-3225 RS<br><br>**REPLY IN SUPPORT OF PLAINTIFF LAUREATE EDUCATION, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL FIRST AMENDED COMPLAINT**<br><br>Judge:  The Honorable Richard Seeborg<br>Ctrm.:  4 (5th floor)<br>Date:   April 2, 2008<br>Time:   9:30 a.m. |

# INTRODUCTION

Plaintiff Laureate Education, Inc. ("Laureate") seeks leave to file its Supplemental First Amended Complaint ("SFAC") to properly bring before the Court up-to-date allegations. In so doing, the question of whether Laureate has stated a viable claim can be answered based on all the facts available to Laureate. In its Opposition, Teachscape argues that filing the SFAC would be futile. Teachscape's argument should be rejected for two reasons: (1) in arguing that the additional facts pled do not state a viable copyright claim, it resorts to mischaracterizing them instead of accepting them as true, as required to show futility; and (2) Teachscape fails to show undue prejudice if the Court were to grant leave as required by Ninth Circuit authority regarding Rule 15(d) motions to supplement. Consequently, Laureate's Motion for Leave to File the SFAC ("Motion") should be granted.

# ARGUMENT

## I. TEACHSCAPE'S MISSTATEMENTS REGARDING THE SUPPLEMENTAL ALLEGATIONS OF THE SFAC DO NOT RENDER IT FUTILE.

In arguing that the Court's granting of leave to file the SFAC would be futile, Teachscape impermissibly contradicts the supplemental facts pled. In analyzing futility, the proper test is determining the legal sufficiency of a proposed amendment, which "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Accordingly, "all the [factual] allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

In this case, the SFAC attaches the latest correspondence between the parties, in which Laureate offered to pay up to $5000 for Teachscape to produce its draft and final materials and further offered to produce the registered materials at Laureate's own expense. Teachscape rejected this offer. *See* Mot. Ex. 1 (SFAC) ¶ 22. Teachscape disputes this supplemental allegation of the SFAC by stating that "Teachscape's response cannot reasonably be characterized as a "refusal' of Laureate's offer (such as it was) or a basis on which to allow this case to proceed." Def.'s Opp'n at 4.

Teachscape's improper factual argument also plainly contravenes basic legal principles: "A counteroffer proposing a substituted bargain has the same effect as a rejection in terminating the offeree's power of acceptance . . . ." 1 B.E. Witken, Summary of California Law § 163 (10th ed. 2005) (citing to Restatement (Second) of Contracts § 39, 1 Corbin on Contracts § 3.36 (Rev. ed.) and 1 Williston on Contracts § 5:3 (4th ed.)). Thus, Teachscape's argument is wrong both as a matter of procedure, because it contradicts the factual allegation of the SFAC, and as a matter of substantive law, because is contradicts one of the most basic principles of offer and acceptance. Laureate, the intellectual property holder, has been refused access to the accused product or method, and is thereby entitled to make a legal inference that what was withheld indeed infringes.[1] *See Hoffmann-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1363 (Fed. Cir. 2000).

Teachscape also obfuscates the other new allegation in the SFAC. In its Opposition, Teachscape abbreviates Laureate's most recently registered course, entitled "Designing Curriculum, Instruction, and Assessment for Students With Special Needs", to the "CIA Program" and then quickly discounts it as part of a larger "guess" of infringement. *See* Def.'s Opp'n at 2. First, the FAC and SFAC use a near similar abbreviation, "Canter's CIA Degree Program," to describe an entire degree program that is different from the core course entailed in this new allegation. The Court should not confuse the two as Teachscape undoubtedly intends. Second, as shown in the SFAC, Laureate's "Designing Curriculum, Instruction, and Assessment for Students With Special Needs" course appears analogous to Teachscape's "Meeting the Needs of All Students" course, further supporting a warranted inference of infringement by Teachscape. *See* Mot. Ex. 1 (SFAC) ¶ 17. Accordingly, this

---

[1] Teachscape also resorts to its usual *modus operandi*: misrepresenting prior dialog between counsel. *See, e.g.*, Def.'s Opp'n at 3 n.1. Again, Laureate will not address these beyond noting its proposal that the parties make an audio recording of their latest oral meet and confer sessions, which Teachscape refused. *See* Suppl. Decl. of Daniel N. Kassabian [Dkt. No. 81] ¶ 2. Consequently, Teachscape's self-serving mischaracterizations and soliloquy of past events should be ignored. Instead, the Court's focus should remain on the fact that Teachscape's latest refusal cements the drawing of an adverse inference of infringement by the degree / course materials it has refused to produce.

allegation supports a conclusion that Laureate's copyright infringement claim is "plausible" per *Bell Atlantic*. Teachscape's chanting of the word "guess" in its Opposition, so as to invoke the ghost of a dismissal order past, is not a substitute for the appropriate legal determination under *Bell Atlantic*. *See generally* Def.'s Opp'n (using the word "guess" five times in six pages and failing entirely to discuss the applicable legal standard of plausibility). That Teachscape resorts to mischaracterizations and obfuscation, instead of applying the law, only highlights that it is unable to show the futility that is asks the Court to find.

## II. THE MOTION SHOULD BE GRANTED BECAUSE TEACHSCAPE DOES NOT SHOW UNDUE PREJUDICE.

As stated in Laureate's Motion For Leave To File SFAC ("Motion"), motions to supplement pursuant to Rule 15(d) should be granted "absent a showing of prejudice to the defendant." *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1988). Indeed, it an abuse of a court's discretion to deny leave to file a supplemental pleading if there is no such prejudice. *See LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986).[2]

In its Opposition, Teachscape does not even attempt to argue that it would be unduly prejudiced by the SFAC. *See generally* Def.'s Opp'n. To the contrary, Teachscape argues that the new facts alleged do not alter any of the arguments Teachscape has advanced in its Motion to Dismiss the First Amended Complaint. *See* Def.'s Opp'n at 5-6. If anything, this demonstrates that Teachscape will not be prejudiced at all, let alone unduly so. And it is apparent from the early stage of these proceedings in which not a single document has been produced by Teachscape (despite the pendency of the case for nine months) that there will

---

[2] In arguing futility, Teachscape relies on *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351 (1996), even though there the court was addressing a motion to amend pursuant to Rule 15*(a)*. *See id*. at 355-56. Teachscape also relies on the *per curiam* opinion in *Beezley v. Fremont Indemnity Co.*, 804 F.2d 530 (9th Cir. 1986) because the court described the plaintiff's motion as one to "supplement", even though it also stated that plaintiff's submission was really an "amended complaint," and denied the motion without any analysis. *Id*. at 531. These cases offer no support to Teachscape's attempt to ignore the apposite authority cited in Laureate's Motion, which requires a showing of undue prejudice.

1  be no prejudice.

## CONCLUSION

The Court should grant Canter's Motion to Supplement the FAC.

Dated: March 19, 2008                    Respectfully submitted,

HELLER EHRMAN LLP


By      /s/ DANIEL N. KASSABIAN
Attorneys for Plaintiff
LAUREATE EDUCATION, INC.