**\*E-FILED 4/3/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREATE EDUCATION, INC., <br><br>　　　　Plaintiff, <br>　v. <br> TEACHSCAPE, INC., <br><br>　　　　Defendant. | NO. C 07-3225 RS <br><br> **ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND, GRANTING MOTION TO COMPEL, DENYING MOTION FOR PROTECTIVE ORDER, AND DENYING AS MOOT MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** |

　　　　This action began with two plaintiffs– Laureate Education, Inc. and its subsidiary, Canter & Associates, LLC –asserting claims for copyright infringement, violation of the Lanham Act, and various state law torts. Upon the motion of defendant Teachscape, Inc., the Court dismissed the original complaint, concluding, among other things, that plaintiffs had failed to plead a copyright claim adequately.

　　　　Pursuant to the order granting leave to amend, Laureate filed a first amended complaint omitting the Lanham Act and state law claims, and dropping Canter as a plaintiff.[1] Teachscape now moves to dismiss the copyright claims again, arguing that Laureate has not cured the defects

---

[1] Canter is apparently pursuing the state law claims against Teachscape in the state courts.

1

identified in the prior order of dismissal.

The prior order observed that the original complaint "effectively concede[d] that [plaintiff] does not possess any information as to whether or not it has a viable copyright infringement claim." The problem, which Laureate forthrightly acknowledged, was that it lacked access to Teachscape's course materials and therefore had no means to evaluate directly the extent to which any of those materials may infringe Laureate's copyrights. The Court concluded that the original complaint was "essentially a guess" that stated no cognizable copyright claim.

To date, Laureate has still not obtained access to Teachscape's course materials. Accordingly, the First Amended Complaint remains just as much of a "guess" as was the original complaint. Laureate argues that it nonetheless satisfies the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because it has pleaded various circumstantial facts to support an *inference* that Teachscape engaged in copyright violations. In particular, Laureate points to its allegations that (1) Teachscape hired numerous Laureate employees who had access to electronic copies of Laureate's materials, including two persons who *developed* those materials, and (2) Teachscape brought its degree programs to market in a time period that Laureate contends is inconsistent with development of such programs from scratch.

Laureate also analogizes this case to *Cinebase Software, Inc. v. Media Guar. Trust, Inc.*, 1998 WL 661465 (N.D. Cal. Sept. 22, 1998) where the plaintiff similarly did not have access to the allegedly infringing work, which in that case was the source code of a software product still under development. Although the *Cinebase* court did not expressly address the precise question raised here, it held that the plaintiff had complied with Rule 8 because there was "no ambiguity regarding the product" plaintiff contended was infringing.

Despite Laureate's protestations to the contrary, there is considerably more ambiguity here. Laureate has identified specific courses it contends include infringing material, but as it strenuously argues, it does not know whether infringement exists in the final versions of those works or only in some unspecified earlier drafts, or in both. Additionally, despite the clarity of Laureate's argument that it is entitled to pursue any infringement that may have taken place in the draft phase, the complaint itself does not so plainly allege that the works accused of infringement are (or may be)

2

only drafts. Under all of these circumstances, and given the fact that Laureate is still in essence only guessing that infringement claims may exist, the Court concludes that the first amended complaint fails to state a claim. Accordingly, the motion to dismiss is granted.

As discussed at the hearing, Laureate will be given one final chance to amend. Furthermore, good cause appearing, Laureate's motion to compel is granted. Based on Teachscape's representation at the hearing that it can make its *final* course materials for its degree programs currently offered at Marygrove available to Laureate electronically within one or two days, it is hereby ordered to do so forthwith. As soon as practicable, but in any event within 30 days of the date of this order, Teachscape shall also produce all "earliest available drafts" of any such materials, except that Teachscape need not produce drafts for any work of authorship included in its course materials that was created by any third party. With respect to third-party works, Teachscape shall provide sufficient information to identify the sources from which it acquired any such works and the rights to use them. To the extent there is any additional ambiguity or uncertainty as to what the phrase "earliest available drafts" encompasses, the parties shall engage in meet and confer negotiations to resolve the issue. Such negotiations should take place telephonically, at a minimum, and preferably face-to-face.

At the hearing, Laureate expressed a willingness to produce copies of the materials it contends have been infringed. It is hereby ordered to do so as soon as practicable, but in any event within 30 days of the date of this order.

Upon review of Teachscape's course materials and drafts, Laureate shall make a good faith determination as to whether a tenable claim for copyright infringement exists. No later than July 16, 2008, Laureate shall either file a dismissal of this action or a second amended complaint.

Teachscape's motion for a protective order and to stay discovery is denied to the extent the parties are being ordered to exchange materials as set out above. No other discovery, however, shall be propounded pending further order of the Court.

Finally, Laureate's motion for leave to file a supplemental complaint is denied as moot. Leave to include the supplementary material is subsumed within the more general leave to amend granted above. If Laureate files a second amended complaint, however, it is encouraged to heed the

1 provisions of Rule 8 calling for a "short and plain statement" and to omit legal argument and
2 citation.

5 IT IS SO ORDERED.
6 Dated: April 3, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND
C 07-3225 RS

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Gayle M. Athanacio   gathanacio@sonnenschein.com, clepera@sonnenschein.com, hkalay@sonnenschein.com, pcranmer@sonnenschein.com

Elena Maria DiMuzio   Elena.DiMuzio@hellerehrman.com

Annette L. Hurst   annette.hurst@hellerehrman.com, mark.williams@hellerehrman.com, patti.johnsen@hellerehrman.com

Daniel N. Kassabian   daniel.kassabian@hellerehrman.com, allen.rose@hellerehrman.com, elizabeth.saw@hellerehrman.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 4/3/08**                                                  **Richard W. Wieking, Clerk**

                                           **By:   Chambers**

ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND
C 07-3225 RS